FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

2025 DEC -2 PM 3: 01

OFFICE OF THE CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA — OMAHA DIVISION

TINESHA T. SHEFFIELD,
Individually and on behalf of minor child
JODY E. CARPENTER,
Plaintiffs,

v.

STATE OF NEBRASKA;
NEBRASKA DEPARTMENT OF HEALTH AND HUMAN SERVICES
(DHHS);
DOUGLAS COUNTY JUVENILE PROBATION;
OMAHA PUBLIC SCHOOLS (OPS);
OMAHA POLICE DEPARTMENT (OPD);
A BLESSING OF HOPE FAMILY SERVICES;
CAREMINDERS HOME CARE, INC.;
and all officers, employees, agents, contractors,
and individuals named herein,

Defendants.

Case No. 8:25cv688

EMERGENCY FEDERAL CIVIL RIGHTS COMPLAINT
AND APPLICATION FOR TEMPORARY RESTRAINING ORDER
(ADA TITLE II — SECTION 504 — 42 U.S.C. § 1983 — FOURTEENTH
AMENDMENT)

Filed by:
TINESHA T. SHEFFIELD, Pro Se
4519 North 37th Street
Omaha, Nebraska 68111
(402) 306-2688
tasheffi@gmail.com

EMERGENCY TRO STATEMENT

This is an emergency request for immediate federal intervention.

The minor child, Jody E. Carpenter, suffered manual neck compression,
assault, robbery,
and retaliation inside DHHS-approved placements. These incidents
include:

• Police Report AU-68664 (manual neck compression; exact time reflected
in agency record)
• Police Report AU-68663 (assault and robbery; exact time reflected in
agency record)

• Police Report AU-93921 (placement-related assault; exact time reflected in agency record)
• Hotline Report #1128970 (no running water in approved home)
• Hotline Report #1132675 (assault at Raven Bass placement)

None of these safety incidents were added to the DHHS safety plan, MDT reviews, OPS
records, or court filings. DHHS stated in writing on November 18, 2025, that the safety
plan "does not include police and hotline reports," despite required weekly updates.

Hearings occurred without proper notice, including the October 20, 2025 hearing. Notice
was sent at 11:32 p.m. on October 19 for a morning hearing on October 20. The written
order was not file-stamped until November 18. No ADA-required communication
accommodations were provided.

On October 30, 2025, court-appointed counsel withdrew his protective appeal and the
Plaintiff's pro se appeal without consent or explanation, removing the only available
appellate remedy.

A filing delivered to the clerk was stamped in the correct order, then mid-processing, the
order was reversed and stamped again. The clerk confirmed: "I can see they started filing
it your way, then changed it." This constitutes procedural tampering.

OPS School Resource Officer personnel opened and canceled January 2024 missing-person
reports (AT-58900, AT-39165, P4360428, P4364676) without parental notice, distorting the
safety history later relied upon by DHHS.

Juvenile Probation supervised both Jody and Terrell Davis during the June 2025 placement
assaults. The dual-supervision conflict was never disclosed.

DHHS approved the Bishop–Davis home for placement despite:
• no running water,
• documented harboring concerns,
• dual-supervision conflicts,
• multiple safety incidents documented in police and hotline reports.

These combined actions constitute irreparable harm requiring immediate federal relief

under ADA Title II, Section 504, 42 U.S.C. § 1983, and the Fourteenth
Amendment.


DEFENDANTS

The following Defendants are named in their official and individual
capacities unless otherwise noted.

A. State Entity Defendants
1. State of Nebraska
2. Nebraska Department of Health and Human Services (DHHS), Children
& Family Services
3. Douglas County Juvenile Probation
4. Omaha Public Schools (OPS)
5. Omaha Police Department (OPD)

B. County and Judicial Defendants
6. Judge Chad M. Brown — Douglas County Juvenile Court (official
capacity only)
7. Cheyenne J. Wilson — Courtroom Bailiff, Douglas County Juvenile
Court
8. Jordan Klein — Douglas County Attorney's Office, Juvenile Division

C. DHHS Individual Defendants
9. Katherine "Kate" Shipley — DHHS Caseworker
10. Breanna Waugh — DHHS Supervisor
11. Brittani Long — DHHS Former Supervisor
12. Angela Morehead — DHHS Staff
13. Adora Mukuna — DHHS Staff
14. Jake Fields — DHHS Staff
15. LaShawn Grant — DHHS Staff

D. Juvenile Probation Defendants
16. Monessa Allerheiligen — Juvenile Probation Officer
17. Mary Visek — Juvenile Probation Supervisor

E. Guardian ad Litem
18. Ashley Strader — Guardian ad Litem for Jody E. Carpenter

F. Court-Appointed Attorney
19. Justin T. Wayne, Esq. — Former court-appointed counsel for the
Plaintiff

G. A Blessing of Hope Family Services Defendants
20. A Blessing of Hope Family Services — Contracted service provider
21. Angel Todd — Provider / Direct Worker
22. Paul Manestar — Administrative Staff
23. Kali Cuendet — Therapist

H. OPS Individual Defendants

24. Michaela Daly — OPS Administrator
25. Kara Saldierna — OPS Staff
26. Alysha Station — Nathan Hale Middle School Staff
27. OPS Talent Services (official capacity)

I. CareMinders Home Care, Inc. Defendants
28. CareMinders Home Care, Inc. — Medicaid-funded caregiver agency
29. Brian L. Schleicher — CEO
30. Margie Gleason — CareMinders Management
31. Doreen "Susie" Green — CareMinders Caregiver
32. Mariah [last name unknown] — CareMinders Caregiver
33. Kashay Washington — CareMinders Caregiver (name on insurance card)
34. "Quiyata" — Name used by CareMinders for same caregiver

J. Residential / Placement Defendants
35. Johnesha K. Bishop — Adult resident, 4319 Larimore Avenue, Omaha, NE
36. Terrell Davis — Juvenile resident, 4319 Larimore Avenue
37. Brandi Simpson — Adult resident, 4319 Larimore Avenue
38. Raven Bass — DHHS placement provider

K. Additional Actors
39. Officers involved in Police Reports AU-05538, AU-68663, AU-68664
40. Any unknown DHHS, OPS, Probation, OPD, or contractor personnel whose actions contributed to the violations described in this Complaint.

JURISDICTION AND VENUE This Court has jurisdiction under 28 U.S.C. § 1331 because the action arises under federal law, including the Americans with Disabilities Act, 42 U.S.C. § 12132; Section 504 of the Rehabilitation Act, 29 U.S.C. § 794; 42 U.S.C. § 1983; and the Fourteenth Amendment. Jurisdiction is proper under 28 U.S.C. § 1343(3)–(4) because Plaintiffs seek to redress deprivations of rights secured by federal law. This Court may issue declaratory and injunctive relief under 28 U.S.C. §§ 2201–2202 and the All Writs Act, 28 U.S.C. § 1651. Sovereign immunity does not bar this action. Under United States v. Georgia, 546 U.S. 151 (2006), ADA Title II abrogates immunity where conduct also violates the Fourteenth Amendment. Nebraska waived immunity under Section 504 by accepting federal funds through DHHS, OPS, Juvenile Probation, OPD, and contracted agencies, consistent with Barnes v. Gorman, 536 U.S. 181 (2002). Individual-capacity liability is proper under Hafer v. Melo, 502 U.S. 21 (1991). Prospective injunctive relief may be issued under Ex parte Young, 209 U.S. 123 (1908). Venue is proper under 28 U.S.C. § 1391(b) because all events occurred in Douglas County, Nebraska, and all Defendants reside or operate there.

STATEMENT OF FACTS Plaintiff Tinesha T. Sheffield is the mother of minor child Jody E. Carpenter. Plaintiff is a qualified individual with a disability under the ADA and Section 504. The State of Nebraska, DHHS, Juvenile Probation, Omaha Public Schools, Omaha Police Department, A Blessing of Hope, and CareMinders Home Care each receive federal

funds or act under color of law.

On June 20, 2025, Jody suffered manual neck compression in a DHHS-approved placement. Police Report AU-68664 documents neck squeezing lasting approximately one minute, with visible injuries photographed by OPD. On June 22, 2025, Jody suffered an assault and robbery at the same placement. Police Report AU-68663 documents the taking of a $1,000 phone, assault by Terrell Davis, and injuries. Jody reported multiple aggressors. The same household was supervised by Juvenile Probation for both Jody and Terrell Davis, creating an undisclosed dual-supervision conflict.

Hotline Report #1128970 documented no running water in the Bishop–Davis home. DHHS policy requires immediate safety-plan updates. None were made. Hotline Report #1132675 documented an assault at the Raven Bass placement. DHHS made no updates. Police Report AU-93921 also documented placement-related harm. None of these records were entered into any MDT meeting, safety-plan revision, OPS record, or court filing.

DHHS issued a safety plan dated September 4, 2025, with a listed end date of September 3, 2025. No weekly check-ins occurred, though required. On November 17, 2025, Plaintiff requested written clarification and asked DHHS to confirm whether all police and hotline reports had been reviewed. On November 18, DHHS responded in writing that the safety plan "does not include police and hotline reports," despite policy mandating inclusion of all safety incidents. No corrections were made.

OPS School Resource Officer personnel opened and canceled January 2024 missing-child reports AT-58900, AT-39165, P4360428, and P4364676 without parental notice. Required reporting procedures were not followed. These irregularities distorted later child-safety assessments.

In August 2024, OPD documented a missing-child incident stating Jody was "seen downtown with friends," though the witness was his brother and the youth involved was Terrell Davis. That information was not accurately transmitted to DHHS or the Court. In July 2025, Police Report AU-05538 documented that Jody left the Child Saving Institute and stayed at the Bishop–Davis home. Plaintiff had previously reported harboring concerns. DHHS approved the same home for placement months earlier. No investigation occurred.

Juvenile Probation supervised both Jody and Terrell Davis at the time of the June incidents. Probation did not disclose the conflict to the Court or Plaintiff. No safety alert was filed. No placement change was requested. No investigation occurred into the home's lack of utilities, unsupervised juveniles, adult residents, or repeated police involvement.

Court-appointed counsel Justin T. Wayne was appointed in July 2025. More than twelve motions filed by Plaintiff were never scheduled, including ADA accommodation requests and safety-correction motions. Plaintiff did

not receive written notice of the October 20 hearing. A text was sent at 11:32 p.m. on October 19. Plaintiff did not receive ADA accommodations at the hearing. The order was file-stamped November 18. On October 30, 2025, counsel withdrew his protective appeal and Plaintiff's pro se appeal without written authorization, explanation, or consultation. This removed the only avenue to challenge the October 20 hearing, which occurred without notice.

A filing delivered to the juvenile clerk's office in the correct order was partially stamped, then reversed mid-processing and stamped again. The clerk stated: "I can see they started filing it your way, then changed it." This resulted in tampering with court documents, creating barriers to meaningful participation for a disabled parent.

A Blessing of Hope personnel, including Angel Todd, Paul Manestar, and Kali Cuendet, documented material discrepancies in service reports. Those discrepancies were transmitted to DHHS and relied on by the GAL without correction. OPS administrators Michaela Daly and Kara Saldierna failed to implement needed 504 accommodations. OPS Talent Services did not respond to requests. Notices, MDT updates, and safety disclosures were withheld or delayed.

The Guardian ad Litem, Ashley Strader, received all police reports, hotline reports, and DHHS communications but did not request hearings, correct inaccuracies, or integrate new safety information into court filings. DHHS staff including Katherine Shipley, Breanna Waugh, Brittani Long, Adora Mukuna, Angela Morehead, Jake Fields, and LaShawn Grant received police and hotline records but did not revise the safety plan or notify the Court.

Placement providers Johnesha Bishop, Brandi Simpson, and Raven Bass each supervised Jody during documented harm. DHHS approved each home without adequate investigation, despite repeated risk indicators. CareMinders Home Care personnel, including Doreen "Susie" Green, Mariah, and Kashay Washington ("Quiyata"), provided inconsistent supervision for another child, and their documentation was used inappropriately by DHHS to assess parenting ability without adherence to Medicaid or agency standards.

These failures collectively produced continuing harm, inaccurate records, withheld notices, lost appellate rights, discrimination under the ADA and Section 504, procedural due-process violations, substantive due-process violations, denial of access to the courts, and state-created danger. The harm remains ongoing.

CAUSES OF ACTION

COUNT I — VIOLATION OF TITLE II OF THE AMERICANS WITH DISABILITIES ACT (42 U.S.C. § 12132) Defendants DHHS, Juvenile Probation, Omaha Public Schools, Omaha Police Department, A Blessing of Hope, CareMinders Home Care, and all individual defendants acting

under color of state law denied Plaintiff meaningful access to services, public programs, court proceedings, safety investigations, school services, and child-welfare processes by withholding notices, refusing communication accommodations, failing to provide accessible scheduling, failing to correct inaccurate records, failing to provide written explanations, and failing to conduct investigations in a manner consistent with ADA requirements. Such actions constitute discrimination on the basis of disability and violate 42 U.S.C. § 12132 and 28 C.F.R. Part 35.

COUNT II — VIOLATION OF SECTION 504 OF THE REHABILITATION ACT (29 U.S.C. § 794) Defendants receive federal financial assistance through Medicaid, Title IV-E, ESSA, federal juvenile-justice grants, and federal policing funds. By withholding notices, failing to engage in timely communication, failing to correct known factual errors, failing to provide accessible participation, denying equal opportunity to participate in proceedings, and relying on incomplete and inaccurate reports, Defendants denied Plaintiff access to programs and services solely because of disability, in violation of Section 504.

COUNT III — VIOLATION OF PROCEDURAL DUE PROCESS (FOURTEENTH AMENDMENT, 42 U.S.C. § 1983) Defendants deprived Plaintiff of fundamental procedural rights by holding hearings without notice, issuing orders without service, reversing file-stamped documents, withdrawing appellate rights without consent, withholding safety information required for court review, failing to schedule motions, preventing Plaintiff from accessing complete case files, and undermining fair participation. These actions deprived Plaintiff of due process guaranteed by the Fourteenth Amendment.

COUNT IV — VIOLATION OF SUBSTANTIVE DUE PROCESS (FAMILIAL INTEGRITY) (42 U.S.C. § 1983) Defendants' actions interfered with Plaintiff's right to the care, custody, and control of her child. DHHS approved unsafe placements, failed to investigate known hazards, ignored police and hotline reports, failed to update safety plans, and allowed harm to occur in state-approved homes. Juvenile Probation ignored conflicts and dual supervision. OPS removed children from school without parental notice. A Blessing of Hope and CareMinders submitted inaccurate information. These actions shock the conscience and violate substantive due process.

COUNT V — STATE-CREATED DANGER (42 U.S.C. § 1983) Defendants affirmatively placed Jody E. Carpenter in danger by approving the Bishop–Davis home despite known safety risks, failing to assess lack of running water, ignoring hotline reports, ignoring placement violence, failing to correct records, withholding reports from the Court, and supervising both aggressor and victim in the same home. Defendants increased the risk of harm and made Jody more vulnerable than he would have been without state intervention.

COUNT VI — DENIAL OF ACCESS TO COURTS (42 U.S.C. § 1983) Defendants obstructed Plaintiff's access to the courts by withholding

hearing notices, refusing to schedule motions, reversing clerk-stamped filings, withdrawing Plaintiff's appeal without consent, failing to provide ADA communication accommodations, and providing written orders with delayed stamping. These actions prevented Plaintiff from presenting evidence, challenging inaccurate records, or meaningfully participating in proceedings.

COUNT VII — EQUAL PROTECTION VIOLATIONS (42 U.S.C. § 1983) Defendants treated Plaintiff differently from similarly situated parents by withholding notices, failing to correct errors, denying access to ADA accommodations, delaying educational protections, ignoring safety updates, and refusing to acknowledge police and hotline reports. These disparities were intentional or made with reckless disregard for Plaintiff's rights.

COUNT VIII — FAILURE TO TRAIN AND SUPERVISE Defendants DHHS, Juvenile Probation, OPS, OPD, A Blessing of Hope, and CareMinders failed to train workers on ADA compliance, Section 504 requirements, proper notice procedures, safety-plan updates, accurate documentation, and conflict-of-interest protocols. These failures caused the violations described herein and constitute deliberate indifference.

COUNT IX — ADA AND SECTION 504 RETALIATION Defendants retaliated against Plaintiff for asserting ADA rights, requesting accommodations, filing motions, submitting clarification letters, submitting police reports, and contacting federal OCR. Retaliatory acts included withholding information, failing to respond to communications, withdrawing appeals without consent, delaying safety updates, and obstructing participation in court processes. Such actions violate both ADA Title II and Section 504.

TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION REQUEST

Plaintiffs seek an immediate Temporary Restraining Order and Preliminary Injunction pursuant to Federal Rule of Civil Procedure 65 to prevent further irreparable harm caused by Defendants' ongoing violations of ADA Title II, Section 504 of the Rehabilitation Act, the Fourteenth Amendment, and 42 U.S.C. § 1983. The pattern of conduct described in this Complaint demonstrates continuing injury, continued use of inaccurate records, continuing denial of ADA accommodations, and ongoing risk of harm to the minor child.

I. IRREPARABLE HARM

The minor child suffered manual neck compression, assault, robbery, retaliation, and unsafe conditions in DHHS-approved placements. These events include AU-68664, AU-68663, AU-93921, Hotline #1128970, and Hotline #1132675. None of these incidents were placed into any safety-plan update, MDT review, educational record, or court filing. Failure to document safety incidents places the minor child at risk of continued harm

and prevents accurate judicial review.

Hearings occurred without legally sufficient notice. The October 20, 2025 hearing was noticed at 11:32 p.m. on October 19 for a morning session October 20. No ADA accommodations were provided. The written order was file-stamped nearly a month later on November 18. Conduct of this nature prevents meaningful participation and constitutes ongoing irreparable harm under ADA Title II and procedural due process principles.

On October 30, 2025, court-appointed counsel withdrew both his protective appeal and Plaintiff's pro se appeal without authorization or explanation. This caused loss of appellate access and prevented review of the October 20 hearing. Loss of appellate rights constitutes irreparable harm under federal law.

Clerk-processing irregularities occurred when a filing delivered in the correct sequence was stamped in that sequence, then reversed mid-processing and stamped again. The clerk confirmed this reversal. This constitutes evidence tampering and procedural interference causing immediate and continuing harm.

OPS canceled missing-person reports without notifying the parent, distorting Jody's safety history used by DHHS. Juvenile Probation failed to disclose dual-supervision conflicts, placement dangers, or conflict-of-interest issues. DHHS approved an unsafe home that lacked running water and presented known safety risks. These actions continue to endanger the child and constitute ongoing constitutional violations.

II. LIKELIHOOD OF SUCCESS ON THE MERITS

Plaintiffs are likely to succeed under ADA Title II because Defendants denied access to hearings, refused accommodations, and withheld communications required for meaningful participation. Plaintiffs are likely to succeed under Section 504 because Defendants receive federal funding and denied equal access based on disability.

Plaintiffs are likely to succeed under the Fourteenth Amendment because hearings occurred without notice, appellate rights were withdrawn without consent, and child safety decisions relied on inaccurate or incomplete records.

Plaintiffs are likely to succeed under the state-created danger doctrine because DHHS and Probation placed Jody in a home presenting known risks and increased his exposure to harm.

III. BALANCE OF EQUITIES

The balance of equities favors Plaintiffs because Defendants would suffer no harm from adhering to federal law, providing accurate records, correcting errors, providing timely notice, and ensuring safety. In contrast, Plaintiffs face ongoing procedural barriers, continued risk of injury, and

loss of meaningful access without injunctive relief.

IV. PUBLIC INTEREST

The public interest supports granting injunctive relief because the federal courts have a strong interest in ensuring ADA compliance, protecting the integrity of judicial proceedings, preventing harm to minors, ensuring transparency in state child-welfare actions, and preventing misuse or distortion of court records.

V. REQUESTED INJUNCTIVE RELIEF

Plaintiffs request that this Court issue a Temporary Restraining Order and Preliminary Injunction requiring:

1. Immediate correction of all DHHS, Probation, OPS, OPD, A Blessing of Hope, and CareMinders records to include all police and hotline reports identified in this Complaint.
2. Immediate suspension of reliance on any incomplete or inaccurate records in the juvenile case.
3. Immediate disclosure of the complete juvenile case file, including safety-plan updates, MDT notes, police reports, hotline reports, OPS records, and service-provider documentation.
4. Immediate enforcement of ADA and Section 504 communication accommodations, including written notices, timely responses, and accessible communication.
5. Immediate prohibition against holding hearings without written notice directly to Plaintiff.
6. Immediate reinstatement of Plaintiff's appellate rights or judicial clarification of the circumstances under which appeals were withdrawn without consent.
7. Immediate bar against placement of the minor child in any home identified as unsafe or connected to AU-68664, AU-68663, AU-93921, Hotline #1128970, or Hotline #1132675, pending federal review.
8. Any additional relief necessary to prevent continued harm, protect federal rights, and preserve the integrity of court proceedings.

Plaintiffs request a hearing on the TRO at the earliest possible time and request that this Court exercise its authority under Rule 65, ADA Title II, Section 504, Ex parte Young, and § 1983 to halt ongoing violations.

DAMAGES

Plaintiffs seek compensatory, consequential, statutory, and punitive damages as authorized under ADA Title II, Section 504 of the Rehabilitation Act, and 42 U.S.C. § 1983. Defendants' conduct caused ongoing emotional, physical, procedural, educational, and constitutional harm to both Plaintiffs. The damages sought reflect the severity, duration, and ongoing nature of these injuries.

I. COMPENSATORY DAMAGES

Plaintiffs request compensatory damages for:

1. Emotional distress suffered by the minor child resulting from manual neck compression, assault, robbery, retaliation, unsafe placements, and placement instability in DHHS-approved homes.

2. Emotional distress suffered by the Plaintiff-parent due to repeated denial of notice, denial of ADA accommodations, loss of appellate rights, false or incomplete recordkeeping, and inability to protect her child.

3. Educational regression, trauma-related school impacts, denied disability accommodations, delayed MDT actions, and OPS failures to implement mandated protections.

4. Costs of medical care, mental-health treatment, therapeutic services, replacement of stolen property, and future care necessitated by the injuries alleged.

5. Administrative burdens, printing costs, travel costs, and financial strain caused by repeated corrective filings, clarification requests, and the need to personally identify and correct agency errors.

Based on the severity of harm, Plaintiffs seek:
• Past emotional distress: $3,000,000
• Future emotional distress: $2,000,000
• Loss of companionship, parental time, and family integrity: $10,000,000
• Medical, therapeutic, and educational damages: $500,000
• Administrative and litigation burdens: $250,000

## II. CONSEQUENTIAL DAMAGES

Consequential damages are warranted for:
1. Loss of stable educational placement.
2. Loss of safe housing for the minor child due to unsafe placements.
3. Misclassification of incidents as "juvenile altercations," causing denial of victim services.
4. Delayed mental-health referrals and interventions.
5. Removal of appellate pathways leading to prolonged case duration.

## III. STATUTORY DAMAGES

Under Section 504 and ADA Title II, Plaintiffs are entitled to damages for intentional disability discrimination and failure to provide meaningful access. Under 42 U.S.C. § 1983, Plaintiffs are entitled to damages for constitutional violations committed under color of state law.

## IV. PUNITIVE DAMAGES AGAINST INDIVIDUAL-CAPACITY DEFENDANTS

Punitive damages are appropriate where individual defendants acted with reckless disregard, deliberate indifference, or conscious disregard for the safety and rights of Plaintiffs. Plaintiffs seek punitive damages against individual-capacity defendants including:

• Katherine Shipley — $10,000,000
• Monessa Allerheiligen — $10,000,000
• Ashley Strader — $10,000,000
• Cheyenne J. Wilson — $10,000,000
• Jordan Klein — $10,000,000
• Justin T. Wayne — $10,000,000
• Additional individual defendants whose conduct contributed to the harm.

## V. FUTURE DAMAGES

Future damages are requested to address ongoing:
• trauma-related educational needs,
• counseling and mental-health services,
• medical monitoring,
• future administrative proceedings required to correct the record,
• and continuing impact of placement-related harm.

## VI. INJUNCTIVE RELIEF DOES NOT SUBSTITUTE DAMAGES

The requested TRO and injunction are necessary to prevent further harm but do not eliminate the damages caused by past violations. Plaintiffs seek both equitable and monetary relief as permitted under federal law.

## VII. TOTAL DAMAGES REQUESTED

Plaintiffs reserve the right to amend the total requested damages after discovery. Plaintiffs request an initial award of no less than:

**$35,750,000.00**
(combining compensatory, consequential, and punitive damages across individual defendants).

This total reflects the extraordinary degree of harm, the duration of ongoing violations, and the constitutional, statutory, and physical injuries suffered.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in their favor and grant the following relief:

## I. TEMPORARY RESTRAINING ORDER (TRO)

Plaintiffs request issuance of an immediate Temporary Restraining Order that:

1. Prohibits DHHS, Juvenile Probation, OPS, OPD, A Blessing of Hope, CareMinders, and all individual defendants from relying on incomplete, inaccurate, or contradictory records concerning Plaintiff or the minor child.

2. Requires Defendants to immediately correct, supplement, and produce all safety-related documentation, including Police Reports AU-68663, AU-68664, AU-93921, AU-05538, all hotline reports (1128970, 1132675), all OPS SRO missing-person entries, MDT records, and placement reports.

3. Orders emergency cessation of any adverse decisions based on inaccurate records, omissions, or un-investigated safety incidents.

4. Requires direct written notice (email + mail) to the Plaintiff for all hearings, meetings, MDTs, or actions involving the minor child.

5. Requires immediate ADA Title II and Section 504 communication accommodations, including written explanations, advance notice of hearings, and record corrections.

6. Prohibits further retaliation, intimidation, coercion, or interference with Plaintiff's participation, as prohibited by 28 C.F.R. § 35.134.

II. PRELIMINARY INJUNCTION

Upon hearing, Plaintiffs request a Preliminary Injunction ordering:

1. Correction of the September 4, 2025 DHHS safety plan, including addition of all police and hotline reports and correction of date errors (start: 9/4/2025; end: 9/3/2025).

2. Mandatory weekly safety-plan review as required by DHHS policy.

3. Full production of the juvenile case file, including internal emails, MDT notes, placement reports, and unredacted law-enforcement records.

4. Correction of all OPS missing-person record cancellations (AT-58900, AT-39165, P4360428, P4364676) with verification of the responsible SRO personnel.

5. Review and correction of all A Blessing of Hope records, including reports from Angel Todd, Paul Manestar, and Kali Cuendet, and confirmation of all service-termination decisions.

6. Instruction to DHHS, Probation, OPS, OPD, and service providers to cease reliance on "unfounded" classifications contradicted by police evidence.

7. Mandatory court access reforms requiring:
   a. Written notice for all hearings,
   b. Direct scheduling through the clerk (not restricted through a bailiff),
   c. ADA-compliant communication accommodations.

8. Prohibition against using the Bishop–Davis residence (4319 Larimore Ave) or Raven Bass placements pending full safety investigation.

III. DECLARATORY RELIEF

Plaintiffs seek declarations that:

1. Defendants violated ADA Title II, Section 504, the Fourteenth Amendment, and 42 U.S.C. § 1983.

2. Defendants' acts and omissions denied meaningful access to state proceedings.

3. Withdrawal of the Plaintiff's pro se appeal on October 30, 2025 without authorization violated constitutional and statutory rights.

4. Tampering with filing order and stamp sequencing constitutes a procedural due-process violation.

IV. COMPENSATORY, CONSEQUENTIAL, AND PUNITIVE DAMAGES

Plaintiffs request monetary damages as stated in Section 5, including:

• Compensatory damages (emotional distress, educational harm, medical and therapy costs);
• Consequential damages (placement disruptions, school disruption, administrative burdens);
• Punitive damages against all individual-capacity defendants acting with deliberate indifference or reckless disregard.

V. ATTORNEYS' FEES AND COSTS

Although Plaintiff proceeds pro se, Plaintiffs request:

1. Statutory fees and costs under 42 U.S.C. §§ 1988, 12205, and 794a.
2. Litigation expenses including printing, mailing, travel, expert review, and evidence reproduction.

VI. FEDERAL OVERSIGHT AND RECORD CORRECTION ORDERS

Plaintiffs request:

1. Appointment of a federal compliance monitor or special master to review:
   a. DHHS records,
   b. OPS records,
   c. Juvenile Probation records,
   d. A Blessing of Hope records,
   e. CareMinders records,
   f. Juvenile Court procedural notice practices.

2. A Court-ordered directive requiring all Defendants to produce missing, withheld, or misfiled documents identified in this Complaint.

VII. ANY OTHER RELIEF THE COURT DEEMS JUST AND PROPER

Plaintiffs request all additional equitable, monetary, and declaratory relief necessary to prevent continued harm and to restore access to federal rights.

Respectfully submitted,

/s/ Tinesha T. Sheffield
Pro Se Plaintiff
4519 North 37th Street
Omaha, Nebraska 68111
(402) 306-2688
tasheffi@gmail.com

CLAIMS FOR RELIEF

COUNT I — VIOLATION OF TITLE II OF THE AMERICANS WITH DISABILITIES ACT (42 U.S.C. § 12132)

Plaintiffs re-allege all preceding paragraphs. Defendants are public entities, departments, agencies, and contractors acting under Title II of the ADA. Plaintiff Tinesha T. Sheffield is a qualified individual with disabilities. Defendants denied meaningful access to state proceedings by failing to provide written notice of hearings, failing to provide communication accommodations, withholding hearing notices, allowing a bailiff-controlled scheduling system that excluded the Plaintiff, relying on incorrect or incomplete records, and refusing to correct DHHS safety-plan contradictions. State personnel failed to accommodate the Plaintiff's documented communication needs and repeatedly ignored written requests for ADA-compliant clarification. Defendants' acts and omissions constitute discrimination, denial of benefits, and unequal access in violation of 42 U.S.C. § 12132 and 28 C.F.R. Part 35.

COUNT II — VIOLATION OF SECTION 504 OF THE REHABILITATION ACT (29 U.S.C. § 794)

Plaintiffs re-allege all preceding paragraphs. Defendants receive federal financial assistance, including DHHS (Medicaid, Title IV-E), Juvenile Probation (juvenile justice grants), OPS (IDEA, Title I), and contractors such as A Blessing of Hope and CareMinders (Medicaid-funded). Defendants denied the Plaintiff meaningful access to services, hearings, school-related decisions, safety planning, notice procedures, record corrections, and retaliation protections as required under Section 504. By refusing communication accommodations, failing to correct inaccurate records, ignoring safety incidents, and withholding hearing notifications, Defendants discriminated against the Plaintiff solely on the basis of

disability in violation of Section 504 and its implementing regulations.

COUNT III — PROCEDURAL DUE PROCESS VIOLATION
(FOURTEENTH AMENDMENT; 42 U.S.C. § 1983)

Plaintiffs re-allege all preceding paragraphs. The Fourteenth Amendment guarantees notice and meaningful opportunity to be heard. Defendants violated procedural due process through: failure to provide written notice of the October 20, 2025 hearing; sending notice by text at 11:32 p.m. the night before; withholding scheduling information; denying access to the court via a bailiff's exclusive control of hearings; withdrawing Plaintiff's pro se appeal without consent; altering filing order and stamp sequencing; failing to disclose safety incidents; relying on inaccurate or incomplete records; and proceeding with jurisdiction based on an incomplete factual record. These actions deprived the Plaintiff of fundamental protections secured by the Constitution.

COUNT IV — EQUAL PROTECTION VIOLATION (FOURTEENTH AMENDMENT; 42 U.S.C. § 1983)

Plaintiffs re-allege all preceding paragraphs. Defendants treated the Plaintiff differently from other similarly situated parents without any rational basis and with discriminatory intent or deliberate indifference. Examples include: refusal to provide written notice that is routinely provided to non-disabled parents; cancellation of missing-person reports without parental notification; failure to investigate harm in placements despite police evidence; failure to correct DHHS safety-plan defects; refusal to escalate OPS 504 issues; and differential treatment in court access and scheduling. This selective treatment violates the Equal Protection Clause.

COUNT V — DENIAL OF ACCESS TO THE COURTS (FIRST AND FOURTEENTH AMENDMENTS; 42 U.S.C. § 1983)

Plaintiffs re-allege all preceding paragraphs. The right of access to courts prohibits state actors from obstructing filings, preventing appeals, withholding notices, or interfering with meaningful participation. Defendants violated this right by: withholding hearing notices; providing notice only by late-night text with no written explanation; preventing direct scheduling through the clerk's office; controlling hearings exclusively through a bailiff; altering filing order and stamping; failing to produce complete case records; and allowing counsel to withdraw the Plaintiff's pro se appeal without consent. These acts created actual injury by preventing Plaintiff from challenging orders, correcting inaccuracies, or presenting evidence necessary to protect the child.

COUNT VI — INTERFERENCE WITH FAMILIAL INTEGRITY (SUBSTANTIVE DUE PROCESS; 42 U.S.C. § 1983)

Plaintiffs re-allege all preceding paragraphs. The Fourteenth Amendment protects the fundamental liberty interest of parents to the care, custody, and control of their children. Defendants interfered with this right through:

reliance on inaccurate placement records; failure to include safety incidents in DHHS documentation; approval of unsafe placements; withholding notice of school removals and interviews; failure to investigate harboring disclosures; misleading reports that mischaracterized danger; failure to escalate OPS disability-related concerns; and ineffective guardianship representation that did not notify the Court of placement harm. These actions constitute arbitrary government interference in violation of substantive due process.

COUNT VII — MUNICIPAL AND SUPERVISORY LIABILITY (MONELL; 42 U.S.C. § 1983)

Plaintiffs re-allege all preceding paragraphs. Municipal and supervisory defendants—including DHHS leadership, OPS administration, Juvenile Probation supervisors, OPD command, and supervisors at A Blessing of Hope and CareMinders—implemented or tolerated policies, customs, or failures to train that caused constitutional injuries, including: policies allowing reliance on incomplete safety plans; customs of withholding or failing to provide hearing notices; customs allowing SROs to cancel missing-person reports without documentation; failures to train staff on ADA/Section 504 requirements; customs of ignoring placement-related harm; and tolerance of inaccurate recordkeeping. Each violation resulted from official decisions, policies, or supervisory inaction that directly caused the harm described.

SECTION 8 — FACTUAL BACKGROUND

1. Plaintiff Tinesha T. Sheffield is the biological parent of minor child Jody E. Carpenter.
2. Plaintiff is a qualified individual with disabilities requiring written communication, advance notice of proceedings, and ADA-compliant access to court procedures.
3. Defendants were repeatedly placed on written notice of Plaintiff's disability-related communication needs.
4. No Defendant provided the accommodations required by federal law.
5. On June 20, 2025, the minor child experienced manual neck compression inside a DHHS-approved placement.
6. Police Report AU-68664 documents neck compression lasting approximately one minute.
7. Photographs of injuries were taken by law enforcement at the scene.
8. No safety-plan updates were generated following this event.
9. On June 22, 2025, the minor child reported being assaulted and robbed by juveniles and adults associated with the Bishop residence.
10. Police Report AU-68663 documents the event.
11. A phone valued near one thousand dollars was taken from the child.
12. The report was classified as a juvenile altercation rather than assault and robbery.
13. No placement review occurred.
14. Police Report AU-93921 documents a separate placement-related assault.
15. This report was never added to DHHS safety planning documents.

16. Hotline Report 1128970 documents that the Bishop home had no running water.

17. DHHS approved this home as a placement both before and after the report.

18. Weekly safety checks required by policy were not completed.

19. Hotline Report 1132675 concerns a separate assault at the placement associated with Raven Bass.

20. DHHS did not update the safety plan after receiving this report.

21. Police Report AU-05538 dated July 7, 2025 documents the minor child staying at the Bishop home after leaving Child Saving Institute.

22. OPD obtained the adult's identity and address information.

23. DHHS did not investigate the harboring disclosure.

24. DHHS later approved the same home for placement.

25. Juvenile Probation supervised both the minor child and Terrell Davis during the June events.

26. This dual-supervision conflict was not disclosed to the Plaintiff or the Court.

27. No supervisory correction occurred.

28. Omaha Public Schools and SRO personnel opened and canceled January 2024 missing-person reports including AT-58900, AT-39165, P4360428, and P4364676.

29. Plaintiff received no notices of these openings or cancellations.

30. Required OPS parental-notification procedures were not followed.

31. These omissions distorted the safety history later used by DHHS.

32. In August 2024 OPD documented that the minor child was seen downtown with Terrell Davis.

33. Records falsely stated that the child was seen with friends.

34. The eyewitness was the minor child's brother.

35. DHHS did not correct the factual record.

36. On September 4, 2025 DHHS issued a safety plan listing a start date of September 4 and an end date of September 3.

37. No weekly check-ins occurred.

38. No revisions were made despite multiple new safety incidents.

39. DHHS stated in writing on November 18, 2025 that police and hotline reports were not included in the safety plan.

40. On October 19, 2025 at 11:32 p.m. Plaintiff received a text message stating there was a hearing on October 20.

41. No written notice was provided.

42. No ADA accommodations were provided.

43. Plaintiff was denied meaningful access to the hearing.

44. The written order for the October 20 hearing was file-stamped November 18, 2025.

45. No explanation was provided for the delay.

46. No written summary of the hearing was provided to Plaintiff.

47. Plaintiff filed multiple clarification requests regarding notices, safety plans, police reports, hotline reports, OPS records, MDT changes, and ADA accommodations.

48. Defendants viewed these communications but did not respond with required clarification.

49. Court-appointed counsel withdrew Plaintiff's pro se appeal and his own protective appeal on October 30, 2025.

50. No written authorization or consent was provided by Plaintiff.
51. This removal of appellate rights prevented correction of the October 20 proceeding.
52. Plaintiff delivered filings to the Douglas County Clerk in the correct order.
53. The clerk began stamping in that order.
54. Someone reversed the document sequence mid-processing and stamped again.
55. The clerk acknowledged the change occurred after stamping began.
56. This resulted in altered filing order and altered record presentation.
57. OPS administrators failed to escalate disability-related concerns including education plan issues, trauma indicators, and MDT updates.
58. No trauma-informed supports were implemented for the child.
59. The Guardian ad Litem received all police reports, hotline reports, safety-plan contradictions, educational concerns, and written clarification requests.
60. The Guardian ad Litem did not file a motion to correct the record.
61. The Guardian ad Litem did not notify the Court of placement harm.
62. DHHS, OPS, Probation, service providers, and counsel continued to rely on incomplete and inaccurate records.
63. These records omitted placement assaults, safety-plan defects, harboring disclosures, and disability-related barriers.
64. These errors remain uncorrected.
65. The ongoing use of inaccurate and incomplete records continues to place the child at risk and denies Plaintiff meaningful access to the courts.
66. The injuries described are ongoing and unresolved.


SECTION 9 — LEGAL VIOLATIONS

1. Defendants denied Plaintiff meaningful access to court proceedings required under federal disability law.
2. Defendants failed to provide written notices of hearings required for ADA-compliant access.
3. Defendants failed to provide communication accommodations required under ADA Title II.
4. Defendants failed to provide equal access to public services required under Section 504.
5. Defendants relied on inaccurate records after receiving written notice that the records were incomplete.
6. Defendants failed to correct factual errors after receiving written notice of those errors.
7. Defendants continued to rely on records that omitted placement assaults and safety incidents.
8. Defendants continued to rely on records that omitted harboring disclosures.
9. Defendants continued to rely on records that omitted missing-person report cancellations.
10. Defendants continued to rely on records that omitted dual-supervision conflicts involving Juvenile Probation.

11. Defendants failed to investigate placement danger reported in multiple police reports.

12. Defendants failed to investigate placement danger reported in multiple hotline reports.

13. Defendants failed to conduct required weekly safety-plan reviews.

14. Defendants approved placement in a home reported to have no running water.

15. Defendants approved placement in a home associated with documented assaults.

16. Defendants continued placement approval despite repeated police involvement.

17. Defendants denied Plaintiff access to records needed for court participation.

18. Defendants denied Plaintiff the opportunity to challenge inaccurate records.

19. Defendants failed to notify Plaintiff when the minor child was removed from school for questioning.

20. Defendants questioned the minor child without parental notice.

21. Defendants failed to provide disability-related accommodations during school questioning.

22. Defendants failed to provide disability-related accommodations during court proceedings.

23. Defendants withheld and delayed safety information from the parent.

24. Defendants withheld and delayed safety information from the court.

25. Defendants denied Plaintiff the ability to present safety information.

26. Defendants denied Plaintiff the ability to correct the safety record.

27. Defendants withheld the written purpose of hearings from Plaintiff.

28. Defendants withheld the written substance of hearings from Plaintiff.

29. Defendants provided notice of hearings only by late-night text messages.

30. Defendants provided no written notice of the October 20 hearing.

31. Defendants failed to schedule more than twelve motions filed by Plaintiff between 2024 and 2025.

32. Defendants refused to correct the September 4 safety plan containing incorrect dates.

33. Defendants refused to add police reports to the safety plan.

34. Defendants refused to add hotline reports to the safety plan.

35. Defendants continued using the defective safety plan as an active document.

36. Defendants removed Plaintiff's appellate rights through unauthorized withdrawal of appeals.

37. Defendants denied Plaintiff the right to challenge the October 20 order.

38. Defendants denied Plaintiff the ability to correct adverse findings.

39. Defendants obstructed Plaintiff's access to the court clerk for scheduling.

40. Defendants restricted hearing scheduling to a single bailiff.

41. Defendants failed to provide direct notice of scheduled hearings.

42. Defendants allowed altered filing order during clerk-stamping procedures.

43. Defendants failed to protect the integrity of court filings.

44. Defendants used altered records to support continued jurisdiction over the minor child.
45. Defendants failed to notify Plaintiff of MDT membership changes.
46. Defendants failed to notify Plaintiff of school-level safety concerns.
47. Defendants failed to notify Plaintiff of educational rights developments.
48. Defendants failed to

Tynisha Sheffield

---------- Forwarded message ---------
From: **Tynisha Sheffield** <tasheffi@gmail.com>
Date: Sun, Nov 30, 2025 at 1:53 AM
Subject: Draft 2
To: Tynisha Sheffield <tasheffi@gmail.com>

UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA — OMAHA DIVISION

TINESHA T. SHEFFIELD,
Individually and on behalf of minor child
JODY E. CARPENTER,
Plaintiffs,

v.

STATE OF NEBRASKA;
NEBRASKA DEPARTMENT OF HEALTH AND HUMAN SERVICES (DHHS);
DOUGLAS COUNTY JUVENILE PROBATION;
OMAHA PUBLIC SCHOOLS (OPS);
OMAHA POLICE DEPARTMENT (OPD);
A BLESSING OF HOPE FAMILY SERVICES;
CAREMINDERS HOME CARE, INC.;
and all officers, employees, agents, contractors,
and individuals named herein,

Defendants.

Case No. _____

EMERGENCY FEDERAL CIVIL RIGHTS COMPLAINT
AND APPLICATION FOR TEMPORARY RESTRAINING ORDER
(ADA TITLE II — SECTION 504 — 42 U.S.C. § 1983 — FOURTEENTH
AMENDMENT)

Filed by:
TINESHA T. SHEFFIELD, Pro Se
4519 North 37th Street
Omaha, Nebraska 68111

(402) 306-2688
tasheffi@gmail.com

EMERGENCY TRO STATEMENT

This is an emergency request for immediate federal intervention.

The minor child, Jody E. Carpenter, suffered manual neck compression, assault, robbery,
and retaliation inside DHHS-approved placements. These incidents include:

• Police Report AU-68664 (manual neck compression; exact time reflected in agency record)
• Police Report AU-68663 (assault and robbery; exact time reflected in agency record)
• Police Report AU-93921 (placement-related assault; exact time reflected in agency record)
• Hotline Report #1128970 (no running water in approved home)
• Hotline Report #1132675 (assault at Raven Bass placement)

None of these safety incidents were added to the DHHS safety plan, MDT reviews, OPS
records, or court filings. DHHS stated in writing on November 18, 2025, that the safety
plan "does not include police and hotline reports," despite required weekly updates.

Hearings occurred without proper notice, including the October 20, 2025 hearing. Notice
was sent at 11:32 p.m. on October 19 for a morning hearing on October 20. The written
order was not file-stamped until November 18. No ADA-required communication
accommodations were provided.

On October 30, 2025, court-appointed counsel withdrew his protective appeal and the
Plaintiff's pro se appeal without consent or explanation, removing the only available
appellate remedy.

A filing delivered to the clerk was stamped in the correct order, then mid-processing, the
order was reversed and stamped again. The clerk confirmed: "I can see they started filing
it your way, then changed it." This constitutes procedural tampering.

OPS School Resource Officer personnel opened and canceled January 2024 missing-person
reports (AT-58900, AT-39165, P4360428, P4364676) without parental notice, distorting the
safety history later relied upon by DHHS.

Juvenile Probation supervised both Jody and Terrell Davis during the June 2025 placement
assaults. The dual-supervision conflict was never disclosed.

DHHS approved the Bishop–Davis home for placement despite:
• no running water,
• documented harboring concerns,
• dual-supervision conflicts,
• multiple safety incidents documented in police and hotline reports.

These combined actions constitute irreparable harm requiring immediate federal relief
under ADA Title II, Section 504, 42 U.S.C. § 1983, and the Fourteenth Amendment.


DEFENDANTS

The following Defendants are named in their official and individual capacities
unless otherwise noted.

A. State Entity Defendants
1. State of Nebraska
2. Nebraska Department of Health and Human Services (DHHS), Children &
Family Services
3. Douglas County Juvenile Probation
4. Omaha Public Schools (OPS)
5. Omaha Police Department (OPD)

B. County and Judicial Defendants
6. Judge Chad M. Brown — Douglas County Juvenile Court (official capacity
only)
7. Cheyenne J. Wilson — Courtroom Bailiff, Douglas County Juvenile Court
8. Jordan Klein — Douglas County Attorney's Office, Juvenile Division

C. DHHS Individual Defendants
9. Katherine "Kate" Shipley — DHHS Caseworker
10. Breanna Waugh — DHHS Supervisor
11. Brittani Long — DHHS Former Supervisor
12. Angela Morehead — DHHS Staff
13. Adora Mukuna — DHHS Staff
14. Jake Fields — DHHS Staff
15. LaShawn Grant — DHHS Staff

D. Juvenile Probation Defendants
16. Monessa Allerheiligen — Juvenile Probation Officer
17. Mary Visek — Juvenile Probation Supervisor

E. Guardian ad Litem
18. Ashley Strader — Guardian ad Litem for Jody E. Carpenter

F. Court-Appointed Attorney
19. Justin T. Wayne, Esq. — Former court-appointed counsel for the Plaintiff

G. A Blessing of Hope Family Services Defendants
20. A Blessing of Hope Family Services — Contracted service provider
21. Angel Todd — Provider / Direct Worker
22. Paul Manestar — Administrative Staff
23. Kali Cuendet — Therapist

H. OPS Individual Defendants
24. Michaela Daly — OPS Administrator
25. Kara Saldierna — OPS Staff
26. Alysha Station — Nathan Hale Middle School Staff
27. OPS Talent Services (official capacity)

I. CareMinders Home Care, Inc. Defendants
28. CareMinders Home Care, Inc. — Medicaid-funded caregiver agency
29. Brian L. Schleicher — CEO
30. Margie Gleason — CareMinders Management
31. Doreen "Susie" Green — CareMinders Caregiver
32. Mariah [last name unknown] — CareMinders Caregiver
33. Kashay Washington — CareMinders Caregiver (name on insurance card)
34. "Quiyata" — Name used by CareMinders for same caregiver

J. Residential / Placement Defendants
35. Johnesha K. Bishop — Adult resident, 4319 Larimore Avenue, Omaha, NE
36. Terrell Davis — Juvenile resident, 4319 Larimore Avenue
37. Brandi Simpson — Adult resident, 4319 Larimore Avenue
38. Raven Bass — DHHS placement provider

K. Additional Actors
39. Officers involved in Police Reports AU-05538, AU-68663, AU-68664
40. Any unknown DHHS, OPS, Probation, OPD, or contractor personnel whose
actions contributed to the violations described in this Complaint.

JURISDICTION AND VENUE This Court has jurisdiction under 28 U.S.C. § 1331
because the action arises under federal law, including the Americans with
Disabilities Act, 42 U.S.C. § 12132; Section 504 of the Rehabilitation Act, 29
U.S.C. § 794; 42 U.S.C. § 1983; and the Fourteenth Amendment. Jurisdiction is
proper under 28 U.S.C. § 1343(3)–(4) because Plaintiffs seek to redress
deprivations of rights secured by federal law. This Court may issue declaratory and
injunctive relief under 28 U.S.C. §§ 2201–2202 and the All Writs Act, 28 U.S.C. §
1651. Sovereign immunity does not bar this action. Under United States v. Georgia,
546 U.S. 151 (2006), ADA Title II abrogates immunity where conduct also violates
the Fourteenth Amendment. Nebraska waived immunity under Section 504 by
accepting federal funds through DHHS, OPS, Juvenile Probation, OPD, and
contracted agencies, consistent with Barnes v. Gorman, 536 U.S. 181 (2002).
Individual-capacity liability is proper under Hafer v. Melo, 502 U.S. 21 (1991).
Prospective injunctive relief may be issued under Ex parte Young, 209 U.S. 123
(1908). Venue is proper under 28 U.S.C. § 1391(b) because all events occurred in
Douglas County, Nebraska, and all Defendants reside or operate there.

STATEMENT OF FACTS Plaintiff Tinesha T. Sheffield is the mother of minor child Jody E. Carpenter. Plaintiff is a qualified individual with a disability under the ADA and Section 504. The State of Nebraska, DHHS, Juvenile Probation, Omaha Public Schools, Omaha Police Department, A Blessing of Hope, and CareMinders Home Care each receive federal funds or act under color of law.

On June 20, 2025, Jody suffered manual neck compression in a DHHS-approved placement. Police Report AU-68664 documents neck squeezing lasting approximately one minute, with visible injuries photographed by OPD. On June 22, 2025, Jody suffered an assault and robbery at the same placement. Police Report AU-68663 documents the taking of a $1,000 phone, assault by Terrell Davis, and injuries. Jody reported multiple aggressors. The same household was supervised by Juvenile Probation for both Jody and Terrell Davis, creating an undisclosed dual-supervision conflict.

Hotline Report #1128970 documented no running water in the Bishop–Davis home. DHHS policy requires immediate safety-plan updates. None were made. Hotline Report #1132675 documented an assault at the Raven Bass placement. DHHS made no updates. Police Report AU-93921 also documented placement-related harm. None of these records were entered into any MDT meeting, safety-plan revision, OPS record, or court filing.

DHHS issued a safety plan dated September 4, 2025, with a listed end date of September 3, 2025. No weekly check-ins occurred, though required. On November 17, 2025, Plaintiff requested written clarification and asked DHHS to confirm whether all police and hotline reports had been reviewed. On November 18, DHHS responded in writing that the safety plan "does not include police and hotline reports," despite policy mandating inclusion of all safety incidents. No corrections were made.

OPS School Resource Officer personnel opened and canceled January 2024 missing-child reports AT-58900, AT-39165, P4360428, and P4364676 without parental notice. Required reporting procedures were not followed. These irregularities distorted later child-safety assessments.

In August 2024, OPD documented a missing-child incident stating Jody was "seen downtown with friends," though the witness was his brother and the youth involved was Terrell Davis. That information was not accurately transmitted to DHHS or the Court. In July 2025, Police Report AU-05538 documented that Jody left the Child Saving Institute and stayed at the Bishop–Davis home. Plaintiff had previously reported harboring concerns. DHHS approved the same home for placement months earlier. No investigation occurred.

Juvenile Probation supervised both Jody and Terrell Davis at the time of the June incidents. Probation did not disclose the conflict to the Court or Plaintiff. No safety alert was filed. No placement change was requested. No investigation occurred into the home's lack of utilities, unsupervised juveniles, adult residents, or repeated police involvement.

Court-appointed counsel Justin T. Wayne was appointed in July 2025. More than twelve motions filed by Plaintiff were never scheduled, including ADA accommodation requests and safety-correction motions. Plaintiff did not receive written notice of the October 20 hearing. A text was sent at 11:32 p.m. on October 19. Plaintiff did not receive ADA accommodations at the hearing. The order was file-stamped November 18. On October 30, 2025, counsel withdrew his protective appeal and Plaintiff's pro se appeal without written authorization, explanation, or consultation. This removed the only avenue to challenge the October 20 hearing, which occurred without notice.

A filing delivered to the juvenile clerk's office in the correct order was partially stamped, then reversed mid-processing and stamped again. The clerk stated: "I can see they started filing it your way, then changed it." This resulted in tampering with court documents, creating barriers to meaningful participation for a disabled parent.

A Blessing of Hope personnel, including Angel Todd, Paul Manestar, and Kali Cuendet, documented material discrepancies in service reports. Those discrepancies were transmitted to DHHS and relied on by the GAL without correction. OPS administrators Michaela Daly and Kara Saldierna failed to implement needed 504 accommodations. OPS Talent Services did not respond to requests. Notices, MDT updates, and safety disclosures were withheld or delayed.

The Guardian ad Litem, Ashley Strader, received all police reports, hotline reports, and DHHS communications but did not request hearings, correct inaccuracies, or integrate new safety information into court filings. DHHS staff including Katherine Shipley, Breanna Waugh, Brittani Long, Adora Mukuna, Angela Morehead, Jake Fields, and LaShawn Grant received police and hotline records but did not revise the safety plan or notify the Court.

Placement providers Johnesha Bishop, Brandi Simpson, and Raven Bass each supervised Jody during documented harm. DHHS approved each home without adequate investigation, despite repeated risk indicators. CareMinders Home Care personnel, including Doreen "Susie" Green, Mariah, and Kashay Washington ("Quiyata"), provided inconsistent supervision for another child, and their documentation was used inappropriately by DHHS to assess parenting ability without adherence to Medicaid or agency standards.

These failures collectively produced continuing harm, inaccurate records, withheld notices, lost appellate rights, discrimination under the ADA and Section 504, procedural due-process violations, substantive due-process violations, denial of access to the courts, and state-created danger. The harm remains ongoing.

CAUSES OF ACTION

COUNT I — VIOLATION OF TITLE II OF THE AMERICANS WITH DISABILITIES ACT (42 U.S.C. § 12132) Defendants DHHS, Juvenile Probation, Omaha Public Schools, Omaha Police Department, A Blessing of Hope, CareMinders Home Care, and all individual defendants acting under color of state law denied Plaintiff meaningful access to services, public programs, court proceedings, safety investigations, school services, and child-welfare processes by withholding notices, refusing communication accommodations, failing to provide

accessible scheduling, failing to correct inaccurate records, failing to provide written explanations, and failing to conduct investigations in a manner consistent with ADA requirements. Such actions constitute discrimination on the basis of disability and violate 42 U.S.C. § 12132 and 28 C.F.R. Part 35.

COUNT II — VIOLATION OF SECTION 504 OF THE REHABILITATION ACT (29 U.S.C. § 794) Defendants receive federal financial assistance through Medicaid, Title IV-E, ESSA, federal juvenile-justice grants, and federal policing funds. By withholding notices, failing to engage in timely communication, failing to correct known factual errors, failing to provide accessible participation, denying equal opportunity to participate in proceedings, and relying on incomplete and inaccurate reports, Defendants denied Plaintiff access to programs and services solely because of disability, in violation of Section 504.

COUNT III — VIOLATION OF PROCEDURAL DUE PROCESS (FOURTEENTH AMENDMENT, 42 U.S.C. § 1983) Defendants deprived Plaintiff of fundamental procedural rights by holding hearings without notice, issuing orders without service, reversing file-stamped documents, withdrawing appellate rights without consent, withholding safety information required for court review, failing to schedule motions, preventing Plaintiff from accessing complete case files, and undermining fair participation. These actions deprived Plaintiff of due process guaranteed by the Fourteenth Amendment.

COUNT IV — VIOLATION OF SUBSTANTIVE DUE PROCESS (FAMILIAL INTEGRITY) (42 U.S.C. § 1983) Defendants' actions interfered with Plaintiff's right to the care, custody, and control of her child. DHHS approved unsafe placements, failed to investigate known hazards, ignored police and hotline reports, failed to update safety plans, and allowed harm to occur in state-approved homes. Juvenile Probation ignored conflicts and dual supervision. OPS removed children from school without parental notice. A Blessing of Hope and CareMinders submitted inaccurate information. These actions shock the conscience and violate substantive due process.

COUNT V — STATE-CREATED DANGER (42 U.S.C. § 1983) Defendants affirmatively placed Jody E. Carpenter in danger by approving the Bishop–Davis home despite known safety risks, failing to assess lack of running water, ignoring hotline reports, ignoring placement violence, failing to correct records, withholding reports from the Court, and supervising both aggressor and victim in the same home. Defendants increased the risk of harm and made Jody more vulnerable than he would have been without state intervention.

COUNT VI — DENIAL OF ACCESS TO COURTS (42 U.S.C. § 1983) Defendants obstructed Plaintiff's access to the courts by withholding hearing notices, refusing to schedule motions, reversing clerk-stamped filings, withdrawing Plaintiff's appeal without consent, failing to provide ADA communication accommodations, and providing written orders with delayed stamping. These actions prevented Plaintiff from presenting evidence, challenging inaccurate records, or meaningfully participating in proceedings.

COUNT VII — EQUAL PROTECTION VIOLATIONS (42 U.S.C. § 1983) Defendants treated Plaintiff differently from similarly situated parents by

withholding notices, failing to correct errors, denying access to ADA accommodations, delaying educational protections, ignoring safety updates, and refusing to acknowledge police and hotline reports. These disparities were intentional or made with reckless disregard for Plaintiff's rights.

COUNT VIII — FAILURE TO TRAIN AND SUPERVISE Defendants DHHS, Juvenile Probation, OPS, OPD, A Blessing of Hope, and CareMinders failed to train workers on ADA compliance, Section 504 requirements, proper notice procedures, safety-plan updates, accurate documentation, and conflict-of-interest protocols. These failures caused the violations described herein and constitute deliberate indifference.

COUNT IX — ADA AND SECTION 504 RETALIATION Defendants retaliated against Plaintiff for asserting ADA rights, requesting accommodations, filing motions, submitting clarification letters, submitting police reports, and contacting federal OCR. Retaliatory acts included withholding information, failing to respond to communications, withdrawing appeals without consent, delaying safety updates, and obstructing participation in court processes. Such actions violate both ADA Title II and Section 504.

TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION REQUEST

Plaintiffs seek an immediate Temporary Restraining Order and Preliminary Injunction pursuant to Federal Rule of Civil Procedure 65 to prevent further irreparable harm caused by Defendants' ongoing violations of ADA Title II, Section 504 of the Rehabilitation Act, the Fourteenth Amendment, and 42 U.S.C. § 1983. The pattern of conduct described in this Complaint demonstrates continuing injury, continued use of inaccurate records, continuing denial of ADA accommodations, and ongoing risk of harm to the minor child.

I. IRREPARABLE HARM

The minor child suffered manual neck compression, assault, robbery, retaliation, and unsafe conditions in DHHS-approved placements. These events include AU-68664, AU-68663, AU-93921, Hotline #1128970, and Hotline #1132675. None of these incidents were placed into any safety-plan update, MDT review, educational record, or court filing. Failure to document safety incidents places the minor child at risk of continued harm and prevents accurate judicial review.

Hearings occurred without legally sufficient notice. The October 20, 2025 hearing was noticed at 11:32 p.m. on October 19 for a morning session October 20. No ADA accommodations were provided. The written order was file-stamped nearly a month later on November 18. Conduct of this nature prevents meaningful participation and constitutes ongoing irreparable harm under ADA Title II and procedural due process principles.

On October 30, 2025, court-appointed counsel withdrew both his protective appeal and Plaintiff's pro se appeal without authorization or explanation. This caused loss of appellate access and prevented review of the October 20 hearing. Loss of appellate rights constitutes irreparable harm under federal law.

Clerk-processing irregularities occurred when a filing delivered in the correct sequence was stamped in that sequence, then reversed mid-processing and stamped again. The clerk confirmed this reversal. This constitutes evidence tampering and procedural interference causing immediate and continuing harm.

OPS canceled missing-person reports without notifying the parent, distorting Jody's safety history used by DHHS. Juvenile Probation failed to disclose dual-supervision conflicts, placement dangers, or conflict-of-interest issues. DHHS approved an unsafe home that lacked running water and presented known safety risks. These actions continue to endanger the child and constitute ongoing constitutional violations.

## II. LIKELIHOOD OF SUCCESS ON THE MERITS

Plaintiffs are likely to succeed under ADA Title II because Defendants denied access to hearings, refused accommodations, and withheld communications required for meaningful participation. Plaintiffs are likely to succeed under Section 504 because Defendants receive federal funding and denied equal access based on disability.

Plaintiffs are likely to succeed under the Fourteenth Amendment because hearings occurred without notice, appellate rights were withdrawn without consent, and child safety decisions relied on inaccurate or incomplete records.

Plaintiffs are likely to succeed under the state-created danger doctrine because DHHS and Probation placed Jody in a home presenting known risks and increased his exposure to harm.

## III. BALANCE OF EQUITIES

The balance of equities favors Plaintiffs because Defendants would suffer no harm from adhering to federal law, providing accurate records, correcting errors, providing timely notice, and ensuring safety. In contrast, Plaintiffs face ongoing procedural barriers, continued risk of injury, and loss of meaningful access without injunctive relief.

## IV. PUBLIC INTEREST

The public interest supports granting injunctive relief because the federal courts have a strong interest in ensuring ADA compliance, protecting the integrity of judicial proceedings, preventing harm to minors, ensuring transparency in state child-welfare actions, and preventing misuse or distortion of court records.

## V. REQUESTED INJUNCTIVE RELIEF

Plaintiffs request that this Court issue a Temporary Restraining Order and Preliminary Injunction requiring:

1. Immediate correction of all DHHS, Probation, OPS, OPD, A Blessing of Hope, and CareMinders records to include all police and hotline reports identified in this

Complaint.

2. Immediate suspension of reliance on any incomplete or inaccurate records in the juvenile case.

3. Immediate disclosure of the complete juvenile case file, including safety-plan updates, MDT notes, police reports, hotline reports, OPS records, and service-provider documentation.

4. Immediate enforcement of ADA and Section 504 communication accommodations, including written notices, timely responses, and accessible communication.

5. Immediate prohibition against holding hearings without written notice directly to Plaintiff.

6. Immediate reinstatement of Plaintiff's appellate rights or judicial clarification of the circumstances under which appeals were withdrawn without consent.

7. Immediate bar against placement of the minor child in any home identified as unsafe or connected to AU-68664, AU-68663, AU-93921, Hotline #1128970, or Hotline #1132675, pending federal review.

8. Any additional relief necessary to prevent continued harm, protect federal rights, and preserve the integrity of court proceedings.

Plaintiffs request a hearing on the TRO at the earliest possible time and request that this Court exercise its authority under Rule 65, ADA Title II, Section 504, Ex parte Young, and § 1983 to halt ongoing violations.

DAMAGES

Plaintiffs seek compensatory, consequential, statutory, and punitive damages as authorized under ADA Title II, Section 504 of the Rehabilitation Act, and 42 U.S.C. § 1983. Defendants' conduct caused ongoing emotional, physical, procedural, educational, and constitutional harm to both Plaintiffs. The damages sought reflect the severity, duration, and ongoing nature of these injuries.

I. COMPENSATORY DAMAGES

Plaintiffs request compensatory damages for:

1. Emotional distress suffered by the minor child resulting from manual neck compression, assault, robbery, retaliation, unsafe placements, and placement instability in DHHS-approved homes.

2. Emotional distress suffered by the Plaintiff-parent due to repeated denial of notice, denial of ADA accommodations, loss of appellate rights, false or incomplete recordkeeping, and inability to protect her child.

3. Educational regression, trauma-related school impacts, denied disability accommodations, delayed MDT actions, and OPS failures to implement mandated protections.

4. Costs of medical care, mental-health treatment, therapeutic services, replacement of stolen property, and future care necessitated by the injuries alleged.

5. Administrative burdens, printing costs, travel costs, and financial strain caused by repeated corrective filings, clarification requests, and the need to personally identify and correct agency errors.

Based on the severity of harm, Plaintiffs seek:
• Past emotional distress: $3,000,000
• Future emotional distress: $2,000,000
• Loss of companionship, parental time, and family integrity: $10,000,000
• Medical, therapeutic, and educational damages: $500,000
• Administrative and litigation burdens: $250,000

## II. CONSEQUENTIAL DAMAGES

Consequential damages are warranted for:
1. Loss of stable educational placement.
2. Loss of safe housing for the minor child due to unsafe placements.
3. Misclassification of incidents as "juvenile altercations," causing denial of victim services.
4. Delayed mental-health referrals and interventions.
5. Removal of appellate pathways leading to prolonged case duration.

## III. STATUTORY DAMAGES

Under Section 504 and ADA Title II, Plaintiffs are entitled to damages for intentional disability discrimination and failure to provide meaningful access. Under 42 U.S.C. § 1983, Plaintiffs are entitled to damages for constitutional violations committed under color of state law.

## IV. PUNITIVE DAMAGES AGAINST INDIVIDUAL-CAPACITY DEFENDANTS

Punitive damages are appropriate where individual defendants acted with reckless disregard, deliberate indifference, or conscious disregard for the safety and rights of Plaintiffs. Plaintiffs seek punitive damages against individual-capacity defendants including:

• Katherine Shipley — $10,000,000
• Monessa Allerheiligen — $10,000,000
• Ashley Strader — $10,000,000
• Cheyenne J. Wilson — $10,000,000
• Jordan Klein — $10,000,000
• Justin T. Wayne — $10,000,000
• Additional individual defendants whose conduct contributed to the harm.

## V. FUTURE DAMAGES

Future damages are requested to address ongoing:
• trauma-related educational needs,
• counseling and mental-health services,
• medical monitoring,
• future administrative proceedings required to correct the record,

• and continuing impact of placement-related harm.

## VI. INJUNCTIVE RELIEF DOES NOT SUBSTITUTE DAMAGES

The requested TRO and injunction are necessary to prevent further harm but do not eliminate the damages caused by past violations. Plaintiffs seek both equitable and monetary relief as permitted under federal law.

## VII. TOTAL DAMAGES REQUESTED

Plaintiffs reserve the right to amend the total requested damages after discovery. Plaintiffs request an initial award of no less than:

**\*\*$35,750,000.00\*\***
(combining compensatory, consequential, and punitive damages across individual defendants).

This total reflects the extraordinary degree of harm, the duration of ongoing violations, and the constitutional, statutory, and physical injuries suffered.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in their favor and grant the following relief:

## I. TEMPORARY RESTRAINING ORDER (TRO)

Plaintiffs request issuance of an immediate Temporary Restraining Order that:

1. Prohibits DHHS, Juvenile Probation, OPS, OPD, A Blessing of Hope, CareMinders, and all individual defendants from relying on incomplete, inaccurate, or contradictory records concerning Plaintiff or the minor child.

2. Requires Defendants to immediately correct, supplement, and produce all safety-related documentation, including Police Reports AU-68663, AU-68664, AU-93921, AU-05538, all hotline reports (1128970, 1132675), all OPS SRO missing-person entries, MDT records, and placement reports.

3. Orders emergency cessation of any adverse decisions based on inaccurate records, omissions, or un-investigated safety incidents.

4. Requires direct written notice (email + mail) to the Plaintiff for all hearings, meetings, MDTs, or actions involving the minor child.

5. Requires immediate ADA Title II and Section 504 communication accommodations, including written explanations, advance notice of hearings, and record corrections.

6. Prohibits further retaliation, intimidation, coercion, or interference with Plaintiff's participation, as prohibited by 28 C.F.R. § 35.134.

## II. PRELIMINARY INJUNCTION

Upon hearing, Plaintiffs request a Preliminary Injunction ordering:

1. Correction of the September 4, 2025 DHHS safety plan, including addition of all police and hotline reports and correction of date errors (start: 9/4/2025; end: 9/3/2025).

2. Mandatory weekly safety-plan review as required by DHHS policy.

3. Full production of the juvenile case file, including internal emails, MDT notes, placement reports, and unredacted law-enforcement records.

4. Correction of all OPS missing-person record cancellations (AT-58900, AT-39165, P4360428, P4364676) with verification of the responsible SRO personnel.

5. Review and correction of all A Blessing of Hope records, including reports from Angel Todd, Paul Manestar, and Kali Cuendet, and confirmation of all service-termination decisions.

6. Instruction to DHHS, Probation, OPS, OPD, and service providers to cease reliance on "unfounded" classifications contradicted by police evidence.

7. Mandatory court access reforms requiring:
   a. Written notice for all hearings,
   b. Direct scheduling through the clerk (not restricted through a bailiff),
   c. ADA-compliant communication accommodations.

8. Prohibition against using the Bishop–Davis residence (4319 Larimore Ave) or Raven Bass placements pending full safety investigation.

## III. DECLARATORY RELIEF

Plaintiffs seek declarations that:

1. Defendants violated ADA Title II, Section 504, the Fourteenth Amendment, and 42 U.S.C. § 1983.

2. Defendants' acts and omissions denied meaningful access to state proceedings.

3. Withdrawal of the Plaintiff's pro se appeal on October 30, 2025 without authorization violated constitutional and statutory rights.

4. Tampering with filing order and stamp sequencing constitutes a procedural due-process violation.

## IV. COMPENSATORY, CONSEQUENTIAL, AND PUNITIVE DAMAGES

Plaintiffs request monetary damages as stated in Section 5, including:

• Compensatory damages (emotional distress, educational harm, medical and therapy costs);
• Consequential damages (placement disruptions, school disruption, administrative burdens);
• Punitive damages against all individual-capacity defendants acting with deliberate indifference or reckless disregard.

## V. ATTORNEYS' FEES AND COSTS

Although Plaintiff proceeds pro se, Plaintiffs request:

1. Statutory fees and costs under 42 U.S.C. §§ 1988, 12205, and 794a.
2. Litigation expenses including printing, mailing, travel, expert review, and evidence reproduction.

## VI. FEDERAL OVERSIGHT AND RECORD CORRECTION ORDERS

Plaintiffs request:

1. Appointment of a federal compliance monitor or special master to review:
   a. DHHS records,
   b. OPS records,
   c. Juvenile Probation records,
   d. A Blessing of Hope records,
   e. CareMinders records,
   f. Juvenile Court procedural notice practices.

2. A Court-ordered directive requiring all Defendants to produce missing, withheld, or misfiled documents identified in this Complaint.

## VII. ANY OTHER RELIEF THE COURT DEEMS JUST AND PROPER

Plaintiffs request all additional equitable, monetary, and declaratory relief necessary to prevent continued harm and to restore access to federal rights.

Respectfully submitted,

/s/ Tinesha T. Sheffield
Pro Se Plaintiff
4519 North 37th Street
Omaha, Nebraska 68111
(402) 306-2688
tasheffi@gmail.com

## CLAIMS FOR RELIEF

## COUNT I — VIOLATION OF TITLE II OF THE AMERICANS WITH DISABILITIES ACT (42 U.S.C. § 12132)

Plaintiffs re-allege all preceding paragraphs. Defendants are public entities, departments, agencies, and contractors acting under Title II of the ADA. Plaintiff

Tinesha T. Sheffield is a qualified individual with disabilities. Defendants denied meaningful access to state proceedings by failing to provide written notice of hearings, failing to provide communication accommodations, withholding hearing notices, allowing a bailiff-controlled scheduling system that excluded the Plaintiff, relying on incorrect or incomplete records, and refusing to correct DHHS safety-plan contradictions. State personnel failed to accommodate the Plaintiff's documented communication needs and repeatedly ignored written requests for ADA-compliant clarification. Defendants' acts and omissions constitute discrimination, denial of benefits, and unequal access in violation of 42 U.S.C. § 12132 and 28 C.F.R. Part 35.

COUNT II — VIOLATION OF SECTION 504 OF THE REHABILITATION ACT (29 U.S.C. § 794)

Plaintiffs re-allege all preceding paragraphs. Defendants receive federal financial assistance, including DHHS (Medicaid, Title IV-E), Juvenile Probation (juvenile justice grants), OPS (IDEA, Title I), and contractors such as A Blessing of Hope and CareMinders (Medicaid-funded). Defendants denied the Plaintiff meaningful access to services, hearings, school-related decisions, safety planning, notice procedures, record corrections, and retaliation protections as required under Section 504. By refusing communication accommodations, failing to correct inaccurate records, ignoring safety incidents, and withholding hearing notifications, Defendants discriminated against the Plaintiff solely on the basis of disability in violation of Section 504 and its implementing regulations.

COUNT III — PROCEDURAL DUE PROCESS VIOLATION (FOURTEENTH AMENDMENT; 42 U.S.C. § 1983)

Plaintiffs re-allege all preceding paragraphs. The Fourteenth Amendment guarantees notice and meaningful opportunity to be heard. Defendants violated procedural due process through: failure to provide written notice of the October 20, 2025 hearing; sending notice by text at 11:32 p.m. the night before; withholding scheduling information; denying access to the court via a bailiff's exclusive control of hearings; withdrawing Plaintiff's pro se appeal without consent; altering filing order and stamp sequencing; failing to disclose safety incidents; relying on inaccurate or incomplete records; and proceeding with jurisdiction based on an incomplete factual record. These actions deprived the Plaintiff of fundamental protections secured by the Constitution.

COUNT IV — EQUAL PROTECTION VIOLATION (FOURTEENTH AMENDMENT; 42 U.S.C. § 1983)

Plaintiffs re-allege all preceding paragraphs. Defendants treated the Plaintiff differently from other similarly situated parents without any rational basis and with discriminatory intent or deliberate indifference. Examples include: refusal to provide written notice that is routinely provided to non-disabled parents; cancellation of missing-person reports without parental notification; failure to investigate harm in placements despite police evidence; failure to correct DHHS safety-plan defects; refusal to escalate OPS 504 issues; and differential treatment in court access and scheduling. This selective treatment violates the Equal Protection Clause.

COUNT V — DENIAL OF ACCESS TO THE COURTS (FIRST AND
FOURTEENTH AMENDMENTS; 42 U.S.C. § 1983)

Plaintiffs re-allege all preceding paragraphs. The right of access to courts prohibits
state actors from obstructing filings, preventing appeals, withholding notices, or
interfering with meaningful participation. Defendants violated this right by:
withholding hearing notices; providing notice only by late-night text with no
written explanation; preventing direct scheduling through the clerk's office;
controlling hearings exclusively through a bailiff; altering filing order and
stamping; failing to produce complete case records; and allowing counsel to
withdraw the Plaintiff's pro se appeal without consent. These acts created actual
injury by preventing Plaintiff from challenging orders, correcting inaccuracies, or
presenting evidence necessary to protect the child.

COUNT VI — INTERFERENCE WITH FAMILIAL INTEGRITY
(SUBSTANTIVE DUE PROCESS; 42 U.S.C. § 1983)

Plaintiffs re-allege all preceding paragraphs. The Fourteenth Amendment protects
the fundamental liberty interest of parents to the care, custody, and control of their
children. Defendants interfered with this right through: reliance on inaccurate
placement records; failure to include safety incidents in DHHS documentation;
approval of unsafe placements; withholding notice of school removals and
interviews; failure to investigate harboring disclosures; misleading reports that
mischaracterized danger; failure to escalate OPS disability-related concerns; and
ineffective guardianship representation that did not notify the Court of placement
harm. These actions constitute arbitrary government interference in violation of
substantive due process.

COUNT VII — MUNICIPAL AND SUPERVISORY LIABILITY (MONELL; 42
U.S.C. § 1983)

Plaintiffs re-allege all preceding paragraphs. Municipal and supervisory defendants
—including DHHS leadership, OPS administration, Juvenile Probation supervisors,
OPD command, and supervisors at A Blessing of Hope and CareMinders—
implemented or tolerated policies, customs, or failures to train that caused
constitutional injuries, including: policies allowing reliance on incomplete safety
plans; customs of withholding or failing to provide hearing notices; customs
allowing SROs to cancel missing-person reports without documentation; failures to
train staff on ADA/Section 504 requirements; customs of ignoring placement-
related harm; and tolerance of inaccurate recordkeeping. Each violation resulted
from official decisions, policies, or supervisory inaction that directly caused the
harm described.

SECTION 8 — FACTUAL BACKGROUND

1. Plaintiff Tinesha T. Sheffield is the biological parent of minor child Jody E.
Carpenter.
2. Plaintiff is a qualified individual with disabilities requiring written
communication, advance notice of proceedings, and ADA-compliant access to
court procedures.

3. Defendants were repeatedly placed on written notice of Plaintiff's disability-related communication needs.

4. No Defendant provided the accommodations required by federal law.

5. On June 20, 2025, the minor child experienced manual neck compression inside a DHHS-approved placement.

6. Police Report AU-68664 documents neck compression lasting approximately one minute.

7. Photographs of injuries were taken by law enforcement at the scene.

8. No safety-plan updates were generated following this event.

9. On June 22, 2025, the minor child reported being assaulted and robbed by juveniles and adults associated with the Bishop residence.

10. Police Report AU-68663 documents the event.

11. A phone valued near one thousand dollars was taken from the child.

12. The report was classified as a juvenile altercation rather than assault and robbery.

13. No placement review occurred.

14. Police Report AU-93921 documents a separate placement-related assault.

15. This report was never added to DHHS safety planning documents.

16. Hotline Report 1128970 documents that the Bishop home had no running water.

17. DHHS approved this home as a placement both before and after the report.

18. Weekly safety checks required by policy were not completed.

19. Hotline Report 1132675 concerns a separate assault at the placement associated with Raven Bass.

20. DHHS did not update the safety plan after receiving this report.

21. Police Report AU-05538 dated July 7, 2025 documents the minor child staying at the Bishop home after leaving Child Saving Institute.

22. OPD obtained the adult's identity and address information.

23. DHHS did not investigate the harboring disclosure.

24. DHHS later approved the same home for placement.

25. Juvenile Probation supervised both the minor child and Terrell Davis during the June events.

26. This dual-supervision conflict was not disclosed to the Plaintiff or the Court.

27. No supervisory correction occurred.

28. Omaha Public Schools and SRO personnel opened and canceled January 2024 missing-person reports including AT-58900, AT-39165, P4360428, and P4364676.

29. Plaintiff received no notices of these openings or cancellations.

30. Required OPS parental-notification procedures were not followed.

31. These omissions distorted the safety history later used by DHHS.

32. In August 2024 OPD documented that the minor child was seen downtown with Terrell Davis.

33. Records falsely stated that the child was seen with friends.

34. The eyewitness was the minor child's brother.

35. DHHS did not correct the factual record.

36. On September 4, 2025 DHHS issued a safety plan listing a start date of September 4 and an end date of September 3.

37. No weekly check-ins occurred.

38. No revisions were made despite multiple new safety incidents.

39. DHHS stated in writing on November 18, 2025 that police and hotline reports were not included in the safety plan.

40. On October 19, 2025 at 11:32 p.m. Plaintiff received a text message stating there was a hearing on October 20.

41. No written notice was provided.

42. No ADA accommodations were provided.

43. Plaintiff was denied meaningful access to the hearing.

44. The written order for the October 20 hearing was file-stamped November 18, 2025.

45. No explanation was provided for the delay.

46. No written summary of the hearing was provided to Plaintiff.

47. Plaintiff filed multiple clarification requests regarding notices, safety plans, police reports, hotline reports, OPS records, MDT changes, and ADA accommodations.

48. Defendants viewed these communications but did not respond with required clarification.

49. Court-appointed counsel withdrew Plaintiff's pro se appeal and his own protective appeal on October 30, 2025.

50. No written authorization or consent was provided by Plaintiff.

51. This removal of appellate rights prevented correction of the October 20 proceeding.

52. Plaintiff delivered filings to the Douglas County Clerk in the correct order.

53. The clerk began stamping in that order.

54. Someone reversed the document sequence mid-processing and stamped again.

55. The clerk acknowledged the change occurred after stamping began.

56. This resulted in altered filing order and altered record presentation.

57. OPS administrators failed to escalate disability-related concerns including education plan issues, trauma indicators, and MDT updates.

58. No trauma-informed supports were implemented for the child.

59. The Guardian ad Litem received all police reports, hotline reports, safety-plan contradictions, educational concerns, and written clarification requests.

60. The Guardian ad Litem did not file a motion to correct the record.

61. The Guardian ad Litem did not notify the Court of placement harm.

62. DHHS, OPS, Probation, service providers, and counsel continued to rely on incomplete and inaccurate records.

63. These records omitted placement assaults, safety-plan defects, harboring disclosures, and disability-related barriers.

64. These errors remain uncorrected.

65. The ongoing use of inaccurate and incomplete records continues to place the child at risk and denies Plaintiff meaningful access to the courts.

66. The injuries described are ongoing and unresolved.


SECTION 9 — LEGAL VIOLATIONS

1. Defendants denied Plaintiff meaningful access to court proceedings required under federal disability law.

2. Defendants failed to provide written notices of hearings required for ADA-compliant access.

3. Defendants failed to provide communication accommodations required under ADA Title II.

4. Defendants failed to provide equal access to public services required under Section 504.

5. Defendants relied on inaccurate records after receiving written notice that the records were incomplete.

6. Defendants failed to correct factual errors after receiving written notice of those errors.

7. Defendants continued to rely on records that omitted placement assaults and safety incidents.

8. Defendants continued to rely on records that omitted harboring disclosures.

9. Defendants continued to rely on records that omitted missing-person report cancellations.

10. Defendants continued to rely on records that omitted dual-supervision conflicts involving Juvenile Probation.

11. Defendants failed to investigate placement danger reported in multiple police reports.

12. Defendants failed to investigate placement danger reported in multiple hotline reports.

13. Defendants failed to conduct required weekly safety-plan reviews.

14. Defendants approved placement in a home reported to have no running water.

15. Defendants approved placement in a home associated with documented assaults.

16. Defendants continued placement approval despite repeated police involvement.

17. Defendants denied Plaintiff access to records needed for court participation.

18. Defendants denied Plaintiff the opportunity to challenge inaccurate records.

19. Defendants failed to notify Plaintiff when the minor child was removed from school for questioning.

20. Defendants questioned the minor child without parental notice.

21. Defendants failed to provide disability-related accommodations during school questioning.

22. Defendants failed to provide disability-related accommodations during court proceedings.

23. Defendants withheld and delayed safety information from the parent.

24. Defendants withheld and delayed safety information from the court.

25. Defendants denied Plaintiff the ability to present safety information.

26. Defendants denied Plaintiff the ability to correct the safety record.

27. Defendants withheld the written purpose of hearings from Plaintiff.

28. Defendants withheld the written substance of hearings from Plaintiff.

29. Defendants provided notice of hearings only by late-night text messages.

30. Defendants provided no written notice of the October 20 hearing.

31. Defendants failed to schedule more than twelve motions filed by Plaintiff between 2024 and 2025.

32. Defendants refused to correct the September 4 safety plan containing incorrect dates.

33. Defendants refused to add police reports to the safety plan.

34. Defendants refused to add hotline reports to the safety plan.

35. Defendants continued using the defective safety plan as an active document.

36. Defendants removed Plaintiff's appellate rights through unauthorized withdrawal of appeals.

37. Defendants denied Plaintiff the right to challenge the October 20 order.

38. Defendants denied Plaintiff the ability to correct adverse findings.

39. Defendants obstructed Plaintiff's access to the court clerk for scheduling.

40. Defendants restricted hearing scheduling to a single bailiff.

41. Defendants failed to provide direct notice of scheduled hearings.

42. Defendants allowed altered filing order during clerk-stamping procedures.

43. Defendants failed to protect the integrity of court filings.

44. Defendants used altered records to support continued jurisdiction over the minor child.

45. Defendants failed to notify Plaintiff of MDT membership changes.

46. Defendants failed to notify Plaintiff of school-level safety concerns.

47. Defendants failed to notify Plaintiff of educational rights developments.

48. Defendants failed to notify Plaintiff of behavioral crisis incidents.

49. Defendants failed to notify Plaintiff of placement changes.

50. Defendants failed to notify Plaintiff when the minor child was transported between placements.

51. Defendants created foreseeable danger by placing the minor child with known aggressors.

52. Defendants created foreseeable danger by approving a placement lacking basic utilities.

53. Defendants created foreseeable danger by ignoring police evidence of harm.

54. Defendants created foreseeable danger by ignoring hotline evidence of harm.

55. Defendants created foreseeable danger by failing to revise the safety plan after harm occurred.

56. Defendants created foreseeable danger by suppressing the child's report of fear.

57. Defendants failed to disclose conflicts of interest in Juvenile Probation supervision.

58. Defendants failed to disclose conflicts of interest in placement decisions.

59. Defendants failed to intervene despite written warnings of danger.

60. Defendants failed to provide constitutionally required procedural protections.

61. Defendants deprived Plaintiff of the right to familial integrity.

62. Defendants deprived Plaintiff of the right to direct the upbringing of her child.

63. Defendants deprived Plaintiff of the right to participate meaningfully in proceedings.

64. Defendants interfered with Plaintiff's ability to present evidence.

65. Defendants engaged in selective enforcement that disadvantaged Plaintiff.

66. Defendants applied heightened scrutiny to Plaintiff while minimizing documented harm in DHHS placements.

67. Defendants treated similarly situated individuals more favorably than Plaintiff.

68. Defendants retaliated against Plaintiff for asserting ADA and Section 504 rights.

69. Defendants restricted parent–child communication without lawful basis.

70. Defendants suppressed positive evidence from supervised visitation.

71. Defendants failed to ensure trauma-informed services for the minor child.

72. Defendants failed to provide necessary educational supports.

73. Defendants ignored or rejected service recommendations consistent with disability needs.

74. Defendants continued practices after receiving federal OCR complaint numbers.

75. Defendants acted with deliberate indifference to established federal rights.

76. Defendants acted with deliberate indifference to ongoing safety risks.

77. Defendants acted under color of state law to deny Plaintiff constitutional rights.

78. Defendants acted under color of state law to deny the minor child constitutional rights.

79. Defendants' actions caused direct harm to Plaintiff.

80. Defendants' actions caused direct harm to the minor child.

81. Defendants' actions caused ongoing harm that continues to this day.

SECTION 10 — CLAIMS FOR RELIEF

Count I — ADA Title II
1. Plaintiff is a qualified individual with disabilities.
2. Defendants are public entities or acted as agents of public entities.
3. Defendants denied Plaintiff meaningful access to court proceedings.
4. Defendants failed to provide written notices required for ADA accessibility.
5. Defendants failed to provide communication accommodations.
6. Defendants failed to modify procedures despite written requests.
7. Defendants relied on records they knew were incomplete and inaccurate.
8. Defendants failed to correct errors after receiving notice.
9. Defendants' conduct deprived Plaintiff of equal access to public services.
10. Plaintiff suffered injury as a direct result of Defendants' violations.

Count II — Section 504 of the Rehabilitation Act
11. Defendants receive federal financial assistance.
12. Plaintiff and the minor child are individuals with disabilities.
13. Defendants denied them equal access to programs receiving federal funds.
14. Defendants failed to provide reasonable accommodations.
15. Defendants failed to implement disability-related protections in school settings.
16. Defendants failed to provide accommodations in court settings.
17. Defendants continued discriminatory practices after receiving notice.
18. Plaintiff suffered harm caused by Defendants' Section 504 violations.

Count III — Fourteenth Amendment Procedural Due Process
19. Defendants failed to provide notice of hearings.
20. Defendants failed to provide an opportunity to be heard.
21. Defendants failed to correct factual records affecting jurisdiction.
22. Defendants withheld safety information.
23. Defendants relied on inaccurate safety records.
24. Defendants withheld hearing summaries.
25. Defendants prevented Plaintiff from presenting evidence.
26. Defendants blocked Plaintiff's access to appeals.
27. Plaintiff suffered constitutional deprivations caused by state actors.

Count IV — Fourteenth Amendment Substantive Due Process
28. Defendants interfered with the fundamental right to familial integrity.
29. Defendants approved dangerous placements despite clear warnings.
30. Defendants failed to investigate harm occurring in state-approved placements.
31. Defendants placed the minor child with individuals involved in prior harm.
32. Defendants ignored evidence of placement danger.
33. Defendants failed to act after receiving police reports.
34. Defendants failed to act after receiving hotline reports.
35. Defendants' conduct shocks the conscience.
36. Plaintiff and the minor child suffered harm as a result.

Count V — Equal Protection
37. Defendants treated Plaintiff differently than similarly situated parents.
38. Defendants imposed greater scrutiny on Plaintiff without justification.
39. Defendants minimized or ignored safety threats posed by other individuals.

40. Defendants enforced policies inconsistently.
41. Defendants failed to investigate harm involving non-parent caregivers.
42. Defendants imposed unequal burdens on Plaintiff because of disability.
43. Defendants' actions resulted in discriminatory treatment.
44. Plaintiff suffered injury as a result of unequal treatment.

Count VI — Access to Courts
45. Defendants withheld hearing notices.
46. Defendants withheld explanations of hearings.
47. Defendants withheld summaries of hearings.
48. Defendants denied ADA accommodations needed to participate.
49. Defendants prevented Plaintiff from correcting the record.
50. Defendants prevented Plaintiff from securing appellate review.
51. Defendants altered the filing order of submitted documents.
52. Plaintiff was denied the ability to meaningfully participate in proceedings.

Count VII — State-Created Danger
53. Defendants knew the minor child faced danger in DHHS placements.
54. Defendants approved placement in a home without running water.
55. Defendants approved placement with individuals involved in prior assaults.
56. Defendants ignored police evidence of danger.
57. Defendants ignored hotline evidence of danger.
58. Defendants failed to act after repeated written warnings.
59. Defendants' actions increased the risk of harm to the minor child.
60. Harm occurred as a direct result of Defendants' decisions.

Count VIII — Failure to Train and Supervise
61. DHHS failed to train staff on safety-plan requirements.
62. Probation failed to train staff on conflict-of-interest risks.
63. OPS failed to train SRO personnel on missing-person procedures.
64. Service providers failed to train staff on mandatory-reporting duties.
65. Supervisors failed to correct known violations.
66. Each failure contributed to continued harm.

Count IX — Monell Liability for Policies, Practices, and Customs
67. Defendants maintained policies that deprived Plaintiff of rights.
68. Defendants maintained customs of incomplete documentation.
69. Defendants maintained practices of withholding notice.
70. Defendants maintained practices of denying disability accommodations.
71. Defendants enforced procedures that prevented participation.
72. Defendants failed to correct known patterns of harm.
73. These policies and practices caused the violations described.

Count X — Negligence
74. Defendants owed Plaintiff and the minor child a duty of care.
75. Defendants breached that duty by ignoring safety information.
76. Defendants failed to investigate repeated incidents.
77. Defendants approved unsafe placement conditions.
78. Defendants' actions created foreseeable harm.
79. Defendants' negligence resulted in injury.

Count XI — Gross Negligence
80. Defendants acted with disregard for known safety risks.
81. Defendants failed to review police evidence of assault.
82. Defendants failed to respond to hotline danger reports.
83. Defendants refused required safety-plan updates.
84. Defendants allowed harm to continue.
85. Their actions constitute gross negligence.

Count XII — Retaliation
86. Plaintiff asserted ADA and Section 504 rights.
87. Defendants reduced communication with Plaintiff afterward.
88. Defendants blocked access to records.
89. Defendants withheld notices after Plaintiff filed complaints.
90. Defendants cancelled or failed to act on services after complaints.
91. Plaintiff suffered adverse actions because of protected activity.

Count XIII — Punitive Damages Against Individual Defendants
92. Individual Defendants acted with reckless disregard for Plaintiff's rights.
93. Individual Defendants acted with deliberate indifference to safety.
94. Individual Defendants knowingly ignored federal protections.
95. Individual Defendants participated in or permitted ongoing violations.
96. Punitive damages are warranted to deter future misconduct.

Count XIV — Injunctive Relief
97. Violations described herein are ongoing.
98. Child safety remains at risk.
99. Plaintiff continues to be denied meaningful access to the courts.
100. Injunctive relief is necessary to prevent continued harm.

SECTION 11 — REQUEST FOR TEMPORARY RESTRAINING ORDER AND
PRELIMINARY INJUNCTION

1. Plaintiff requests an immediate Temporary Restraining Order.
2. Immediate relief is necessary to prevent further harm to the minor child.
3. Placement-related assaults remain unresolved and uninvestigated.
4. Safety-plan documents remain inaccurate.
5. Police and hotline reports remain excluded from state records.
6. Defendants continue to rely on incomplete and incorrect documentation.
7. Defendants continue to deny written notices required for participation.
8. Defendants continue to deny communication accommodations.
9. Defendants continue to deny ADA access to proceedings.
10. Plaintiff remains unable to meaningfully participate in state processes without federal intervention.

11. Plaintiff requests an order prohibiting Defendants from using incomplete records.
12. Plaintiff requests an order requiring the correction of all DHHS safety documents.
13. Plaintiff requests an order requiring the inclusion of all police reports.
14. Plaintiff requests an order requiring the inclusion of all hotline reports.

15. Plaintiff requests an order requiring the inclusion of all OPS missing-person records.
16. Plaintiff requests an order requiring the inclusion of all MDT changes.
17. Plaintiff requests an order requiring a complete audit of placement decisions.
18. Plaintiff requests an order requiring disclosure of all supervision conflicts.
19. Plaintiff requests an order requiring review of dual-supervision conflicts involving Probation.
20. Plaintiff requests an order requiring review of placement-provider conduct.

21. Plaintiff requests an order requiring written notice of every hearing.
22. Plaintiff requests an order requiring advance notice of every proceeding.
23. Plaintiff requests an order requiring all communication to be provided in writing.
24. Plaintiff requests an order requiring ADA-compliant communication access.
25. Plaintiff requests an order requiring confirmation of receipt of all communications.
26. Plaintiff requests an order preventing Defendants from withholding notices.

27. Plaintiff requests an order preventing Defendants from altering filing order.
28. Plaintiff requests an order preventing Defendants from obstructing appeals.
29. Plaintiff requests immediate restoration of appellate rights wrongfully removed.
30. Plaintiff requests review of counsel's withdrawal of appeals.

31. Plaintiff requests an order requiring production of the complete juvenile file.
32. Plaintiff requests an order requiring production of all MDT records.
33. Plaintiff requests an order requiring production of all OPS records.
34. Plaintiff requests an order requiring production of all placement safety documents.
35. Plaintiff requests an order requiring production of all communications involving Plaintiff.

36. Plaintiff requests an order requiring federal oversight until compliance is confirmed.
37. Plaintiff requests an order requiring Defendants to correct all inaccurate records.
38. Plaintiff requests an order requiring all agencies to comply with ADA Title II.
39. Plaintiff requests an order requiring all agencies to comply with Section 504.
40. Plaintiff requests an order preventing Defendants from retaliating against Plaintiff.

41. Plaintiff requests an order transferring oversight to federal jurisdiction as permitted by law.
42. Plaintiff requests an order ensuring the child is not placed in any home associated with prior harm.
43. Plaintiff requests an order ensuring no placement occurs without parent notification.
44. Plaintiff requests an order ensuring no placement occurs without safety verification.
45. Plaintiff requests an order ensuring all placement providers are properly cleared.

46. Plaintiff requests an emergency hearing on this application.

47. Plaintiff requests expedited review in light of continuing harm.

48. Plaintiff requests issuance of the Temporary Restraining Order pending further proceedings.

49. Plaintiff requests issuance of a Preliminary Injunction after hearing.

50. Plaintiff requests any additional relief necessary to prevent further harm.


SECTION 12 — DAMAGES AND REMEDIES

1. Plaintiff requests compensatory damages for all injuries suffered.

2. Plaintiff requests damages for past emotional distress in the amount of three million dollars.

3. Plaintiff requests damages for future emotional distress in the amount of two million dollars.

4. Plaintiff requests damages for loss of parental time and companionship in the amount of ten million dollars.

5. Plaintiff requests damages for medical costs related to the minor child.

6. Plaintiff requests damages for therapeutic costs related to the minor child.

7. Plaintiff requests damages for educational costs incurred as a result of Defendants' conduct.

8. Plaintiff requests damages for administrative burdens directly caused by Defendants.

9. Plaintiff requests damages for litigation burdens directly caused by Defendants.


10. Plaintiff requests punitive damages against all individual-capacity Defendants.

11. Plaintiff requests punitive damages against Katherine Shipley for actions taken under color of state law.

12. Plaintiff requests punitive damages against Breanna Waugh for actions taken under color of state law.

13. Plaintiff requests punitive damages against Brittani Long for actions taken under color of state law.

14. Plaintiff requests punitive damages against Angela Morehead for actions taken under color of state law.

15. Plaintiff requests punitive damages against Adora Mukuna for actions taken under color of state law.

16. Plaintiff requests punitive damages against Jake Fields for actions taken under color of state law.

17. Plaintiff requests punitive damages against LaShawn Grant for actions taken under color of state law.

18. Plaintiff requests punitive damages against Monessa Allerheiligen for actions taken under color of state law.

19. Plaintiff requests punitive damages against Mary Visek for actions taken under color of state law.

20. Plaintiff requests punitive damages against Ashley Strader for actions taken under color of state law.

21. Plaintiff requests punitive damages against Cheyenne J. Wilson for actions taken under color of state law.

22. Plaintiff requests punitive damages against Jordan Klein for actions taken under color of state law.

23. Plaintiff requests punitive damages against Justin T. Wayne for actions taken under color of state law.

24. Plaintiff requests punitive damages against all OPS individual actors identified in this Complaint.

25. Plaintiff requests punitive damages against all A Blessing of Hope personnel identified in this Complaint.

26. Plaintiff requests punitive damages against all CareMinders personnel identified in this Complaint.

27. Plaintiff requests equitable relief to correct all DHHS safety-plan documents.

28. Plaintiff requests equitable relief requiring inclusion of all police reports.

29. Plaintiff requests equitable relief requiring inclusion of all hotline reports.

30. Plaintiff requests equitable relief requiring correction of all OPS records.

31. Plaintiff requests equitable relief requiring correction of all Probation records.

32. Plaintiff requests equitable relief requiring correction of all Court records.

33. Plaintiff requests equitable relief requiring correction of all inaccurate documentation in the juvenile file.

34. Plaintiff requests declaratory relief stating that Defendants violated Plaintiff's federal rights.

35. Plaintiff requests declaratory relief stating that Defendants violated the minor child's federal rights.

36. Plaintiff requests declaratory relief stating that the continued use of inaccurate records violates federal law.

37. Plaintiff requests injunctive relief preventing Defendants from relying on incomplete records.

38. Plaintiff requests injunctive relief requiring written notices for all proceedings.

39. Plaintiff requests injunctive relief requiring ADA communication access in all future proceedings.

40. Plaintiff requests injunctive relief prohibiting retaliation against Plaintiff.

41. Plaintiff requests injunctive relief prohibiting retaliation against the minor child.

42. Plaintiff requests injunctive relief addressing all ongoing violations described in this Complaint.

43. Plaintiff requests restoration of appellate rights removed without consent.

44. Plaintiff requests federal oversight until compliance with ADA and Section 504 is confirmed.

45. Plaintiff requests federal monitoring of all placement decisions affecting the minor child.

46. Plaintiff requests any additional damages or remedies the Court deems just and proper.

SECTION 13 — FEDERAL SOVEREIGN IMMUNITY OVERRIDE AND AUTHORITY

1. This action is brought under federal statutes that independently remove or override sovereign immunity when state actors violate federal rights.

2. Plaintiff brings claims under Title II of the Americans with Disabilities Act.

3. Plaintiff brings claims under Section 504 of the Rehabilitation Act.

4. Plaintiff brings claims under 42 U.S.C. § 1983.

5. Plaintiff brings claims under the Fourteenth Amendment to the United States Constitution.

6. Each of these statutes provides a separate jurisdictional basis for federal review.

7. Each statute applies to the conduct of all Defendants named in this Complaint.

8. Under United States v. Georgia, sovereign immunity is abrogated where ADA Title II violations also constitute independent constitutional violations.

9. Plaintiff alleges violations involving denial of meaningful access to the courts.

10. Plaintiff alleges violations involving failure to provide disability-related accommodations.

11. Plaintiff alleges violations involving inaccurate records affecting parental rights.

12. Plaintiff alleges violations involving withheld notices of hearings.

13. Plaintiff alleges violations involving obstruction of appellate rights.

14. These acts constitute violations of the Fourteenth Amendment.

15. Because the alleged violations independently violate the Constitution, sovereign immunity is abrogated under Title II of the ADA.

16. Under Section 504 of the Rehabilitation Act, sovereign immunity is waived when a state accepts federal financial assistance.

17. Nebraska accepts federal financial assistance through DHHS.

18. Nebraska accepts federal financial assistance through Juvenile Probation.

19. Nebraska accepts federal financial assistance through Omaha Public Schools.

20. Nebraska accepts federal financial assistance through A Blessing of Hope service contracts.

21. Nebraska accepts federal financial assistance through CareMinders Home Care.

22. By accepting federal financial assistance, Nebraska waived sovereign immunity to Section 504 claims.

23. The conduct at issue in this case is covered by Section 504.

24. Under Hafer v. Melo, state officials may be sued in their individual capacities.

25. Individual-capacity defendants are not protected by sovereign immunity.

26. Plaintiff asserts claims against multiple individual-capacity defendants under § 1983.

27. These claims include access-to-courts violations.

28. These claims include procedural due process violations.

29. These claims include equal protection violations.

30. These claims include ongoing conduct affecting federal rights.

31. Plaintiffs seek punitive damages against individual-capacity defendants.

32. Punitive damages are permitted against individuals under § 1983.

33. Under Ex parte Young, federal courts may issue prospective relief to stop ongoing violations of federal law.

34. Plaintiff alleges ongoing violations affecting court access.

35. Plaintiff alleges ongoing violations involving inaccurate records.

36. Plaintiff alleges ongoing violations involving ADA communication barriers.

37. Plaintiff seeks injunctive relief to prevent continued violations.

38. Ex parte Young authorizes this relief regardless of sovereign immunity.

39. Plaintiff filed federal civil rights complaints with the U.S. Department of Education, Office for Civil Rights.
40. OCR Complaint No. 11-25-641143 placed OPS on federal notice.
41. OCR Complaint No. 641674 placed CareMinders on federal notice.
42. OCR Complaint No. 644573 placed DHHS on federal notice.
43. OCR Complaint No. 644851 placed A Blessing of Hope on federal notice.
44. These filings demonstrate that Defendants were placed on prior notice of federal-law violations.
45. These filings demonstrate exhaustion of administrative remedies.
46. Despite federal notice, Defendants continued their conduct.
47. Continued violations after federal notice support the jurisdiction of this Court.

48. All defendants acted under color of state law.
49. All agencies acted under authority delegated by the State of Nebraska.
50. All individual defendants acted under official duties or state-funded programs.
51. Conduct taken under color of law is actionable under § 1983.
52. Conduct taken under color of law is subject to federal judicial review.

53. Sovereign immunity does not bar this action.
54. Federal jurisdiction is proper under 28 U.S.C. §§ 1331 and 1343.
55. Federal jurisdiction is proper under 42 U.S.C. § 1983.
56. Federal jurisdiction is proper under the ADA and Section 504.
57. Federal jurisdiction is proper under the Fourteenth Amendment.
58. This Court has full authority to grant damages and injunctive relief.

59. Plaintiff requests the Court to exercise its full authority to enforce federal law.
60. Plaintiff requests the Court to issue all relief necessary to prevent further injury.


SECTION 14 — CAUSES OF ACTION

COUNT I — ADA TITLE II

1. Plaintiff is a qualified individual with disabilities.
2. Defendants are public entities and state actors subject to Title II.
3. Plaintiff notified Defendants of disability-based communication needs.
4. Defendants failed to provide required accommodations.
5. Defendants withheld written notices of hearings.
6. Defendants failed to provide timely access to records.
7. Defendants failed to provide accessible communication formats.
8. Defendants relied on inaccurate records without correction.
9. Defendants conducted proceedings without ADA-required support.
10. These actions denied Plaintiff meaningful access to programs and services.
11. These acts constitute discrimination under Title II.
12. These violations caused ongoing harm to Plaintiff and the minor child.

COUNT II — SECTION 504 OF THE REHABILITATION ACT

13. Defendants receive federal financial assistance.
14. Defendants were required to provide nondiscriminatory access.

15. Plaintiff has documented disabilities requiring communication accommodations.

16. Defendants refused to provide disability-related services.

17. Defendants refused to update or correct factual records.

18. Defendants failed to investigate safety incidents affecting Plaintiff's child.

19. Defendants failed to follow federally funded program requirements.

20. Plaintiff suffered exclusion from participation.

21. Plaintiff suffered denial of benefits.

22. These acts violate Section 504.

## COUNT III — PROCEDURAL DUE PROCESS

23. Plaintiff has constitutionally protected parental rights.

24. Defendants were required to provide written notice of hearings.

25. No Defendant provided written notice for the October twentieth hearing.

26. No Defendant provided ADA-based access prior to hearings.

27. Court-appointed counsel withdrew the appeal without consent.

28. No hearing was held before depriving Plaintiff of appellate rights.

29. DHHS relied on incomplete and inaccurate records.

30. Juvenile Probation withheld dual-supervision conflicts.

31. OPS withheld missing-person report information.

32. These actions deprived Plaintiff of due process.

33. Plaintiff suffered injury as a result of these violations.

## COUNT IV — EQUAL PROTECTION

34. Plaintiff was treated differently from similarly situated individuals.

35. Defendants denied Plaintiff disability accommodations provided to others.

36. Defendants selectively withheld notices.

37. Defendants selectively failed to correct records.

38. Defendants selectively denied access to hearings.

39. These differences were intentional and based on disability-related factors.

40. The disparate treatment lacked any rational basis.

41. Plaintiff suffered injury as a result of discriminatory treatment.

## COUNT V — ACCESS TO THE COURTS

42. Plaintiff has a constitutional right to access the courts.

43. Defendants withheld notices of hearings.

44. Defendants withheld critical placement and safety records.

45. Defendants failed to provide ADA-compliant communication accommodations.

46. Defendants relied on altered filing sequences.

47. Defendants withdrew Plaintiff's appeal without authorization.

48. Defendants failed to correct known inaccuracies that controlled judicial outcomes.

49. These acts obstructed Plaintiff's ability to participate in proceedings.

50. Plaintiff suffered loss of meaningful access and appellate review.

## COUNT VI — FAMILIAL INTEGRITY

51. Plaintiff has a fundamental right to care for and make decisions for her child.

52. Defendants removed children from school without notice.

53. Defendants questioned the children without parental presence or consent.

54. Defendants approved unsafe placements.

55. Defendants failed to update safety plans after assaults.

56. Defendants failed to investigate harboring disclosures.

57. Defendants relied on inaccurate records to continue state intervention.

58. These actions interfered with Plaintiff's right to familial integrity.

59. These acts caused harm to Plaintiff and to the minor child.

## COUNT VII — STATE-CREATED DANGER

60. Defendants placed the minor child into environments known to be unsafe.

61. Defendants had actual knowledge of safety risks.

62. Defendants approved placements with no running water.

63. Defendants approved placements with prior assault reports.

64. Defendants ignored hotline safety information.

65. Defendants

## SECTION 15 — REQUEST FOR DECLARATORY RELIEF

1. Plaintiff requests a declaratory judgment that Defendants violated Plaintiff's rights under Title II of the Americans with Disabilities Act.

2. Plaintiff requests a declaration that Defendants failed to provide communication accommodations, advance notices, and meaningful access to juvenile proceedings.

3. Plaintiff requests a declaration that Defendants violated Section 504 of the Rehabilitation Act by denying equal access to services, programs, and activities receiving federal financial assistance.

4. Plaintiff requests a declaration that Defendants violated the Fourteenth Amendment right to procedural due process by withholding notices, withholding court information, and relying on incomplete and inaccurate records.

5. Plaintiff requests a declaration that Defendants violated Plaintiff's right to familial integrity by relying on safety records that omitted documented assaults, placement dangers, police reports, hotline reports, and dual-supervision conflicts.

6. Plaintiff requests a declaration that Defendants violated Plaintiff's right of access to the courts by altering filed documents, reversing stamping order, delaying file-stamped orders, and failing to schedule Plaintiff's motions.

7. Plaintiff requests a declaration that Defendants violated the minor child's rights by maintaining placements where assaults occurred, where no running water existed, and where known conflicts created foreseeable danger.

8. Plaintiff requests a declaration that Defendants knowingly failed to correct factual inaccuracies after receiving written clarification requests.

9. Plaintiff requests a declaration that Defendants' continued reliance on incomplete and inaccurate records constitutes an ongoing federal violation requiring correction and federal oversight.

## SECTION 16 — REQUEST FOR INJUNCTIVE RELIEF

1. Plaintiff requests an order requiring Defendants to immediately correct all DHHS, Juvenile Probation, OPS, OPD, service-provider, and court records to include every police report, hotline report, safety-plan contradiction, MDT change, educational record, and documented placement injury.

2. Plaintiff requests an order requiring Defendants to produce the complete juvenile court file, including digital records, clerk-stamped filings, audio recordings, probation notes, DHHS notes, MDT notes, school records, and SRO logs.

3. Plaintiff requests an order requiring Defendants to provide Plaintiff with written notice of every hearing, staff meeting, MDT meeting, school meeting, or decision-making session at least seventy-two hours in advance.

4. Plaintiff requests an order prohibiting Defendants from conducting any hearing, making any placement decision, or taking any action affecting Plaintiff or the minor child without Plaintiff's ADA-compliant access to written notice and communication supports.

5. Plaintiff requests an order requiring Defendants to update the September fourth safety plan to reflect all placement-related assaults, all June incidents, all October incidents, the lack of running water at the Bishop home, and all hotline and police report numbers.

6. Plaintiff requests an order requiring DHHS to conduct a complete safety assessment of every prior placement relied upon in this case, including the Bishop home and the Raven Bass home, and to document all placement-related risks.

7. Plaintiff requests an order prohibiting the ongoing use of any incomplete, inaccurate, or contradictory record in any future state proceeding involving Plaintiff or the minor child.

8. Plaintiff requests an order requiring Juvenile Probation to document and disclose all dual-supervision conflicts involving the minor child and Terrell Davis and to provide written findings regarding the June placement events.

9. Plaintiff requests an order requiring Omaha Public Schools to correct missing-person report histories, update educational files, document 504 issues, and integrate MDT information into Jody's school record.

10. Plaintiff requests an order requiring OPD to release all supplemental reports connected to AU-05538, AU-68663, AU-68664, AU-93921, and any related case numbers.

11. Plaintiff requests an order prohibiting Defendants from withholding ADA communication accommodations, including written notices, written clarifications, and written explanations of court actions.

12. Plaintiff requests an order reinstating Plaintiff's access to appellate review for the October twentieth proceeding because the appeal was withdrawn without authorization or informed consent.

13. Plaintiff requests an order requiring the state juvenile court to schedule hearings through the Clerk's Office and not solely through the courtroom bailiff.

14. Plaintiff requests an order requiring Defendants to acknowledge and correct all procedural irregularities created when the clerk's office reversed the stamping order of Plaintiff's filing.

15. Plaintiff requests an order for continuing federal oversight to ensure compliance with ADA Title Two, Section Five Hundred Four, and the Fourteenth Amendment.

16. Plaintiff requests any additional injunctive relief necessary to prevent continued harm to Plaintiff and the minor child.

SECTION 17 — REQUEST FOR COMPENSATORY DAMAGES

1. Plaintiff requests compensatory damages for past emotional distress caused by the actions and omissions of all Defendants.

2. Plaintiff requests compensatory damages for future emotional distress resulting from the continuing impact of the violations committed by Defendants.

3. Plaintiff requests compensation for loss of parental time, companionship, bonding opportunities, and family stability resulting from the use of inaccurate records, unsafe placements, and withheld notices.

4. Plaintiff requests compensation for all medical, therapeutic, counseling, and trauma-related services required for the minor child because of injuries sustained in DHHS-approved placements.

5. Plaintiff requests compensation for all educational losses, including missed instructional time, missed services, and disability-related regression caused by OPS record errors and failure to implement appropriate supports.

6. Plaintiff requests compensation for administrative burdens including printing costs, filing costs, transportation costs, time expended preparing filings, and the burden of repeatedly correcting records.

7. Plaintiff requests compensation for all economic losses caused by Defendants' actions, including loss of income, loss of stability, and time diverted to correcting state-created errors.

8. Plaintiff requests compensation for harm to reputation caused by inaccurate or incomplete records relied upon by DHHS, Juvenile Probation, OPS, OPD, service providers, and the Court.

9. Plaintiff requests compensation for the emotional and psychological harm caused by being denied meaningful access to court proceedings.

10. Plaintiff requests compensation for the emotional and psychological harm caused by being denied ADA-required communication accommodations.

11. Plaintiff requests compensation for harm caused by Defendants' failure to investigate placement injuries documented in police and hotline reports.

12. Plaintiff requests compensation for harm caused by the removal of appellate rights when counsel withdrew the appeals without authorization.

13. Plaintiff requests compensation for all injuries and losses directly and indirectly caused by Defendants acting under color of state law.

14. Plaintiff requests compensation in amounts to be determined at trial to fully remedy the injuries suffered by Plaintiff and the minor child.


SECTION 18 — REQUEST FOR PUNITIVE DAMAGES

1. Plaintiff seeks punitive damages against all individual-capacity Defendants whose conduct demonstrated reckless disregard for the safety of the minor child.

2. Plaintiff seeks punitive damages against individual-capacity Defendants whose actions or omissions showed deliberate indifference to federally protected rights.

3. Plaintiff seeks punitive damages against individual-capacity Defendants who failed to update safety records after receiving police and hotline reports documenting placement danger.

4. Plaintiff seeks punitive damages against individual-capacity Defendants who failed to investigate placement-related assaults and injuries suffered by the minor child.

5. Plaintiff seeks punitive damages against individual-capacity Defendants who withheld notice of hearings from Plaintiff.

6. Plaintiff seeks punitive damages against individual-capacity Defendants who denied Plaintiff ADA-required communication accommodations.

7. Plaintiff seeks punitive damages against individual-capacity Defendants who allowed or caused procedural barriers that denied Plaintiff meaningful access to the courts.

8. Plaintiff seeks punitive damages against individual-capacity Defendants who knowingly relied on inaccurate or incomplete DHHS, Probation, OPS, or OPD records.

9. Plaintiff seeks punitive damages against individual-capacity Defendants who failed to correct known errors in documentation affecting placement safety.

10. Plaintiff seeks punitive damages against individual-capacity Defendants who failed to provide accurate information to the Court regarding safety incidents involving the minor child.

11. Plaintiff seeks punitive damages against individual-capacity Defendants who failed to disclose dual-supervision conflicts involving the minor child and Terrell Davis.

12. Plaintiff seeks punitive damages against individual-capacity Defendants who failed to notify the Court after receiving evidence of harm occurring in DHHS-approved placements.

13. Plaintiff seeks punitive damages against individual-capacity Defendants who canceled or failed to report missing-person cases without notifying Plaintiff.

14. Plaintiff seeks punitive damages against individual-capacity Defendants who submitted, approved, or relied on altered, incomplete, or misleading filings.

15. Plaintiff seeks punitive damages against individual-capacity Defendants whose conduct caused or contributed to physical injury, emotional injury, and long-term harm to the minor child.

16. Plaintiff seeks punitive damages in an amount sufficient to punish and deter Defendants from engaging in similar conduct in the future.

## SECTION 19 — REQUEST FOR DECLARATORY RELIEF

1. Plaintiff seeks a declaration that Defendants violated Plaintiff's rights under Title II of the Americans with Disabilities Act.

2. Plaintiff seeks a declaration that Defendants violated Plaintiff's rights under Section 504 of the Rehabilitation Act.

3. Plaintiff seeks a declaration that Defendants violated Plaintiff's rights under the Fourteenth Amendment to the United States Constitution.

4. Plaintiff seeks a declaration that Defendants violated Plaintiff's procedural due-process rights by withholding notices of hearings.

5. Plaintiff seeks a declaration that Defendants violated Plaintiff's right to meaningful access to the courts.

6. Plaintiff seeks a declaration that Defendants violated Plaintiff's right to participate in juvenile proceedings affecting the minor child.

7. Plaintiff seeks a declaration that Defendants violated federal law by relying on incomplete, inaccurate, or outdated DHHS, Probation, OPS, and OPD records.

8. Plaintiff seeks a declaration that Defendants violated federal law by failing to investigate placement danger after receiving police and hotline reports.

9. Plaintiff seeks a declaration that Defendants violated federal law by failing to correct known errors in the September 4 safety plan.

10. Plaintiff seeks a declaration that Defendants violated federal law by withholding police and hotline reports from safety-plan reviews.

11. Plaintiff seeks a declaration that Defendants violated federal law by canceling or misclassifying missing-person reports without notifying Plaintiff.

12. Plaintiff seeks a declaration that Defendants violated federal law by failing to disclose dual-supervision conflicts involving the minor child and Terrell Davis.

13. Plaintiff seeks a declaration that Defendants violated federal law by failing to provide ADA-required communication accommodations.

14. Plaintiff seeks a declaration that Defendants violated federal law by withdrawing Plaintiff's appeal without written authorization or informed consent.

15. Plaintiff seeks a declaration that Defendants violated federal law by altering or reversing the stamping order of Plaintiff's court filings.

16. Plaintiff seeks a declaration that the ongoing use of incomplete or inaccurate records constitutes a continuing violation of federal rights.

17. Plaintiff seeks a declaration that federal intervention is necessary to restore access to Plaintiff's rights and to protect the safety of the minor child.


SECTION 20 — REQUEST FOR INJUNCTIVE RELIEF

1. Plaintiff requests an order requiring DHHS to correct all safety-plan documents to include Police Reports AU-68664, AU-68663, AU-93921, AU-05538, and Hotline Reports 1128970 and 1132675.

2. Plaintiff requests an order requiring DHHS to conduct a full safety reassessment of all placements used between 2024 and 2025.

3. Plaintiff requests an order requiring DHHS to disclose all placement approval documents for the Bishop–Davis residence and the Raven Bass residence.

4. Plaintiff requests an order requiring DHHS to produce all weekly safety-check records or certify in writing that none exist.

5. Plaintiff requests an order requiring Juvenile Probation to disclose all supervision notes related to Jody E. Carpenter and Terrell Davis.

6. Plaintiff requests an order prohibiting further reliance on the September 4, 2025 safety plan until corrected.

7. Plaintiff requests an order prohibiting Defendants from relying on incomplete or inaccurate records in any state proceeding.

8. Plaintiff requests an order requiring the Juvenile Court to provide written notice of all hearings at least ten days in advance.

9. Plaintiff requests an order requiring the Juvenile Court to provide ADA-compliant written co

NOTE: This report may stand alone for Crime Against Society and is used for all booking arrests. Crimes Against Society need not be listed on an Incident Report

# OMAHA POLICE DEPARTMENT
## BOOKING ARREST REPORT
☐ FELONY  ☐ MISDEMEANOR  ☑ WARRANT ONLY

RB#

**JUVENILE**

| OCCURRED | | | | | REPORTED | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Location Occurred   4319 LARIMORE AVE OMAHA , DOUGLAS COUNTY | | | | District # 26 | Location Reported   Same as Location Occurred | | | | District # |
| Day of Week | Month (MM) | Day (DD) | Year (YY) | Hour:Minute | Day of Week | Month (MM) | Day (DD) | Year (YY) | Hour:Minute |
| WEDNESDAY | 10 | 16 | 24 | 17:56 | | | | | |
| WEDNESDAY | 10 | 16 | 24 | 18:17 | | | | | |

| ARRESTED | Day of Week WEDNESDAY | Month (MM) 10 | Day (DD) 16 | Year (YY) 24 | Hour:Minute 18:18 | Location   Same as Location Occurred | District |
|---|---|---|---|---|---|---|---|

| | |
|---|---|
| OFFENDER NAME   ☐ ID Verified   CARPENTER, JODY | DOB (MM/DD/YY) 01/27/10   AGE 14   Data # - Data Center Use Only 3591210 |

| ALIAS | ALIAS DOB | NICKNAME/MONIKER |
|---|---|---|
| | | |

| ADDRESS                      4519 N 37TH ST | CITY OMAHA | STATE NE | ZIP 68111 |
|---|---|---|---|

| DRIVERS LICENSE#/STATE | SOCIAL SECURITY # | RESIDENCE PHONE | OTHER PHONE (402) 320-9859 |
|---|---|---|---|

| RACE (F) B | SEX [G] M | HEIGHT 5' 0" | WEIGHT 120 | HAIR BLK | EYES BRO | SCARS-MARKS-TATTOOS |
|---|---|---|---|---|---|---|

OTHER DESCRIPTION

| BIRTH CITY | BIRTH STATE OR COUNTRY | ☐ INTERPRETER NEEDED | LANGUAGE: |
|---|---|---|---|

PHYSICAL CONDITION:                     NORMAL

MENTAL CONDITION:                     NORMAL

SCHOOL or BUSINESS NAME & ADDRESS

| EMERGENCY CONTACT NAME | EMERGENCY CONTACT RELATION | EMERGENCY CONTACT PHONE |
|---|---|---|

| ☐ DV RELATED | ☑ US CITIZEN | METHOD OF IDENTIFICATION NCJIS | KNOWN KEEP SEPERATES |
|---|---|---|---|

| PLATE# / STATE / YEAR | VIN | | | | | | | |
|---|---|---|---|---|---|---|---|---|

| COLOR | YEAR | MAKE | MODEL | STYLE | OTHER |
|---|---|---|---|---|---|

| CHARGE 1          WARRANT | WARRANT # 00931828 | STATUTE/ORDINANCE | Conversion Code | RB# if different |
|---|---|---|---|---|

| CHARGE 2          WARRANT | WARRANT # 00935692 | STATUTE/ORDINANCE | Conversion Code | RB# if different |
|---|---|---|---|---|

| BOOKING # | COURT JUVENILE | ☐ SCHOOL ZONE  ☐ CONSTRUCTION ZONE | WEAPON CODE [E] |
|---|---|---|---|

| ON SCENE ☐ CIB   ☐ CRIME LAB  ADVISED OFFICER/SER# CIB ADVISED ☐ Yes ☑ No | ON SCENE INVESTIGATOR/SER# | REF RB# |
|---|---|---|

Other Reports

NARRATIVE: (PC and Elements to the Charged Crimes. Details on a Supplementary Report)
Narrative not required if already covered in an Incident Report for Crime Against Person.

On WED, 16 OCT 2024 at 1756 hours, R/Os LOKAMAS #2546 and MAGUIRE #2436 responded to 4319 Larimore Ave for a wanted juvenile.

Caller stated CARPENTER, Jody B/M (01/27/2010) was on location and had two warrants.

Upon arrival, R/Os made contact with CARPENTER on location and was detained. R/O confirmed that CARPENTER had two warrants through a data check. CARPENTER was transported and booked at Douglas County Youth Center (DCYC) for warrants.

R/O advised CARPENTER's mother SHEFFIELD, Tynisha B/F (01/17/1980), that he was transported and booked into DCYC.

BWC utilized.

Booking
OPD Form 277

PAGE   1   OF   2

Report P4806601

RB#

| Person Type PARENT | Name SHEFFIELD, TYNISHA | | | DOB 01/17/80 | Address 4519 N 37TH ST | | City OMAHA | State NE | Zip Code 68111 |
|---|---|---|---|---|---|---|---|---|---|
| Driver's License #./State | | Social Security # | | | Phone 1 (317) 486-3336 | | Phone 2 | | |
| Race [F] | Sex [G] | Height | Weight | Hair | Eyes | Alias/Maiden/Nickname | Email | | |
| Business/School Name | | | | | Business Address | | | | Work Hours |
| Scars/Tattoos/Other | | | | | | | | | |

**CONDITIONS**

| Road Surface | Visibility | Other Traffic Present | |
|---|---|---|---|
| Roadway | Highway Type | Traffic Flow | Accident Caused NONE |

| DETENTION REQUESTED? ☑ Yes ☐ No | | JUVENILE PROBATION INTAKE OFFICER JULIA | |
|---|---|---|---|
| COMMAND AUTHORIZING BOOKING FAULKNER, DANIEL | SERIAL # 2266 | TRANSPORTED BY MAGUIRE, JAMES | SERIAL # 2436 |
| SEARCHED BY LOKAMAS, NATHAN | SERIAL # 2546 | ASSISTING OFFICER | |
| REPORTING OFFICER LOKAMAS, NATHAN | SERIAL # 2546 | APPROVED BY | SERIAL # |

Booking                                           PAGE    2    OF    2                         Report P4806601
OPD Form 277

# OMAHA POLICE DEPARTMENT
## INCIDENT REPORT



| Report # | RB# |
|---|---|
| P4116860 | AT19580 |

| OCCURRED | | | | | REPORTED | | | | |
|---|---|---|---|---|---|---|---|---|---|
| **Location Occurred** 4304 N 33RD ST  Omaha , Douglas County | | | | **District #** 41 | **Location Reported** Same as Occurred Location | | | | **District #** |
| Day of Week | Month | Day | Year | Hour:Minute | Day of Week | Month | Day | Year | Hour:Minute |
| SATURDAY | 08 | 05 | 2023 | 12:31 | SATURDAY | 08 | 05 | 2023 | 18:17 |
| SATURDAY | 08 | 05 | 2023 | 12:37 | **CAD#** | | | | |

**VICTIM**

| Victim Name or Victim Business | DOB or Approx. Age | Data # - Data Center Use |
|---|---|---|
| 1 of 1  SKINNER MAGNET CENTER  (TARINA COX-JONES) | | 2077664 |

| Address | City | State | Zip Code |
|---|---|---|---|
| 4304 N 33RD ST | OMAHA | NE | 68111 |

| Driver's License #/State | Social Security # | Phone 1 - Mobile (402) 658-0969 | Phone 2 |
|---|---|---|---|

| Race [F] | Sex [G] | Victim Type [J] J01 | Height ' " | Weight (lbs) | EMAIL |
|---|---|---|---|---|---|

| Indications Victim Using | Victim Advised of Procedure for N/A | Will Prosecute Yes | Victim's Relationship to Offender(s) [N] |
|---|---|---|---|

## OFFENSES

| Offense 1 THEFT - FROM BUILDING | Conv Code-Supp Code 25253 - 7 | Location Code [B] 53 | Hate/Bias [D] 99 | Weapon [E] |
|---|---|---|---|---|

## PROPERTY STOLEN OR DAMAGED
(EVIDENCE AND PROPERTY BOOKED/SEIZED ENTERED DIRECTLY INTO THE EVIDENCE TRACKING SYSTEM IS NOT LISTED HERE)

☐ Evidence Seized   ☐ Sex Assault Kit   Insured ☐ Yes ☐ No   Company/Agent's Name   Phone #

| Item | Quan | Details | | Affected [L] | Value | Date Recovered |
|---|---|---|---|---|---|---|
| | | Property Type: | TELEVISION (TV) | | | |
| | | Make: | TCL | | | |
| | | Screen Size: | 32 | | | |
| | | Model: | 40S325 | | | |
| 1 | 2 | Description: | BLACK FLAT SCREEN TV | ST | $250.00 | |

**REPORTING PARTY - 1 of 1**

| Name COX-JONES,  TARINA | DOB or Approx. Age 03/16/1978 | Data # - Data Center Use Only |
|---|---|---|

| Address 4304 N 33RD ST | City OMAHA | State NE | Zip Code 68111 |
|---|---|---|---|

| Driver's License #./State | Social Security # | Phone 1 - Mobile (402) 658-0969 | Phone 2 |
|---|---|---|---|

| Race [F] B | Sex [G] F | Height | Weight | Hair | Eyes | Alias/Maiden/Nickname / | Email |
|---|---|---|---|---|---|---|---|

| Business/School Name | Business Address | Work Hours | Occupation |
|---|---|---|---|

| Clothing/Scars/Tattoos/Other | | | |
|---|---|---|---|

| Assoc w/ Offense # | Arrest [K] | Booking/Citation # | Month | Day | Year | Hour:Minute |
|---|---|---|---|---|---|---|

**SUSPECT - 1 of 2**

| Name | DOB or Approx. Age | Data # - Data Center Use Only |
|---|---|---|

| Address | City | State | Zip Code |
|---|---|---|---|

| Driver's License #./State | Social Security # | Phone 1 (000) 000-0000 | Phone 2 |
|---|---|---|---|

| Race [F] B | Sex [G] M | Height | Weight | Hair | Eyes | Alias/Maiden/Nickname / | Email |
|---|---|---|---|---|---|---|---|

| Business/School Name | Business Address | Work Hours | Occupation |
|---|---|---|---|

| Clothing/Scars/Tattoos/Other NO SHIRT, GREY ATHLETIC SHORTS / | | | |
|---|---|---|---|

| Assoc w/ Offense # 1 | Arrest [K] | Booking/Citation # | Month | Day | Year | Hour:Minute |
|---|---|---|---|---|---|---|

OPD Form 189                    Page    1    of    2                    P4116860

| Report # | | | | | | | | RB# | |
|---|---|---|---|---|---|---|---|---|---|
| P4116860 | | | | | | | | AT19580 | |

| SUSPECT - 2 of 2 | | Name | | | | DOB or Approx. Age | | Data # - Data Center Use Only | |
|---|---|---|---|---|---|---|---|---|---|
| **Address** | | | City | | | State | | Zip Code | |
| **Drivers License #./State** | | Social Security # | | Phone 1 (000) 000-0000 | | | Phone 2 | | |
| Race [F] B | Sex [G] M | Height | Weight | Hair | Eyes | Alias/Maiden/Nickname / | | Email | |
| Business/School Name | | | Business Address | | | Work Hours | Occupation | | |
| Clothing/Scars/Tattoos/Other | | | NO SHIRT, RED ATHLETIC SHORTS / | | | | | | |
| Assoc w/ Offense # | | Arrest [K] | | Booking/Citation # | | Month | Day | Year | Hour:Minute |

**Narrative:** On SAT 5 AUG 23 at 1742 hours, R/O's BOSN #2379 and SMITH #2390 were dispatched to Skinner Magnet Center 4304 N 33rd St in reference to a theft. Upon arrival, R/O's made contact with principal/reporting party COX-JONES, Tarina B/F (3-16-78) who stated 4 juveniles entered the school during an afterschool program and stole two flat screen TV's.

R/O's observed video evidence of the theft, which showed three juvenile males and one juvenile female wandering the halls of the school. The two older males enter a classroom and are seen leaving the school northbound on N 33rd St carrying the two TV's.

The TV's were identified as two TCL flat screen 32" Roku TVs. valued at approximately $250 each.

See supplementary report for further details.

| CIB Advised ☑ YES ☐ NO | | Officer Advised | MEZA, Nickolas | Serial No. 2269 |
|---|---|---|---|---|
| On Scene ☐ CIB ☐ Crime Lab | | Investigator | | Serial No. |
| Other Reports | | | Assoc. RB Numbers | |
| Reporting Officer BOSN, Brian | | Serial No. 2379 | Approved By GREENE, DARRELL L | Serial No. 1820 |

OPD Form 189

P4116860



**Omaha Police Department**
*Record Management System*

## Citation#:

**Type:** Street Release

## Report#: P4164580

**RB#:** AT19580

**Occurred:** 08/05/23 22:36 to 08/05/23 22:52

**Reported:** 08/05/23 23:40

**Issued:** 08/07/23 09:35

**Serial#:** 2160

**Shift:** B

**Author:** 2160spha

---

### Location

**Occurred:** 4304 N 33rd St

**City:** OMAHA

**County:** DOUGLAS COUNTY

**District:** 41

---

### People

**OFFENDER:** DAVIS, DOUGLAS  Jr
  **DOB:** 12/17/2009    **Data#:** 3629867    **Race:** Black    **Gender:** Male
**RESIDENCE:** 3171 Ames Ave
  **City:** OMAHA    **State:** NE    **Zip:** 68111
    **Other:** (402) 320-3380

**IDENTIFICATION**
  **Type:** None    **State:**    **Number:**    **Expires:**
  **Desc:**    **Class:**    **Presented:** Not Presented

**OTHER**
    **Ethnicity:** non Hispanic    **Eye Color:** Brown
    **Hair Color:** Black    **Height (in):** 63
    **Weight:** 100

-----------------------------------------------------------------

**PARENT:** SMITH, LENAYE
  **DOB:** 06/25/1990    **Data#:**    **Race:**    **Gender:**
**RESIDENCE:** 3171 Ames Ave
  **City:** OMAHA    **State:** NE    **Zip:** 68111
    **Mobile:** (402) 320-3380

**IDENTIFICATION**
**OTHER**
    **Birth Country:** United States
**Release To:** Yes    **Notified by:** In Person    **Cntct Rsn:**    **History:**

-----------------------------------------------------------------

| | Offenses | |
|---|---|---|
| **Court Date:** 10/16/23 13:30 | **Court Cost:** 49.00 | **Handwritten:** False |

| | | |
|---|---|---|
| **Violation:** THEFT BY UNLAWFUL TAKING   $500/LESS | | |
| **RB#:** AT19580 | **Statute:** 28-511(D) | **Conv Code:** 20704 |

| | Narrative | |
|---|---|---|

**NARRATIVE:**

On MON 07 AUG 23 at approximately 0915 hours R/O's PHAM #2160 and MEAD #2161 were dispatched to 3171 Ames Ave for follow up on an incident that had occurred at Skinner Magnet School 4304 N 33rd St on SAT 05 AUG 23. A prior report was made (AT19580) which listed one of the suspects as DAVIS JR, Douglas. Mother/caller SMITH, Lenaye was advised to contact police when her son Douglas had returned home. DAVIS JR, was cited for theft of unlawful taking less than $500 and was released to his mother.



**Omaha Police Department**
*Record Management System*

| | |
|---|---|
| **Citation#:** | **Report#:** P4153323 |
| **Type:** Street Release | **RB#:** AT19580 |

| | | |
|---|---|---|
| **Occurred:** 08/05/23 12:31 to 08/05/23 12:37 | **Reported:** 08/05/23 18:17 | **Issued:** 10/23/23 11:58 |
| **Serial#:** 2085 | **Shift:** B | **Author:** 2085cgor |

## Location

| | | |
|---|---|---|
| **Occurred:** 4304 N 33rd St | | |
| **City:** OMAHA | **County:** DOUGLAS COUNTY | **District:** 41 |
| **Reported:** 4304 N 33rd St | | |
| **City:** Omaha | **County:** Douglas County | **District:** 41 |

## People

**OFFENDER:** CARPENTER, JODY

| | | | |
|---|---|---|---|
| **DOB:** 01/27/2010 | **Data#:** 3591210 | **Race:** Black | **Gender:** Male |
| **RESIDENCE:** 4519 N 37th St | | | |
| **City:** OMAHA | **State:** NE | | **Zip:** 68111 |
| **Not Specified:** (773) 494-2075 | | | |

**IDENTIFICATION**

**OTHER**

| | |
|---|---|
| **Ethnicity:** Unknown | **Eye Color:** Brown |
| **Hair Color:** Brown | **Height (in):** 60 |
| **Weight:** 120 | |

---

**PARENT:** SHEFFIELD, TYNISHA

| | | | |
|---|---|---|---|
| **DOB:** 01/17/1980 | **Data#:** | **Race:** | **Gender:** |
| **RESIDENCE:** 4519 N 37th St | | | |
| **City:** OMAHA | **State:** NE | | **Zip:** 68111 |
| **Not Specified:** (773) 494-2075 | | | |

**IDENTIFICATION**

**OTHER**

**Birth Country:** United States

| | | | |
|---|---|---|---|
| **Release To:** Yes | **Notified by:** By Phone | **Cntct Rsn:** | **History:** |

---

## Offenses

**Court Date:** 01/08/24 13:30         **Court Cost:** 49.00                  **Handwritten:** False


**Violation:** THEFT BY UNLAWFUL TAKING    $500/LESS

**RB#:** AT19580              **Statute:** 28-511(D)              **Conv Code:** 20704

## Narrative

**NARRATIVE:**

R/O conducted follow up in this investigation. Video surveillance footage of the incident was obtained and reviewed. CARPENTER, Jody was identified in the original reports. R/O compared the footage to body worn camera footage of CARPENTER from a previous incident (AT21461) and confirmed him to be one of the suspects who took a television from the school. See additional reports for further details.

NOTE: To be used for documenting the arrest and resulting Release from Custody of Juvenile in the Field. This document may stand alone for Crime Against Society.

# OMAHA POLICE DEPARTMENT
## JUVENILE STREET RELEASE

RB#
AT19580
Street Release # (Data Center Use Only)

| OCCURRED | | | | | REPORTED | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Location Occurred 4304 N 33rd St  OMAHA, DOUGLAS COUNTY | | | | District# District 41 | Location Reported 4304 N 33rd St  OMAHA, DOUGLAS COUNTY | | | | District# District 41 |
| Day of Week | Month | Date | Year | Hour:Minute | Day of Week | Month | Date | Year | Hour:Minute |
| Saturday | 08 | 05 | 2023 | 12:31 | Saturday | 08 | 05 | 2023 | 18:17 |
| Saturday | 08 | 05 | 2023 | 12:37 | | | | | |

## ARRESTEE

| Name (Last / First / Middle)  ☐ ID Verified CARPENTER, JODY | | | | | Date of Birth 01/27/2010 | Age 13 | Data # - Data Center Use Only 3591210 | |
|---|---|---|---|---|---|---|---|---|
| Address 4519 N 37th St | | | | City OMAHA | | | State NE | Zip Code 68111 |
| Driver's License # / State / | | | | Social Security # | | Phone (773) 494-2075 | Phone | |
| Race B | Sex M | Height 5' 0" | Weight 120 lbs. | Hair BRO | Eyes BRO | Alias/Other Name | | Email |
| School or Occupation | | | | | Scars Marks Tattoos | | | |
| Plate # / State / Year / / | | | | | VIN | | | |
| Color | | Year | Make - | | Model | Style | Other | |

| Offense 1 THEFT BY UNLAWFUL TAKING $500/LESS | Statute/Ordinance 28-511(D) | Conversion Code 20704 | RB# if different AT19580 |
|---|---|---|---|

| Released To Parent/Guardian | Other Reports |
|---|---|
| Name (Last / First / Middle)  ☐ ID Verified SHEFFIELD, TYNISHA | ☐ Incident Report  ☐ Additional Factors  ☐ Property Report ☐ Supplemental Report  ☐ F.O.  ☐ Other |

| Address (City, State, Zip) 4519 N 37th St OMAHA, NE 68111 | | |
|---|---|---|
| Phone (773) 494-2075 | Relationship Parent | Officer 1 GORDEN, COREY |  Serial 2085 |
| Released to Signature: X | | Officer 2 |  Serial |
| | | Approved |  Serial |

OPD Form 70 (03/2012)                    Report P4153323                    1  OF  2

| RB #        | Street Release # (Data Center Use Only) |
|-------------|------------------------------------------|
| AT19580     |                                          |

## NARRATIVE--Crime Against Society Only

R/O conducted follow up in this investigation. Video surveillance footage of the incident was obtained and reviewed. CARPENTER, Jody was identified in the original reports. R/O compared the footage to body worn camera footage of CARPENTER from a previous incident (AT21461) and confirmed him to be one of the suspects who took a television from the school. See additional reports for further details.

| NOTE: To be used for documenting the arrest and resulting Release from Custody of Juvenile in the Field. This document may stand alone for Crime Against Society. | **OMAHA POLICE DEPARTMENT** **JUVENILE STREET RELEASE** | RB# AT19580 |
|---|---|---|
| | | Street Release # (Data Center Use Only) |

| OCCURRED | | | | | REPORTED | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Location Occurred 4304 N 33rd St  OMAHA, DOUGLAS COUNTY | | | | District# District 41 | Location Reported OMAHA, DOUGLAS COUNTY | | | | District# |
| Day of Week | Month | Date | Year | Hour/Minute | Day of Week | Month | Date | Year | Hour/Minute |
| Saturday | 08 | 05 | 2023 | 22:36 | Saturday | 08 | 05 | 2023 | 23:40 |
| Saturday | 08 | 05 | 2023 | 22:52 | | | | | |

| ARRESTEE | | | | | | |
|---|---|---|---|---|---|---|
| Name (Last / First / Middle)   ☐ ID Verified DAVIS, DOUGLAS | | | | Date of Birth 12/17/2009 | Age 13 | Data # - Data Center Use Only 3529867 |
| Address 3171 Ames Ave | | | | City OMAHA | | State NE      Zip Code 68111 |
| Driver's License # / State / | | | Social Security # | | Other Phone (402) 320-3380 | Phone |
| Race B | Sex M | Height 5' 3" | Weight 100 lbs. | Hair BLK | Eyes BRO | Alias/Other Name | Email |
| School or Occupation | | | | | Scars Marks Tattoos | |
| Plate # / State / Year / / | | | | | VIN | |
| Color | Year | Make - | | Model | Style | Other |

| Offense 1 THEFT BY UNLAWFUL TAKING $500/LESS | Statute/Ordinance 28-511(D) | Conversion Code 20704 | RB# If different AT19580 |
|---|---|---|---|

| Released To Parent/Guardian | Other Reports |
|---|---|
| Name (Last / First / Middle)   ☐ ID Verified SMITH, LENAYE | ☐ Incident Report  ☐ Additional Factors  ☐ Property Report ☐ Supplemental Report  ☐ F.O.  ☐ Other |
| Address (City, State, Zip) 3171 Ames Ave OMAHA, NE 68111 | |

| Phone (402) 320-3380 | Relationship Parent | Officer 1 PHAM, SCOTT | | Serial 2160 |
|---|---|---|---|---|
| Released to Signature: X | | Officer 2 | | Serial |
| | | Approved | | Serial |

| RB # | Street Release # (Data Center Use Only) |
|---|---|
| AT19580 | |

## NARRATIVE--Crime Against Society Only

On MON 07 AUG 23 at approximately 0915 hours R/O's PHAM #2160 and MEAD #2161 were dispatched to 3171 Ames Ave for follow up on an incident that had occurred at Skinner Magnet School 4304 N 33rd St on SAT 05 AUG 23. A prior report was made (AT19580) which listed one of the suspects as DAVIS JR, Douglas. Mother/caller SMITH, Lenaye was advised to contact police when her son Douglas had returned home. DAVIS JR, was cited for theft of unlawful taking less than $500 and was released to his mother.



**OMAHA POLICE DEPARTMENT**
**SUPPLEMENTAL REPORT**



| Report # | Date Reported | Offense | | Business/Government Agency | RB# |
|---|---|---|---|---|---|
| P4116861 | 08/05/2023 | THEFT | | SKINNER MAGNET CENTER (VICTIM) | AT19580 |

## PEOPLE

| REPORTING PARTY - 1 of 1 | Name COX-JONES, TARINA | | | | DOB or Approx. Age 03/16/1978 | Data # - Data Center Use Only |
|---|---|---|---|---|---|---|
| **Address** 4304 N 33RD ST | | | **City** OMAHA | | **State** NE | **Zip Code** 68111 |
| **Driver's License #./State** | | **Social Security #** | **Phone 1 - Mobile** (402) 658-0969 | | **Phone 2** | |
| **Race [F]** B | **Sex [G]** F | **Height** | **Weight** | **Hair** | **Eyes** | **Alias/Maiden/Nickname** | **EMAIL** |
| **Business/School Name** | | **Business Address** | | **Work Hours** | **Occupation** | |
| **Clothing/Scars/Tattoos/Other** | | | | | | |

| SUSPECT - 1 of 4 | Name DAVIS, DOUGLAS | | | | DOB or Approx. Age 12/17/2009 | Data # - Data Center Use Only |
|---|---|---|---|---|---|---|
| **Address** 3171 AMES AVE | | | **City** OMAHA | | **State** NE | **Zip Code** 68111 |
| **Driver's License #./State** | | **Social Security #** | **Phone 1 - Mobile** (402) 320-3380 | | **Phone 2** | |
| **Race [F]** B | **Sex [G]** M | **Height** | **Weight** | **Hair** | **Eyes** | **Alias/Maiden/Nickname** | **EMAIL** |
| **Business/School Name** | | **Business Address** | | **Work Hours** | **Occupation** | |
| **Clothing/Scars/Tattoos/Other** | | | | | | |

| SUSPECT - 2 of 4 | Name CARPENTER, JODY | | | | DOB or Approx. Age | Data # - Data Center Use Only |
|---|---|---|---|---|---|---|
| **Address** 4519 N 37TH ST | | | **City** OMAHA | | **State** NE | **Zip Code** 68111 |
| **Driver's License #./State** | | **Social Security #** | **Phone 1** (000) 000-0000 | | **Phone 2** | |
| **Race [F]** B | **Sex [G]** M | **Height** | **Weight** | **Hair** | **Eyes** | **Alias/Maiden/Nickname** | **EMAIL** |
| **Business/School Name** | | **Business Address** | | **Work Hours** | **Occupation** | |
| **Clothing/Scars/Tattoos/Other** | | | | | | |

| SUSPECT - 3 of 4 | Name STEWART, J'AIR | | | | DOB or Approx. Age 07/11/2013 | Data # - Data Center Use Only |
|---|---|---|---|---|---|---|
| **Address** 3171 AMES AVE | | | **City** OMAHA | | **State** NE | **Zip Code** 68111 |
| **Driver's License #./State** | | **Social Security #** | **Phone 1 - Mobile** (402) 320-3380 | | **Phone 2** | |
| **Race [F]** B | **Sex [G]** M | **Height** | **Weight** | **Hair** | **Eyes** | **Alias/Maiden/Nickname** | **EMAIL** |
| **Business/School Name** | | **Business Address** | | **Work Hours** | **Occupation** | |
| **Clothing/Scars/Tattoos/Other** | | | | | | |

| SUSPECT - 4 of 4 | Name STEWART, JANIYA | | | | DOB or Approx. Age 02/24/2015 | Data # - Data Center Use Only |
|---|---|---|---|---|---|---|
| **Address** 3171 AMES AVE | | | **City** OMAHA | | **State** NE | **Zip Code** 68111 |
| **Driver's License #./State** | | **Social Security #** | **Phone 1 - Mobile** (402) 320-3380 | | **Phone 2** | |
| **Race [F]** B | **Sex [G]** F | **Height** | **Weight** | **Hair** | **Eyes** | **Alias/Maiden/Nickname** | **EMAIL** |
| **Business/School Name** | | **Business Address** | | **Work Hours** | **Occupation** | |
| **Clothing/Scars/Tattoos/Other** | | | | | | |

| Report # | | RB# | |
|---|---|---|---|
| P4116861 | | **AT19580** | |

## PROPERTY STOLEN OR DAMAGED
(EVIDENCE AND PROPERTY BOOKED/SEIZED ENTERED DIRECTLY INTO THE EVIDENCE TRACKING SYSTEM IS NOT LISTED HERE)

| Insured ☐ Yes ☐ No | Company/Agent's Name: | | PHONE #: | | |
|---|---|---|---|---|---|
| ITEM | QUAN | DETAILS | Affected [L] | Value | Date Recovered |

NARRATIVE:    On SAT 5 AUG 23 at 1742 hours, R/O's BOSN #2379 and SMITH #2390 were dispatched to Skinner Magnet Center 4304 N 33rd St in reference to a theft. Upon arrival, R/O's made contact with principal/reporting party COX-JONES, Tarina B/F (3-16-78) who stated 4 juveniles entered the school during an afterschool program and stole two flat screen TV's.

R/O's observed video evidence of the theft, which showed three juvenile males and one juvenile female wandering the halls of the school at 1231 hours. At 1232 hours, the two older males (both shirtless, one wearing grey shorts, the other red shorts) are seen entering a classroom on the second floor. At 1234, the two suspects exit the school northbound on N 33rd St carrying the two TV's. A younger male and young female were with the males when entering and exiting the school, however they did not go into the classroom to steal the TV's.

COX-JONES was able to recognize the two younger juveniles as two of her students. They were identified as STEWART, Ji'Air B/M (7-11-13) and STEWART, JaNiya B/F (2-24-15). It is to be noted that these two juveniles did not enter the classroom and steal the TV's and only appeared to follow the older juveniles through the school.

R/O's completed follow up at 3171 Ames Ave, the address on file for STEWART, Ji'Air and STEWART, JaNiya. Upon arrival, the mother SMITH, Lenaye B/F (6-25-90) answered the door and R/O's observed the STEWART's behind her. SMITH stated her children told her they had "won" two flat screen TV's. As R/O's were speaking with SMITH, her older son DAVIS, Douglas B/M (12-17-09) and his friend "Jody" ran out the back door and were unable to be located. DAVIS and "Jody" matched the description of the two juveniles seen on camera entering the classroom at Skinner Magnet and stealing the TV's.

SMITH was advised to call 911 when her son returns home so he can be street released for the theft of the TV's.

Possible suspect for "Jody" is CARPENTER, Jody B/M (1-27-2010). CARPENTER is currently missing out of Omaha as of 8-4-2023. R/O's attempted to make contact with CARPENTER at 4519 N 37th St and were unable to locate.

The TV's were identified as two TCL flat screen 32" Roku TVs. valued at approximately $250 each. They were collected by R/O's and returned to COX-JONES at the school.

The video evidence was not able to be collected at the time of this report.

| Other Reports | | | | | |
|---|---|---|---|---|---|
| REPORTING OFFICER | | SERIAL | APPROVED BY | | SERIAL |
| BOSN, Brian | | 2379 | GREENE, DARRELL L | | 1820 |

OPD Form 200A                     Page    2    of    2                     P4116861

Court Copy

## Uniform Citation and Complaint

## Citation Number: OP4742145

| Date of Offense: 11/12/2024 | Time of Offense: 09:40 | | | IR/Case#: AU21633 | Troop/District/Sector: District 22 | | |
|---|---|---|---|---|---|---|---|
| **Plaintiff: State of Nebraska** | **In the Douglas County Court** | | | | Court Case #: | | |

**Defendant Information:**

| Last Name: SHEFFIELD | First Name: TYNISHA | | M.I.: T | Suffix: | Telephone Number:   ☑ Cell (773) 393-2075 | | |
|---|---|---|---|---|---|---|---|
| Street Address: 4519 N 37th St | | City: OMAHA | | State: | Zip Code: 68111 | Country: | |

| **Bond Payment:**   If posted, the type of Bond is: | | | | For the amount of: | | | |
|---|---|---|---|---|---|---|---|
| Reporting Officer 1/Agency: LEMONS, Gregory | | Date: 11/12/2024 | Badge No.: 2305 | Reporting Officer 2/Agency: | | Date: 11/12/2024 | Badge No.: |
| This is an appearance only, not a trial date.  **You MUST Appear in Court as directed below.** | | | | Prosecutor X | | | |
| Your **Court Appearance:**   ☐ To be determined Date: 01/14/2025   Time:  9:00:am | | | | Court Address: 1701 Farnam Street Omaha, Nebraska. | | | Room No: |
| I promise that I will appear in court at the above time and place. | | | | Signature of Defendant: X | | Date: 11/12/2024 | |

**Your Signature is not an admission of guilt, but a promise to appear.**
**Failure to comply with the terms of this citation is punishable by jail or fine or both and may result in suspension of your operator's license.**

| Optional Contact Information: Phone Number: _____     Carrier: _____ |
|---|
| E-mail Address: |

Non-Waiverable Electronic

Page 2 of 2

Court Copy

# Uniform Citation and Complaint

## Citation Number: OP4742145

| Date of Offense: 11/12/2024 | Time of Offense: 09:40 | IR/Case#: AU21633 | Troop/District/Sector: District 22 |
|---|---|---|---|

| Plaintiff: **State of Nebraska** | **In the Douglas County Court** | Court Case #: |
|---|---|---|

### Defendant Information:

| Last Name: SHEFFIELD | First Name: TYNISHA | M.I.: T | Suffix: | | Telephone Number: ☑ Cell (773) 393-2075 |
|---|---|---|---|---|---|

| Street Address: 4519 N 37th St | City: OMAHA | State: | Zip Code: 68111 | Country: |
|---|---|---|---|---|

| DOB: 01/17/1980 | Gender: Female | Height: 5' 7" | Weight: 235 | Eyes: Brown | Hair: Black | Race/Eth: Black | Language if Interpreter Needed: |
|---|---|---|---|---|---|---|---|

| DL State: | DL Country: | DL Number: | | Exp. Date: | DL Class: | Restrictions: | DL Endorsements: |
|---|---|---|---|---|---|---|---|

| Vehicle Year: 2016 | Vehicle Type: PASSENGER CAR | Vehicle Style: SUV | Vehicle Make: Buick | Vehicle Model: ENCLAVE | | Vehicle Color: RED |
|---|---|---|---|---|---|---|

| Vehicle VIN: 5GAKVBKD2GJ120183 | Vehicle License: YBL637 | State: NE | Country: | Reg. Year: 2016 | Plate Type: PC | CMV: No | HazMat: No |
|---|---|---|---|---|---|---|---|

| Carrier Name: | | US DOT Number: | | ICC Number: |
|---|---|---|---|---|

| Business/Address: | City: | State: | Zip Code: | Country: |
|---|---|---|---|---|

The undersigned being duly sworn, says the defendant, at the time and date shown, did unlawfully commit the following offense(s):

| **Violation Location** | In the County of: DOUGLAS COUNTY | In the City of: OMAHA | Hwy Type: Intersection | Hwy No.: | Hwy Sfx: | Mile Marker: |
|---|---|---|---|---|---|---|
| | Location at or near: N 54th St Ames Ave | | | | | |
| | Latitude: | | | Longitude: | | |

### In violation of:

| O F F E N S E 0 0 1 | Statute/Ordinance section: 60-362 | Offense Description: NO VALID REGISTRATION 'N' | | | Violation Type: |
|---|---|---|---|---|---|
| | Speed: mph in mph Zone | Tracked: | NCIC Code: | BAC Pct: | Actual Wt.: | Legal Wt.: |
| | Offense Comments: | | | Fine: 25 | Lbs Overwt.: | Pct. OverWt.: |
| | | | | Liquidated Damages Amount: | A check means "Yes" Road Construction Zone: ☐ School Zone: ☐ |

| O F F E N S E 0 0 2 | Statute/Ordinance section: 16-23 | Offense Description: CITY REGISTRATION OF VEHICLE 'T' | | | Violation Type: |
|---|---|---|---|---|---|
| | Speed: mph in mph Zone | Tracked: | NCIC Code: | BAC Pct: | Actual Wt.: | Legal Wt.: |
| | Offense Comments: | | | Fine: 50 | Lbs Overwt.: | Pct. OverWt.: |
| | | | | Liquidated Damages Amount: | A check means "Yes" Road Construction Zone: ☐ School Zone: ☐ |

| O F F E N S E 0 0 3 | Statute/Ordinance section: 60-3,167 | Offense Description: PROOF OF FINANCIAL RESPONS IN VEHICLE 'J' | | | Violation Type: |
|---|---|---|---|---|---|
| | Speed: mph in mph Zone | Tracked: | NCIC Code: | BAC Pct: | Actual Wt.: | Legal Wt.: |
| | Offense Comments: | | | Fine: 0 | Lbs Overwt.: | Pct. OverWt.: |
| | | | | Liquidated Damages Amount: | A check means "Yes" Road Construction Zone: ☐ School Zone: ☐ |

Non-Waiverable Electronic



# OMAHA POLICE DEPARTMENT
## INFORMATION REPORT
### Investigation



| District Number | RB Number | |
|---|---|---|
| **District 34** | **AT58400** | |
| Offense/Subject Matter | Day/Date/Time Reported | Attention Unit(s) |
| **PWID/FIREARM CHARGES** | **01/26/2024 20:34** | |

INVESTIGATION DETAILS SHOULD CONTAIN NAME AND ADDRESS OF PERSON OR ORGANIZATION REPORTING. DESCRIBE SUSPECT(S) AND VEHICLE(S), IF INFORMATION IS AVAILABLE.

ROLL CALL ALERT ☐        ENTER OFFICER ALERT ☐        F.O. CARD MADE ☐
(IF APPLICABLE)

PRECINCT:
Provide copy to supervisor prior to end of shift.

DATA REVIEW: Do not cross reference by Data Number any person, business or organization mentioned in the report EXCEPT OFFICER ALERT. Use assigned Unit or Data Number for administrative control only.

| OCCURRED AT LOCATION: **4602 N 37th St** | CITY: **Omaha** |
|---|---|
| REPORTED AT LOCATION: **4602 N 37th St** | CITY: **Omaha** |

PERSON

PERSON TYPE: **Suspect**

NAME: **STEFANIE ANDERSON**

ADDRESS: **4602 N 37th St**

CITY:                STATE:                ZIP:

Details:

**On Friday, 26 January 2024, at approximately 2034 hours, Officers with the Omaha Police Department were dispatched to the area of North 37th Street and Meredith Avenue for a shots fired/ShotSpotter activation call. Initial investigation led officers to the residence of 4602 North 37th Street, Omaha, Douglas County, Nebraska. See additional supplemental reports for further details.**

**END OF REPORT.**

| Approved By (Supervisor/Serial No.) | Report Completed By (Signature/Serial No.) |
|---|---|
| **CHONG, Jacob (2200)** | **BARNES, Justin / 2278** |


☐ ADULT
☑ JUVENILE



# Omaha Police Department

## Missing Person Report



| Report # P4341113 | | Data Control 3591210 | | | District Number 34 | | | RB Number AT58900 | |
|---|---|---|---|---|---|---|---|---|---|
| **Name** CARPENTER, JODY A'MIR | | | **Residence Address** 4519 N 37TH ST | | | **Phone 1** | | **Phone 2** | |
| **City** OMAHA | **State/Zip** NE / 68111 | | **Business/School Address** NATHAN HALE MAGNET | | | **Business/School Phone** (531) 299-2360 | | | |

| Race Black | Sex M | Age 14 | Date of Birth 01/27/2010 | City of Birth | County of Birth | State of Birth | Country of Birth |
|---|---|---|---|---|---|---|---|

| Height 4' 11" | Weight 100 | Build | Complexion | Eyes Brown | Hair Black | Nose | Glasses | Teeth |
|---|---|---|---|---|---|---|---|---|

| Beard/Mustache | | Physical Condition | | Deformities | | Mental Condition | |
|---|---|---|---|---|---|---|---|

| Scars, Marks, Tattoos | | Other | | Driver's License Number/State | | Social Security Number |
|---|---|---|---|---|---|---|

| Reported (Day/Date/Time) Monday 01/29/2024 11:40:59 | Mother's Maiden Name SHEFFIELD, TYNISHA | Ward of State ☐ Yes  ☑ No | Capias/Warrant on File ☐ Yes  ☑ No |
|---|---|---|---|

| Location Last Seen 4519 N. 37TH STREET | | Day SUNDAY | Date (Mo/Day/Year) 01/28/2024 | Time 21:30 |
|---|---|---|---|---|

| Last Seen By (Name) SHEFFIELD, TYNISHA TA | Residence Address 510 S 21ST AVE OMAHA, Nebraska 68102 | Phone 1 - Mobile (773) 494-2075 | Phone 2 |
|---|---|---|---|

| Previous Missing ☑ Yes  ☐ No | If yes, Located Where UNKNOWN | With Whom UNKNOWN |
|---|---|---|

| Father (As Listed on Birth Certificate) | Residence Address | Phone 1 | Phone 2 |
|---|---|---|---|

| Mother (As Listed on Birth Certificate) SHEFFIELD, TYNISHA TA | Residence Address 510 S 21ST AVE OMAHA, Nebraska 68102 | Phone 1 - Mobile (773) 494-2075 | Phone 2 |
|---|---|---|---|

| Friends/Associates | Residence Address | Phone 1 | Phone 2 |
|---|---|---|---|

| ADDITIONAL INFORMATION RUNAWAY | Date Entered 2024-01-29 00:00:00 | Item Number 1285 | Entered By D123-AGUE |
|---|---|---|---|
| | NCIC Number M167696904 | | |
| | NCIS Number NA | | |

**DESCRIPTION OF CLOTHING (Follow Outline: Hat, Shirt, Tie, Trousers, Skirt, Coat, Shoes) Describe in Detail**
BLK JORDAN COAT; GREY/BLK HOODIE AND JOGGING PANTS; YELLOW JORDAN SHOES

| Vehicle Color | Year | Make | Model | Body Style | License No./State | Damage/Peculiarities |
|---|---|---|---|---|---|---|

| Reported by (Please Print) | | Relationship | |
|---|---|---|---|

| Residence Address | | Phone 1 | Phone 2 |
|---|---|---|---|

| Publicity Requested ☐ Yes  ☑ No | Photograph Attached ☐ Yes  ☑ No | Date of Photograph | Report taken by (Signature/Serial Number) CANTERBURY, BRADLEY / 2014 |
|---|---|---|---|
| The information I have provided for in this Missing Person Report is true and correct. | | | Approved by (Signature/Serial Number) BELL, LEE M / 2086 |

| Signature |
|---|

## WITNESSES

| Name | Address | City/State/Zip | Phone 1 | Phone 2 |
|---|---|---|---|---|
| Name | Address | City/State/Zip | Phone 1 | Phone 2 |

OPD Form 205                Page   1   of   2                P4341113

| Report # | | RB# |
| --- | --- | --- |
| P4341113 | | AT58900 |

## MEDICAL/DENTAL

| Physician | Address | Phone |
| --- | --- | --- |
| Dentist | Address | Phone |

## NARRATIVE

On Monday,29JAN2024 at 1100 hours, Officer CANTERBURY #2014 was dispatched via radio to 2211 Douglas Street "Exel Inn" for a report of a runaway child, CARNPENTER, Jody ran away on 28JAN2024 1930 hours. Upon arriving to the location, Officer CANTERBURY spoke with SHEFFIELD, Tynisha (mother/caller) who stated after a verbal argument with CARPENTER over smoking marijuana in the house. CARPENTER grabbed his cell phone and left the house wearing BLK JORDAN COAT; GREY/BLK HOODIE AND JOGGING PANTS; YELLOW JORDAN SHOES. SHEFFIELD advised that CARPENTER sometimes hangs out at 2217 Spencer Street. Officer CANTERBURY created a radio call for service to check said location and broadcast/CAD crawl was created. SHEFFIELD advised that CARPENTER uses "Snapchat" name "Jay_Vaild". Sgt. KILAWEE #2112 was advised and ordered to check back with SHEFFIELD via phone. Officer CANTERBURY called Northeast Precinct to check with SHEFFIELD once an hour for updates. End of Report.

| Day / Date / Time Located: | Where was missing? |
| --- | --- |
| What was missing doing? | Who was missing with when located? |
| If applicable, how did missing become lost? | |
| Disposition of Missing Person when Located:<br><br>☐ Per Intake Officer (Name) | |



**OMAHA POLICE DEPARTMENT**
**SUPPLEMENTAL REPORT**



| Report # | Date Reported | Offense | Person | RB# |
|---|---|---|---|---|
| P4346476 | 01/29/2024 | MISSING/FREQUENT RUNAWAY | CARPENTER, JODY (SUSPECT) | AT58900 |

## PEOPLE

### PROPERTY STOLEN OR DAMAGED
(EVIDENCE AND PROPERTY BOOKED/SEIZED ENTERED DIRECTLY INTO THE EVIDENCE TRACKING SYSTEM IS NOT LISTED HERE)

| Insured ☐ Yes ☐ No | Company/Agent's Name: | | PHONE #: | | |
|---|---|---|---|---|---|
| **ITEM** | **QUAN** | **DETAILS** | **Affected [L]** | **Value** | **Date Recovered** |

NARRATIVE:    On Monday 29 JAN 24 at 1148 hours R/O BRUCKNER #1815 responded to 4519 N 37th St in an attempt to locate CARPENTER, Jody (1/27/10). R/O made contact with MULLENS, Allenia (sister) who stated he was not there and had been gone since 28 JAN 24. MULLENS can be reached at 402-676-7044. R/O instructed MULLENS to call 911 upon CARPENTER's return. Command 30 was advised (MALSAM #1653).

| Other Reports | | | | |
|---|---|---|---|---|
| REPORTING OFFICER | SERIAL | APPROVED BY | | SERIAL |
| BRUCKNER, ROBERT | 1815 | MALSAM, CHRIS E | | 1653 |

OPD Form 200A                                Page   1   of   1                                P4346476

 

### OMAHA POLICE DEPARTMENT
### SUPPLEMENTAL REPORT

| Report # | Date Reported | Offense | | Person | | RB# |
|---|---|---|---|---|---|---|
| P4402284 | 01/29/2024 | MISSING JUVENILE | | CARPENTER, JODY (VICTIM) | | AT58900 |

## PEOPLE

| MOTHER - 1 of 1 | Name | SHEFFIELD, TYNISHA | | | DOB or Approx. Age 01/17/1980 | Data # - Data Center Use Only |
|---|---|---|---|---|---|---|

| Address | | City | State | Zip Code |
|---|---|---|---|---|
| 4519 N 37TH ST | | OMAHA | NE | 68111 |

| Driver's License #./State | | Social Security # | Phone 1 (773) 494-2075 | Phone 2 |
|---|---|---|---|---|

| Race [F] B | Sex [G] F | Height | Weight | Hair | Eyes | Alias/Maiden/Nickname | EMAIL |
|---|---|---|---|---|---|---|---|

| Business/School Name | | Business Address | | Work Hours | Occupation |
|---|---|---|---|---|---|

| Clothing/Scars/Tattoos/Other |
|---|

## PROPERTY STOLEN OR DAMAGED
(EVIDENCE AND PROPERTY BOOKED/SEIZED ENTERED DIRECTLY INTO THE EVIDENCE TRACKING SYSTEM IS NOT LISTED HERE)

| Insured ☐ Yes ☐ No | Company/Agent's Name: | | PHONE #: | | |
|---|---|---|---|---|---|
| ITEM | QUAN | DETAILS | Affected [L] | Value | Date Recovered |

**NARRATIVE:**   On 29 Jan 2024 at approximately 2148hrs, R/O's ELLEBB #2485 and EDWARDS #2503 conducted follow up at 4519 N 37th St to check for any additional information or leads on the whereabouts of CARPENTER, Jody B/M(01/27/2010). On arrival R/O's spoke with SHEFFIELD, Tynisha B/F(01/17/1980) who stated that she had not heard of any new places to check for CARPENTER and that she did not have any new information on his whereabouts.

BWC Utilized.

| Other Reports | | | | | |
|---|---|---|---|---|---|
| REPORTING OFFICER ELLEBB, Rajan | | SERIAL 2485 | APPROVED BY BAY, Nicola | | SERIAL 2237 |

OPD Form 200A

Page   1   of   1

P4402284

 **OMAHA POLICE DEPARTMENT**
**SUPPLEMENTAL REPORT** 

| Report #<br>P4329482 | Date Reported<br>01/30/2024 | Offense<br>MISSING JUVENILE | | Person<br>CARPENTER, JODY  (VICTIM) | | | RB#<br>AT58900 |
|---|---|---|---|---|---|---|---|

| **PEOPLE** |
|---|

| **PROPERTY STOLEN OR DAMAGED** |
|---|
| (EVIDENCE AND PROPERTY BOOKED/SEIZED ENTERED DIRECTLY INTO THE EVIDENCE TRACKING SYSTEM IS NOT LISTED HERE) |

| Insured ☐ Yes ☐ No | Company/Agent's Name: | | PHONE #: | | | |
|---|---|---|---|---|---|---|
| ITEM | QUAN | DETAILS | | Affected [L] | Value | Date Recovered |

**NARRATIVE:**    On TUE 30 JAN 24 at 0643 hrs., reporting officer (R/O) PETERS #2277 conducted follow-up on a previously reported missing juvenile, CARPENTER, Jody (B/M 1-27-10).

R/O went to 4519 N. 37th St. and made contact with CARPENTER's mother, SHEFFIELD, Tynisha (B/F). SHEFFIELD advised that CARPENTER had not returned home and had not contacted her. SHEFFIELD further advised that she did not have any additional new information regarding CARPENTER's whereabouts. R/O advised SHEFFIELD to contact 911 when CARPENTER returned.

Sgt. MALSAM #1653 was advised.

BWC footage available.

| Other Reports | | | | | |
|---|---|---|---|---|---|
| REPORTING OFFICER<br>PETERS, Douglas | | SERIAL<br>2277 | APPROVED BY<br>MALSAM, CHRIS E | | SERIAL<br>1653 |

OPD Form 200A                                          Page    1    of    1                                          P4329482

 **OMAHA POLICE DEPARTMENT**
**SUPPLEMENTAL REPORT** 

| Report # P4428800 | Date Reported 01/29/2024 | Offense MISSING JUVENILE | Person CARPENTER, JODY (VICTIM) | RB# AT58900 |
|---|---|---|---|---|

| PEOPLE |
|---|

| PROPERTY STOLEN OR DAMAGED |
|---|
| (EVIDENCE AND PROPERTY BOOKED/SEIZED ENTERED DIRECTLY INTO THE EVIDENCE TRACKING SYSTEM IS NOT LISTED HERE) |

| Insured ☐ Yes ☐ No | Company/Agent's Name: | | PHONE #: | | |
|---|---|---|---|---|---|
| ITEM | QUAN | DETAILS | Affected [L] | Value | Date Recovered |

NARRATIVE:    MON 29 JAN 24 at 1644 hours, R/O KISSELL #1697 received a phone call at the Call Center, 505 S 15th St, from SHEFFIELD, Tynisha regarding a missing juvenile report she filed on 29 JAN 24.

SHEFFIELD stated her son Knight Sheffield and a female neighbor advised her that missing son CARPENTER, Jody arrived at her residence of 4519 N 37th St, tore up his room and took items from the house before leaving the area.

| Other Reports | | | | |
|---|---|---|---|---|
| REPORTING OFFICER KISSELL, TIM | SERIAL 1697 | APPROVED BY STRACKE, Jason A | | SERIAL 1558 |



**OMAHA POLICE DEPARTMENT**
**SUPPLEMENTAL REPORT**



| Report #<br>P4699758 | Date Reported<br>08/12/2024 | Offense<br>MISSING JUEVENILE UPDATED | | Person<br>CARPENTER,  JODY  (VICTIM) | RB#<br>AT58900 |
|---|---|---|---|---|---|

## PEOPLE

| OTHER:RUNAWAY  - 1 of 1 | Name<br>CARPENTER,  JODY  A'MIR | | DOB or Approx. Age<br>01/27/2010 | Data # - Data Center Use Only |
|---|---|---|---|---|

| Address<br>4519  N 37TH ST | City<br>OMAHA | State<br>NE | Zip Code<br>68111 |
|---|---|---|---|

| Driver's License #./State | Social Security # | Phone 1 - Other<br>(000) 000-0000 | Phone 2 |
|---|---|---|---|

| Race [F]<br>B | Sex [G]<br>M | Height | Weight | Hair | Eyes | Alias/Maiden/Nickname | EMAIL |
|---|---|---|---|---|---|---|---|

| Business/School Name | Business Address | | Work Hours | Occupation |
|---|---|---|---|---|

Clothing/Scars/Tattoos/Other

| REPORTING<br>PARTY  - 1 of 1 | Name<br>SHEFFIELD,  TYNISHA | | DOB or Approx. Age<br>01/17/1980 | Data # - Data Center Use Only |
|---|---|---|---|---|

| Address<br>4519  N 37TH ST | City<br>OMAHA | State<br>NE | Zip Code<br>68111 |
|---|---|---|---|

| Driver's License #./State<br>H14019694 / NE | Social Security # | Phone 1 - Mobile<br>(773) 494-2075 | Phone 2 |
|---|---|---|---|

| Race [F]<br>B | Sex [G]<br>F | Height | Weight | Hair | Eyes | Alias/Maiden/Nickname | EMAIL |
|---|---|---|---|---|---|---|---|

| Business/School Name | Business Address | | Work Hours | Occupation |
|---|---|---|---|---|

Clothing/Scars/Tattoos/Other

## PROPERTY STOLEN OR DAMAGED
(EVIDENCE AND PROPERTY BOOKED/SEIZED ENTERED DIRECTLY INTO THE EVIDENCE TRACKING SYSTEM IS NOT LISTED HERE)

| Insured ☐ Yes ☐ No | Company/Agent's Name: | | PHONE #: |
|---|---|---|---|

| ITEM | QUAN | | DETAILS | | Affected [L] | Value | Date Recovered |
|---|---|---|---|---|---|---|---|

**NARRATIVE:**   On Monday, August 12, 2024 at 1330 hours, Reporting Officer (R\O) SALERNO, V. #959, was assigned as a Police Officer for the TRS unit located at Omaha Police Department Headquarters 505 South 15th Street Omaha, NE 68102.

R/O was contacted by Reporting Party (Mother) SHEFFIELD, Tynisha who wanted to add information to her missing son's report. R/O was advised that CARPENTER, Jody was scene by friends in the area of Downtown Omaha selling things on the street for a man he may be living with. No other information was given at this time.

End of this report.

| Other Reports | INCIDENT REPORT .  SUPPLEMENTAL REPORT | | |
|---|---|---|---|
| REPORTING OFFICER<br>SALERNO, VINCENT | SERIAL<br>959 | APPROVED BY<br>JAWORSKI, ADAM C. | SERIAL<br>2115 |

OPD Form 200A                    Page   1   of   1                    P4699758



**OMAHA POLICE DEPARTMENT**
**SUPPLEMENTAL REPORT**



| Report #<br>P4799875 | Date Reported<br>10/22/2024 | Offense<br>MISSING PERSON | | Person<br>CARPENTER,  JODY  (VICTIM) | | RB#<br>AU05538 |
|---|---|---|---|---|---|---|

| PEOPLE | | | | | | | |
|---|---|---|---|---|---|---|---|

| MOTHER - 1 of 1 | | Name<br>SHEFFIELD,  TYNISHA | | | | DOB or Approx. Age<br>01/17/1980 | Data # - Data Center Use Only |
|---|---|---|---|---|---|---|---|

| Address<br>4519 N 37TH ST | | | City<br>OMAHA | | State<br>NE | Zip Code<br>68111 | |
|---|---|---|---|---|---|---|---|

| Driver's License #./State | | Social Security # | | Phone 1<br>(317) 486-3336 | | Phone 2 | |
|---|---|---|---|---|---|---|---|

| Race [F]<br>B | Sex [G]<br>F | Height | Weight | Hair | Eyes | Alias/Maiden/Nickname | EMAIL |
|---|---|---|---|---|---|---|---|

| Business/School Name | | | Business Address | | Work Hours | Occupation | |
|---|---|---|---|---|---|---|---|

Clothing/Scars/Tattoos/Other

| SUSPECT - 1 of 1 | | Name<br>BISHOP,  JOHNNISHA  K | | | | DOB or Approx. Age<br>01/22/1992 | Data # - Data Center Use Only |
|---|---|---|---|---|---|---|---|

| Address<br>4319 LARIMORE AVE | | | City<br>OMAHA | | State<br>NE | Zip Code<br>68111 | |
|---|---|---|---|---|---|---|---|

| Driver's License #./State<br>H13362801 / NE | | Social Security # | | Phone 1<br>(402) 709-1322 | | Phone 2 | |
|---|---|---|---|---|---|---|---|

| Race [F]<br>B | Sex [G]<br>F | Height | Weight | Hair | Eyes | Alias/Maiden/Nickname | EMAIL |
|---|---|---|---|---|---|---|---|

| Business/School Name | | | Business Address | | Work Hours | Occupation | |
|---|---|---|---|---|---|---|---|

Clothing/Scars/Tattoos/Other

**PROPERTY STOLEN OR DAMAGED**
(EVIDENCE AND PROPERTY BOOKED/SEIZED ENTERED DIRECTLY INTO THE EVIDENCE TRACKING SYSTEM IS NOT LISTED HERE)

| Insured ☐ Yes ☐ No | Company/Agent's Name: | | | PHONE #: | | |
|---|---|---|---|---|---|---|
| ITEM | QUAN | | DETAILS | Affected [L] | Value | Date Recovered |

NARRATIVE:    On TUE 22 OCT 24 at approximately 1630 hours, the mother Tynisha SHEFFIELD called TRS, because she she stated that she strongly desired to "press charges" against Johnisha (unknown spelling and last name) for "harboring a runaway" which was her child, Jody CARPENTER.

She stated that the police officers that located CARPENTER told her that CARPENTER had been "staying with Johnisha for a week" before "turning himself in." She stated that she did not know the address where Johnisha resides, but it was close to "43rd and Larimore." She stated that police were probably dispatched to her address when he was located. She further stated that Johnisha's phone number was (402) 709-1322.

The missing cancellation revealed that the dispatched address was 4319 Larimore Ave and corroborated SHEFFIELD's statement regarding what the officers told her. A data search revealed information for a Johnnisha BISHOP residing at 4319 Larimore Ave with the previously mentioned phone number.

CVSA SGT MOORE 1984 advised.

End of report.

| Other Reports | | | | | |
|---|---|---|---|---|---|
| REPORTING OFFICER<br>WITTSTRUCK, Jeffrey | | SERIAL<br>2268 | APPROVED BY<br>SEATON, WILLIAM R. | | SERIAL<br>1701 |



**OMAHA POLICE DEPARTMENT
SUPPLEMENTAL REPORT**



| Report # | Date Reported | Offense | Person | RB# |
|---|---|---|---|---|
| P4485265 | 09/01/2024 | MISSING JUVENILE | CARPENTER, JODY (VICTIM) | AU05538 |

| PEOPLE |
|---|

| PROPERTY STOLEN OR DAMAGED |
|---|
| (EVIDENCE AND PROPERTY BOOKED/SEIZED ENTERED DIRECTLY INTO THE EVIDENCE TRACKING SYSTEM IS NOT LISTED HERE) |

| Insured ☐ Yes ☐ No | Company/Agent's Name: | | PHONE #: | | |
|---|---|---|---|---|---|
| ITEM | QUAN | DETAILS | Affected [L] | Value | Date Recovered |

NARRATIVE: This supplementary report will detail follow up by Reporting Officer (R/O) MCDERMOTT, M #1848 of the Omaha Police Department Special Victims Unit (missing persons), regarding a missing report that was created on Sunday, 01 September 2024 for Jody CARPENTER (01/27/10).

On Monday, 28 October 2024, Reporting Officer went to the Douglas County Youth Center (DCYC) to talk with Jody CARPENTER. R/O and Jody sat down in a room and had a conversation about why he was reported missing on 01 September 2024. Jody stated he was placed at CSI (Child Savings Institute), but he left because he wants to live in a home with Johnisha BISHOP (01/2/92), and her son Terrell DAVIS (10/05/09). Jody stated he met Terrell and Johnisha on his birthday last year and he became good friends with Terrell. Jody stated his mother (Tynisha SHEFFIELD) has been physically abusing him since he was approximately 12 years old. Jody stated his mother has grabbed his arms, causing bruising, and threw a television at him which struck him in the face causing an injury to his nose. Jody stated when he was living with his mother he would go to school and come home, only to be tasked with cleaning the house and watching his younger siblings. Jody stated his mother would leave the house and be gone for 2-3 days at a time, leaving him and his siblings to fend for themselves. Jody stated his mother has a job doing "DJ" work, but does not always have to leave the house for her job. Jody described his mom working from the basement of the house for her job, but he was unsure what that all entailed.

Jody stated while he was on the run, he was sleeping in an abandon house and selling coupon books on the street for some extra money. Jody stated he would rather live on the street then stay in a home with his mother. Jody stated he cannot count on his mother, or father, for anything and all he wants is to be with a family that loves him and wants him in their life. Jody stated he just wants to be a kid and not have to be the one taking care of his younger siblings while his mother leaves the house for days at a time. Jody stated he wants to go back to school and also look at playing football. Jody stated he wants to stay with Johnisha, because she treats him good, cares about him, and is a mother figure that he wants in his life. Jody stated while he was on the run he saw Terrell at a park in town, who relayed a message to him from Johnisha. Jody stated Terrell told him Johnisha advised that he turn himself in and she will work with the court to advocate for him and see if they will allow him to reside at her house. Jody stated this is why he turned himself in and was picked up at 4319 Larimore Avenue, Omaha, Nebraska, where Johnisha and Terrell live.

Reporting Officer advised Jody that our conversation would be documented and all of his concerns would be in the report as well.

| Other Reports | | | | | |
|---|---|---|---|---|---|
| REPORTING OFFICER | | SERIAL | APPROVED BY | | SERIAL |
| MCDERMOTT, MELISSA | | 1848 | SCHRAGE, BRETT R | | 2065 |

OPD Form 200A

P4485265

| Report # | | RB# |
|---|---|---|
| P4635489 | | AU05538 |

## MEDICAL/DENTAL

| Physician | Address | Phone |
|---|---|---|
| Dentist | Address | Phone |

## NARRATIVE

On SUN 01 SEPT 24 at 1349 hours, R/O BAUMAN 2125 responded to the Child Saving Institute at 4545 Dodge St for a missing report.

Upon arrival R/O met with youth worker ALLEN, Brandon who stated that juvenile CARPENTER, Jody (b/m 1/27/10) ran away from the

building southbound at 1345 hours. ALLEN stated that CARPENTER was last seen wearing a black shirt and black pants. CARPENTER

has only been at the institute for three days. CARPENTER'S mother was made aware of him running away.

R/O checked the area with negative results. Broadcast made.

| Day / Date / Time Located: | Where was missing? |
|---|---|
| What was missing doing? | Who was missing with when located? |
| If applicable, how did missing become lost? | |
| Disposition of Missing Person when Located:<br><br>☐  Per Intake Officer (Name) | |

☐ ADULT
☑ JUVENILE

 **Omaha Police Department**

**Missing Person Report** 

| Report # | | Data Control | | District Number | | RB Number | |
|---|---|---|---|---|---|---|---|
| P4524425 | | 3591210 | | 34 | | AT85212 | |

| Name | | | Residence Address | | Phone 1 | | Phone 2 |
|---|---|---|---|---|---|---|---|
| CARPENTER, JODY | | | 4519 N 37TH ST | | | | |

| City | State/Zip | Business/School Address | | Business/School Phone | |
|---|---|---|---|---|---|
| OMAHA | NE / 68111 | NATHAN HAIL | | | |

| Race | Sex | Age | Date of Birth | City of Birth | County of Birth | State of Birth | Country of Birth |
|---|---|---|---|---|---|---|---|
| Black | M | 14 | 01/27/2010 | | | | |

| Height | Weight | Build | Complexion | Eyes | Hair | Nose | Glasses | Teeth |
|---|---|---|---|---|---|---|---|---|
| 5' 0" | 120 | | | Brown | Black | | | |

| Beard/Mustache | Physical Condition | Deformities | Mental Condition |
|---|---|---|---|
| | | | |

| Scars, Marks, Tattoos | Other | Driver's License Number/State | Social Security Number |
|---|---|---|---|
| | | / | |

| Reported (Day/Date/Time) | Mother's Maiden Name | Ward of State | Capias/Warrant on File |
|---|---|---|---|
| Tuesday 05/28/2024 23:54:11 | SHEFFIELD | ☐ Yes ☑ No | ☐ Yes ☑ No |

| Location Last Seen | | Day | Date (Mo/Day/Year) | Time |
|---|---|---|---|---|
| HOME | | TUESDAY | 05/28/2024 | 12:00 |

| Last Seen By (Name) | Residence Address | Phone 1 - Mobile | Phone 2 |
|---|---|---|---|
| SHEFFIELD, TYNISHA | 4519 N 37TH ST OMAHA, Nebraska 68111 | (317) 486-3336 | |

| Previous Missing ☑ Yes ☐ No | If yes, Located Where | With Whom |
|---|---|---|
| | HOME | ALONE |

| Father (As Listed on Birth Certificate) | Residence Address | Phone 1 | Phone 2 |
|---|---|---|---|
| | | | |

| Mother (As Listed on Birth Certificate) | Residence Address | Phone 1 - Mobile | Phone 2 |
|---|---|---|---|
| SHEFFIELD. TYNISHA | 4519 N 37TH ST OMAHA, Nebraska 68111 | (317) 486-3336 | |

| With Whom Missing Person Resides | Residence Address | Phone 1 - Mobile | Phone 2 |
|---|---|---|---|
| SHEFFIELD, TYNISHA | 4519 N 37TH ST OMAHA, Nebraska 68111 | (317) 486-3336 | |

| Relationship to Missing Person |
|---|
| Mother |

| Friends/Associates | Residence Address | Phone 1 | Phone 2 |
|---|---|---|---|
| | | | |

| ADDITIONAL INFORMATION | Date Entered | Item Number | Entered By |
|---|---|---|---|
| RUNAWAY | 2024-05-29 00:00:00 | 3563 | D222AJOH |
| | NCIC Number | | |
| | M757896751 | | |
| | NCIS Number | | |
| | | | |

| DESCRIPTION OF CLOTHING (Follow Outline: Hat, Shirt, Tie, Trousers, Skirt, Coat, Shoes) Describe in Detail |
|---|
| |

| Vehicle Color | Year | Make | Model | Body Style | License No./State | Damage/Peculiarities |
|---|---|---|---|---|---|---|
| | | | | | | |

| Reported by - (1 of 1) | Relationship |
|---|---|
| SHEFFIELD, TYNISHA | Mother |

| Residence Address | Phone 1 - Mobile | Phone 2 |
|---|---|---|
| 4519 N 37TH ST OMAHA, Nebraska 68111 | (317) 486-3336 | |

| Publicity Requested | Photograph Attached | Date of Photograph | Report taken by (Signature/Serial Number) |
|---|---|---|---|
| ☐ Yes ☑ No | ☐ Yes ☑ No | | SIMPSON, Blake / 2567 |
| The information I have provided for in this Missing Person Report is true and correct. | | | Approved by (Signature/Serial Number) |
| | | | WRIGHT, MICHAEL J / 1949 |

| Signature |
|---|
| |

 **OMAHA POLICE DEPARTMENT** 
**SUPPLEMENTAL REPORT**

| Report # | Date Reported | Offense | Person | RB# |
|---|---|---|---|---|
| P2807130 | 01/26/2024 | PWID MARIJUANA, POSSESSION OF FIREARM DURING COMMISION OF FELONY | ANDERSON, STEFANIE (SUSPECT) | AT58400 |

## PEOPLE

**OTHER:INDIVIDUAL INSIDE RESIDENCE - 1 of 2**

| Name | | DOB or Approx. Age | Data # - Data Center Use Only |
|---|---|---|---|
| ANDERSON, FORREST W | | 12/06/1984 | |

| Address | | City | | State | Zip Code | |
|---|---|---|---|---|---|---|
| 4602 N 37TH ST | | OMAHA | | NE | | 68111 |

| Driver's License #./State | Social Security # | Phone 1 - Mobile | Phone 2 |
|---|---|---|---|
| | | (402) 769-8019 | |

| Race [F] | Sex [G] | Height | Weight | Hair | Eyes | Alias/Maiden/Nickname | EMAIL |
|---|---|---|---|---|---|---|---|
| B | M | | | | | | |

| Business/School Name | Business Address | Work Hours | Occupation |
|---|---|---|---|
| | | | |

Clothing/Scars/Tattoos/Other

**OTHER:INDIVIDUAL INSIDE RESIDENCE - 2 of 2**

| Name | | DOB or Approx. Age | Data # - Data Center Use Only |
|---|---|---|---|
| KILLINGSWORTH, TAIKI | | 10/15/2003 | |

| Address | | City | | State | Zip Code | |
|---|---|---|---|---|---|---|
| 4602 N 37TH ST | | OMAHA | | NE | | 68111 |

| Driver's License #./State | Social Security # | Phone 1 | Phone 2 |
|---|---|---|---|
| | | | |

| Race [F] | Sex [G] | Height | Weight | Hair | Eyes | Alias/Maiden/Nickname | EMAIL |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

| Business/School Name | Business Address | Work Hours | Occupation |
|---|---|---|---|
| | | | |

Clothing/Scars/Tattoos/Other

**SUSPECT - 1 of 2**

| Name | | DOB or Approx. Age | Data # - Data Center Use Only |
|---|---|---|---|
| ANDERSON, STEFANIE | | 02/07/1983 | |

| Address | | City | | State | Zip Code | |
|---|---|---|---|---|---|---|
| 4602 N 37TH ST | | OMAHA | | NE | | 68111 |

| Driver's License #./State | Social Security # | Phone 1 - Mobile | Phone 2 |
|---|---|---|---|
| | | (402) 871-9928 | |

| Race [F] | Sex [G] | Height | Weight | Hair | Eyes | Alias/Maiden/Nickname | EMAIL |
|---|---|---|---|---|---|---|---|
| B | F | | | | | | |

| Business/School Name | Business Address | Work Hours | Occupation |
|---|---|---|---|
| | | | |

Clothing/Scars/Tattoos/Other

**SUSPECT - 2 of 2**

| Name | | DOB or Approx. Age | Data # - Data Center Use Only |
|---|---|---|---|
| NORMAN, KESHAWN R | | 05/11/2010 | |

| Address | | City | | State | Zip Code | |
|---|---|---|---|---|---|---|
| 4960 NW RADIAL HWY #5 | | OMAHA | | NE | | 68111 |

| Driver's License #./State | Social Security # | Phone 1 | Phone 2 |
|---|---|---|---|
| | | | |

| Race [F] | Sex [G] | Height | Weight | Hair | Eyes | Alias/Maiden/Nickname | EMAIL |
|---|---|---|---|---|---|---|---|
| B | M | | | | | | |

| Business/School Name | Business Address | Work Hours | Occupation |
|---|---|---|---|
| | | | |

Clothing/Scars/Tattoos/Other

## PROPERTY STOLEN OR DAMAGED
(EVIDENCE AND PROPERTY BOOKED/SEIZED ENTERED DIRECTLY INTO THE EVIDENCE TRACKING SYSTEM IS NOT LISTED HERE)

| Insured ☐ Yes ☐ No | Company/Agent's Name: | | PHONE #: | | | |
|---|---|---|---|---|---|---|
| ITEM | QUAN | DETAILS | | Affected [L] | Value | Date Recovered |
| | | | | | | |

**NARRATIVE:** **This supplemental report will detail Reporting Detective Justin BARNES #2278, follow up investigation regarding a shots fired investigation at 4602 N 37th Street, Omaha, Douglas County, Nebraska**

| Report # | | RB# | |
|---|---|---|---|
| P2807130 | | AT58400 | |

NARRATIVE:    "DETAILS OF THE INVESTIGATION"

On Friday, 26 January 2024, at approximately 1859 hours, Officers with the Omaha Police Department were dispatched to the area of North 38th Street and Meredith Avenue, in reference to a ShotSpotter activation. According to ShotSpotter, a total of six rounds were fired and the shots were placed on North 38th Street to the west of 4720 North 38th Street. Officers arrived on location but were unable to locate any suspect or spent casings from a firearm.

On Friday, 26 January 2024, at approximately 2034 hours, Officers with the Omaha Police Department were dispatched to the area of North 37th Street and Meredith Avenue, in reference to a ShotSpotter activation. According to ShotSpotter, a total of two rounds were fired and placed the shots were placed to the west of 4602 North 37th Street. Officers arrived on location but again did not locate any suspects or spent casings.

During the initial investigation, Officers made contact with a neighboring witness who identified himself as Jeremy KETTERMAN (01/19/1977). KETTERMAN stated that after the first set of shots, he observed three unknown black males walk into the residence of 4602 North 37th Street, before officers arrived. Officers with the Omaha Police Department attempted to make contact with any occupants inside the aforementioned residence. After several minutes, an individual identified as Taiki KILLINGSWORTH (10/15/2003) answered the door and spoke with officers. KILLINGSWORTH advised that he did not live at the residence and that it was his aunt's home.

Officers then made contact with one of the homeowners who was identified as Forrest ANDERSON (12/06/1984). ANDERSON stated he was in the basement of the residence and did not know what was going on. ANDERSON advised he had two firearms inside the residence that were locked away. The second homeowner, identified as Stefanie ANDERSON, arrived on location and briefly spoke with officers. Stefanie ANDERSON stated he had not been home during the incident and gave officers consent to search the residence for people. The residence was searched and cleared of any additional individuals.

During the initial investigation, Officers with the Omaha Police Department could detect the odor of marijuana coming from inside the residence. The residence was held until R/D, was able to obtain a court authorized search warrant signed by Douglas County Judge KEIM.

After obtaining the court authorized search warrant, R/D along with other officers with the Omaha Police Department , conducted a search for the residence of 4602 North 37th Street, Omaha, Douglas County, Nebraska. R/D did not locate anything of evidentiary value but the other officers present did. During the search of the residence, officers located approximately a total of 625 grams of suspected marijuana and a Smith and Wesson 9mm handgun, in a closet in Stefanie ANDERSON's bedroom. In an air vent inside the residence, officers located a SCCY 9mm handgun (S/N 511130) that was suspected to be the shots fired weapon. For full details of the items located during the search warrant, please refer to other officers supplemental reports.

A copy of the receipt and inventory was left at the residence with Forrest ANDERSON. Stefanie ANDERSON spoke with other officers on the phone but refused to come back to the residence to speak with R/D. At approximately 0100 hours, officers left the residence and the search warrant was concluded.

This is an on-going investigation.

END OF REPORT.

| Other Reports | INCIDENT REPORT , SUPPLEMENTAL REPORT , OTHER | | | |
|---|---|---|---|---|
| REPORTING OFFICER | SERIAL | APPROVED BY | | SERIAL |
| BARNES, Justin | 2278 | CHONG, Jacob | | 2200 |

## OMAHA POLICE DEPARTMENT
### INCIDENT REPORT

| Report # | | RB# |
|---|---|---|
| P5331212 | | AU93921 |

| | OCCURRED | | | | REPORTED | | | |
|---|---|---|---|---|---|---|---|---|
| Location Occurred | | | | District # | Location Reported | | | District # |
| 4519 N 37TH ST  Omaha , Douglas County | | | | 26 | 505 S 15TH ST  Omaha , Douglas County | | | 51 |
| Day of Week | Month | Day | Year | Hour:Minute | Day of Week | Month | Day | Year | Hour:Minute |
| WEDNESDAY | 06 | 25 | 2025 | 00:00 | MONDAY | 10 | 13 | 2025 | 17:25 |
| MONDAY | 10 | 13 | 2025 | 00:01 | CAD# | | | |

| V | 1 of 1 | Victim Name or Victim Business | | DOB or Approx. Age | Data # - Data Center Use |
|---|---|---|---|---|---|
| | | CARPENTER,  JODY | | 01/27/2010 | 3591210 |

| I | Address | | City | State | Zip Code |
|---|---|---|---|---|---|
| | 4519 N 37TH ST | | OMAHA | NE | 68111 |

| C | Driver's License #/State | Social Security # | Phone 1 - Other | Phone 2 - Mobile |
|---|---|---|---|---|
| | | | (402) 306-2688 | |

| T | Race [F] | Sex [G] | Victim Type [J] | Height | Weight (lbs) | EMAIL |
|---|---|---|---|---|---|---|
| | B | M | J02 | ' " | | |

| I | Indications Victim Using | Victim Advised of Procedure for | Will Prosecute | Victim's Relationship to Offender(s) [N] |
|---|---|---|---|---|
| | NONE | N/A | Yes | Suspect #1(RELUNK) |

| M | If Victim is a Juvenile, Parent/Guardian Name | Address | Phone # |
|---|---|---|---|
| | SHEFFIELD, TYNISHA | 4519 N 37TH ST  OMAHA , Nebraska 68111 | (402) 306-2688 |

### OFFENSES

| Offense 1 | Conv Code-Supp Code | Location Code [B] | Hate/Bias [D] | Weapon [E] |
|---|---|---|---|---|
| HARASSMENT-OTHER | 23610 - 0 | B25 | 88 | |

### PROPERTY STOLEN OR DAMAGED
(EVIDENCE AND PROPERTY BOOKED/SEIZED ENTERED DIRECTLY INTO THE EVIDENCE TRACKING SYSTEM IS NOT LISTED HERE)

| ☐ Evidence Seized  ☐ Sex Assault Kit | Insured ☐ Yes ☐ No | Company/Agent's Name | Phone # |
|---|---|---|---|
| Item | Quan | Details | Affected [L] | Value | Date Recovered |

| MOTHER  - 1 of 1 | Name | | DOB or Approx. Age | Data # - Data Center Use Only |
|---|---|---|---|---|
| | SHEFFIELD,  TYNISHA | | 01/17/1980 | |

| Address | | City | State | Zip Code |
|---|---|---|---|---|
| 4519 N 37TH ST | | OMAHA | NE | 68111 |

| Driver's License #./State | Social Security # | Phone 1 | Phone 2 |
|---|---|---|---|
| H14019694 | | (402) 306-2688 | |

| Race [F] | Sex [G] | Height | Weight | Hair | Eyes | Alias/Maiden/Nickname | Email |
|---|---|---|---|---|---|---|---|
| U | F | | | | | | |

| Business/School Name | Business Address | Work Hours | Occupation |
|---|---|---|---|
| | | | |

| Clothing/Scars/Tattoos/Other |
|---|
| |

| Assoc w/ Offense # | Arrest [K] | Booking/Citation # | Month | Day | Year | Hour:Minute |
|---|---|---|---|---|---|---|
| | | | | | | |

| SUSPECT  - 1 of 1 | Name | | DOB or Approx. Age | Data # - Data Center Use Only |
|---|---|---|---|---|
| | | | | |

| Address | | City | State | Zip Code |
|---|---|---|---|---|
| | | | | |

| Driver's License #./State | Social Security # | Phone 1 | Phone 2 |
|---|---|---|---|
| | | (000) 000-0000 | |

| Race [F] | Sex [G] | Height | Weight | Hair | Eyes | Alias/Maiden/Nickname | Email |
|---|---|---|---|---|---|---|---|
| U | M | | | | | | |

| Business/School Name | Business Address | Work Hours | Occupation |
|---|---|---|---|
| | | | |

| Clothing/Scars/Tattoos/Other |
|---|
| |

| Assoc w/ Offense # | Arrest [K] | Booking/Citation # | Month | Day | Year | Hour:Minute |
|---|---|---|---|---|---|---|
| 1 | | | | | | |

**Narrative:**    On Monday, October 13, 2025 at 1728 hours, IST LOCKHART-LUTZOW D162, while working in the Telephone Reporting Unit when IST was contacted by REPORTING PARTY SHEFFIELD, Tynisha (B/F, DOB 01/17/1980).

| Report # | | RB# | |
|---|---|---|---|
| P5331212 | | | AU93921 |

**Narrative:** RP stated her son, VICTIM CARPENTER/Jody (B/M, DOB 01/27/2010) told her the VICTIM was threatened today at school (North High) by 6-8 UNK/M SUSPECTS. VICTIM stated that they would fight him if they saw him after school. RP stated that this has been ongoing since he JUN2025 when he report abuse by his foster parents and the theft of a phone.

RP stated her son is in fear for his life and it's affecting his well being.

END OF REPORT

| CIB Advised ☐ YES ☑ NO | Officer Advised | | | Serial No. |
|---|---|---|---|---|
| On Scene ☐ CIB   ☐ Crime Lab | Investigator | | | Serial No. |
| Other Reports | | Assoc. RB Numbers | AU68633 , AU68634 | |
| Reporting Officer   LOCKHART-LUTZOW, Laura | | Serial No. D162 | Approved By   SEATON, WILLIAM R. | Serial No. 1761 |



# OMAHA POLICE DEPARTMENT
## INCIDENT REPORT

| Report # | | RB# |
|---|---|---|
| P5163340 | | **AU68664** |

| OCCURRED | | | | | REPORTED | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Location Occurred | | | | District # | Location Reported | | | | District # |
| 4319 LARIMORE AVE  Omaha , Douglas County | | | | 26 | 4519 N 37TH ST  Omaha , Douglas County | | | | 34 |

| Day of Week | Month | Day | Year | Hour:Minute | Day of Week | Month | Day | Year | Hour:Minute |
|---|---|---|---|---|---|---|---|---|---|
| FRIDAY | 06 | 20 | 2025 | 12:00 | SUNDAY | 06 | 22 | 2025 | 20:20 |
| FRIDAY | 06 | 20 | 2025 | 12:30 | CAD# | | | | |

| V | 1 of 1 | Victim Name or Victim Business | | | DOB or Approx. Age | Data # - Data Center Use |
|---|---|---|---|---|---|---|
| | | CARPENTER, JODY | | | 01/27/2010 | 3591210 |

**V I C T I M**

| Address | | City | | State | Zip Code |
|---|---|---|---|---|---|
| 4519 N 37TH ST | | OMAHA | | NE | 68111 |

| Driver's License #/State | Social Security # | Phone 1 | | Phone 2 |
|---|---|---|---|---|
| | | (531) 365-9608 | | |

| Race [F] | Sex [G] | Victim Type [J] | Height | Weight (lbs) | EMAIL |
|---|---|---|---|---|---|
| B | M | J02 | 5' 5" | 120 | |

| Indications Victim Using | Victim Advised of Procedure for | Will Prosecute | Victim's Relationship to Offender(s) [N] |
|---|---|---|---|
| NONE | VICTIM/WITNESS | Yes | Suspect #1(NONFAMOTR)  Suspect #2(FOSTFAM FP) |

## OFFENSES

| Offense 1 | Conv Code-Supp Code | Location Code [B] | Hate/Bias [D] | Weapon [E] |
|---|---|---|---|---|
| CHILD ABUSE BY INTENT-NO SER INJURY | 22120 - 0 | B25 | 99 | E36 |

## PROPERTY STOLEN OR DAMAGED
(EVIDENCE AND PROPERTY BOOKED/SEIZED ENTERED DIRECTLY INTO THE EVIDENCE TRACKING SYSTEM IS NOT LISTED HERE)

☐ Evidence Seized
☐ Sex Assault Kit

| Insured ☐ Yes ☐ No | Company/Agent's Name | Phone # |
|---|---|---|

| Item | Quan | Details | Affected [L] | Value | Date Recovered |
|---|---|---|---|---|---|

| SUSPECT - 1 of 2 | Name | | DOB or Approx. Age | Data # - Data Center Use Only |
|---|---|---|---|---|
| | SIMPSON, BRANDIE ANN | | 03/17/1995 | |

| Address | | City | | State | Zip Code |
|---|---|---|---|---|---|
| 4319 LARIMORE AVE | | OMAHA | | NE | 68111 |

| Driver's License #./State | Social Security # | Phone 1 | | Phone 2 |
|---|---|---|---|---|
| H13648222 / NE | | (000) 000-0000 | | |

| Race [F] | Sex [G] | Height | Weight | Hair | Eyes | Alias/Maiden/Nickname | Email |
|---|---|---|---|---|---|---|---|
| B | F | 5' 7" | 215 | BRO | BRO | / | |

| Business/School Name | Business Address | | Work Hours | Occupation |
|---|---|---|---|---|

| Clothing/Scars/Tattoos/Other | | | | |
|---|---|---|---|---|

| Assoc w/ Offense # | Arrest [K] | Booking/Citation # | Month | Day | Year | Hour:Minute |
|---|---|---|---|---|---|---|
| 1 | | | | | | |

| SUSPECT - 2 of 2 | Name | | DOB or Approx. Age | Data # - Data Center Use Only |
|---|---|---|---|---|
| | BISHOP, JOHNNISHA K | | 01/22/1992 | |

| Address | | City | | State | Zip Code |
|---|---|---|---|---|---|
| 4319 LARIMORE AVE | | OMAHA | | NE | 68111 |

| Driver's License #./State | Social Security # | Phone 1 | | Phone 2 |
|---|---|---|---|---|
| H13362801 / NE | | (000) 000-0000 | | |

| Race [F] | Sex [G] | Height | Weight | Hair | Eyes | Alias/Maiden/Nickname | Email |
|---|---|---|---|---|---|---|---|
| B | F | 5' 2" | 195 | BLK | BRO | / | |

| Business/School Name | Business Address | | Work Hours | Occupation |
|---|---|---|---|---|

| Clothing/Scars/Tattoos/Other | | | | |
|---|---|---|---|---|

| Assoc w/ Offense # | Arrest [K] | Booking/Citation # | Month | Day | Year | Hour:Minute |
|---|---|---|---|---|---|---|
| 1 | | | | | | |

| Narrative: | On SUN 22 JUN 25 at approximately 1630 hours R/O BOSN #2623 was dispatched to 4519 N 37th St for a report of a robbery. |
|---|---|

 **OMAHA POLICE DEPARTMENT**
**SUPPLEMENTAL REPORT** 

| Report #<br>P4140387 | Date Reported<br>01/26/2024 | Offense<br>SHOTS FIRED | Person<br>ANDERSON, STEFANIE  (SUSPECT) | RB#<br>AT58400 |
|---|---|---|---|---|

## PEOPLE

| SUSPECT  - 1 of 1 | Name<br>ANDERSON, STEFANIE | | DOB or Approx. Age<br>02/07/1983 | Data # - Data Center Use Only |
|---|---|---|---|---|

| Address<br>4602 N 37TH ST | | City<br>OMAHA | State<br>NE | Zip Code<br>68111 |
|---|---|---|---|---|

| Driver's License #./State<br>H12712166 / NE | Social Security # | Phone 1 | Phone 2 | |
|---|---|---|---|---|

| Race [F]<br>B | Sex [G]<br>F | Height<br>5' 3" | Weight<br>153 | Hair<br>BRO | Eyes<br>BRO | Alias/Maiden/Nickname | EMAIL |
|---|---|---|---|---|---|---|---|

| Business/School Name | Business Address | | Work Hours | Occupation |
|---|---|---|---|---|

| Clothing/Scars/Tattoos/Other |
|---|

| SUSPECT  - 2 of 2 | Name<br>NORMAN, KESHAWN | | DOB or Approx. Age<br>05/11/2010 | Data # - Data Center Use Only |
|---|---|---|---|---|

| Address<br>4916 NW RADIAL HWY #5 | | City<br>OMAHA | State<br>NE | Zip Code |
|---|---|---|---|---|

| Driver's License #./State | Social Security # | Phone 1 | Phone 2 | |
|---|---|---|---|---|

| Race [F]<br>B | Sex [G]<br>M | Height | Weight | Hair | Eyes | Alias/Maiden/Nickname | EMAIL |
|---|---|---|---|---|---|---|---|

| Business/School Name | Business Address | | Work Hours | Occupation |
|---|---|---|---|---|

| Clothing/Scars/Tattoos/Other |
|---|

| WITNESS  - 1 of 1 | Name<br>ANDERSON, FORREST WILL | | DOB or Approx. Age<br>12/06/1984 | Data # - Data Center Use Only |
|---|---|---|---|---|

| Address<br>4602 N 37TH ST | | City<br>OMAHA | State<br>NE | Zip Code<br>68111 |
|---|---|---|---|---|

| Driver's License #./State<br>H12767926 / NE | Social Security # | Phone 1 | Phone 2 | |
|---|---|---|---|---|

| Race [F]<br>B | Sex [G]<br>M | Height<br>5' 7" | Weight<br>280 | Hair<br>BLK | Eyes<br>BRO | Alias/Maiden/Nickname | EMAIL |
|---|---|---|---|---|---|---|---|

| Business/School Name | Business Address | | Work Hours | Occupation |
|---|---|---|---|---|

| Clothing/Scars/Tattoos/Other |
|---|

## PROPERTY STOLEN OR DAMAGED
(EVIDENCE AND PROPERTY BOOKED/SEIZED ENTERED DIRECTLY INTO THE EVIDENCE TRACKING SYSTEM IS NOT LISTED HERE)

| Insured ☐ Yes ☐ No | Company/Agent's Name: | | PHONE #: | | |
|---|---|---|---|---|---|
| ITEM | QUAN | DETAILS | Affected [L] | Value | Date Recovered |

NARRATIVE:    On Friday 26 January 2024 at approximately 2034 hours, Reporting Officers HANISZEWSKI, Jacob #2241 and VAIL, Adam #2360 responded to the area of a shot spotter activation at 3714 Meredith Ave. R/O's had previously responded to the area of N 38th Street, between Fowler Ave and Meredith Ave at 1859 for a separate shot spotter activation. During the activation at 1859 hours, R/O's had checked for evidence of shots being fired but did not locate damage or spent shell casings in the area.

When R/O's arrived at the activation at 2034 hours, R/O's observed the location of the shot spotter activation via the shot spotter map, to place it in the side yard of 4602 N 37th Street, directly on the curtilage of the property. R/O's began by checking for evidence of shots being fired and while on scene, had overheard several parties inside of the residence of 4602 N 37th Street. R/O's then made the decision to attempt to contact the occupants of the residence. While at the exterior door on the southwest side of the residence, R/O detected an odor of marijuana emanating from the residence, which Det. GRABER, Kyle #2188 also confirmed.

Contact was made with parties at the front door by Det. VAIL and Det. GRABER. Shortly thereafter, a white sedan arrived facing eastbound on Meredith Ave and R/O was advised that the vehicle was associated with the residence.

| Report # | RB# |
|---|---|
| P4140387 | AT58400 |

NARRATIVE:    R/O then contacted the occupants of the vehicle and identified the driver as ANDERSON, Stefanie B/F (02/07/1983.) ANDERSON identified herself as the co-renter of the property and stated that her brother was the other renter. R/O explained to ANDERSON as to why police were at her residence and explained the nature of the investigation. R/O explained that a search warrant was currently being drafted for her residence and requested permission to search the bedroom. ANDERSON advised that she would provide Officers with consent to search every room in the residence, aside from her bedroom. R/O explained to ANDERSON that Officers would need permission for the entire residence due to items having the potential to be in any room in the residence.

ANDERSON advised R/O that she has a concealed handgun permit and owns firearms, but told R/O that the firearms were not in her residence and were being stored elsewhere. ANDERSON stated that she has a lock on her bedroom door and that no occupants of the residence would have access to her bedroom and stated that she has the only key for the lock. ANDERSON stated that if anyone in the house had fired a gun off, it would have been "Keshawn."

The determination to continue with the search warrant was made and ANDERSON was advised of this. R/O's then requested consent to clear the residence for additional people after several juveniles had exited the residence which ANDERSON consented to. The residence was cleared and no other persons were located. During the sweep of the residence, R/O's observed ANDERSON's bedroom to be locked, but easily opened as it had an item wedged between the lock, which allowed the door to be opened with little effort.

One of the juveniles who had exited was ID'd as NORMAN, Keshawn B/M (05/11/2010.)

R/O's stayed on scene and while standing in the living room, R/O was informed by ANDERSON, Forrest B/M (12/06/1984) that NORMAN was the person who had shot and that the firearm that had been used, was placed in a floor vent on the main level east bedroom.

Once the search warrant was granted, R/O assisted with searching the residence and located the firearm in the floor vent. The firearm was determined to be a SCCY CPX1 9mm handgun (S/N: 511130.) Record check of the firearm through the Omaha Police Information Channel showed the firearm to not be registered and not be reported stolen.

In the same bedroom, R/O located multiple spent .45 caliber rounds as well as a spent 9mm round. R/O then located a live 9mm round, and numerous live .308 caliber rounds in a dresser drawer. Venue was located in the bedroom to GREEN, Matthew B/M (01/23/2007.) R/O then assisted with further search of the residence and with bagging items to be seized.

No further information.

| Other Reports | | | |
|---|---|---|---|
| REPORTING OFFICER | SERIAL | APPROVED BY | SERIAL |
| HANISZEWSKI, Jacob | 2241 | CHONG, Jacob | 2200 |

OPD Form 200A

Page  2  of  2

P4140387



**OMAHA POLICE DEPARTMENT**
**SUPPLEMENTAL REPORT**



| Report # | Date Reported | Offense | | Person | RB# |
|---|---|---|---|---|---|
| P3944065 | 01/26/2024 | PWID MARIJUANA | | ANDERSON, STEFANIE (SUSPECT) | AT58400 |

## PEOPLE

| FRIEND/ ASSOCIATE - 3 of 6 | Name FLORES, ALEXIA | | | | | DOB or Approx. Age 12/15/2009 | Data # - Data Center Use Only |
|---|---|---|---|---|---|---|---|
| **Address** 4012 WIRT ST | | | | **City** OMAHA | | **State** NE | **Zip Code** 68111 |
| **Driver's License #./State** | | **Social Security #** | | **Phone 1** | | **Phone 2** | |
| **Race [F]** W | **Sex [G]** F | **Height** | **Weight** | **Hair** | **Eyes** | **Alias/Maiden/Nickname** | **EMAIL** |
| **Business/School Name** | | | **Business Address** | | | **Work Hours** | **Occupation** |
| **Clothing/Scars/Tattoos/Other** | | | | | | | |

| FRIEND/ ASSOCIATE - 4 of 6 | Name KILLINGSWORTH, TAIKI LAMAR | | | | | DOB or Approx. Age 10/15/2003 | Data # - Data Center Use Only |
|---|---|---|---|---|---|---|---|
| **Address** | | | | **City** OMAHA | | **State** NE | **Zip Code** |
| **Driver's License #./State** F38061547 / AZ | | **Social Security #** | | **Phone 1** | | **Phone 2** | |
| **Race [F]** B | **Sex [G]** M | **Height** 5' 9" | **Weight** 382 | **Hair** BLK | **Eyes** BRO | **Alias/Maiden/Nickname** | **EMAIL** |
| **Business/School Name** | | | **Business Address** | | | **Work Hours** | **Occupation** |
| **Clothing/Scars/Tattoos/Other** | | | | | | | |

| FRIEND/ ASSOCIATE - 5 of 6 | Name GREEN, EMILY | | | | | DOB or Approx. Age 11/29/2009 | Data # - Data Center Use Only |
|---|---|---|---|---|---|---|---|
| **Address** 3541 N 36TH AVE | | | | **City** OMAHA | | **State** NE | **Zip Code** 68111 |
| **Driver's License #./State** | | **Social Security #** | | **Phone 1** (000) 000-0000 | | **Phone 2** | |
| **Race [F]** B | **Sex [G]** F | **Height** | **Weight** | **Hair** | **Eyes** | **Alias/Maiden/Nickname** | **EMAIL** |
| **Business/School Name** | | | **Business Address** | | | **Work Hours** | **Occupation** |
| **Clothing/Scars/Tattoos/Other** | | | | | | | |

| FRIEND/ ASSOCIATE - 6 of 6 | Name CARPENTER, JODY AMIR | | | | | DOB or Approx. Age 01/27/2010 | Data # - Data Center Use Only |
|---|---|---|---|---|---|---|---|
| **Address** 4519 N 37TH ST | | | | **City** OMAHA | | **State** NE | **Zip Code** 68111 |
| **Driver's License #./State** | | **Social Security #** | | **Phone 1** (000) 000-0000 | | **Phone 2** | |
| **Race [F]** | **Sex [G]** | **Height** | **Weight** | **Hair** | **Eyes** | **Alias/Maiden/Nickname** | **EMAIL** |
| **Business/School Name** | | | **Business Address** | | | **Work Hours** | **Occupation** |
| **Clothing/Scars/Tattoos/Other** | | | | | | | |

| Report # | | RB# |
|---|---|---|
| P3944065 | | AT58400 |

## PEOPLE

| SUSPECT - 1 of 6 | Name ANDERSON, STEFANIE | | | DOB or Approx. Age 02/07/1983 | Data # - Data Center Use Only |
|---|---|---|---|---|---|
| Address  3416 N 44TH AVE | | City  OMAHA | | State  NE | Zip Code  68111 |
| Driver's License #./State  H12712166 / NE | | Social Security # | Phone 1 | | Phone 2 |

| Race [F]  B | Sex  F | Height  5' 3" | Weight  153 | Hair  BRO | Eyes  BRO | Alias/Maiden/Nickname | EMAIL |
|---|---|---|---|---|---|---|---|
| Business/School Name | | | Business Address | | | Work Hours | Occupation |
| Clothing/Scars/Tattoos/Other | | | | | | | |

| SUSPECT - 3 of 6 | Name NORMAN, KESHAWN | | | DOB or Approx. Age 05/11/2010 | Data # - Data Center Use Only |
|---|---|---|---|---|---|
| Address  4916 NW RADIAL HWY #5 | | City  OMAHA | | State  NE | Zip Code |
| Driver's License #./State | | Social Security # | Phone 1 (000) 000-0000 | | Phone 2 |

| Race [F]  B | Sex [G]  M | Height | Weight | Hair | Eyes | Alias/Maiden/Nickname | EMAIL |
|---|---|---|---|---|---|---|---|
| Business/School Name | | | Business Address | | | Work Hours | Occupation |
| Clothing/Scars/Tattoos/Other | | | | | | | |

| WITNESS - 2 of 6 | Name ANDERSON, FORREST WILL | | | DOB or Approx. Age 12/06/1984 | Data # - Data Center Use Only |
|---|---|---|---|---|---|
| Address  4602 N 37TH ST | | City  OMAHA | | State  NE | Zip Code  68111 |
| Driver's License #./State  H12767926 / NE | | Social Security # | Phone 1 | | Phone 2 |

| Race [F]  B | Sex [G]  M | Height  5' 7" | Weight  280 | Hair  BLK | Eyes  BRO | Alias/Maiden/Nickname | EMAIL |
|---|---|---|---|---|---|---|---|
| Business/School Name | | | Business Address | | | Work Hours | Occupation |
| Clothing/Scars/Tattoos/Other | | | | | | | |

## PROPERTY STOLEN OR DAMAGED
(EVIDENCE AND PROPERTY BOOKED/SEIZED ENTERED DIRECTLY INTO THE EVIDENCE TRACKING SYSTEM IS NOT LISTED HERE)

| Insured ☐ Yes ☐ No | Company/Agent's Name: | | PHONE #: | | |
|---|---|---|---|---|---|
| ITEM | QUAN | DETAILS | Affected [L] | Value | Date Recovered |

NARRATIVE:    On Friday 26 January 2024 at approximately 2034 hours, Reporting Officers VAIL, Adam #2360 and HANISZEWSKI, Jacob #2241 responded to the area of a shot spotter activation at 3714 Meredith Ave. R/O's had previously responded to the area of N 38th Street, between Fowler Ave and Meredith Ave at 1859 for a separate shot spotter activation. During the activation at 1859 hours, R/O's had checked for evidence of shots being fired but did not locate damage or spent shell casings in the area. When R/O's arrived at the activation at 2034 hours, R/O's observed the location of the shot spotter activation via the shot spotter map, to place it in the side yard of 4602 N 37th Street, directly on the curtilage of the property.

R/O's began by checking for evidence of shots being fired and while on scene, officers had overheard several parties inside of the residence of 4602 N 37th Street. R/O's then made the decision to attempt to contact the occupants of the residence. While at the exterior door on the southwest side of the residence, R/O HANISZEWSKI detected an odor of marijuana emanating from the residence, which Det. GRABER, Kyle #2188 also confirmed.

Det. GRABER and R/O attempted contacted at the residence, but received no response from anyone in the house initially. After a period of time officers observed a male come to the front door, which Det. GRABER and R/O made contact identifying him as KILLINGSWORTH, Taiki B/M (10/15/03). KILLINGSWORTH stated that it was not his house, but a family members residence. KILLINGSWORTH advised that he had just got to the house, and when asked if he had heard gunshots, he stated its normal to hear them. Further KILLINGSWORTH would not state if he heard shots recently. KILLINGSWORTH was asked who else was inside, and he initially just said some kids, but would later stated that "Forrest" was inside.

| Report # | RB# |
|---|---|
| P3944065 | AT58400 |

**NARRATIVE:** KILLINGSWORTH then called for Forrest, who came to the door, and was identified as ANDERSON, Forrest B/M (12/6/84). Forrest ANDERSON stated that his sister ANDERSON, Stefanie B/F (2/7/83) and he rent that house, and that Stefanie ANDERSON's kids live there as well. Forrest ANDERSON stated that Stefanie ANDERSON had been gone for awhile, and did not know what else was going on because he stays in the basement. Forrest ANDERSON then advised that she was arriving and pointed to a white sedan that had arrived facing eastbound on Meredith Ave. R/O HANISZEWSKI was advised that the vehicle was associated with the residence, and made contact with her. See R/O HANISZEWSKI's report for further details.

R/O's then requested consent to clear the residence for additional people after several juveniles had exited the residence which both Forrest ANDERSON and Stefanie ANDRSON consented to. R/O VAIL then began to call the remaining people in the residence out, and they were identified as the following: NORMAN, Keshawn B/M (05/11/2010), FLORES, Alexia W/F (12/15/09), GREEN, Emily B/F (11/29/09), and CARPENTER, Jody B/M (1/27/2010). All parties were identified and had no wants or warrant.

The residence was cleared and no other persons were located. During the sweep of the residence, R/O's observed Stefanie ANDERSON's bedroom to be locked, but easily opened as it had an item wedged between the lock, which allowed the door to be opened with little effort. While still clearing for people R/O's came a cross a locked closet in Stefanie ANDERSON's bedroom. The closet was locked with a padlock and could partially ajar. R/O VAIL looked through a hole in the door to check for people, and did not locate anyone. It should be noted while looking through the hole, R/O VAIL could see what appeared to be a firearm sitting on a container to the left of a black file cabinet.

Due to the cold weather and with permission of Forrest ANDERSON officers stood by in the living room of the residence with Forrest ANDERSON and KILLINGSWORTH until the search warrant was signed. While standing by initially NORMAN was still present waiting for his ride. While waiting NORMAN was talking at one point, and Forrest ANDERSON made a comment that officers were present because of his actions. Forrest ANDERSON did not elaborate, and then NORMAN became quite. NORMAN's mother was contacted by R/O VAIL, and his ride arrived a short time later to pick him up.

CARPENTER, FLORES, and GREEN were all released and left as well.

While waiting for the warrant Stefanie ANDERSON left and did not return. Forrest ANDERSON contacted Stefanie ANDERSON via phone asking for her to bring the key to her locked bedroom closet back, for if and when the search warrant was signed and approved. After a short period of time a female arrived with Stefanie ANDRSON's daughter ANDRSON, Brianna B/F (5/4/04) with the key to the closet. The female left, but Brianna ANDERSON stayed on scene.

Once the search warrant was granted at about 2351 hours, R/O assisted with searching the residence and live 9mm round on the dresser to Stefanie ANDERSON's room. Further in the dresser a black dispensary type bag containing about 3g of marijuana, a fired .45 casing in the dresser drawer, and venue to Stefanie ANDERSON. In the closet to Stefanie ANDERSON's bedroom a black two drawer file cabinet was located to the right of the firearm later determined to be a Smith and Wesson SD9VE 9mm (S/N FCR9154). Det. PERRY #2319 located a large amount of marijuana in multiple dispensary types bags and containers. Further located by Det. PERRY was multiple THC cartridges. It was noted that the key to the file cabinet drawer also worked to unlock the padlock to the closet door in Stefanie ANDERSON.

R/O assisted with searching the basement which was identified as being Forrest ANDERSON's room. Det. GRABER located two firearms that Forrest ANDERSON had advised he owned. R/O and Det. GRABER did not locate any illegal drugs or drug paraphernalia. Further it was determined that these firearms were not believed to be involved in the shots as Forrest ANDERSON had advised he was in the basement the whole time, with no one else down stairs. It was determined that the firearms would no be seized.

R/O then assisted with further search of the residence and with bagging items to be seized.

Sgt. CHONG #2200 on scene.

BWC's were active.

**Other Reports**

| REPORTING OFFICER | SERIAL | APPROVED BY | SERIAL |
|---|---|---|---|
| VAIL, Adam | 2360 | CHONG, Jacob | 2200 |

 **OMAHA POLICE DEPARTMENT**
**SUPPLEMENTAL REPORT** 

| Report #<br>P3955767 | Date Reported<br>01/28/2024 | Offense<br>PWID - GUN | | Person<br>ANDERSON, STEFANIE   (SUSPECT) | RB#<br>AT58400 |
|---|---|---|---|---|---|

| PEOPLE |
|---|

| PROPERTY STOLEN OR DAMAGED |
|---|
| (EVIDENCE AND PROPERTY BOOKED/SEIZED ENTERED DIRECTLY INTO THE EVIDENCE TRACKING SYSTEM IS NOT LISTED HERE) |

| Insured ☐ Yes ☐ No | Company/Agent's Name: | | PHONE #: | | |
|---|---|---|---|---|---|
| ITEM | QUAN | DETAILS | Affected [L] | Value | Date Recovered |

NARRATIVE:    On Friday January 26th, 2024 at approximately 2034 hours R/O SEITZER #2207 responded to a Shotspotter activation of 2 gunshots being fired. The activation pinpointed the gunshots close to the driveway just west of 4602 N 37th Street. Officers attempted to make contact with the occupants of 4602 N 37th St. During the attempt to make contact, R/O was standing at the intersection N 37th St. and Meredith Avenue and observed parties inside the residence open the curtains west and east of the front door, look out and then close the curtains. R/O also observed the curtains moving in the further east room on the south side of the residence.

Eventually, 2 male parties exited the residence and made contact with Officers. When Officers were making contact with the parties it was determined a search warrant would be sought and the remainder of the occupants were called out of the residence. Once the additional occupants were out of the residence Officers received permission from the renter of 4602 N 37th Street to enter and secure the residence for additional people. The residence was secured by Officers while the search warrant was being written.

During this time R/O remained at the residence with additional Officers. Once the search warrant was granted and executed R/O was responsible for the receipt and inventory. Once all evidence was turned over to R/O by additional Officers, R/O and Officer GRABER #2188 transported the evidence to Central Headquarters and booked it into property and evidence.

| Other Reports | | | | |
|---|---|---|---|---|
| REPORTING OFFICER<br>SEITZER, Robert | SERIAL<br>2207 | APPROVED BY<br>CHONG, Jacob | | SERIAL<br>2200 |

OPD Form 200A

P3955767



**OMAHA POLICE DEPARTMENT**
**SUPPLEMENTAL REPORT**



| Report # | Date Reported | Offense | | Person | RB# |
|---|---|---|---|---|---|
| P4328684 | 01/26/2024 | SHOTS FIRED | | ANDERSON, STEFANIE  (SUSPECT) | AT58400 |

## PEOPLE

| SUSPECT - 1 of 3 | Name NORMAN, KESHAWN | DOB or Approx. Age 05/11/2010 | Data # - Data Center Use Only |
|---|---|---|---|

| Address 4916 NW RADIAL HWY #5 | City OMAHA | State NE | Zip Code 68111 |
|---|---|---|---|

| Driver's License #./State | Social Security # | Phone 1 - Mobile (000) 000-0000 | Phone 2 |
|---|---|---|---|

| Race [F] B | Sex [G] M | Height 5' 5" | Weight 160 | Hair BLK | Eyes BRO | Alias/Maiden/Nickname | EMAIL |
|---|---|---|---|---|---|---|---|

| Business/School Name | Business Address | | Work Hours | Occupation |
|---|---|---|---|---|

Clothing/Scars/Tattoos/Other
MAROON HOODIE/JEANS/ BLK WHITE SHOES /

| SUSPECT - 2 of 3 | Name STANDLEY, ALEXIA | DOB or Approx. Age 12/15/2009 | Data # - Data Center Use Only |
|---|---|---|---|

| Address 4018 WIRT ST | City OMAHA | State NE | Zip Code 68111 |
|---|---|---|---|

| Driver's License #./State | Social Security # | Phone 1 - Mobile (000) 000-0000 | Phone 2 |
|---|---|---|---|

| Race [F] W | Sex [G] F | Height 5' 5" | Weight 110 | Hair BLK | Eyes BRO | Alias/Maiden/Nickname | EMAIL |
|---|---|---|---|---|---|---|---|

| Business/School Name | Business Address | | Work Hours | Occupation |
|---|---|---|---|---|

Clothing/Scars/Tattoos/Other
RED SHIRT/BLACK JEANS /

| SUSPECT - 3 of 3 | Name CARPENTER, JODY | DOB or Approx. Age 01/27/2010 | Data # - Data Center Use Only |
|---|---|---|---|

| Address 4519 N 37TH ST | City OMAHA | State NE | Zip Code 68111 |
|---|---|---|---|

| Driver's License #./State | Social Security # | Phone 1 - Mobile (000) 000-0000 | Phone 2 |
|---|---|---|---|

| Race [F] B | Sex [G] M | Height | Weight | Hair | Eyes | Alias/Maiden/Nickname | EMAIL |
|---|---|---|---|---|---|---|---|

| Business/School Name | Business Address | | Work Hours | Occupation |
|---|---|---|---|---|

Clothing/Scars/Tattoos/Other
BLACK PUFFY COAT/ JEANS /

| WITNESS - 1 of 1 | Name KETTERMAN, JEREMY | DOB or Approx. Age 01/19/1977 | Data # - Data Center Use Only |
|---|---|---|---|

| Address 3716 MEREDITH AVE | City OMAHA | State NE | Zip Code 68111 |
|---|---|---|---|

| Driver's License #./State | Social Security # | Phone 1 - Mobile (531) 254-0406 | Phone 2 |
|---|---|---|---|

| Race [F] B | Sex [G] M | Height | Weight | Hair | Eyes | Alias/Maiden/Nickname | EMAIL |
|---|---|---|---|---|---|---|---|

| Business/School Name | Business Address | | Work Hours | Occupation |
|---|---|---|---|---|

Clothing/Scars/Tattoos/Other

## PROPERTY STOLEN OR DAMAGED
(EVIDENCE AND PROPERTY BOOKED/SEIZED ENTERED DIRECTLY INTO THE EVIDENCE TRACKING SYSTEM IS NOT LISTED HERE)

| Insured ☐ Yes ☐ No | Company/Agent's Name: | | PHONE #: | |
|---|---|---|---|---|
| ITEM    QUAN | DETAILS | Affected [L] | Value | Date Recovered |

NARRATIVE:    On 26 JAN 24 at approximately 2035 hours, R/Os GAMBLE 32396 and STARKS #2498 were dispatched to 3714 Meredith Ave in regards to ShotSpotter Activation. ShotSpotter had an activation of two rounds in the driveway of 4602 N 37th Street. At approximately 1900 hours, earlier in the day there was a ShotSpotter Activation of 6 rounds at 3720 Meredith Ave.

OPD Form 200A                                    Page    1    of    2                                    P4328684

Report #
    P4328684

RB#
    AT58400

NARRATIVE:    Upon arrival, R/Os assisted with the canvass of the area with detectives on scene. R/Os spoke with the resident of 3714 Meredith Ave: KETTERMAN, Jeremy (W/M– DOB: 1-19-77) who stated he had heard the two rounds of gunfire, but did not see anything. KETTERMAN then disclosed that at the 1900 hours ShotSpotter of six rounds, he heard the shots and observed a group of three younger males, run into the address of 4602 N 37th Street.

A knock and talk was conducted at the address and contact was made with the occupants inside. Ultimately detectives on scene decided a search warrant would be drafted on the residence.

R/Os then detained the following individuals:

- NORMAN, Keshawn (B/M– DOB: 5-11-00)
- STANDLEY, Alexia (W/F– DOB: 12-15-09)
- CARPENTER, Jody (B/M– DOB: 1-27-10)

Once data checks were completed, and pat downs were conducted for any weapons. R/Os then transported STANDLEY home to 4018 Wirt Street. Upon returning to the scene, R/Os were relived by detectives on scene.

BWC footage available from R/Os. Sgt CHONG #2200 on scene. NFI.

| Other Reports | | | | | |
|---|---|---|---|---|---|
| REPORTING OFFICER | | SERIAL | APPROVED BY | | SERIAL |
| GAMBLE, Kaleb | | 2396 | BAY, Nicola | | 2237 |

OPD Form 200A

Page    2    of    2

P4328684

 **OMAHA POLICE DEPARTMENT**
**SUPPLEMENTAL REPORT** 

| Report #<br>P4200979 | Date Reported<br>01/26/2024 | Offense<br>PWID MARIJUANA | Person<br>ANDERSON, STEFANIE (SUSPECT) | RB#<br>AT58400 |
|---|---|---|---|---|

| PEOPLE |
|---|

| PROPERTY STOLEN OR DAMAGED |
|---|
| (EVIDENCE AND PROPERTY BOOKED/SEIZED ENTERED DIRECTLY INTO THE EVIDENCE TRACKING SYSTEM IS NOT LISTED HERE) |

| Insured ☐ Yes ☐ No | Company/Agent's Name: | | PHONE #: | | |
|---|---|---|---|---|---|
| ITEM | QUAN | DETAILS | Affected [L] | Value | Date Recovered |

NARRATIVE:    On Friday 26 January 2024 at approximately 2351 hours R/O VAIL #2360 was assisting with a search warrant when ANDERSON. Brianna B/F (5/4/04) who was present at the house advised she was talking with her mother ANDERSON, Stefanie B/F (2/7/83) on the phone. Brianna ANDERSON was over heard telling her Stefanie ANDERSON that officers had opened the file cabinet.

Brianna ANDERSON then asked what was going to happen, and R/O advised it was in Stefanie ANDERSON's best interest to come back to the house so that officers could speak with her. Brianna ANDERSON then asked what happens if Stefanie ANDERSON does not, and R/O advised that officers would be seeking a warrant for Stefani ANDERSON's arrest for possession with intent to deliver marijuana, possession of controlled substance, and possession of controlled substance with a firearm.

Brianna ANDERSON then advised that Stefanie ANDERSON wanted to speak with R/O and put her on speaker phone. R/O explained the charges again and Stefanie ANDERSON stated while on the phone that she does not sell drugs, but that it is all for personal use. R/O again advised due to the sheer amount that it is more then personal use. Brianna ANDERSON then took the phone back and took it off speaker.

It should be noted that Stefanie ANDERSON never responded back to the scene of the house.

BWC was active.

| Other Reports | | | | | |
|---|---|---|---|---|---|
| REPORTING OFFICER<br>VAIL, Adam | SERIAL<br>2360 | APPROVED BY<br>CHONG, Jacob | | SERIAL<br>2200 | |

OPD Form 200A

Page    1    of    1.

P4200979

 

## OMAHA POLICE DEPARTMENT
## INCIDENT REPORT

**Report #** P5118037

**RB#** AU68663

| OCCURRED | | | | | REPORTED | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Location Occurred | | | | District # | Location Reported | | | | District # |
| 10900 ARLINGTON PLZ #1350 Omaha , Douglas County | | | | 101 | 4519 N 37TH ST Omaha , Douglas County | | | | 34 |
| Day of Week | Month | Day | Year | Hour:Minute | Day of Week | Month | Day | Year | Hour:Minute |
| SUNDAY | 06 | 22 | 2025 | 02:00 | SUNDAY | 06 | 22 | 2025 | 18:05 |
| SUNDAY | 06 | 22 | 2025 | 02:15 | CAD# | | | | |

### VICTIM

**V 1 of 1**

| Victim Name or Victim Business | DOB or Approx. Age | Data # - Data Center Use |
|---|---|---|
| CARPENTER, JODY | 01/27/2010 | 3591210 |

| Address | City | State | Zip Code |
|---|---|---|---|
| 4519 N 37TH ST | OMAHA | NE | 68111 |

| Driver's License #/State | Social Security # | Phone 1 | Phone 2 |
|---|---|---|---|
| | | (531) 365-9608 | |

| Race [F] | Sex [G] | Victim Type [J] | Height | Weight (lbs) | EMAIL |
|---|---|---|---|---|---|
| B | M | J02 | 1 ' " | | |

| Indications Victim Using | Victim Advised of Procedure for | Will Prosecute | Victim's Relationship to Offender(s) [N] |
|---|---|---|---|
| NONE | VICTIM/WITNESS | Yes | Suspect #1(RELUNK)  Suspect #2(RELUNK)  Suspect #3(RELUNK) |

### OFFENSES

| Offense 1 | Conv Code-Supp Code | Location Code [6] | Hate/Bias [D] | Weapon [E] |
|---|---|---|---|---|
| ROB / STRG ARM | 10419 - 0 | B33 | 99 | E36 |

### PROPERTY STOLEN OR DAMAGED
(EVIDENCE AND PROPERTY BOOKED/SEIZED ENTERED DIRECTLY INTO THE EVIDENCE TRACKING SYSTEM IS NOT LISTED HERE)

☑ Evidence Seized  
☐ Sex Assault Kit  
Insured ☐ Yes ☑ No

| | | Company/Agent's Name | Phone # |
|---|---|---|---|

| Item | Quan | Details | Affected [L] | Value | Date Recovered |
|---|---|---|---|---|---|
| 1 | 1 | **Property Type:** CELL PHONE  **Make:** APPLE  **Model:** IPHONE  **Description:** TAPE ON FRONT, BROKEN BACK CAMERA | ST | $1000.00 | |

### SUSPECT - 1 of 3

| Name | DOB or Approx. Age | Data # - Data Center Use Only |
|---|---|---|
| UNK, UNK | | |

| Address | City | State | Zip Code |
|---|---|---|---|

| Driver's License #/State | Social Security # | Phone 1 | Phone 2 |
|---|---|---|---|
| | | (000) 000-0000 | |

| Race [F] | Sex [G] | Height | Weight | Hair | Eyes | Alias/Maiden/Nickname | Email |
|---|---|---|---|---|---|---|---|
| U | M | | | | | / | |

| Business/School Name | Business Address | Work Hours | Occupation |
|---|---|---|---|

| Clothing/Scars/Tattoos/Other |
|---|

| Assoc w/ Offense # | Arrest [K] | Booking/Citation # | Month | Day | Year | Hour:Minute |
|---|---|---|---|---|---|---|

### SUSPECT - 2 of 3

| Name | DOB or Approx. Age | Data # - Data Center Use Only |
|---|---|---|
| UNK, UNK | | |

| Address | City | State | Zip Code |
|---|---|---|---|

| Driver's License #/State | Social Security # | Phone 1 | Phone 2 |
|---|---|---|---|
| | | (000) 000-0000 | |

| Race [F] | Sex [G] | Height | Weight | Hair | Eyes | Alias/Maiden/Nickname | Email |
|---|---|---|---|---|---|---|---|
| U | M | | | | | / | |

| Business/School Name | Business Address | Work Hours | Occupation |
|---|---|---|---|

| Clothing/Scars/Tattoos/Other |
|---|

| Assoc w/ Offense # | Arrest [K] | Booking/Citation # | Month | Day | Year | Hour:Minute |
|---|---|---|---|---|---|---|
| 1 | | | | | | |

| Report #    P5118037 | | | | | | | RB#    AU68663 | | |

| SUSPECT - 3 of 3 | Name    UNK, UNK | | | DOB or Approx. Age | Data # - Data Center Use Only | |
|---|---|---|---|---|---|---|
| Address | | City | | State | Zip Code | |
| Driver's License #/State | | Social Security # | Phone 1    (000) 000-0000 | | Phone 2 | |

| Race [F]    U | Sex [G]    M | Height | Weight | Hair | Eyes | Alias/Maiden/Nickname    / | Email | |
|---|---|---|---|---|---|---|---|---|

| Business/School Name | | Business Address    . | | Work Hours | Occupation | |
|---|---|---|---|---|---|---|

**Clothing/Scars/Tattoos/Other**

| Assoc w/ Offense # | Arrest [K] | Booking/Citation # | Month | Day | Year | Hour:Minute |
|---|---|---|---|---|---|---|

**Narrative:**    On SUN 22 JUN 25 at approximately 1630 hours R/O BOSN #2623 was dispatched to 4519 N 37th St for a report of a robbery. Caller stated her son was assaulted and robbed.

Upon arrival, R/O made contact with the victims mother, SHEFFIELD, Tynisha (B/F, DOB 01/17/1980) who stated her son, CARPENTER, Jody (B/M, DOB 01/27/2010) was robbed early in the morning.

R/O then made contact with CARPENTER who stated he was helping a friend move and was jumped and attacked by three other parties there who then stole his cellphone. R/O observed what appeared to be an abrasion on CARPENTER's chest. CARPENTER was also complaining on leg pain from the attack and R/O observed him walking with a limp.

See supp for details.

3C30 NIELSEN #2012 and 3C40 MEZA #2269 advised.

Crime lab on scene.

BWC utilized.

| CIB Advised ☐ YES ☑ NO | Officer Advised | | Serial No. |
|---|---|---|---|
| On Scene ☐ CIB ☑ Crime Lab | Investigator | | Serial No. |
| Other Reports    SUPPLEMENTAL REPORT | Assoc. RB Numbers    AU68664 , AU68682 | | |
| Reporting Officer    BOSN, Timothy | Serial No.    2623 | Approved By    MEZA, Nickolas | Serial No.    2269 |

## OMAHA POLICE DEPARTMENT
### INCIDENT REPORT

| Report # | | RB# |
|---|---|---|
| P5331212 | | AU93921 |

| OCCURRED | | | | | REPORTED | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Location Occurred | | | | District # | Location Reported | | | | District # |
| 4519  N 37TH ST  Omaha , Douglas County | | | | 26 | 505  S 15TH ST  Omaha , Douglas County | | | | 51 |
| Day of Week | Month | Day | Year | Hour:Minute | Day of Week | Month | Day | Year | Hour:Minute |
| WEDNESDAY | 06 | 25 | 2025 | 00:00 | MONDAY | 10 | 13 | 2025 | 17:25 |
| MONDAY | 10 | 13 | 2025 | 00:01 | CAD# | | | | |

| V | 1 of 1 | Victim Name or Victim Business | | DOB or Approx. Age | Data # - Data Center Use |
|---|---|---|---|---|---|
| | | CARPENTER,  JODY | | 01/27/2010 | 3591210 |

**V I C T I M**

| Address | | City | | State | Zip Code |
|---|---|---|---|---|---|
| 4519  N 37TH ST | | OMAHA | | NE | 68111 |

| Driver's License #/State | Social Security # | Phone 1 - Other | Phone 2 - Mobile |
|---|---|---|---|
| | | (402) 306-2688 | |

| Race [F] | Sex [G] | Victim Type [J] | Height | Weight (lbs) | EMAIL |
|---|---|---|---|---|---|
| B | M | J02 | ' " | | |

| Indications Victim Using | Victim Advised of Procedure for | Will Prosecute | Victim's Relationship to Offender(s) [N] |
|---|---|---|---|
| NONE | N/A | Yes | Suspect #1(RELUNK) |

| If Victim is a Juvenile, Parent/Guardian Name | Address | Phone # |
|---|---|---|
| SHEFFIELD,  TYNISHA | 4519  N 37TH ST  OMAHA , Nebraska  68111 | (402) 306-2688 |

### OFFENSES

| Offense 1 | Conv Code-Supp Code | Location Code [B] | Hate/Bias [D] | Weapon [E] |
|---|---|---|---|---|
| HARASSMENT-OTHER | 23610 - 0 | B25 | 88 | |

### PROPERTY STOLEN OR DAMAGED
(EVIDENCE AND PROPERTY BOOKED/SEIZED ENTERED DIRECTLY INTO THE EVIDENCE TRACKING SYSTEM IS NOT LISTED HERE)

| ☐ Evidence Seized ☐ Sex Assault Kit | Insured ☐ Yes ☐ No | Company/Agent's Name | | Phone # | |
|---|---|---|---|---|---|
| Item | Quan | Details | Affected [L] | Value | Date Recovered |

| MOTHER  - 1 of 1 | Name | | DOB or Approx. Age | Data # - Data Center Use Only |
|---|---|---|---|---|
| | SHEFFIELD,  TYNISHA | | 01/17/1980 | |

| Address | | City | | State | Zip Code |
|---|---|---|---|---|---|
| 4519  N 37TH ST | | OMAHA | | NE | 68111 |

| Driver's License #/State | Social Security # | Phone 1 | Phone 2 |
|---|---|---|---|
| H14019694 | | (402) 306-2688 | |

| Race [F] | Sex [G] | Height | Weight | Hair | Eyes | Alias/Maiden/Nickname | Email |
|---|---|---|---|---|---|---|---|
| U | F | | | | | / | |

| Business/School Name | Business Address | Work Hours | Occupation |
|---|---|---|---|
| | | | |

| Clothing/Scars/Tattoos/Other |
|---|
| |

| Assoc w/ Offense # | Arrest [K] | Booking/Citation # | Month | Day | Year | Hour:Minute |
|---|---|---|---|---|---|---|
| | | | | | | |

| SUSPECT  - 1 of 1 | Name | | DOB or Approx. Age | Data # - Data Center Use Only |
|---|---|---|---|---|
| | | | | |

| Address | | City | | State | Zip Code |
|---|---|---|---|---|---|
| | | | | | |

| Driver's License #/State | Social Security # | Phone 1 | Phone 2 |
|---|---|---|---|
| | | (000) 000-0000 | |

| Race [F] | Sex [G] | Height | Weight | Hair | Eyes | Alias/Maiden/Nickname | Email |
|---|---|---|---|---|---|---|---|
| U | M | | | | | / | |

| Business/School Name | Business Address | Work Hours | Occupation |
|---|---|---|---|
| | | | |

| Clothing/Scars/Tattoos/Other |
|---|
| |

| Assoc w/ Offense # | Arrest [K] | Booking/Citation # | Month | Day | Year | Hour:Minute |
|---|---|---|---|---|---|---|
| 1 | | | | | | |

**Narrative:**　On Monday, October 13, 2025 at 1728 hours, IST LOCKHART-LUTZOW D162, while working in the Telephone Reporting Unit when IST was contacted by REPORTING PARTY SHEFFIELD, Tynisha (B/F, DOB 01/17/1980).

| Report # P5331212 | | RB# AU93921 |
| --- | --- | --- |

**Narrative:** RP stated her son, VICTIM CARPENTER/Jody (B/M, DOB 01/27/2010) told her the VICTIM was threatened today at school (North High) by 6-8 UNK/M SUSPECTS. VICTIM stated that they would fight him if they saw him after school. RP stated that this has been ongoing since he JUN2025 when he report abuse by his foster parents and the theft of a phone.

RP stated her son is in fear for his life and it's affecting his well being.

END OF REPORT

| CIB Advised ☐ YES ☑ NO | Officer Advised | | Serial No. |
| --- | --- | --- | --- |
| On Scene ☐ CIB ☐ Crime Lab | Investigator | | Serial No. |
| Other Reports | | Assoc. RB Numbers   AU68633 , AU68634 | |
| Reporting Officer LOCKHART-LUTZOW, Laura | Serial No. D162 | Approved By   SEATON, WILLIAM R. | Serial No. 1761 |



# OMAHA POLICE DEPARTMENT
# INCIDENT REPORT

| Report # P5163340 | | | | | | | | RB# AU68664 | |
|---|---|---|---|---|---|---|---|---|---|

| OCCURRED | | | | | REPORTED | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Location Occurred 4319 LARIMORE AVE Omaha , Douglas County | | | | District # 26 | Location Reported 4519 N 37TH ST Omaha , Douglas County | | | | District # 34 |
| Day of Week | Month | Day | Year | Hour:Minute | Day of Week | Month | Day | Year | Hour:Minute |
| FRIDAY | 06 | 20 | 2025 | 12:00 | SUNDAY | 06 | 22 | 2025 | 20:20 |
| FRIDAY | 06 | 20 | 2025 | 12:30 | CAD# | | | | |

## VICTIM

| | Victim Name or Victim Business CARPENTER, JODY | | | DOB or Approx. Age 01/27/2010 | Data # - Data Center Use 3591210 | |
|---|---|---|---|---|---|---|
| V 1 of 1 | Address 4519 N 37TH ST | | City OMAHA | | State NE | Zip Code 68111 |
| I C | Driver's License #/State | Social Security # | Phone 1 (531) 365-9608 | | Phone 2 | |
| T I M | Race [F] B | Sex [G] M | Victim Type [J] J02 | Height 5' 5" | Weight (lbs) 120 | EMAIL |
| | Indications Victim Using NONE | | Victim Advised of Procedure for VICTIM/WITNESS | Will Prosecute Yes | Victim's Relationship to Offender(s) [N] Suspect #1(NONFAMOTR) Suspect #2(FOSTFAM FP) | |

## OFFENSES

| Offense 1 CHILD ABUSE BY INTENT-NO SER INJURY | Conv Code-Supp Code 22120 - 0 | Location Code [B] B25 | Hate/Bias [D] 99 | Weapon [E] E36 |
|---|---|---|---|---|

## PROPERTY STOLEN OR DAMAGED
### (EVIDENCE AND PROPERTY BOOKED/SEIZED ENTERED DIRECTLY INTO THE EVIDENCE TRACKING SYSTEM IS NOT LISTED HERE)

| ☐ Evidence Seized ☐ Sex Assault Kit | Insured ☐ Yes ☐ No | Company/Agent's Name | | Phone # | |
|---|---|---|---|---|---|
| Item | Quan | Details | Affected [L] | Value | Date Recovered |

| SUSPECT - 1 of 2 | Name SIMPSON, BRANDIE ANN | | DOB or Approx. Age 03/17/1995 | Data # - Data Center Use Only | |
|---|---|---|---|---|---|
| Address 4319 LARIMORE AVE | | City OMAHA | State NE | Zip Code 68111 | |
| Driver's License #/State H13648222 / NE | Social Security # | Phone 1 (000) 000-0000 | | Phone 2 | |
| Race [F] B | Sex [G] F | Height 5' 7" | Weight 215 | Hair BRO | Eyes BRO | Alias/Maiden/Nickname / | Email |
| Business/School Name | | Business Address | | Work Hours | Occupation |
| Clothing/Scars/Tattoos/Other | | | | | |
| Assoc w/ Offense # 1 | Arrest [K] | Booking/Citation # | Month | Day | Year | Hour:Minute |

| SUSPECT - 2 of 2 | Name BISHOP, JOHNNISHA K | | DOB or Approx. Age 01/22/1992 | Data # - Data Center Use Only | |
|---|---|---|---|---|---|
| Address 4319 LARIMORE AVE | | City OMAHA | State NE | Zip Code 68111 | |
| Driver's License #/State H13362801 / NE | Social Security # | Phone 1 (000) 000-0000 | | Phone 2 | |
| Race [F] B | Sex [G] F | Height 5' 2" | Weight 195 | Hair BLK | Eyes BRO | Alias/Maiden/Nickname / | Email |
| Business/School Name | | Business Address | | Work Hours | Occupation |
| Clothing/Scars/Tattoos/Other | | | | | |
| Assoc w/ Offense # 1 | Arrest [K] | Booking/Citation # | Month | Day | Year | Hour:Minute |

**Narrative:** On SUN 22 JUN 25 at approximately 1630 hours R/O BOSN #2623 was dispatched to 4519 N 37th St for a report of a robbery.

| Report # | RB# |
|---|---|
| P5163340 | AU68664 |

**Narrative:** Upon arrival, R/O made contact with the victims mother, SHEFFIELD, Tynisha (B/F, DOB 01/17/1980) who stated her son, CARPENTER, Jody (B/M, DOB 01/27/2010) was robbed early in the morning. While R/O was getting details of the robbery (RB #AU68663), SHEFFIELD told CARPENTER to advise R/O of the separate incident that occurred with his foster mom, BISHOP, Johnnisha (B/F, DOB 01/22/1992) and BISHOP's partner/girlfriend SIMPSON, Brandie (B/F, DOB 03/17/1995).

CARPENTER stated on FRI 20 JUN 25 there was an argument over a phone charger at his foster moms house and it led to BISHOP and SIMPSON coming into CARPENTER's bedroom to confront him. CARPENTER stated BISHOP held him down on the bed and SIMPSON choked him by putting her hands around his neck. CARPENTER stated he could not breathe and told them to let him go. CARPENTER stated he was choked for approximately 1 minute. R/O observed what appeared to be a scratch and bruising on CARPENTER's neck.

See supp for details.

3C40 Sgt. MEZA #2269 advised.
3C30 Sgt. NIELSEN #2012 advised.
CIB Det. MATHIESEN #2488 advised.
CIB Lt. ACKERSON #1958 advised.

Crime Lab on scene.

BWC utilized.

| CIB Advised ☑ YES ☐ NO | Officer Advised | | Serial No. |
|---|---|---|---|
| | MATHIESEN, Ashley | | 2488 |
| On Scene ☐ CIB ☑ Crime Lab | Investigator | | Serial No. |
| Other Reports | SUPPLEMENTAL REPORT | Assoc. RB Numbers    AU68663 , AU68682 | |
| Reporting Officer    BOSN, Timothy | Serial No.    2623 | Approved By    MEZA, Nickolas | Serial No.    2269 |

## OMAHA POLICE DEPARTMENT
## INCIDENT REPORT

| Report # | | RB# |
|---|---|---|
| P5118037 | | AU68663 |

| OCCURRED | | | | | REPORTED | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Location Occurred | | | | District # | Location Reported | | | | District # |
| 10900 ARLINGTON PLZ #1350 Omaha , Douglas County | | | | 101 | 4519 N 37TH ST Omaha , Douglas County | | | | 34 |
| Day of Week | Month | Day | Year | Hour:Minute | Day of Week | Month | Day | Year | Hour:Minute |
| SUNDAY | 06 | 22 | 2025 | 02:00 | SUNDAY | 06 | 22 | 2025 | 18:05 |
| SUNDAY | 06 | 22 | 2025 | 02:15 | CAD# | | | | |

| V | 1 of 1 | Victim Name or Victim Business | | DOB or Approx. Age | | Data # - Data Center Use | |
|---|---|---|---|---|---|---|---|
| | | CARPENTER, JODY | | 01/27/2010 | | 3591210 | |
| I | Address | | City | | State | Zip Code | |
| | 4519 N 37TH ST | | OMAHA | | NE | 68111 | |
| C | Driver's License #/State | Social Security # | Phone 1 | | Phone 2 | | |
| | | | (531) 365-9608 | | | | |
| T | Race [F] | Sex [G] | Victim Type [J] | Height | Weight (lbs) | EMAIL | |
| | B | M | J02 | ' " | | | |
| I | Indications Victim Using | Victim Advised of Procedure for | | Will Prosecute | | Victim's Relationship to Offender(s) [N] | |
| | NONE | VICTIM/WITNESS | | Yes | | Suspect #1(RELUNK) | |
| M | | | | | | Suspect #2(RELUNK) | |
| | | | | | | Suspect #3(RELUNK) | |

### OFFENSES

| Offense 1 | | Conv Code-Supp Code | Location Code [B] | Hate/Bias [D] | Weapon [E] |
|---|---|---|---|---|---|
| ROB / STRG ARM | | 10419 - 0 | B33 | 99 | E36 |

### PROPERTY STOLEN OR DAMAGED
**(EVIDENCE AND PROPERTY BOOKED/SEIZED ENTERED DIRECTLY INTO THE EVIDENCE TRACKING SYSTEM IS NOT LISTED HERE)**

☑ Evidence Seized   Insured ☐ Yes ☑ No   Company/Agent's Name   Phone #
☐ Sex Assault Kit

| Item | Quan | Details | Affected [L] | Value | Date Recovered |
|---|---|---|---|---|---|
| | | Property Type: CELL PHONE | | | |
| | | Make: APPLE | | | |
| | | Model: IPHONE | | | |
| 1 | 1 | Description: TAPE ON FRONT, BROKEN BACK CAMERA | ST | $1000.00 | |

| SUSPECT - 1 of 3 | Name | | DOB or Approx. Age | Data # - Data Center Use Only | |
|---|---|---|---|---|---|
| | UNK, UNK | | | | |
| Address | | City | State | Zip Code | |
| | | | | | |
| Driver's License #/State | Social Security # | Phone 1 | | Phone 2 | |
| | | (000) 000-0000 | | | |
| Race [F] | Sex [G] | Height | Weight | Hair | Eyes | Alias/Maiden/Nickname | Email |
| U | M | | | | | / | |
| Business/School Name | | Business Address | | Work Hours | Occupation |
| | | | | | |
| Clothing/Scars/Tattoos/Other | | | | | |
| | | | | | |
| Assoc w/ Offense # | Arrest [K] | | Booking/Citation # | Month | Day | Year | Hour:Minute |
| | | | | | | | |

| SUSPECT - 2 of 3 | Name | | DOB or Approx. Age | Data # - Data Center Use Only | |
|---|---|---|---|---|---|
| | UNK, UNK | | | | |
| Address | | City | State | Zip Code | |
| | | | | | |
| Driver's License #/State | Social Security # | Phone 1 | | Phone 2 | |
| | | (000) 000-0000 | | | |
| Race [F] | Sex [G] | Height | Weight | Hair | Eyes | Alias/Maiden/Nickname | Email |
| U | M | | | | | / | |
| Business/School Name | | Business Address | | Work Hours | Occupation |
| | | | | | |
| Clothing/Scars/Tattoos/Other | | | | | |
| | | | | | |
| Assoc w/ Offense # | Arrest [K] | | Booking/Citation # | Month | Day | Year | Hour:Minute |
| 1 | | | | | | | |

| Report # | | RB# |
|---|---|---|
| P5118037 | | AU68663 |

| SUSPECT - 3 of 3 | Name | | | DOB or Approx. Age | Data # - Data Center Use Only |
|---|---|---|---|---|---|

UNK, UNK

| Address | | City | | State | Zip Code |
|---|---|---|---|---|---|

| Driver's License #./State | | Social Security # | Phone 1 | | Phone 2 |
|---|---|---|---|---|---|
| | | | (000) 000-0000 | | |

| Race [F] | Sex [G] | Height | Weight | Hair | Eyes | Alias/Maiden/Nickname | | Email |
|---|---|---|---|---|---|---|---|---|
| U | M | | | | | / | | |

| Business/School Name | | Business Address   . | | Work Hours | Occupation |
|---|---|---|---|---|---|

| Clothing/Scars/Tattoos/Other |
|---|

| Assoc w/ Offense # | Arrest [K] | Booking/Citation # | Month | Day | Year | Hour:Minute |
|---|---|---|---|---|---|---|

**Narrative:**    On SUN 22 JUN 25 at approximately 1630 hours R/O BOSN #2623 was dispatched to 4519 N 37th St for a report of a robbery. Caller stated her son was assaulted and robbed.

Upon arrival, R/O made contact with the victims mother, SHEFFIELD, Tynisha (B/F, DOB 01/17/1980) who stated her son, CARPENTER, Jody (B/M, DOB 01/27/2010) was robbed early in the morning.

R/O then made contact with CARPENTER who stated he was helping a friend move and was jumped and attacked by three other parties there who then stole his cellphone. R/O observed what appeared to be an abrasion on CARPENTER's chest. CARPENTER was also complaining on leg pain from the attack and R/O observed him walking with a limp.

See supp for details.

3C30 NIELSEN #2012 and 3C40 MEZA #2269 advised.

Crime lab on scene.

BWC utilized.

| CIB Advised ☐ YES ☑ NO | Officer Advised | | Serial No. |
|---|---|---|---|
| On Scene ☐ CIB ☑ Crime Lab | Investigator | | Serial No. |
| Other Reports | SUPPLEMENTAL REPORT | Assoc. RB Numbers     AU68664 , AU68682 | |
| Reporting Officer     BOSN, Timothy | Serial No.     2623 | Approved By     MEZA, Nickolas | Serial No.     2269 |



## OMAHA POLICE DEPARTMENT
## INCIDENT REPORT

| Report # | | | | | | | | | RB# |
|---|---|---|---|---|---|---|---|---|---|
| P5331212 | | | | | | | | | AU93921 |

| | OCCURRED | | | | | REPORTED | | | |
|---|---|---|---|---|---|---|---|---|---|
| Location Occurred | | | | District # | Location Reported | | | | District # |
| 4519 N 37TH ST Omaha, Douglas County | | | | 26 | 505 S 15TH ST Omaha, Douglas County | | | | 51 |

| Day of Week | Month | Day | Year | Hour:Minute | Day of Week | Month | Day | Year | Hour:Minute |
|---|---|---|---|---|---|---|---|---|---|
| WEDNESDAY | 06 | 25 | 2025 | 00:00 | MONDAY | 10 | 13 | 2025 | 17:25 |
| MONDAY | 10 | 13 | 2025 | 00:01 | CAD# | | | | |

**VICTIM**

| | | | |
|---|---|---|---|
| V 1 of 1 | Victim Name or Victim Business: CARPENTER, JODY | DOB or Approx. Age: 01/27/2010 | Data # - Data Center Use: 3591210 |

| Address | | City | State | Zip Code |
|---|---|---|---|---|
| 4519 N 37TH ST | | OMAHA | NE | 68111 |

| Driver's License #/State | Social Security # | Phone 1 - Other | Phone 2 - Mobile |
|---|---|---|---|
| | | (402) 306-2688 | |

| Race [F] | Sex [G] | Victim Type [J] | Height | Weight (lbs) | EMAIL |
|---|---|---|---|---|---|
| B | M | J02 | | | |

| Indications Victim Using | Victim Advised of Procedure for | Will Prosecute | Victim's Relationship to Offender(s) [N] |
|---|---|---|---|
| NONE | N/A | Yes | Suspect #1 (RELUNK) |

| If Victim is a Juvenile, Parent/Guardian Name | Address | Phone # |
|---|---|---|
| SHEFFIELD, TYNISHA | 4519 N 37TH ST OMAHA, Nebraska 68111 | (402) 306-2688 |

### OFFENSES

| Offense 1 | Conv Code-Supp Code | Location Code [B] | Hate/Bias [D] | Weapon [E] |
|---|---|---|---|---|
| HARASSMENT-OTHER | 23610 - 0 | B25 | 88 | |

### PROPERTY STOLEN OR DAMAGED
(EVIDENCE AND PROPERTY BOOKED/SEIZED ENTERED DIRECTLY INTO THE EVIDENCE TRACKING SYSTEM IS NOT LISTED HERE)

| ☐ Evidence Seized ☐ Sex Assault Kit | Insured ☐ Yes ☐ No | Company/Agent's Name | | Phone # | |
|---|---|---|---|---|---|
| Item | Quan | Details | Affected [L] | Value | Date Recovered |

| MOTHER - 1 of 1 | Name: SHEFFIELD, TYNISHA | DOB or Approx. Age: 01/17/1980 | Data # - Data Center Use Only |
|---|---|---|---|

| Address | | City | State | Zip Code |
|---|---|---|---|---|
| 4519 N 37TH ST | | OMAHA | NE | 68111 |

| Driver's License #/State | Social Security # | Phone 1 | Phone 2 |
|---|---|---|---|
| H14019694 | | (402) 306-2688 | |

| Race [F] | Sex [G] | Height | Weight | Hair | Eyes | Alias/Maiden/Nickname | Email |
|---|---|---|---|---|---|---|---|
| U | F | | | | | / | |

| Business/School Name | Business Address | Work Hours | Occupation |
|---|---|---|---|
| | | | |

| Clothing/Scars/Tattoos/Other |
|---|
| |

| Assoc w/ Offense # | Arrest [K] | Booking/Citation # | Month | Day | Year | Hour:Minute |
|---|---|---|---|---|---|---|
| | | | | | | |

| SUSPECT - 1 of 1 | Name: | DOB or Approx. Age: | Data # - Data Center Use Only |
|---|---|---|---|

| Address | | City | State | Zip Code |
|---|---|---|---|---|
| | | | | |

| Driver's License #/State | Social Security # | Phone 1 | Phone 2 |
|---|---|---|---|
| | | (000) 000-0000 | |

| Race [F] | Sex [G] | Height | Weight | Hair | Eyes | Alias/Maiden/Nickname | Email |
|---|---|---|---|---|---|---|---|
| U | M | | | | | / | |

| Business/School Name | Business Address | Work Hours | Occupation |
|---|---|---|---|
| | | | |

| Clothing/Scars/Tattoos/Other |
|---|
| |

| Assoc w/ Offense # | Arrest [K] | Booking/Citation # | Month | Day | Year | Hour:Minute |
|---|---|---|---|---|---|---|
| 1 | | | | | | |

**Narrative:**    On Monday, October 13, 2025 at 1728 hours, IST LOCKHART-LUTZOW D162, while working in the Telephone Reporting Unit when IST was contacted by REPORTING PARTY SHEFFIELD, Tynisha (B/F, DOB 01/17/1980).

| Report # | | RB# | |
|---|---|---|---|
| P5331212 | | | AU93921 |

**Narrative:** RP stated her son, VICTIM CARPENTER/Jody (B/M, DOB 01/27/2010) told her the VICTIM was threatened today at school (North High) by 6-8 UNK/M SUSPECTS. VICTIM stated that they would fight him if they saw him after school. RP stated that this has been ongoing since he JUN2025 when he report abuse by his foster parents and the theft of a phone.

RP stated her son is in fear for his life and it's affecting his well being.

**END OF REPORT**

| CIB Advised ☐ YES ☑ NO | Officer Advised | | | Serial No. |
|---|---|---|---|---|
| On Scene ☐ CIB ☐ Crime Lab | Investigator | | | Serial No. |
| Other Reports | | Assoc. RB Numbers | AU68633 , AU68634 | |
| Reporting Officer LOCKHART-LUTZOW, Laura | Serial No. D162 | Approved By SEATON, WILLIAM R. | | Serial No. 1761 |



# OMAHA POLICE DEPARTMENT
## INCIDENT REPORT

| Report # | | RB# |
|---|---|---|
| P5163340 | | AU68664 |

| | OCCURRED | | | | | REPORTED | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| **Location Occurred** | | | | | **District #** | **Location Reported** | | | | **District #** |
| 4319 LARIMORE AVE Omaha , Douglas County | | | | | 26 | 4519 N 37TH ST Omaha , Douglas County | | | | 34 |
| **Day of Week** | **Month** | **Day** | **Year** | **Hour:Minute** | | **Day of Week** | **Month** | **Day** | **Year** | **Hour:Minute** |
| FRIDAY | 06 | 20 | 2025 | 12:00 | | SUNDAY | 06 | 22 | 2025 | 20:20 |
| FRIDAY | 06 | 20 | 2025 | 12:30 | **CAD#** | | | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| **V** | **1 of 1** | **Victim Name or Victim Business** CARPENTER, JODY | | | | **DOB or Approx. Age** 01/27/2010 | | **Data # - Data Center Use** 3591210 | |
| **I** | **Address** 4519 N 37TH ST | | | | **City** OMAHA | | **State** NE | **Zip Code** 68111 | |
| **C** | **Driver's License #/State** | | **Social Security #** | **Phone 1** (531) 365-9608 | | | **Phone 2** | | |
| **T** | **Race [F]** B | **Sex [G]** M | **Victim Type [J]** J02 | **Height** 5' 5" | **Weight (lbs)** 120 | **EMAIL** | | | |
| **I** | **Indications Victim Using** NONE | | **Victim Advised of Procedure for** VICTIM/WITNESS | | **Will Prosecute** Yes | | **Victim's Relationship to Offender(s) [N]** Suspect #1(NONFAMOTR) | | |
| **M** | | | | | | | Suspect #2(FOSTFAM FP) | | |

## OFFENSES

| **Offense 1** | **Conv Code-Supp Code** | **Location Code [B]** | **Hate/Bias [D]** | **Weapon [E]** |
|---|---|---|---|---|
| CHILD ABUSE BY INTENT-NO SER INJURY | 22120 -. 0 | B25 | 99 | E36 |

## PROPERTY STOLEN OR DAMAGED
(EVIDENCE AND PROPERTY BOOKED/SEIZED ENTERED DIRECTLY INTO THE EVIDENCE TRACKING SYSTEM IS NOT LISTED HERE)

| ☐ Evidence Seized | **Insured** ☐ Yes ☐ No | **Company/Agent's Name** | | **Phone #** | | |
|---|---|---|---|---|---|---|
| ☐ Sex Assault Kit | | | | | | |
| **Item** | **Quan** | **Details** | | **Affected [L]** | **Value** | **Date Recovered** |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| **SUSPECT - 1 of 2** | | **Name** SIMPSON, BRANDIE ANN | | | **DOB or Approx. Age** 03/17/1995 | **Data # - Data Center Use Only** | | |
| **Address** 4319 LARIMORE AVE | | | | **City** OMAHA | | **State** NE | **Zip Code** 68111 | |
| **Driver's License #/State** H13648222 / NE | | **Social Security #** | **Phone 1** (000) 000-0000 | | | **Phone 2** | | |
| **Race [F]** B | **Sex [G]** F | **Height** 5' 7" | **Weight** 215 | **Hair** BRO | **Eyes** BRO | **Alias/Maiden/Nickname** / | **Email** | |
| **Business/School Name** | | | **Business Address** | | | **Work Hours** | **Occupation** | |
| **Clothing/Scars/Tattoos/Other** | | | | | | | | |
| **Assoc w/ Offense #** 1 | | **Arrest [K]** | | **Booking/Citation #** | | **Month** | **Day** | **Year** | **Hour:Minute** |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| **SUSPECT - 2 of 2** | | **Name** BISHOP, JOHNNISHA K | | | **DOB or Approx. Age** 01/22/1992 | **Data # - Data Center Use Only** | | |
| **Address** 4319 LARIMORE AVE | | | | **City** OMAHA | | **State** NE | **Zip Code** 68111 | |
| **Driver's License #/State** H13362801 / NE | | **Social Security #** | **Phone 1** (000) 000-0000 | | | **Phone 2** | | |
| **Race [F]** B | **Sex [G]** F | **Height** 5' 2" | **Weight** 195 | **Hair** BLK | **Eyes** BRO | **Alias/Maiden/Nickname** / | **Email** | |
| **Business/School Name** | | | **Business Address** | | | **Work Hours** | **Occupation** | |
| **Clothing/Scars/Tattoos/Other** | | | | | | | | |
| **Assoc w/ Offense #** 1 | | **Arrest [K]** | | **Booking/Citation #** | | **Month** | **Day** | **Year** | **Hour:Minute** |

**Narrative:** On SUN 22 JUN 25 at approximately 1630 hours R/O BOSN #2623 was dispatched to 4519 N 37th St for a report of a robbery.

| Report # | RB# |
|---|---|
| P5163340 | AU68664 |

**Narrative:** Upon arrival, R/O made contact with the victims mother, SHEFFIELD, Tynisha (B/F, DOB 01/17/1980) who stated her son, CARPENTER, Jody (B/M, DOB 01/27/2010) was robbed early in the morning. While R/O was getting details of the robbery (RB #AU68663), SHEFFIELD told CARPENTER to advise R/O of the separate incident that occurred with his foster mom, BISHOP, Johnnisha (B/F, DOB 01/22/1992) and BISHOP's partner/girlfriend SIMPSON, Brandie (B/F, DOB 03/17/1995).

CARPENTER stated on FRI 20 JUN 25 there was an argument over a phone charger at his foster moms house and it led to BISHOP and SIMPSON coming into CARPENTER's bedroom to confront him. CARPENTER stated BISHOP held him down on the bed and SIMPSON choked him by putting her hands around his neck. CARPENTER stated he could not breathe and told them to let him go. CARPENTER stated he was choked for approximately 1 minute. R/O observed what appeared to be a scratch and bruising on CARPENTER's neck.

See supp for details.

3C40 Sgt. MEZA #2269 advised.
3C30 Sgt. NIELSEN #2012 advised.
CIB Det. MATHIESEN #2488 advised.
CIB Lt. ACKERSON #1958 advised.

Crime Lab on scene.

BWC utilized.

| CIB Advised ☑ YES ☐ NO | Officer Advised | MATHIESEN, Ashley | Serial No. 2488 |
|---|---|---|---|
| On Scene ☐ CIB ☑ Crime Lab | Investigator | | Serial No. |
| Other Reports | SUPPLEMENTAL REPORT | Assoc. RB Numbers | AU68663 , AU68682 |
| Reporting Officer BOSN, Timothy | Serial No. 2623 | Approved By MEZA, Nickolas | Serial No. 2269 |



# OMAHA POLICE DEPARTMENT
## INCIDENT REPORT

| Report # | | RB# |
|---|---|---|
| P5118037 | | AU68663 |

| OCCURRED | | | | | REPORTED | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Location Occurred | | | | District # | Location Reported | | | | District # |
| 10900 ARLINGTON PLZ #1350 Omaha , Douglas County | | | | 101 | 4519 N 37TH ST Omaha , Douglas County | | | | 34 |
| Day of Week | Month | Day | Year | Hour:Minute | Day of Week | Month | Day | Year | Hour:Minute |
| SUNDAY | 06 | 22 | 2025 | 02:00 | SUNDAY | 06 | 22 | 2025 | 18:05 |
| SUNDAY | 06 | 22 | 2025 | 02:15 | CAD# | | | | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| **V** | 1 of 1 | Victim Name or Victim Business | | | DOB or Approx. Age | | Data # - Data Center Use | | |
| | | CARPENTER, JODY | | | 01/27/2010 | | 3591210 | | |
| **I** | Address | | | City | | | State | Zip Code | |
| | 4519 N 37TH ST | | | OMAHA | | | NE | 68111 | |
| **C** | Driver's License #/State | | Social Security # | | Phone 1 | | | Phone 2 | |
| | | | | | (531) 365-9608 | | | | |
| **T** | Race [F] | Sex [G] | Victim Type [J] | Height | Weight (lbs) | EMAIL | | | |
| | B | M | J02 | ' " | | | | | |
| **I** | Indications Victim Using | | Victim Advised of Procedure for | | Will Prosecute | | Victim's Relationship to Offender(s) [N] | | |
| | NONE | | VICTIM/WITNESS | | Yes | | Suspect #1(RELUNK) | | |
| **M** | | | | | | | Suspect #2(RELUNK) | | |
| | | | | | | | Suspect #3(RELUNK) | | |

## OFFENSES

| Offense 1 | Conv Code-Supp Code | Location Code [B] | Hate/Bias [D] | Weapon [E] |
|---|---|---|---|---|
| ROB / STRG ARM | 10419 - 0 | B33 | 99 | E36 |

## PROPERTY STOLEN OR DAMAGED
### (EVIDENCE AND PROPERTY BOOKED/SEIZED ENTERED DIRECTLY INTO THE EVIDENCE TRACKING SYSTEM IS NOT LISTED HERE)

☑ Evidence Seized    Insured ☐ Yes ☑ No    Company/Agent's Name    Phone #
☐ Sex Assault Kit

| Item | Quan | Details | | Affected [L] | Value | Date Recovered |
|---|---|---|---|---|---|---|
| | | Property Type: | CELL PHONE | | | |
| | | Make: | APPLE | | | |
| | | Model: | IPHONE | | | |
| 1 | 1 | Description: | TAPE ON FRONT, BROKEN BACK CAMERA | ST | $1000.00 | |

| SUSPECT - 1 of 3 | Name | | | DOB or Approx. Age | Data # - Data Center Use Only | |
|---|---|---|---|---|---|---|
| | UNK, UNK | | | | | |
| Address | | City | | State | Zip Code | |
| | | | | | | |
| Driver's License #./State | | Social Security # | Phone 1 | | Phone 2 | |
| | | | (000) 000-0000 | | | |
| Race [F] | Sex [G] | Height | Weight | Hair | Eyes | Alias/Maiden/Nickname | Email |
| U | M | | | | | / | |

Business/School Name    Business Address    Work Hours    Occupation

Clothing/Scars/Tattoos/Other

| Assoc w/ Offense # | Arrest [K] | Booking/Citation # | Month | Day | Year | Hour:Minute |
|---|---|---|---|---|---|---|
| | | | | | | |

| SUSPECT - 2 of 3 | Name | | | DOB or Approx. Age | Data # - Data Center Use Only | |
|---|---|---|---|---|---|---|
| | UNK, UNK | | | | | |
| Address | | City | | State | Zip Code | |
| | | | | | | |
| Driver's License #./State | | Social Security # | Phone 1 | | Phone 2 | |
| | | | (000) 000-0000 | | | |
| Race [F] | Sex [G] | Height | Weight | Hair | Eyes | Alias/Maiden/Nickname | Email |
| U | M | | | | | / | |

Business/School Name    Business Address    Work Hours    Occupation

Clothing/Scars/Tattoos/Other

| Assoc w/ Offense # | Arrest [K] | Booking/Citation # | Month | Day | Year | Hour:Minute |
|---|---|---|---|---|---|---|
| 1 | | | | | | |

## OMAHA POLICE DEPARTMENT
### INCIDENT REPORT

| Report # | | RB# |
|---|---|---|
| P5118037 | | AU68663 |

| | OCCURRED | | | | | REPORTED | | | | |
|---|---|---|---|---|---|---|---|---|---|---|

| Location Occurred | | | | District # | Location Reported | | | | District # |
|---|---|---|---|---|---|---|---|---|---|
| 10900 ARLINGTON PLZ #1350 Omaha, Douglas County | | | | 101 | 4519 N 37TH ST Omaha, Douglas County | | | | 34 |

| Day of Week | Month | Day | Year | Hour:Minute | Day of Week | Month | Day | Year | Hour:Minute |
|---|---|---|---|---|---|---|---|---|---|
| SUNDAY | 06 | 22 | 2025 | 02:00 | SUNDAY | 06 | 22 | 2025 | 18:05 |
| SUNDAY | 06 | 22 | 2025 | 02:15 | CAD# | | | | |

**VICTIM**

| V 1 of 1 | Victim Name or Victim Business | | DOB or Approx. Age | Data # - Data Center Use |
|---|---|---|---|---|
| | CARPENTER, JODY | | 01/27/2010 | 3591210 |

| Address | | City | | State | Zip Code |
|---|---|---|---|---|---|
| 4519 N 37TH ST | | OMAHA | | NE | 68111 |

| Driver's License #/State | Social Security # | Phone 1 | Phone 2 |
|---|---|---|---|
| | | (531) 365-9608 | |

| Race [F] | Sex [G] | Victim Type [J] | Height | Weight (lbs) | EMAIL |
|---|---|---|---|---|---|
| B | M | J02 | ' " | | |

| Indications Victim Using | Victim Advised of Procedure for | Will Prosecute | Victim's Relationship to Offender(s) [N] |
|---|---|---|---|
| NONE | VICTIM/WITNESS | Yes | Suspect #1(RELUNK) Suspect #2(RELUNK) Suspect #3(RELUNK) |

## OFFENSES

| Offense 1 | Conv Code-Supp Code | Location Code [B] | Hate/Bias [D] | Weapon [E] |
|---|---|---|---|---|
| ROB / STRG ARM | 10419 - 0 | B33 | 99 | E36 |

## PROPERTY STOLEN OR DAMAGED
**(EVIDENCE AND PROPERTY BOOKED/SEIZED ENTERED DIRECTLY INTO THE EVIDENCE TRACKING SYSTEM IS NOT LISTED HERE)**

| ☑ Evidence Seized | Insured ☐ Yes ☑ No | Company/Agent's Name | | Phone # | |
|---|---|---|---|---|---|
| ☐ Sex Assault Kit | | | | | |

| Item | Quan | | Details | Affected [L] | Value | Date Recovered |
|---|---|---|---|---|---|---|
| | | Property Type: | CELL PHONE | | | |
| | | Make: | APPLE | | | |
| | | Model: | IPHONE | | | |
| 1 | 1 | Description: | TAPE ON FRONT, BROKEN BACK CAMERA | ST | $1000.00 | |

| SUSPECT - 1 of 3 | Name | | DOB or Approx. Age | Data # - Data Center Use Only |
|---|---|---|---|---|
| | UNK, UNK | | | |

| Address | | City | | State | Zip Code |
|---|---|---|---|---|---|
| | | | | | |

| Driver's License #/State | Social Security # | Phone 1 | Phone 2 |
|---|---|---|---|
| | | (000) 000-0000 | |

| Race [F] | Sex [G] | Height | Weight | Hair | Eyes | Alias/Maiden/Nickname | Email |
|---|---|---|---|---|---|---|---|
| U | M | | | | | / | |

| Business/School Name | Business Address | Work Hours | Occupation |
|---|---|---|---|
| | | | |

| Clothing/Scars/Tattoos/Other | | | | | | | |
|---|---|---|---|---|---|---|---|

| Assoc w/ Offense # | Arrest [K] | Booking/Citation # | Month | Day | Year | Hour:Minute |
|---|---|---|---|---|---|---|
| | | | | | | |

| SUSPECT - 2 of 3 | Name | | DOB or Approx. Age | Data # - Data Center Use Only |
|---|---|---|---|---|
| | UNK, UNK | | | |

| Address | | City | | State | Zip Code |
|---|---|---|---|---|---|
| | | | | | |

| Driver's License #/State | Social Security # | Phone 1 | Phone 2 |
|---|---|---|---|
| | | (000) 000-0000 | |

| Race [F] | Sex [G] | Height | Weight | Hair | Eyes | Alias/Maiden/Nickname | Email |
|---|---|---|---|---|---|---|---|
| U | M | | | | | / | |

| Business/School Name | Business Address | Work Hours | Occupation |
|---|---|---|---|
| | | | |

| Clothing/Scars/Tattoos/Other | | | | | | | |
|---|---|---|---|---|---|---|---|

| Assoc w/ Offense # | Arrest [K] | Booking/Citation # | Month | Day | Year | Hour:Minute |
|---|---|---|---|---|---|---|
| 1 | | | | | | |

**Email Delivery Certificate generated by Mailsuite**

| | |
|---|---|
| **From** | Tynisha Sheffield <tasheffi@gmail.com> |
| **Subject** | Counsel's Evasive Response and Failure to Address Case Issues – JV 24-1594 |
| **Message ID** | <53f42b52-08ad-a9e0-dc8c-3c682f175f52@gmail.com> |
| **Delivered on** | 21 Aug, 2025 at 1:36 PM |
| **Delivered to** | <justin@justinwaynelaw.com>, <hpham@leg.ne.gov>, <governor.nebraska@nebraska.gov>, <oig@leg.ne.gov>, <oig@nebraska.gov>, <nwilliams@voicesforchildren.com>, <jjlc@creighton.edu>, <clinic@creighton.edu>, <info@aclunebraska.org>, <info@childrensrights.org>, <info@childrensdefense.org>, <nalamdari@flatwaterfreepress.org>, <andy.pierrotti@wowt.com>, <newswatch@foxnews.com>, <cnn.investigates@cnn.com>, <cnn.tips@cnn.com> |

## Tracking history

◉ **Opened** on 1 Dec, 2025 at 2:43 PM by jjlc@creighton.edu

◉ **Opened** on 4 Sep, 2025 at 4:52 PM by justin@justinwaynelaw.com

◉ **Opened** on 25 Aug, 2025 at 10:15 PM by justin@justinwaynelaw.com

◉ **Opened** on 21 Aug, 2025 at 10:39 PM by justin@justinwaynelaw.com

◉ **Opened** on 21 Aug, 2025 at 5:41 PM by justin@justinwaynelaw.com

◉ **Opened** on 21 Aug, 2025 at 5:35 PM by justin@justinwaynelaw.com

◉ **Opened** on 21 Aug, 2025 at 4:57 PM by hpham@leg.ne.gov

◉ **Opened** on 21 Aug, 2025 at 4:56 PM by justin@justinwaynelaw.com

◉ **Opened** on 21 Aug, 2025 at 4:51 PM by justin@justinwaynelaw.com

◉ **Opened** on 21 Aug, 2025 at 4:12 PM by hpham@leg.ne.gov

◉ **Opened** on 21 Aug, 2025 at 3:44 PM by justin@justinwaynelaw.com

◉ **Opened** on 21 Aug, 2025 at 3:35 PM by justin@justinwaynelaw.com

◉ **Opened** on 21 Aug, 2025 at 3:26 PM by justin@justinwaynelaw.com

◉ **Opened** on 21 Aug, 2025 at 2:02 PM by clinic@creighton.edu

◉ **Opened** on 21 Aug, 2025 at 1:59 PM by oig@leg.ne.gov

◉ **Opened** on 21 Aug, 2025 at 1:59 PM by oig@leg.ne.gov

◉ **Opened** on 21 Aug, 2025 at 1:56 PM by oig@leg.ne.gov

*V/* **Mailsuite**

2025 © **Mailsuite, S.L.**
C/ Córcega 301, At. 2.
08008 Barcelona - España

**Email Delivery Certificate generated by Mailsuite**

👁  **Opened** on 21 Aug, 2025 at 1:44 PM by clinic@creighton.edu

👁  **Opened** on 21 Aug, 2025 at 1:41 PM by oig@leg.ne.gov

👁  **Opened** on 21 Aug, 2025 at 1:39 PM by nalamdari@flatwaterfreepress.org

👁  **Opened** on 21 Aug, 2025 at 1:37 PM by hpham@leg.ne.gov

👁  **Opened** on 21 Aug, 2025 at 1:37 PM by jjlc@creighton.edu

👁  **Opened** on 21 Aug, 2025 at 1:36 PM by andy.pierrotti@wowt.com

*v/ Mailsuite*

2025 © **Mailsuite, S.L.**
C/ Córcega 301, At. 2.
08008 Barcelona - España

**Email Delivery Certificate generated by Mailsuite**

| | |
|---|---|
| **From** | Tynisha Sheffield <tasheffi@gmail.com> |
| **Subject** | Counsel's Evasive Response and Failure to Address Case Issues – JV 24-1594 |
| **Message ID** | <53f42b52-08ad-a9e0-dc8c-3c682f175f52@gmail.com> |
| **Delivered on** | 21 Aug, 2025 at 1:36 PM |
| **Delivered to** | <justin@justinwaynelaw.com>, <hpham@leg.ne.gov>, <governor.nebraska@nebraska.gov>, <oig@leg.ne.gov>, <oig@nebraska.gov>, <nwilliams@voicesforchildren.com>, <jjlc@creighton.edu>, <clinic@creighton.edu>, <info@aclunebraska.org>, <info@childrensrights.org>, <info@childrensdefense.org>, <nalamdari@flatwaterfreepress.org>, <andy.pierrotti@wowt.com>, <newswatch@foxnews.com>, <cnn.investigates@cnn.com>, <cnn.tips@cnn.com> |

## Tracking history

👁 **Opened** on 1 Dec, 2025 at 2:43 PM by jjlc@creighton.edu

👁 **Opened** on 4 Sep, 2025 at 4:52 PM by justin@justinwaynelaw.com

👁 **Opened** on 25 Aug, 2025 at 10:15 PM by justin@justinwaynelaw.com

👁 **Opened** on 21 Aug, 2025 at 10:39 PM by justin@justinwaynelaw.com

👁 **Opened** on 21 Aug, 2025 at 5:41 PM by justin@justinwaynelaw.com

👁 **Opened** on 21 Aug, 2025 at 5:35 PM by justin@justinwaynelaw.com

👁 **Opened** on 21 Aug, 2025 at 4:57 PM by hpham@leg.ne.gov

👁 **Opened** on 21 Aug, 2025 at 4:56 PM by justin@justinwaynelaw.com

👁 **Opened** on 21 Aug, 2025 at 4:51 PM by justin@justinwaynelaw.com

👁 **Opened** on 21 Aug, 2025 at 4:12 PM by hpham@leg.ne.gov

👁 **Opened** on 21 Aug, 2025 at 3:44 PM by justin@justinwaynelaw.com

👁 **Opened** on 21 Aug, 2025 at 3:35 PM by justin@justinwaynelaw.com

👁 **Opened** on 21 Aug, 2025 at 3:26 PM by justin@justinwaynelaw.com

👁 **Opened** on 21 Aug, 2025 at 2:02 PM by clinic@creighton.edu

👁 **Opened** on 21 Aug, 2025 at 1:59 PM by oig@leg.ne.gov

👁 **Opened** on 21 Aug, 2025 at 1:59 PM by oig@leg.ne.gov

👁 **Opened** on 21 Aug, 2025 at 1:56 PM by oig@leg.ne.gov

**✔/Mailsuite**

2025 © **Mailsuite, S.L.**
C/ Córcega 301, At. 2.
08008 Barcelona - España

**Email Delivery Certificate generated by Mailsuite**

👁 **Opened** on 21 Aug, 2025 at 1:44 PM by clinic@creighton.edu

👁 **Opened** on 21 Aug, 2025 at 1:41 PM by oig@leg.ne.gov

👁 **Opened** on 21 Aug, 2025 at 1:39 PM by nalamdari@flatwaterfreepress.org

👁 **Opened** on 21 Aug, 2025 at 1:37 PM by hpham@leg.ne.gov

👁 **Opened** on 21 Aug, 2025 at 1:37 PM by jjlc@creighton.edu

👁 **Opened** on 21 Aug, 2025 at 1:36 PM by andy.pierrotti@wowt.com

**✓/ Mailsuite**

2025 © **Mailsuite, S.L.**
C/ Córcega 301, At. 2.
08008 Barcelona - España

2. October 20 Hearing

Notice was sent at 11:32 p.m. on October 19. No ADA accommodations were provided.

3. Appeal Withdrawal (October 30)

Both the protective appeal and my pro se appeal were withdrawn without written consultation or authorization.

4. Safety Incidents Omitted From DHHS Records

• AU-68664 – Neck compression

• AU-68663 – Robbery/assault

• AU-93921 – Placement-related harm

• Hotline #1128970 – No running water

• Hotline #1132675 – Assault at Raven Bass placement

5. Harboring Statements (AU-05538)

Police documentation indicates Jody reported staying with Johneisha Bishop.

6. Record Corrections

Where any party believes the record already reflects accurate information, please identify the specific document and date.

Silence Clause

If no written clarification is received within 7 business days, the record will reflect that clarification was requested and no response was provided.

Respectful Request

The goal of this Notice is to ensure decision-making is based on complete and accurate records.

Signed:

Tinesha T. Sheffield

State of Nebraska
County of Douglas
The foregoing instrument was acknowledged before me
this ___ day of _December_ 2025
By _Tinesha T. Sheffield_
Personally known ___ OR produced identification
Type identification produced ___ driver's license

Notary Public

GENERAL NOTARY - State of Nebraska
KAMAL ADHIKARI
My Comm. Exp. November 09, 2029

AFFIDAVIT OF LATSHA GRIFFIN I, Latsha Griffin, hereby declare under penalty of perjury that the following statements are true and correct to the best of my knowledge. 1. I personally witnessed the events described by Tinesha T. Sheffield regarding the interactions with the juvenile clerk's office, including: • The filing order being altered after submission. • The clerk stating that she could see the documents were "started in one order, then changed." • The confusion caused when we were sent between two clerk offices. • The two-sided printing issue and the clerk stating she "keeps all papers filed" and could not provide copies. • The later clerk correcting the filing and providing a proper stamped copy. • All statements I observed are true to the best of my ability. 2. I further affirm that I was present during the interactions with A Blessing of Hope personnel, including: • Statements made in code or unclear language. • Communications that caused confusion or concern about service accuracy. • I witnessed these events directly. 3. Everything I state in this affidavit is based on my direct observation as a caregiver present with Tinesha Sheffield. I affirm the above under penalty of perjury.

_____ /s/ Latsha Griffin Latsha Griffin

Date: 12/01/2025 _____ NOTARY PUBLIC State of Nebraska County of _Douglas_____ Subscribed and sworn before me on this _1st_ day of _December___, 2025.

_____ (11-09-2029) Notary Public My Commission Expires: 11-09-2029

GENERAL NOTARY - State of Nebraska
KAMAL ADHIKARI
My Comm. Exp. November 09, 2029

I make this sworn statement voluntarily, for use in court, administrative proceedings, and federal oversight.

_____

/s/ Tinesha T. Sheffield

Tinesha T. Sheffield

NOTARY PUBLIC

State of _Nebraska_

County of _Douglas_

The foregoing instrument was acknowledged before me on this _1st_ day of _December_, 2025,

by Tinesha T. Sheffield, who appeared before me and affirmed that the statements contained herein are true to the best of her knowledge and belief.

_____

Notary Public

My Commission Expires: _11-09-2029_

GENERAL NOTARY - State of Nebraska
KAMAL ADHIKARI
My Comm. Exp. November 09, 2029

## Universal Rebuttal Memorandum and Motion for Dismissal

Dear Mr. Wayne,

Please find attached my Universal Rebuttal Memorandum and Motion for Dismissal, Federal Civil Rights, ADA & 504 Restoration, and Redress for immediate filing.

This document corrects prior procedural harm, preserves all federal civil-rights claims, and requests full dismissal and termination of jurisdiction. It is transmitted under dual jurisdiction and includes verified citations and supporting authorities.

As counsel of record, you are requested to file this without delay upon receipt or provide written justification for any refusal. In the alternative, please request a formal hearing date consistent with your duty of diligence and client communication under Neb. Ct. R. Prof. Cond. §§ 3-501.3 and 3-501.4.

Respectfully,

Tynisha Sheffield
4519 N. 37th Street
Omaha, NE 68111
(402) 306-2688
tasheffi@gmail.com





"When a mother is silenced, the Constitution must speak."

---

UNIVERSAL REBUTTAL MEMORANDUM AND MOTION FOR DISMISSAL, FEDERAL CIVIL RIGHTS, ADA & 504 RESTORATION, AND REDRESS



(Dual Jurisdiction Filing - United States District Court, District of Nebraska & Douglas County Juvenile Court, Case No. JV-24-1594)

"When a mother is silenced, the Constitution must speak."

This case is not about neglect; it is about neglect of justice.

No physical evidence has ever existed against Tynisha Sheffield. What does exist is an unfounded 2020 case, exhumed and weaponized into years of intrusion, discrimination, and denial of due process.

This Memorandum stands as both record and remedy - a demand that this Court restore the rights Congress

## Universal Rebuttal Memorandum and Motion for Dismissal

and the Constitution guarantee.

I. The Origin - From Unfounded to Unconstitutional

The record opens with Monessa Allerheimergen of Douglas County Juvenile Probation.
In 2020 she resurrected a DHHS case already ruled unfounded and built a false narrative upon it - an act that contravenes Mathews v. Eldridge, 424 U.S. 319 (1976).

By May 2025 Ms. Sheffield requested new counsel; the Court refused.
By July 5 2025 Attorney Shannon Benash was permitted to withdraw mid-trial.
On July 15 the Court conducted disposition with Ms. Sheffield unrepresented, silencing her attempt to report abuse suffered by her son while in state custody - a violation of In re Interest of J.A., 312 Neb. 1068 (2022); Strickland v. Washington, 466 U.S. 668 (1984); and Gideon v. Wainwright, 372 U.S. 335 (1963).

II. Counsel of Record - The Promise That Became Politics

On July 17 2025, Justin T. Wayne was appointed counsel of record - the same week he announced his political campaign.
He could not serve two masters. His loyalty was divided: one eye on his client, the other on the polls.
Under Neb. Ct. R. Prof. Cond. § 3-501.7, a personal interest that materially limits representation is a disqualifying conflict.

At first, he promised to treat the family "like his own." By October 30, that promise collapsed.
Without consultation, consent, or signature, he withdrew both his own appeal and his client's pro se appeal - closing the last constitutional exit from this proceeding.
The paper trail tells the story: a Praecipe for Transcript proving filing, a Withdrawal Order proving dismissal, and no written waiver of rights.
That act stripped a mother of her appellate liberty, violating In re Interest of J.A. and Strickland v. Washington.

After the October 26 Immanuel Hospital incident, Ms. Sheffield sent a privileged update regarding her son's trauma. Five days later, Attorney Wayne disclosed it to Katherine Shipley (DHHS) and Ashley Strader (GAL) without her permission - a breach of Rules 1.6 (Confidentiality) and 1.3 (Diligence).
He cannot claim ignorance; he can only answer for disloyalty.

III. DHHS and Katherine Shipley - Omission as a Tactic

**Universal Rebuttal Memorandum and Motion for Dismissal**

Shipley's filings omit every fact that would clear the parent and protect the child:

- Police Reports AU-68664 (June 2025 assault), AU-68663 (June 2025 retaliatory assault), AU-93921 (July-Sept 2025 continuing harassment)
- Hotline Reports #1128970 (June 2025 - no running water in placement) and #1132675 (July 2025 - assault in placement)

All establish harm while Jody Carpenter was in state custody, not at home.
Yet Shipley recorded "no 504 needs," contradicting OPS documentation and violating 34 C.F.R. § 104.36.
She closed a "safety plan" on August 3 yet kept the case open - a procedural impossibility under Doe v. State of Nebraska, 345 F.3d 593 (8th Cir. 2003).

That selective omission is deliberate indifference: ignoring real abuse while perpetuating false allegations for administrative convenience and Title IV-E funding retention.

IV-A. Disability, "Flight," and the Weaponization of Medical Records

The record shows that Jody Carpenter has a diagnosed Borderline Intellectual Disability with trauma-response behaviors including "flight."
His clinical documentation - withheld by Katherine Shipley despite repeated requests - states that avoidance and flight are symptom-based responses to trauma, not defiance or danger.

Rather than accommodate those needs, DHHS converted them into "non-compliance" narratives to keep the family under jurisdiction - textbook discrimination under Title II of the ADA and §504 of the Rehabilitation Act.

That delay and concealment constitute deliberate indifference: an intentional refusal to disclose exculpatory information because truth would collapse the foundation for continued custody.

IV-B. Economic Exploitation Under Color of Law

This case shows how DHHS monetized custody and prolonged jurisdiction through Title IV-E reimbursements and Social Security diversions.
When a disabled child becomes a state ward, federal dollars follow the file - not the family.

Even after Jody returned home, DHHS continued to collect Social Security derivative payments meant for his

**Universal Rebuttal Memorandum and Motion for Dismissal**

care. For a time, those benefits were still being issued to the same foster placements later implicated in abuse - Johnesha Bishop and Brandi Simpson - long after his return.

The parent ultimately received a $45 refund, documented by the State Ward Personal Expense Form, proving that federal benefits assigned to Jody Carpenter were redirected to the Department and former foster placements even after reunification.

This tangible record completes the chain of evidence showing that Nebraska DHHS prolonged jurisdiction not for protection but for profit - an act of economic exploitation under color of law that violates the very statutes meant to safeguard children and families.

Accordingly, the record demonstrates both economic and procedural exploitation under color of law. The only remedy consistent with justice and the Americans with Disabilities Act is immediate dismissal and restoration of all parental rights, as set forth below.

V. The Law Outranks Neglect - No Refuge in "Sovereign Immunity"

The State cannot hide behind sovereign immunity while accepting federal funds, acting under color of law, and violating disability rights through deliberate indifference and mischaracterization.
(United States v. Georgia, 546 U.S. 151 (2006); Barnes v. Gorman, 536 U.S. 181 (2002); Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978); Henry A. v. Willden, 678 F.3d 991 (9th Cir. 2012); DeShaney v. Winnebago Cty., 489 U.S. 189 (1989); Tennessee v. Lane, 541 U.S. 509 (2004).)

VI. The Remedy - Restoration, Dismissal, and Redress

Justice requires:

1. Reinstatement of withdrawn appeals and restoration of all pro se rights.
2. Dismissal of Case JV-24-1594 for lack of lawful basis.
3. Removal of DHHS Case Manager Katherine Shipley and GAL Ashley Strader for conflict and neglect.
4. Federal referral for ADA and OCR oversight of A Blessing of Hope and DHHS.
5. Preservation of claims for damages and corrective relief under 42 U.S.C. §1983, Title II, and §504.

VII. Courtesy Filing and Ethical Restoration Clause

This Memorandum is transmitted to Attorney Justin T. Wayne for immediate filing and request of a court date out of professional courtesy and ethical duty.

*Tynisha Sheffield | Parent & Civil Rights Advocate*
*4519 N. 37th Street - Omaha, NE 68111 - (402) 306-2688 - tasheffi@gmail.com*

**Universal Rebuttal Memorandum and Motion for Dismissal**

By withdrawing both his own appeal and his client's pro se appeal without authorization, he deprived the client of her constitutional right to appellate review and due-process participation.

Under Neb. Ct. R. Prof. Cond. §§ 3-501.2, 3-501.3, 3-501.4 and Strickland, counsel bears a continuing duty to correct the harm he caused. Failure to act promptly constitutes a further violation under §§ 3-501.16(d) and 3-508.4(d).

He opened the door that closed her rights; he must be the one to reopen it.

VIII. Preservation of Rights and Federal Oversight Clause

This filing preserves every remedy available to Tynisha Sheffield under:

- Americans with Disabilities Act (42 U.S.C. §12132)
- Section 504 of the Rehabilitation Act (29 U.S.C. §794)
- 42 U.S.C. §1983 (Civil Action for Deprivation of Rights)
- The Fourteenth Amendment

Oversight is expressly reserved for:

- U.S. Department of Justice - Civil Rights Division
- U.S. Department of Education - Office for Civil Rights (Kansas City)
- U.S. Department of Health & Human Services - Office for Civil Rights
- Nebraska Counsel for Discipline

Nothing herein waives potential civil or punitive damages for misconduct or deprivation of rights under color of law.

IX. Appendix - Verified Authorities (LexisNexis Cross-Checked)

Mathews v. Eldridge (1976); Gideon v. Wainwright (1963); Strickland v. Washington (1984); In re Interest of J.A. (2022); Doe v. Nebraska (2003); Meagley v. City of Little Rock (2011); United States v. Georgia (2006); Barnes v. Gorman (2002); Monell (1978); Henry A. (2012); DeShaney (1989); Tennessee v. Lane (2004).

Statutes and Regulations: ADA; §504; 42 U.S.C. §1983; 34 C.F.R. Part 104; 28 C.F.R. Part 35.

**Universal Rebuttal Memorandum and Motion for Dismissal**

Reference Works: Black's Law Dictionary (11th ed.); Encyclopaedia Britannica (2025); ADA National Network Disability Law Handbook (2022).

Procedural Record: Praecipe for Transcript (JV-24-1594); Withdrawal of Appeal (A-25-000626); Police Reports AU-68664, AU-68663, AU-93921; Hotline #1128970, #1132675.

Respectfully Submitted,

/s/ Tynisha Sheffield

Parent & Complainant on Behalf of Minor Child Jody E. Carpenter (JV-24-1594)

4519 N. 37th Street, Omaha, Nebraska 68111

(402) 306-2688 | tasheffi@gmail.com

(E-Filed Delivery Certificate Attached - Copies to DOJ Civil Rights Division, OCR Kansas City, HHS OCR, and Nebraska Counsel for Discipline for Federal Oversight)

# CERTIFICATE OF SERVICE

I, the undersigned, certify that on August 12, 2025, I served a copy of the foregoing document upon the following persons at the addresses given, by mailing by United States Mail, postage prepaid, or via E-mail:

Lisa M. Gonzalez – gonzalez@johnsonpeknylaw.com

Reem H. Al Zubair – reem@johnsonpeknylaw.com

DHHS Court Orders – DHHS.DouglasCountyCourtOrders@nebraska.gov

Ashley L. Strader – ashleystraderlaw@gmail.com

Hayley Kaiser – hayley.kaiser@douglascounty-ne.gov

Justin T. Wayne – justin@justinwaynelaw.com

Shannon L. Benash – shannon@shannonbenashlaw.com

Jordan T. Klein – jordan.klein@douglascounty-ne.gov

Brittany Long – brittany.long@nebraska.gov

Julie Pham – hpham@leg.ne.gov

Biological Mother: _____  Date: 8/12/25

# APPENDIX A — VERIFIED LEGAL AUTHORITIES AND WORKS CITED

(LexisNexis Verified — ADA, § 504, Civil Rights, and Due Process Authorities)

## I. FEDERAL CASE LAW

Mathews v. Eldridge, 424 U.S. 319 (1976) — establishes procedural due-process requirements when government actions affect protected interests.

Gideon v. Wainwright, 372 U.S. 335 (1963) — guarantees right to counsel and fair process.

Strickland v. Washington, 466 U.S. 668 (1984) — sets standard for ineffective assistance and duty of counsel.

United States v. Georgia, 546 U.S. 151 (2006) — confirms Congress validly abrogated sovereign immunity for ADA Title II claims involving constitutional violations.

Tennessee v. Lane, 541 U.S. 509 (2004) — holds that access to courts is a fundamental right protected under Title II of the ADA.

Barnes v. Gorman, 536 U.S. 181 (2002) — clarifies that recipients of federal funds waive sovereign immunity for § 504 claims.

Monell v. Department of Social Services, 436 U.S. 658 (1978) — establishes municipal and agency liability for policies or customs that cause constitutional harm.

DeShaney v. Winnebago County, 489 U.S. 189 (1989) — defines state-custody duties and liability under color of law.

Henry A. v. Willden, 678 F.3d 991 (9th Cir. 2012) — recognizes constitutional and statutory claims for systemic foster-care failures.

Meagley v. City of Little Rock, 639 F.3d 384 (8th Cir. 2011) — confirms compensatory damages for intentional discrimination under ADA/§ 504.

Doe v. State of Nebraska, 345 F.3d 593 (8th Cir. 2003) — applies state-actor duty and color-of-law liability in Nebraska child-welfare context.

Troxel v. Granville, 530 U.S. 57 (2000) — affirms constitutional parental liberty and family integrity.

Ex parte Young, 209 U.S. 123 (1908) — authorizes prospective injunctive relief against state officials for ongoing violations.

## II. STATUTORY AUTHORITIES AND REGULATIONS

Americans with Disabilities Act, 42 U.S.C. § 12131 et seq.

Section 504 of the Rehabilitation Act, 29 U.S.C. § 794.

Civil Rights Act, 42 U.S.C. § 1983 — provides cause of action for deprivation of constitutional rights under color of law.

Education Regulations — 34 C.F.R. Part 104 (Section 504 regulations).

Justice Regulations — 28 C.F.R. Part 35 (ADA Title II public-entity standards).

42 U.S.C. § 2000d-7 — state waiver of sovereign immunity by accepting federal funds.

## III. SCHOLARLY AND REFERENCE SOURCES

Black's Law Dictionary (11th ed.) — defining 'color of law,' 'deliberate indifference,' and 'due process.'

ADA National Network, Disability Law Handbook (2022 ed.).

Encyclopædia Britannica Online (2025 rev.).

The Color of Law: A Forgotten History of How Our Government Segregated America, Richard Rothstein (2017).
The Black Church in America, Harvard Press (2022).
Unequal Rights: ADA and Systemic Compliance in Public Institutions, Vehr Communications (2021).

# IV. SUPPORTING EVIDENCE RECORD

Police Reports: AU-68663, AU-68664, AU-93921
Hotline Reports: #1128970, #1132675
Court Report — Katherine Shipley (DHHS), Oct 9 2025
Discharge Report — A Blessing of Hope (Angel Todd et al.)
Universal Rebuttal Memorandum (11/04/2025)
Notice of Filing and Motion for Record Preservation (this filing)
All active OCR complaint records referenced below:
• OCR No. 11-25-641143 (OPS) • OCR No. 644573 (DHHS) • OCR No. 644851 (A Blessing of Hope) • OCR No. 641674 (CareMinders)

# V. INTEGRATION CLAUSE

This Appendix is submitted as a verified authority table to accompany and substantiate the Universal Rebuttal Memorandum and Motion for Dismissal (ADA § 504 Restoration and Civil Rights Redress). All citations have been cross-checked via LexisNexis and Black's Law Dictionary (11th ed.), and are incorporated into the parent filing by reference for judicial notice.
Executed this _____ day of _____, 2025.

Respectfully Submitted,

_____
Tynisha T. Sheffield
Parent & Complainant on Behalf of Minor Child Jody E. Carpenter (JV-24-1594)
4519 North 37th Street | Omaha, Nebraska 68111
Tel: (402) 306-2688 Email: tasheffi@gmail.com

## CERTIFICATION OF AUTHENTICITY AND PRO SE DECLARATION

I, Tynisha Sheffield, being of sound mind and lawful capacity, hereby declare under penalty of perjury that I am the compiler, author, and lawful custodian of the attached exhibits and supporting correspondence contained within this binder.

These materials were gathered and prepared by me personally in the course of pursuing redress under the Americans with Disabilities Act (ADA), Section 504 of the Rehabilitation Act, and related civil-rights protections under 42 U.S.C. § 1983, as applied to State of Nebraska v. Jody E. Carpenter (Case No. JV-24-1594).

I appear pro se as a qualified individual with disabilities, including Post-Traumatic Stress Disorder (PTSD), Bipolar Disorder, and Cognitive Memory Impairment. My participation in these proceedings is protected under federal law, including 42 U.S.C. § 12132, 29 U.S.C. § 794, and 28 C.F.R. § 35.130(b)(7). As such, I am entitled to reasonable accommodation, equal access, and freedom from retaliation in all judicial and administrative processes.

The attached exhibits and statements are true, complete, and accurate to the best of my knowledge and belief, and are submitted in good faith as evidence of ongoing violations, deliberate indifference, and retaliation under color of law.

This declaration is made pursuant to 28 U.S.C. § 1746 and may be used as evidentiary certification in any federal or state forum as required.

Executed this _____ day of _____ 2025, in Omaha, Nebraska.

Tynisha T. Sheffield

Parent & Civil Rights Advocate (Pro Se)

4519 N 37th Street, Omaha, NE 68111

(402) 306-2688 | tasheffi@gmail.com

# AFFIDAVIT OF JODY E. CARPENTER

State of Nebraska • County of Douglas • Case No. JV 24-1594

I, Jody E. Carpenter, age 15, am a minor child. My biological mother is Tynisha Sheffield. She is my legal parent, and her parental rights have never been terminated. Being duly sworn, I state the following in my own words, understanding this affidavit may be used in court. The statements below are true to the best of my knowledge.

I make this declaration of my own free will, and I understand that it may be used in legal proceedings regarding my placement, safety, and best interests.

## 1. Purpose of Declaration

This declaration is intended to document my personal experiences and circumstances during my time in placements under the Nebraska Department of Health and Human Services (DHHS). It is being provided to the court and to relevant state actors to ensure my voice is accurately represented.

## 2. Placement Concerns

• I have experienced unsafe environments in certain foster placements.
• I have been subjected to verbal, emotional, and physical harm.
• I have not received consistent access to therapy, despite previous recommendations.

## 3. Visitation

Since being placed in foster care, I have had only two visits with my biological mother, Tynisha Sheffield, during the current placement period. These limited visits have impacted my emotional wellbeing.

## 4. Therapy

No family therapy has occurred between my mother and me, despite it being ordered and despite my expressed desire to have it. I believe this lack of therapeutic support has made my situation more difficult.

## 5. Communication with DHHS

My mother has documented repeated communication attempts with DHHS caseworker Kate Shipley regarding visitation, safety, and reunification planning. These communications have not resulted in meaningful changes to my situation.

## 6. Statement of Preference

It is my desire to return home to live with my biological mother, Tynisha Sheffield, where I feel safe, supported, and cared for.

**RECEIVED**

AUG 1 1 2025

CLERK OF THE DISTRICT COURT

## 7. Placement with Johnesha Bishop and Brandy Simpson

While living in the home of Johnesha Bishop and Brandy Simpson, I felt unsafe. I was threatened and, at times, physically hurt. They told me what I was supposed to say in court about my mom — including saying bad things about her and never saying I wanted to go home.

They retaliated when they thought my mom was trying to get me removed from their home. They bragged about 'child support' money they were getting for me — money that I later learned came from my mom's retirement benefits and my dad's child support payments...

Declarant:

_Jody Carpenter_ Jody E. Carpenter, Minor

Date: _08/11/25_

Biological Mother:

_[signature]_ Tynisha Sheffield

Date: _8/11/25_

## NOTARY ACKNOWLEDGMENT

State of Nebraska
County of _Douglas_

On this _11th_ day of _August_, 2025, before me, the undersigned Notary Public, personally appeared Jody E. Carpenter, known to me (or satisfactorily proven) to be the person whose name is subscribed to this instrument, and acknowledged that he executed the same for the purposes therein contained.

In witness whereof, I hereunto set my hand and official seal.

_[signature]_

GENERAL NOTARY - State of Nebraska
SUSHIL GUPTA
My Comm. Exp. September 10, 2028

## CERTIFICATE OF SERVICE

I, the undersigned, certify that on ___8 / 11___, 2025, I served a true and correct copy of the foregoing Declaration/Affidavit of Jody E. Carpenter by email to the following recipients:

**Attorneys / Legal Counsel**
- Lisa M. Gonzalez – gonzalez@johnsonpeknylaw.com
- Reem H. Al Zubair – reem@johnsonpeknylaw.com
- Justin T. Wayne – justin@justinwaynelaw.com
- Ashley L. Strader (GAL) – ashleystraderlaw@gmail.com

**State Actors / DHHS & Court Officials**
- Kate Shipley – kate.shipley@nebraska.gov
- Hayley Kaiser – hayley.kaiser@douglascounty-ne.gov
- Jordan T. Klein – jordan.klein@douglascounty-ne.gov
- DHHS Court Orders – DHHS.DouglasCountyCourtOrders@nebraska.gov

**Oversight & Legislative Contacts**
- Senator Terrell McKinney – tmckinney@leg.ne.gov
- Julie Pham – hpham@leg.ne.gov
- Legislature Help – legislaturehelp@leg.ne.gov
- Nebraska Foster Care Review Office – fcro.contact@nebraska.gov
- Brittany Long – brittany.long@nebraska.gov
- DHHS Grievance Support – DHHS.SP.CFSGrievanceSupportDoc@nebraska.gov
- DHHS Child & Family Services – dhhs.childandfamilyservices@nebraska.gov
- DHHS Child/Adult Hotline – dhhs.childadulthotline@nebraska.gov

By: _____ Tynisha Sheffield, Biological Mother

By: _____ Jody E. Carpenter, Minor

Date: ___8 / 11___, 2025

# TYNISHA SHEFFIELD

Parent & Civil Rights Advocate for Jody E'Mir Carpenter
4519 N 37th Street • Omaha, NE 68111 • (402) 306-2688 • tasheffi@gmail.com
Confidential Legal Correspondence — October 10, 2025

**To:**
Don Kleine, Douglas County Attorney
1819 Farnam Street, Suite 200
Omaha, NE 68183
dkleine@douglascounty-ne.gov

**CC:** Victim/Witness Unit (info@douglascounty-ne.gov); Nebraska Attorney General – Victim
Assistance Division

October 10, 2025

**RE: Formal Request for Prosecutorial Disposition — OPD Reports #AU68664 &
#AU68663 (June 25, 2025)**

Dear Mr. Kleine,

I write as a mother—never a file number—on behalf of my son, **Jody E'Mir Carpenter
(DOB 01/27/2010)**, who was assaulted while in a state■approved foster placement under
DHHS supervision.

On **June 25, 2025, I personally contacted the Omaha Police Department** to report these
assaults, resulting in **#AU68664** (physical assault) and **#AU68663** (retaliatory assault/robbery).
Neither DHHS nor the foster parent initiated these reports. When officers first arrived, no
forensic photographs were taken. I had to call OPD a **second time** before forensic photos were
finally captured—documentation that appears to have been disregarded by your office.

After the assaults, DHHS caseworker **Kate Shipley** told me she "couldn't do anything"—that
she could not press charges, follow up with your office, or even inquire into prosecutorial
status. I raised these concerns with my attorney, **Justin Wayne**, who relayed that your office
declined prosecution due to unspecified "conflicting information." No explanation has ever
been provided, despite repeated requests for clarity.

Under the **Nebraska Victims of Crime Act**, *Neb. Rev. Stat.* § 81■1848, victims and their
parents are entitled to timely, written notice of prosecutorial disposition. And under **ADA Title
II and Section 504**, public entities must ensure meaningful access and non■discrimination in
processes affecting people with disabilities and their families. See *Tennessee v. Lane*, 541 U.S.

509 (2004); *Alexander v. Choate*, 469 U.S. 287 (1985); *Barnes v. Gorman*, 536 U.S. 181 (2002).

Accordingly, I respectfully demand **written confirmation** of the prosecutorial determination and rationale for both reports within **seven (7) calendar days** of receipt of this correspondence. If the matters were declined, please identify the **specific legal basis** for non▮prosecution and whether the **forensic photographs** and witness statements were reviewed.

If this request is ignored or delayed, I will refer the record to federal authorities, including the U.S. Department of Justice Civil Rights Division and the U.S. Department of Health & Human Services Office for Civil Rights, for oversight consistent with my rights under state and federal law.

Respectfully,

**Tynisha Sheffield**
*Parent & Civil Rights Advocate for Jody E'Mir Carpenter*

*"A mother's Ori rises higher when she stands for her child's destiny. Asé."*

---

Confidential – For Official Record Request Only

Dear Mr. Wayne,

This correspondence is submitted as an Addendum to my ongoing civil rights and ADA/504 complaints. It documents (1) the October 6, 2025 therapy session conducted by Kali Cuendet and Paul Manestar of A Blessing of Hope; (2) continuing failures by Omaha Public Schools, specifically staff member Michaela Daly; and (3) my concerns regarding counsel's responsiveness and advocacy.

1. October 6, 2025 Therapy Session

The session began at 2:15 p.m. due to an unavoidable phone call. Providers Cuendet and Manestar treated the session dismissively, focusing on "clocking hours" rather than addressing substantive issues of safety and reunification. They referenced internal matters ("catching up on hours," "coffee stain is real") that were irrelevant and mocking. My caregiver witness, Latsha Griffin, was present. Condescending behavior: Ms. Cuendet mirrored my actions (mocking my throat clearing, finger tapping), repeated my words in sarcastic tone ("chamomile"), and attempted to reframe my statements inaccurately in her notes. When I challenged this, she admitted her wording was offensive. When I raised real concerns about Jody's safety at school and asked, "What are we going to do to keep Jody safe?" the providers deflected to a vague "goal sheet" (attached) instead of engaging with the immediate risks. When I pressed these issues, they shifted to treating me like a patient, repeating "Tanisha, you're upset," despite my calm clarification that I was simply telling the truth. This tactic was antagonizing and constituted gaslighting, not therapy. They then left the session an hour early, at 3:00 p.m., though they were contracted until 4:00 p.m., claiming my truthfulness was "upsetting." Importantly, they admitted that two hours were already missed due to Catherine Shipley's vague referral and incorrect contact information. They suggested making up hours by Zoom. These lost hours must still count toward closure, as the services are voluntary, not mandatory, and any deficiency is the agency's error.

2. OPS / School Failures (504/ADA)

Despite repeated requests, Omaha Public Schools has not implemented Jody's 504 Plan or Safety Plan. Staff member Michaela Daly directly cursed at Jody, worsening his PTSD. I reported this to you and to oversight bodies. No action has been taken by Disability Rights Nebraska, the Office of Equity & Diversity, or OPS administration. These omissions constitute ADA and Section 504 violations, and I have filed/continue to file complaints with OCR documenting these failures.

3. Counsel's Conduct and My Concerns

You initially assured me we would pursue an appeal. Now you have reversed your position, advising against appeal on grounds of Jody's prior testimony—even though (a) that testimony was made under duress, (b) Jody executed an affidavit recanting, and (c) I had no legal counsel at disposition, a direct due process violation. This reversal undermines my trust. You are not responding to urgent emails, including those marked as such, nor have you acted on OPS issues despite saying Judge Brown authorized billing for that work. I am concerned that your silence and sudden withdrawal from pursuing appeal reflect fear of retaliation from Prosecutor Don Kline and Judge Brown. Yet Kline continues to prosecute me without physical evidence, while exercising discretion not to charge those with documented felonies against my son. This disparity is indefensible. As your client, I require clarity. If you cannot advocate fully, I must know, because I cannot be left unprotected.

Relief Requested

That this incident be formally documented in my ongoing OCR complaint and case file. That the missed hours and truncated session on Oct. 6 not be used against me, as they are due to provider error and withdrawal. That you provide a timeline for case closure and reunification, including confirmation that

my voluntary participation in services has met expectations. That you clarify in writing your position on the appeal, on OPS accountability, and on my civil rights claims.

I have no other means to protect my son or myself except through these records. I will continue filing with OCR and related agencies until these civil rights and ADA violations are addressed.

Respectfully, Tynisha Sheffield 4519 North 37th Street Omaha, NE 68111 402-306-2688 tasheffi@gmail.com

# NOTICE OF FILING AND MOTION FOR RECORD PRESERVATION

(Filed Pro Se — ADA § 504 / Color of Law Preservation)

**IN THE INTEREST OF:**

JODY E. CARPENTER, Minor Child

Douglas County Juvenile Court | Case No. JV-24-1594

Hon. Chad Brown, Presiding Judge — Courtroom 306

**Filed By:**

TYNISHA T. SHEFFIELD

Parent & Complainant on Behalf of Minor Child

4519 North 37th Street | Omaha, Nebraska 68111

Tel: (402) 306-2688 Email: tasheffi@gmail.com

## I. PURPOSE OF FILING

This filing is entered into the record as a lawful assertion of rights — not a plea for favor, but a formal demand for the preservation of truth, due process, and equal protection under law. The parent submits this Motion under the Americans with Disabilities Act (42 U.S.C. § 12132), Section 504 of the Rehabilitation Act (29 U.S.C. § 794), and the Fourteenth Amendment, as defined through LexisNexis-verified authorities and Black's Law Dictionary (11th ed.) This document serves as both Notice and Shield: notice to all state actors that rights are being preserved, and a shield against further procedural or discriminatory harm committed under color of law.

## II. GROUNDS FOR RECORD PRESERVATION

1. The Nebraska Department of Health and Human Services, through Case Manager Katherine Shipley, submitted a report dated October 9, 2025, omitting verified police reports AU-68663 and AU-68664, each documenting assaults on the minor child while in state custody.

2. These omissions constitute deliberate indifference and misrepresentation of material safety facts, violating federal mandates for accuracy, transparency, and mandatory reporting.

3. The child, Jody E. Carpenter, has verified diagnoses of Borderline Intellectual Functioning, PTSD, and Oppositional Defiant Disorder, which qualify as protected disabilities under ADA

Title II and § 504.

4. Despite notice, DHHS and its contracted providers weaponized these diagnoses — labeling trauma-based behavior as "non-compliance" — to prolong jurisdiction and funding retention in violation of 42 U.S.C. § 1983, Mathews v. Eldridge, 424 U.S. 319 (1976), and United States v. Georgia, 546 U.S. 151 (2006).

5. These actions deprived both parent and child of due process, parental liberty, and reasonable accommodation, violating Monell v. Department of Social Services, 436 U.S. 658 (1978), and Troxel v. Granville, 530 U.S. 57 (2000).

6. Attorney Justin T. Wayne's withdrawal of the appeal without written consent or waiver, concurrent with his political campaign, constituted a conflict of interest and procedural deprivation of the parent's right to appellate due process.

7. The omission of critical records by Katherine Shipley (DHHS), and data deletion by A Blessing of Hope, combined with delayed disclosure of medical documentation verifying Jody's disabilities, together form a pattern of retaliation, economic exploitation, and civil rights interference under color of law.

## III. RELIEF REQUESTED

1. Enter this Notice of Filing and the attached Universal Rebuttal Memorandum and Motion for Dismissal, Federal Civil Rights, ADA & § 504 Restoration, and Redress into the official court record.

2. Recognize the ongoing duty to provide reasonable accommodations under ADA Title II and § 504, including accessible communication, extended response time, and trauma-informed engagement.

3. Order that no adverse actions, delays, or reassignments be imposed due to the parent's protected advocacy or disability status.

4. Direct the Clerk to preserve this filing for inclusion in any future state or federal appellate record to ensure transparency and review.

5. Set a prompt and earliest available court date for oral hearing on this Motion for Dismissal and ADA Restoration.

## IV. NOTICE OF FEDERAL OVERSIGHT AND DUAL JURISDICTION

This record integrates with active federal oversight through the following verified OCR complaint filings: • OCR No. 11-25-641143 – Omaha Public Schools • OCR No. 644573 – Nebraska DHHS • OCR No. 644851 – A Blessing of Hope • OCR No. 641674 – CareMinders Home Care All rights and remedies are expressly reserved under ADA Title II, § 504, 42 U.S.C. § 1983, and the Fourteenth Amendment.

## V. NON-WAIVER AND RETAINED-RIGHTS CLAUSE

This filing does not waive, limit, or compromise any right of Tynisha T. Sheffield or Jody E. Carpenter, including but not limited to: • the right to pursue civil, compensatory, or punitive damages for constitutional or statutory violations; • the right to speak freely with agencies, officials, or media; • the right to file independently pro se in any court of competent jurisdiction; • the right to full enforcement of protections under ADA, Section 504, 42 U.S.C. § 1983, the First, Fourth, and Fourteenth Amendments, and applicable human-rights conventions. Nothing herein constitutes attorney-client privilege or restricts the parent's ability to disclose or submit evidence necessary for due process.

## VI. CERTIFICATE OF SERVICE

I, Tynisha T. Sheffield, certify that on the _____ day of _____, 2025, a true and correct copy of this Notice of Filing and Motion for Record Preservation was served via electronic mail upon: • Douglas County Juvenile Court Clerk — for record filing • Attorney Justin T. Wayne — justin@justinwaynelaw.com • U.S. Department of Education (OCR Kansas City) — OCR.KansasCity@ed.gov • U.S. Department of Health & Human Services (OCR) — OCRMail@hhs.gov • U.S. Department of Justice (Civil Rights Division) — civilrightsintake@usdoj.gov Executed this _____ day of _____, 2025.

Respectfully Submitted,

Tynisha T. Sheffield

Parent & Complainant on Behalf of Minor Child Jody E. Carpenter (JV-24-1594)

4519 North 37th Street | Omaha, Nebraska 68111

Tel: (402) 306-2688 Email: tasheffi@gmail.com

# PARENT VERIFICATION / AFFIDAVIT OF TINESHA T. SHEFFIELD

*(Douglas County, Nebraska / United States District Court – District of Nebraska)*

I, Tinesha T. Sheffield, being duly sworn, state and affirm under oath as follows:

1. That I am the biological parent and lawful guardian of Jody E. Carpenter, minor child in Case No. JV-24-1594, Douglas County Juvenile Court.

2. That I appear pro se, acting as my own representative and as parent-advocate under the protections of the Americans with Disabilities Act (42 U.S.C. § 12132) and Section 504 of the Rehabilitation Act (29 U.S.C. § 794), and that I am entitled to equal access, reasonable accommodation, and freedom from retaliation in all judicial and administrative processes.

3. That this affidavit is executed for dual-jurisdiction filing, intended to serve both the Douglas County Juvenile Court and the United States District Court for the District of Nebraska, for purposes of record preservation and federal oversight under 28 U.S.C. §§ 1331, 1343, 1367.

4. That I have personally prepared, compiled, and maintained the records, correspondence, and exhibits contained in my binder titled "Site-16 Record / Universal Rebuttal Memorandum and Federal Civil Rights Record."

1

5. That each document and exhibit therein is a true and accurate copy of materials obtained and preserved through lawful means, kept under my custody for the purpose of documenting ADA, § 504, and constitutional rights and ensuring compliance with both state and federal law.

6. That this affidavit is made voluntarily and in good faith to verify the authenticity of those records, to preserve evidence under 42 U.S.C. § 1983, and to affirm my status as a qualified individual with disabilities protected by federal law.

7. That I understand any false statement in this affidavit is punishable under the laws of the United States and the State of Nebraska.

Executed this ___6___ day of ___Nov___ 2025, in Omaha, Douglas County, Nebraska.


_____
Tinesha T. Sheffield
Parent & Civil Rights Advocate (Pro Se)
4519 N 37th Street • Omaha, NE 68111
(402) 306-2688 | tasheffi@gmail.com
/s/ Tinesha T. Sheffield (Electronic Signature)


_____

## *NOTARY ACKNOWLEDGMENT*

State of Nebraska )
County of Douglas ) ss.

Subscribed and sworn before me this __6th__ day of __November__
2025, by Tinesha T. Sheffield, who is personally known to me or has
produced satisfactory identification.

Notary Public

My Commission Expires: __09-29-2027__

GENERAL NOTARY - State of Nebraska
ALLY SIMPSON
My Comm. Exp. September 29, 2027

IN THE DISTRICT COURT OF DOUGLAS COUNTY, NEBRASKA

SITTING AS JUVENILE COURT

Case No. JV-24-1594



In the Interest of:

JODY E. CARPENTER, a minor child.

Filed by:

Tinesha T. Sheffield

Parent of minor child

4519 North 37th Street

Omaha, Nebraska 68111

402-306-2688

tasheffi@gmail.com

FILED
Separate Juvenile Court
DOUGLAS COUNTY, NEBRASKA

NOV 1 9 2025

CLERK of DISTRICT COURT

MOTION TO SET HEARING

The undersigned respectfully requests that the Court set a hearing on
the attached Master Motion and Scheduling Motion within fourteen
(14) days pursuant to Due Process, the Nebraska Juvenile Code, and
the requirements of effective communication under Title II of the
Americans with Disabilities Act (ADA).

Respectfully submitted,

/s/ Tinesha T. Sheffield

Parent, Pro Se

WHEN A MOTHER IS SILENCED, THE CONSTITUTION MUST
SPEAK

MASTER MOTION TO PROCEED PRO SE AND TERMINATE
COUNSEL FOR CAUSE

AND MOTION FOR DIRECT JUDICIAL SCHEDULING

INTRODUCTION

When a mother is silenced, the Constitution must speak.

This Master Motion seeks to restore Due Process and enforce
protections under the Fourteenth Amendment to the U.S. Constitution,
Title II of the Americans with Disabilities Act (42 U.S.C. § 12132),
and Section 504 of the Rehabilitation Act (29 U.S.C. § 794).

A parent cannot meaningfully participate when hearings occur without
proper or timely notice, appeals are withdrawn without consent, ADA
accommodations are denied, safety evidence is not filed, and counsel
fails to communicate.

The Court is respectfully asked to grant leave to proceed pro se,
terminate appointed counsel for cause, set a hearing within fourteen
(14) days, directly manage scheduling to ensure Due Process, enforce
ADA Title II participation accommodations, and order full case-file
turnover within forty-eight (48) hours.

## I. BREAKDOWN OF COMMUNICATION AND LOSS OF TRUST

The attorney-client relationship requires timely, accessible, honest communication. This did not occur.

Documented communications show messages were ignored for long periods, email-tracking logs confirm messages were opened without response, and responses received were incomplete or dismissive.

Counsel stated: "You may have waived attorney-client privilege." This statement failed to address concerns related to lack of hearing notice, missing docket entries, unfiled evidence, or unauthorized appeal withdrawal.

Trust has irreparably broken down.

## II. FAILURE TO PROVIDE NOTICE (OCTOBER 19–20, 2025)

On October 19, 2025 at 11:32 p.m., counsel notified the parent of a hearing scheduled for 10:30 a.m. the next morning.

The parent received no written notice, no docket entry, no purpose of hearing, no advisement of rights, no ADA accommodations, and no reasonable time to prepare.

To date, the parent has still not received the notice, the docket entry, or the filing that generated the October 20 hearing.

This violates Due Process and ADA Title II.

III. UNAUTHORIZED WITHDRAWAL OF APPEALS (OCTOBER 30, 2025)

Counsel withdrew his own protective appeal and the parent's separate pro se appeal without her signature, written authorization, advisement, or explanation.

This violates Nebraska Rules of Professional Conduct 1.2(a), 1.4, and ADA Title II effective-communication requirements.

This constitutes cause for removal.

IV. FAILURE TO FILE CRITICAL SAFETY EVIDENCE

The parent obtained three police reports: AU-68663 (assault & robbery), AU-68664 (strangulation), AU-93921 (bullying/threat/safety incident).

None were filed, none were provided to the Court, and none were added to the safety plan.

These omissions materially distorted the risk assessment.

V. ADA TITLE II AND SECTION 504 VIOLATIONS

The parent has documented disabilities including PTSD, Bipolar Disorder, and cognitive memory impairment.

These disabilities substantially limit major life activities.

Medical notes and Social Security SSDI documentation were provided to counsel.

Under 42 U.S.C. § 12132, 28 C.F.R. § 35.130, 28 C.F.R. § 35.160, and Section 504, the parent is entitled to effective communication, access to proceedings, and participation accommodations.

None were provided.

The parent was instructed to "regulate emotions" while her emergency motion was unheard, her child had been strangled in placement, and no accommodations were provided.

This constitutes an ADA-protected participation barrier.

VI. EMERGENCY MOTION NEVER HEARD (JUNE–JULY 2025)

After Jody was strangled in placement in June 2025, the parent filed an emergency safety motion.

No hearing was ever set.

At the July 15, 2025 disposition hearing, the parent appeared without counsel and attempted to explain: "My child was strangled."

The Court responded: "We are not here for that."

The emergency motion remains unheard.

## VII. MOTION FOR DIRECT JUDICIAL SCHEDULING

All scheduling in this courtroom is controlled by Bailiff Cheyenne J. Wilson, who distributes emails, orders, and case communications.

Counsel referenced this bailiff on August 13, 2025.

The parent receives notices only when forwarded by the State or counsel, not when she directly requests them.

The parent has filed motions for nearly one year with no hearings ever set, except when initiated by the State or counsel.

This creates a one-directional communication barrier and an ADA Title II violation.

Direct judicial scheduling is required to remedy this barrier.

## VIII. CHILD CLINICAL INFORMATION NOT USED

DHHS and counsel possessed trauma-response information from therapist Shannon Benash, including flight-based trauma response, emotional-safety triggers, and placement-related distress patterns.

This information was not included in reports, not added to safety-plan reviews, and not provided to the Court.

This resulted in an incomplete record.

## IX. APPENDIX INDEX

Appendix A — Email-tracking certificates

Appendix B — ADA accommodation requests

Appendix C — SSDI and medical documentation

Appendix D — Universal Rebuttal Memorandum

Appendix E — Police reports (AU-68663, AU-68664, AU-93921)

Appendix F — MDT and OPS records

Appendix G — Record-preservation filings

Appendix H — Notarized authenticity declarations

Appendix I — Prosecutorial-failure documentation

Appendix J — Site-16 exhibit control log

## X. REQUEST FOR RELIEF

The parent respectfully requests:

1. Leave to proceed pro se.

2. Termination of appointed counsel.

3. A hearing within 14 days.

4. ADA Title II accommodations.

5. Direct judicial scheduling.

6. Written notice for all future hearings.

7. Full case-file turnover within 48 hours.

## XI. CERTIFICATE OF SERVICE

I certify that a true and correct copy of this filing was served on:

Justin Wayne

Katherine Shipley

Ashley Strader

DHHS Court Orders

Date: _____

/s/ Tinesha T. Sheffield

Parent, Pro Se

SUBJECT: Third Notice — Accountability & Clarification Required

JV-24-1594 — OCR Nos. 11-25-641143; 644573; 644851; 641674
Police Nos. AU-68663; AU-68664; AU-93921 — Formal Record
Request

ACCOUNTABILITY & CLARIFICATION NOTICE

JV-24-1594 — FOR THE RECORD
Submitted by: Tinesha T. Sheffield

When a mother is silenced, the Constitution must speak.

This notice is submitted for accountability and clarification only.
It makes no accusations.
It relies exclusively on documented facts, dates, timestamps, police
reports, emails, court records, and public payment records.

The record does not bend for opinion, emotion, or assumption.
It stands on its own feet.
And once placed in sequence, it tells the truth without anyone having
to embellish it.

The documentation now compels clarification from counsel of record.

I. SEPTEMBER FINANCIAL RECORDS & PUBLIC DUTIES OF
COUNSEL

Public financial records show multiple county-issued payments to the Law Office of Justin T. Wayne, LLC in September 2025:

- $2,093.75 — District Court Attorney Fees
- $279.50 — County Court Attorney Fees
- $240.00 — Juvenile Attorney Fees
- $2,048.00 — Juvenile Attorney Fees
- $412.00 — Juvenile Attorney Fees
- $78.66 — Juvenile Attorney Fees

These sums were issued during the same period in which:
1. Tinesha repeatedly requested clarification regarding notices, filings, and hearings.
2. Police-report evidence remained unfiled.
3. OPS/ADA/504 matters—authorized for billing—remained unaddressed.
4. The withdrawal of both appeals occurred without her written authorization or signature.

The record is the record.
The facts are the facts.
They speak for themselves.

## II. CAMPAIGN TIMELINE & ENTRY INTO REPRESENTATION

July 2, 2025 — Former counsel withdrew.
July 17, 2025 — Counsel of record was appointed.

July 23, 2025 — Counsel publicly launched a political campaign; not
disclosed.

August 13, 2025 — First documented conversation; stated he was "out
of the country." Campaign still undisclosed.

Bailiff Cheyenne allegedly labeled Tinesha "difficult."

No written documentation.

Clarification required.

## III. OCTOBER 19–20, 2025: NOTICE FAILURE

October 19 — 11:32 p.m. CST: Late text announcing 10:30 a.m.
hearing the next morning.

No notice.

No docket entry.

No motion.

No advisement.

No written notice.

October 20 — Hearing occurred; to this day she has not received:

• hearing title,

• purpose,

• filing,

• docket entry,

• any notice required by law.

## IV. UNAUTHORIZED WITHDRAWAL OF APPEALS

October 30 — Withdrawal filed.

Evidence:
- Counsel withdrew his protective appeal.
- Counsel withdrew Tinesha's pro se appeal.
- No signature.
- No advisement.
- No authorization.
- No written consent.

Clarification required under:
- Due Process,
- Professional Conduct Rules,
- ADA Title II.

## V. POLICE REPORTS & SAFETY EVIDENCE

Not filed or submitted:

- AU-68663 — Retaliatory assault & robbery
- AU-68664 — Strangulation/assault
- AU-93921 — Bullying/threat incident

## VI. OPS / ADA / 504 — COURT-AUTHORIZED DUTIES

Judge Brown authorized billing for:
• OPS issues
• ADA matters
• Section 504 barriers

No referral.
No filings.
No corrections.

## VII. SAFETY PLAN CLARIFICATION

Omissions:
• bullying incidents
• trauma-response diagnosis
• AU-93921
• AU-68663
• AU-68664
• hotline reports 1128970 & 1132675

## VIII. OUTSTANDING ITEMS

1. What withdrawal she allegedly authorized.
2. Why no written consent exists.
3. What filing generated the October hearing.
4. Why no notice was issued.
5. Why medical records were unused.
6. Why police reports were not filed.

7. Why OPS/504/ADA duties were not completed.

8. Why MDT was not filed.

9. What steps counsel intends to take.

## IX. CRITICAL TIMING RESTATED

A. October 19–20 — Notice failure remains unaddressed.

B. October 30 — Unauthorized withdrawal remains unexplained.

## X. SILENCE-PRESERVATION CLAUSE

If no clarification is received, the absence will be preserved as a non-denial.

Respectfully submitted,

/s/ Tinesha T. Sheffield

Pro Se Parent Advocate
4519 North 37th Street
Omaha, Nebraska 68111
402-306-2688
tasheffi@gmail.com

Appendix:
Police Reports: AU-68663; AU-68664; AU-93921
Hotline Reports: 1128970; 1132675

OCR Filings: 11-25-641143; 644573; 644851; 641674
Authorities: Doe v. Nebraska, 345 F.3d 593; DeShaney, 489 U.S. 189

WRITTEN CLARIFICATION REQUIRED – SAFETY PLAN, CASE
PROGRESS, AND FEDERAL OVERSIGHT MATTERS

Case No. JV-24-1594 | OCR Nos. 11-25-641143, 641674, 644573, 644851 |
Hotline Nos. 1128970, 1132675 | OPD Reports AU-68663, AU-68664,
AU-93921, AT39165, P431113

Kate,

Your request for a home visit on 11/18 or 11/19 provides an appropriate
opportunity to clarify the facts of record before any meeting occurs. Since
you stated that the purpose is to evaluate the safety plan, case progress, and
next steps toward family therapy, the underlying factual record must be
accurate, complete, and aligned with court directives before I can schedule
the visit.

## I. SAFETY-RELATED INCIDENTS YOU ARE REQUIRED TO ACCOUNT FOR

The updated safety plan must reflect the factual history already known to you.
This includes the following police and hotline reports documenting safety
failures that occurred in DHHS-approved placements:

AU-68663
AU-68664
AU-93921
AT39165
P431113
1128970
1132675

Each report reflects incidents where Jody was harmed or placed at risk
outside my home. These items must appear in the safety plan for any
discussion of case progress to be grounded in fact rather than omission.

## II. FEDERAL OVERSIGHT FILINGS ALREADY INVOLVING YOUR DOCUMENTATION

You are copied on federal matters involving ADA, Section 504, educational rights, and documentation accuracy:

11-25-641143
641674
644573
644851

These filings relate directly to DHHS documentation and the accuracy of records currently under oversight review.

## III. EDUCATIONAL COORDINATION – STATUS NEEDED BEFORE ANY MEETING

In October, you, Attorney Wayne, and GAL Strader stated that a referral would be made to the Education Rights Council. No referral has been issued. Written clarification of that referral status is required.

## IV. DOCUMENTATION ACCURACY – CORRECTIONS REQUIRED PRIOR TO THE VISIT

Several service-provider reports contain omissions or inaccuracies, including:

1. Failure to document the eight-month runaway history prior to placement
2. Failure to reflect OPD confirmations that Jody's flight is trauma-response
3. Omission of physical assaults in placements
4. Omission of a DHHS-approved home lacking running water
5. Incomplete descriptions of school safety incidents

These inaccuracies must be corrected prior to case-progress discussions.

## V. TRAUMA-INFORMED THERAPY – REQUIRED CORRECTION

Jody is currently receiving trauma-informed therapy with a qualified clinician. This must be reflected accurately. Prior intern-level services did not meet court directives or clinical requirements.

## VI. WRITTEN CLARIFICATION REQUIRED BEFORE SCHEDULING

Written clarification is required regarding:

1. Whether the updated safety plan will include all police and hotline reports listed above.
2. Whether previously identified documentation inaccuracies will be corrected.
3. Whether the Education Rights Council referral has been initiated.
4. Whether DHHS records will be updated to reflect current trauma-informed therapy services.

## VII. CLAUSE FOR SILENCE

If no written response is provided, the record will reflect that the factual statements above are accepted and uncontested for purposes of future hearings and federal oversight review.

Respectfully submitted,

/s/ Tinesha T. Sheffield

Tinesha T. Sheffield
4519 North 37th Street
Omaha, Nebraska 68111
402-306-2688
tasheffi@gmail.com









EVIDENCE

WAS NIT GIVEN THIS
NOTICE UNTIL 29
DAY LATER BY EMAIL

Katherine Shipley
Alea Bollen
729392 rms

V00911931D01

JUVENILE COURT FOR DOUGLAS COUNTY, NEBRASKA

IN THE INTEREST OF          )     Doc. JV 24      No. 1594
                            )
JODY SHEFFIELD              )
                            )
A Juvenile.                 )

### CONTINUED DISPOSITION HEARING AND ORDER AS TO MOTHER, TYNISHA SHEFFIELD

### APPEAL CHECK HEARING AND ORDER

### ORDER APPOINTING EDUCATIONAL RIGHTS COUNSEL

This matter came on for a continued disposition and appeal check hearing as to mother, Tynisha Sheffield on the 20th day of October, 2025 before the Honorable Chad M. Brown, with a record of the proceedings kept by Denise Winters.

Present in open Court were Jordan Klein, Deputy County Attorney; Ashley Strader, Guardian ad Litem; Justin Wayne, Counsel for mother; Katie Torczon, Counsel for the Nebraska Department of Health and Human Services; Kate Shipley, Nebraska Department of Health and Human Services and Tynisha Sheffield, mother.

Exhibit 20 was marked, offered and received by the Court.

Being fully advised in the premises, the Court finds as follows:

1.   That notice, service and the jurisdiction of the Court in this matter are proper;
2.   That Counsel for the mother advised that they have withdrawn their appeal;
3.   That the parties ask the Court to proceed and enter these orders once the mittimus is received from the appellate Courts acknowledging a dismissal;
4.   That Elizabeth McClelland, Attorney at Law, #24879 is hereby appointed as Educational Rights Counsel in this matter;
5.   That the case plan and Court report of the Nebraska Department of Health and Human Services is adopted by the Court to the extent not modified herein;
6.   That the permanency objective is family preservation and reasonable efforts have been made to finalize permanency and/or to return the minor child to the parental home as outlined in the State of Nebraska Court Report, Exhibit 20, to include case management, family team meetings, substance use evaluation, therapy and monthly contact with case manager but it would be contrary to the health and safety of the minor child to be returned home at this time;

FILED
Separate Juvenile Court
DOUGLAS COUNTY, NEBRASKA

NOV 18 2025

CLERK of DISTRICT COURT

Page 2
JV 24-1594

7.  That it would be in the best interests of the minor child, Jody Sheffield, is to remain in the temporary care and custody of the Nebraska Department of Health and Human Services for continued appropriate care and placement, **to include the parental home of the mother,** until further order of the Court;

8.  That this matter shall be scheduled for a **review and permanency planning hearing on January 20, 2026 from 11:00 a.m. to 11:30 a.m.**

AND IT IS SO ORDERED.

IT IS THEREFORE ORDERED that the minor child shall remain in the temporary custody of the Nebraska Department of Health and Human Services for continued appropriate care and placement, to **include the parental home of the mother**, until further order of the Court.

IT IS FURTHER ORDERED that the mother, **Tynisha Sheffield,** shall:

1.  Sign release of information for the Nebraska Department of Health and Human Services to communicate with service providers;

2.  Participate in individual therapy;

3.  Maintain safe and stable housing, make home available upon request by the case manager for a walkthrough and provide written verification to the Nebraska Department of Health and Human Services or their contracted agent on a monthly basis;

4.  Maintain a stable and legal source of income and provide written verification to the Nebraska Department of Health and Human Services or their contracted agent on a monthly basis;

5.  Participate in medication management;

6.  Follow all safety plan requirements.

IT IS FURTHER ORDERED that the minor child, **Jody Sheffield,** shall:

1.  Participate in individual therapy;

2.  Participate in family therapy, once recommended by all therapists;

3.  Attend all regular sessions of school without any unexcused absences or tardies, work to their full potential, complete all required projects and/or assignments and be of good behavior while in school;

4.  Do not run from placement.

IT IS FURTHER ORDERED that Elizabeth McClelland, Attorney at Law, #24879 of Educational Rights Counsel, 6001 Dodge Street, CEC 228F, Omaha, NE 68132 (402)263-6200 is appointed as limited representation education counsel for the education decision maker for Jody Sheffield aka Jody Carpenter.

Page 3
JV 24-1594

IT IS FURTHER ORDERED that the education decision maker for Jody Sheffield aka Jody Carpenter shall sign a Release of Information provided by education counsel consenting to release of all education records within 30 days and shall authorize the participation of education counsel in education meetings and hearings and communications for Jody Sheffield aka Jody Carpenter, including but not limited to student discipline, student evaluations and student individual education programs and placement.

IT IS FURTHER ORDERED that education counsel is authorized to share those portions of evaluations pertaining to Jody Sheffield aka Jody Carpenter with the school psychologist, IEP case manager and their counsel, for the child/children's school district that are necessary for purposes of assessing and providing education services for said minor child/children.

IT IS FURTHER ORDERED that this matter shall be scheduled for a **review and permanency planning hearing on January 20, 2026 from 11:00 a.m. to 11:30 a.m.,** unless application is made for a hearing prior thereto or the matter is brought before the Court by stipulation of counsel. The hearing date and time were announced on the record and no conflicts were indicated by the parties.

IT IS FURTHER ORDERED that counsel notify their clients of the hearing date and time and the Nebraska Department of Health and Human Services notify the foster care provider of all hearing dates, if applicable.

Dated this 17th day of November, 2025.

BY THE COURT

Chad M. Brown
Juvenile Court Judge

6:49

**‹ Back**          ⤓   🗑   ✉   ⋮

To: OCRComplaint@hhs.gov

*PROOF*
*COUNSEL*
*OF RECORD*

Dear Office for Civil Rights,

This message serves as a formal correction to my
pending HHS OCR Complaint No. 644573.

*REQUESTED*
*ADVISED*
*ME VERBALLY*
*TO REMOVE*
*HIM AS*
*WITNESS*
*BECAUSE*
*HE WAS*
*COUNSEL OF*
*RECORD*
*AND ASKED*

I previously listed Attorney Justin Wayne (Wayne
Law Office, LLC) as a witness in my original filing.
That was inadvertent. Mr. Wayne is my attorney of
record, not a fact witness. Pursuant to Nebraska
Rule of Professional Conduct 3.7 (Lawyer as
Witness), and on counsel's advice, I respectfully
request that his name be removed from the witness
section of this complaint.

Please confirm that this correction has been entered
into the case file. All future correspondence related
to this complaint may continue to be sent to me and
my attorney at the contact information below.

*IF I WANTED*
*HIM TO HELP WITH*
*OCR COMPLAINT*
*BUT THEN BY*
*EMAIL SAID*
*HE DID*
*NOT MAKE*
*AN APPEARANCE*
*IN THE MATTER*

Thank you for your attention and for updating my
record accordingly.

↩ Reply      « Reply All      → Forward

Tvnisha Sheffield

| **OMAHA PUBLIC SCHOOLS**<br>3215 Cuming St<br>Omaha, NE 68131<br>(531)299-0220 | **EVALUATION REPORT** |
| --- | --- |

| [X] Initial Evaluation<br>[ ] Reevaluation | Student Name: Carpenter, Jody A.<br>School: North High<br>Report Date: 11/14/2025<br>Consent Date: 09/15/2025 | D.O.B.: 01/27/2010<br>Grade: 10 |
| --- | --- | --- |

This Evaluation report must include:
* information reported by parents
* summary of all Evaluation results including tests and scores
* present level of performance statement(s) including educational needs that derive from the disability

## I. BACKGROUND INFORMATION

REASON FOR REFERRAL

Jody's parent referred him for an evaluation due to concerns with attention, mental health, and academic abilities. This evaluation will determine eligibility for special education services according to Nebraska Department of Education (NDE) Rule 51 verification criteria.

BACKGROUND INFORMATION

Jody is a 10th grade student attending North High School where he has attended since Fall 2025. Jody previously attended Westview Highschool. Jody was initially evaluated in June of 2025 and his team found that he did not qualify for services. The team discussed that Jody meets some areas of criteria for special education (such as attention, medical diagnosis and academic concerns) but ultimately did not agree that there was a need for specialized instruction. They mentioned two specific reasons being his lack of participation in a SAT intervention and his lack of appropriate instruction because of his poor attendance. The team decided that SAT interventions should be able to fill the areas of need with the appropriate amount of support.

Jody has a documented medical diagnosis for Borderline Intellectual Functioning, Conduct Disorder (Bridge the Gap, Aaron White PHD, 11/20/2024. He was also given an intake evaluation at DCYC in which Kenneth Zoucha MD (11/20/2024) diagnosed him with Cannabis use Disorder, Oppositional Defiant Disorder, Adjustment Disorder, Mixed Disturbance of Emotion and Conduct.

Previous Evaluation Results Information: Jody's evaluation in June of 2025 was completed at Westview High school. The team found him not to verify for special education. Some of the tests showed the following information: A cognitive assessment showed his overall IQ score to be 77 (Very Low range, 6th Percentile), with a cognitive strength being his skills with problems solving when not all of the information is present (Fluid Reasoning). His previous academic scores show his reading skills are nearly in the average range, his writing was not completed with fidelity, and his math was in the Very Low range (77, 6th Percentile). Lastly, his social emotional scores show similar areas of concern to what was found in this evaluation with concerns from teachers and parent to be Jody's behaviors, mental health, study skills, and withdrawal.

Jody has been in the SAT process since his last eval, but he has not arrived on time to be able to receive the interventions. Jody also has a 504 plan that started on 9/15/2025. The reason listed for the qualification of the 504 plan is "borderline intellectual functioning". His 504 accommodations include:
Frequent checks for understanding
Chunking multi-step directions
Graphic Organizers (specifically for writing tasks)
Note-taking organizers (such as bud notes, Cornell notes)
Adding visuals to instruction and directions
Homework Help room is recommended for Jody, specifically for assistance with math and writing tasks

Jody's parent was interviewed, and she said that some of Jody's strengths include how social and good with tech he is, and how well he puts together and takes things apart. As for some of her concerns for Jody, she mentioned his bouncing when he thinks, and how Jody worries about things that he cannot change.

Jody's teachers were interviewed, and they had the following strengths to note, he is quiet and pleasant, he knows what is expected of him, he doesn't lash out at other students, and he sometimes completes his work in class. They listed some

concerns to be how defensive he can be, how far behind he is falling in classes, struggles to be social with his classmates (does not like to do group-work), and how quick-tempered he is.

Jody was interviewed and he said he doesn't do anything for fun. When asked if he likes video games, TV/Movies, or scrolling on his phone, he said none of that, and never gave a clear answer as to what he likes to do. When asked what he likes and does not like about school he said, "I don't like school, but I want to get it done.". When asked about friends, he said he doesn't have any and agreed with being a "lone wolf" when I suggested the term. Due to his transfer, I asked what he thought about being at North and he said, "Meh".
Later into testing, Jody mentioned that he has a job in business right now. He pulled out his phone and showed stats showing he had 50,000 views. He explained that he teaches people to go viral online, and people pay to take his classes.
He also touched on his spiritually when answering rating scale questions saying, "Bedtime? I don't have a bedtime; God wakes me up in the morning.".

A review of grades and district testing are listed below:

End of 1st Quarter Grades 25/26................Missing Assignments/Total per Class:
Algebra 1: F (.35/4)...................................................................6/9
Biology 1: F (.07/4)...................................................................2/3
English 3: C (2.3/4)...................................................................1/10
Found. Of Computing 1: C (1.92/4)..........................................12/30
Lifetime Sports: A (3.7/4).........................................................0/14
Marketing 1: B (2.58/4).............................................................3/34
Physical Science 1: D (1.5/4)......................................................1/5
US History 1: D (1.02/4)............................................................4/16

Total Missing Assignments: 29/121 ~ 24% missing

Attendance Rate:
10th Grade (2nd semester): 49.74/79 Days ~ 63% attendance
11th Grade (so far: Term 1): 21.14/41 Days ~ 52% attendance

Behavior Data:
2 Referrals for the 25/26 school year
...(1) Cell Phone Insubordination
...(1) Assault with Injury
4 Referrals for the 24/25 school year
...(1) Misuse of Pass
...(2) Assault with Injury
...(1) Insubordination
Notes:
-A multitude of these referrals have to do with Jody' loud music in his headphones.
-Jody was at DCYC from 10/16/2024-12/5/2024

## II. REVIEW OF EXISTING DATA, CURRENT ASSESSMENT RESULTS

### Intellectual

Jody was evaluated by Drs. Aaron White and Kevin Berryman with Bridging the Gap Psychological Services, LLC. The date of the evaluation was 11/05/2024, with the final report dated 11/20/2024.

Intellectual Assessment
Wechsler Intelligence Scale for Children-Fifth Edition (WISC-V)
Composite Standard Scores/Subtest Scale Scores

--Verbal Comprehension Index = 78 (very low range at the 7th percentile)
Similarities = 7
Vocabulary = 5
--Fluid Reasoning Index = 91 (average range at the 27th percentile)
Matrix Reasoning = 11
Figure Weights = 6
--Visual Spatial Index = 78 (very low range at the 7th percentile)
Block Design = 4
Visual Puzzles = 8

--Processing Speed = 83 (low average range at the 13th percentile)
Coding = 7
Symbol Search = 7
--Working Memory = 82 (low average range at the 12th percentile)
Digit Span = 8
Picture Span = 6
--Full Scale IQ = 77* (very low range at the 6th percentile)
*best measure of overall cognitive ability

**Academic**

KTEA-III
The Kaufman Test of Educational Achievement, Third Edition (KTEA-III), is a norm-referenced, standardized, individually administered measure of academic achievement. Areas assessed include basic reading skills, reading fluency and comprehension, mathematical computation and reasoning, written expression, oral expression and listening comprehension.

Administered By Sofia Hof Ed.S, Nationally Certified School Psychologist, on 10/31/2025 at North High

Jody's scores on the KTEA-III are presented in the chart below:

| CLUSTER/Test | Standard Score | Percentile | Description |
|---|---|---|---|
| READING | 81 | 10 | Below Average |
| Letter & Word Recognition | 81 | 10 | Below Average |
| Reading Comprehension | 83 | 13 | Below Average |
| WRITTEN EXPRESSION | 88 | 21 | Average |
| Written Expression | 91 | 27 | Average |
| Spelling | 87 | 19 | Average |

MATH COMPOSITE = 77 (low at the 6th percentile rank)
---Math Computation = 78 (low at the 7th percentile rank)
---Math Concepts and Applications = 79 (low at the 8th percentile rank)

Math: Student refused testing in Math for this evaluation, so his scores from his previous evaluation on (5/28/2025) by Jodi Breci, Ed.S., School Psychologist at Westview High School are displayed for the purpose of the evaluation.

Reading: Letter and Word Recognition is a measure of letters; letter sounds and sight vocabulary. Jody scored an 81 on this subtest, which is considered to be in the Below Average range. Reading Comprehension is a measure of one's ability to understand what was just read. Jody scored an 83 on this subtest, which is considered to be in the Below Average range. Overall, Jody's reading score is 81 which falls into the Below Average range compared to his same-aged peers. Jody did well with reading tasks and especially scanning texts to find context clues to answer reading comprehension questions. He struggled more with pronouncing word that are unfamiliar to him and inferring abstract information from texts.

Writing: The Written Expression Composite includes the following subtests: Written Expression and Spelling. Jody's Written Expression Composite Score of 88 falls in the Average range. Written Expression is a measure of writing skills like writing simple sentences, editing sentences with grammatical errors, and writing an essay. Jody scored a 91 on this subtest, which is considered to be in the Average range when compared to his same-aged peers. The Spelling subtest assesses one's ability to spell known and unknown words of varying difficulty. Jody scored an 87 in this subtest, which falls in the Average range. Jody did well with all areas of writing but did especially well with his content and essay. He wrote from another point of view and wrote with full, complete sentences.

Note: Jody's previous reading overall score was 83 and his overall writing score was not valid because of a lack of effort.

**Communication**

No significant information was obtained and this area was not formally assessed as part of this evaluation.

**Motor**

No significant information was obtained and this area was not formally assessed as part of this evaluation.

**Sensory/Health/Physical Status**

Bridge the Gap, Aaron White PHD, 11/20/2024
Borderline Intellectual Functioning
Conduct Disorder

Intake Evaluation at DCYC, Kenneth Zoucha MD, 11/20/2024
Cannabis use Disorder
Oppositional Defiant Disorder
Adjustment Disorder
Mixed Disturbance of Emotion and Conduct

**Emotional/Social/Behavioral Development**

Behavior Assessment System for Children, 3rd Edition-BASC-3
Jody's general education teacher and resource teacher completed the BASC-3 in order to gather information regarding his internalizing and externalizing behaviors in the school setting. The BASC-3 measures four broad areas of behavior (Externalizing Problems, Internalizing Problems, Behavioral Symptoms, and Adaptive Skills), with more specific behaviors making up these broad categories. On the BASC-3, T-scores have a reported mean (average) of 50 and a standard deviation of 10 meaning that scores that fall between 40 and 60 are considered in the Average range.

These scores were obtained by Jessica Riley and Sofia Hof (10/13,14,22,31/2025).
Scores are reported as T-Scores and Classification/Descriptions

General Scales

| | Parent | T1 | T2 | T3 | T4 |
|---|---|---|---|---|---|
| EXTERNALIZING PROBLEMS COMPOSITE: | 64* | 54 | 46 | 52 | 54 |
| Hyperactivity: | 64* | 47 | 44 | 51 | 53 |
| Aggression: | 61* | 56 | 48 | 51 | 56 |
| Conduct Problems: | 65* | 57 | 46 | 53 | 53 |
| INTERNALIZING PROBLEMS COMPOSITE: | 70** | 50 | 50 | 46 | 53 |
| Anxiety: | 73** | 50 | 43 | 45 | 55 |
| Depression: | 71** | 55 | 48 | 50 | 60* |
| Somatization: | 59 | 44 | 58 | 44 | 44 |
| SCHOOL PROBLEMS COMPOSITE: | | 57 | 65* | 57 | 57 |
| Attention Problems: | 61* | 55 | 60* | 58 | 55 |
| Learning Problems: | | 59 | 69* | 55 | 59 |
| BEHAVIORAL SYMPTOMS INDEX: | 67* | 61* | 55 | 51 | 60* |
| Atypicality: | 64* | 67* | 50 | 44 | 59 |
| Withdrawal: | 64* | 72** | 74** | 51 | 65* |
| ADAPTIVE SKILLS COMPOSITE: | 47 | 34 | 41 | 43 | 34* |
| Adaptability: | 30** | 34* | 42 | 42 | 36* |
| Social Skills: | 61 | 28** | 36* | 42 | 28** |
| Leadership: | 53 | 34* | 44 | 46 | 36* |
| Study Skills: | 46 | 42 | 38* | 44 | 40 |
| Functional Communication: | 45 | 37* | 49 | 46 | 38* |

Score Classification
Average scores range from 40-60
*Indicates a score that is considered At-Risk (scores ranging from 60-70 and 30-40). These scores suggests presence of behaviors that may not be severe enough to warrant intervention or may identify the potential for developing a problem that needs to be monitored.
**Indicates a score that is considered Clinically Significant (scores <70 and >30). These scores suggest high levels of problem behavior or significant low levels of adaptive behavior.


BASC-3 Self-Report

EMOTIONAL SYMPTOMS COMPOSITE: ......38/Average

SCHOOL PROBLEMS COMPOSITE: ............49/Average
Attitude to School: ......................................45/Average
Attitude to Teachers:...................................63/At Risk*

INTERNALIZING PROBLEMS COMPOSITE: 38/Average
Atypicality:...............................................41/Average
Locus of Control:.......................................44/Average

Social Stress:...............................................39/Average
Anxiety:...................................................35/Average
Depression:...............................................41/Average
Sense of Inadequacy:...................................37/Average
Somatization:.............................................42/Average

INATTENTION/HYPERACTIVITY COMPOSITE: 34/Average
Attention Problems:.....................................35/Average
Hyperactivity:............................................36/Average

PERSONAL ADJUSTMENT COMPOSITE:.........53/Average
Relations with Parents:.................................48/Average
Interpersonal Relations:................................51/Average
Self-Esteem:..............................................60/Average
Self-Reliance:.............................................50/Average

BASC-3 Summary:

Jody's parent rated him to be in the Clinically Significant range (highest area of concern) for Anxiety, Depression, and Adaptability. They also rated him to be in the At-Risk range for Hyperactivity, Aggression, Conduct Problems, Attention Problems, Atypicality, and Withdrawal. Her rating scores indicate her concerns with Jody's mental health, behaviors, and attention.

Jody's teachers rated him to be in the Clinically Significant range for Withdrawal and Social Skills. They rated him to be in the At-Risk range for Atypicality, Adaptability, Leadership, Functional Communication, Attention and Learning Problems, Depression and Leadership. Teachers' main concerns for Jody are how withdrawn he has been in class and how he may struggle to build and maintain relationships.

Jody completed the survey as well and he rated himself to be in the Average range for almost all areas. The only area that was elevated is his Attitude Toward Teachers, meaning he feels confident in his mental health and life skills, but understands that he has a negative bias toward his teachers.

Note: Jody's previous evaluation made these notes about the BASC's completed in June of this year:
Per parent and teacher ratings, there were concerns with how he is often restless and overactive; may be reported as being argumentative or defiant; frequently engages in rule breaking behavior; frequently displays behaviors stemming from worry, nervousness; is withdrawn, pessimistic, and/or sad; has difficulty maintaining necessary levels of attention at school; has significant difficulty comprehending and completing schoolwork; engages in behaviors that are considered strange or odd; is generally alone; has difficulty with social skills; demonstrates weak study skills; demonstrates unusually poor expressive and receptive communication.

## III. CLASSROOM OBSERVATIONS

Jody was observed when he was pulled for testing on 10/24/2025. He was in gym class in a huddle of friends. I asked him to come to the side, and he asked what was up. When I told him we needed to go do some testing, he said, "Nah I'm not doing any testing.". I asked him to come up with me, and I could explain more, and he said no and walked away.
On the second attempt to test (during last block on the same day), his teacher sent him to the psych office to do testing. He never made it and the psychologist asked around to the administration for support, and the principal pulled up the cameras to track where he went when he was sent out of the classroom. When looking at the cameras, he took the opportunity to leave through the nearest door to leave the building. The principal then counted him truant for skipping class and notified his parent.

Jody was observed during testing on 10/31/2025, and he was observed to be guarded against an unknown adult and the idea of testing. He said he only agreed to complete the testing if he doesn't have to do the math subtests, we completed the reading and writing subtests. After explaining to him about why we were completing testing, he was still confused as to why he was being asked to complete the academics assessment. When answering questions, he continually asked if he got his answers correct. When completing the survey he said, "I am quitting at question 130", he seems to like negotiating when asked to do something he does not want to do. By the end of the testing session, Jody had warmed up to me and was very polite when leaving the testing session saying, "Have a great day and have a great Halloween".

## IV. INTERPRETATION AND SUMMARY OF RESULTS

Jody is a 10th grade student attending North High School where he has attended since Fall 2025. Jody previously attended

Westview Highschool. He was initially evaluated in June of 2025 and his team found that he did not qualify for services. His parent requested an evaluation due to concerns that a disability (related to attention, mental health, and academic abilities) is impacting his abilities in school. Jody has referrals from this and last year and a multitude of these referrals have to do with Jody's loud music in his headphones. Jody was at DCYC from 10/16/2024-12/5/2024.

Jody's academic skills were at or just under the average skill range. He refused to complete the math section, but his reading and writing skills are around what would be expected of a student his age.

As for his social-emotional and behavioral information. His parents' biggest concerns are Anxiety, Depression, and Adaptability, his teachers' largest concerns were Withdrawal and Social Skills, while Jody's biggest area of concern is his Attitude Toward Teachers.

All in all, Jody's academic skills are average or just below and there are some concerns with his level of motivation, attendance, and conduct.

----------------------------------------

## INTELLECTUAL DISABILITY

Definition: 006.40G To qualify for special education services in the category of Intellectual Disability, the child must demonstrate significantly subaverage general intellectual functioning existing concurrently with deficits in adaptive behavior and manifested during the developmental period, that adversely affects a child's educational or in the case of a child below age five, a child's developmental performance.

The evaluation should include the analysis and documentation of:

Significantly below average functioning, at least 2.0 standard deviations below the mean in adaptive behavior across settings (school, home, and community), based on the assessment and analysis of adaptive skills in the three component areas of:

*Adaptive behavior,

*Academic achievement,

*Intellectual functioning.

The student meets the criteria for the Intellectual Disability disability category:  Yes ( )  No ( X )

ID Note: Jody does not meet criteria of an Intellectual Disability because of his cognitive score (FSIQ=77), his academic scores being in the average and below average ranges (all above SS=70), and the lack of data to support significant needs in the area of adaptive skills (all adaptive scores as rated by four teachers, parent and student above SS=30 meaning they are not clinically significant).

----------------------------------------

## SPECIFIC LEARNING DISABILITY

Definition 006.04K1: To qualify for special education services in the category of specific learning disability the child must have a disorder in one or more of the basic psychological processes involved in understanding or in using language, spoken, or written, that may manifest itself in an imperfect ability to listen, think, speak, read, write, spell or to do mathematical calculations. The category includes conditions such as perceptual disabilities, brain injury, minimal brain dysfunction, dyslexia, and developmental aphasia. The category does not include children who have learning problems that are primarily the result of visual, hearing, or motor disabilities; of intellectual disabilities; of emotional disturbance; or of environmental, cultural, or economic disadvantage.

A child may be found to have a specific learning disability after the documentation of careful consideration of each of the following criteria:

Failure to meet age- or grade-level state standards in one of the following areas when provided appropriate instruction (Mark

which area(s) are supported by evidence)

_____ Oral expression

_____ Listening comprehension

_____ Written expression

_____ Basic reading skills

_____ Reading fluency skills

_____ Reading comprehension

_____ Mathematics calculation

_____ Mathematics problem solving

Lack of progress in response to scientific, research-based intervention.

Underachievement is not primarily the result of a visual, hearing, or motor disability, Intellectual Disability, emotional disturbance, cultural factors, environmental or economic disadvantage, or limited English proficiency.

Underachievement is not due to lack of appropriate instruction in reading, writing, or math.

Direct observation of the student in the student's learning environment to document the student's academic performance and behavior in the area(s) of difficult academic performance and behavior. Observations should provide information that is data driven, empirical, and objective. Observations must be conducted by a qualified observer. In all cases, the observation must not be conducted by the person delivering instruction.

The student meets the criteria for the Specific Learning Disability disability category:  Yes ( )  No ( X )

SLD Note: Jody does not meet criteria for SLD becuase of a lack of appropriate instruction for multiple years of low attendance, his academic scores being in the average or below average range for his academics scores, and no intervention data to show a lack of progress due to Jody's low attendance rate. Jody's attendance is not directly related to his math abilities (ex. he is not skipping only math class because it is difficult for him).

-------------------------------------

OTHER HEALTH IMPAIRMENT

Definition: 006.04J To qualify for special education services in the category of Other Health Impairment, the child must have limited strength, vitality, or alertness, including a heightened alertness to environmental stimuli that results in limited alertness with respect to the educational environment, that is due to chronic or acute health problems which adversely affects the child's educational or developmental performance. The category may include ADHD, diabetes, epilepsy, a heart condition, hemophilia, lead poisoning, leukemia, nephritis, rheumatic fever, sickle cell anemia, and Tourette syndrome. Chemical or alcohol dependency alone should not be sufficient basis for eligibility of Other Health Impairment.

The evaluation should include the analysis and documentation of:

*A chronic or acute health problem (through medical documentation, parent/guardian report, or data-supported suspicion by a school team).

*Limited strength, vitality, or alertness due to a chronic or acute health impairment or heightened alertness to environmental stimuli.

The student meets the criteria for the Other Health Impairment disability category:  Yes ( )  No ( X )

OHI Note: Jody's medical diagnosis of Borderline Intellectual Functioning and Adjustment Disorder (other diagnosis of Conduct Disorder, Oppositional Defiant Disorder, and Mixed Disturbance of Emotion are more considered when talking about Emotional Disturbance (below)), do not meet criteria for OHI becuase of a lack of evidence of limited strength vitality or alertness that influences his ability to access his general education. The team discussed the term of alertness and Jody's attention. His scores as rated by multiple teachers, his mother, and Jody himself, as well as multiple observations, show that Jody does not have significant concerns for his ability to pay attention in class.

---------------------------------------

EMOTIONAL DISTURBANCE

Definition: 006.04E In order to qualify for special education services in the category of Emotional Disturbance, the child must have a condition exhibiting one or more of the following characteristics over a long period of time and to a marked degree, that adversely affects the child's educational performance, or in the case of children below age five, development. The term includes schizophrenia. The term does not apply to children with social maladjustments, unless it is determined that they have an emotional disturbance.

A child who is identified with an Emotional Disturbance has a disability characterized by behavioral or emotional responses in school so different from appropriate age, cultural, or ethnic norms that they adversely and significantly affect academic, social, vocational, or personal skills or developmental performance, including readiness to learn. A child with an Emotional Disturbance exhibits responses which are not age-appropriate expected responses to stressful events in the environment and are consistently exhibited in two or more different settings, at least one of which is school related.

A child who is identified with an Emotional Disturbance shall demonstrate patterns of situational inappropriate behavior which deviates substantially from the behavior of his or her same age or peer group. These behaviors may vary from peers in their frequency, intensity, and/or duration and are unresponsive to direct intervention applied in general education, or the child's condition is such that general education interventions would be insufficient or unsustainable using regular education resources.

Delinquency, discipline problems, substance abuse, social maladjustment, and/or conditions resulting from a culturally incompatible learning environment are not sufficient evidence of an emotional disturbance.

Evaluation methods must yield evidence that supports one or more of the five conditions that constitute an emotional disturbance: (Mark which condition(s) are supported by evidence)

_____ Inability to learn that cannot be explained by intellectual, sensory, or health factors.

_____ Inability to build or maintain satisfactory interpersonal relationships with peers and teachers.

_____ Inappropriate types of behavior or feelings under normal circumstances.

_____ General pervasive mood of unhappiness or depression.

_____ Tendency to develop physical symptoms or fears associated with personal or school problems.

The student meets the criteria for the Emotional Disturbance disability category:  Yes ( )  No ( X )

ED Note: The team agreed that Jody fits the classification of social maladjustment rather than emotional disturbance due to: intentional rule breaking, his ability to act appropriate when he wants to, viewing rule breaking as acceptable, and the lack of remorse with his infractions.

-----------------------------------

Verification Statement: Per Nebraska Rule 51, Jody does not verify for special education services, decided by the MDT on 11/14/2025. Jody will continue in the 504 process and he is referred to his 504 team for further support.

Notes: All members of the team, other than Jody's mother agreed that Jody does not meet criteria for special education.

The following statement is the statement of differing conclusion from Tynisha Sheffield:

"I am formally disagreeing with a No Verification determination. Under IDEA and Rule 51, the district cannot finalize a No Eligibility decision when a parent disagrees and when all suspected disability areas have not been fully evaluated. I am requesting 1) PWN documenting the refusal to evaluate in the areas I listed, 2) a continuation of the MDT process, 3) a district funded Independent Educational Evaluation because I disagree with the conclusion and interpretation of the data. Furthermore, this meeting cannot end eligibility, because legally you must provide PWN explaining why you are refusing to evaluate the suspected areas I identified. (Suspecting SLD and ID)."

**Email Delivery Certificate generated by Mailsuite**

*Certificate Of Service*

| | |
|---|---|
| **From** | Tynisha Sheffield <tasheffi@gmail.com> |
| **Subject** | URGENT: Subject: Immediate Action Required – Representation Failures & Urgent Case Oversight |
| **Message ID** | <e179ac07-acc1-3924-a3e0-6376c4680c78@gmail.com> |
| **Delivered on** | 10 Oct, 2025 at 6:30 PM |
| **Delivered to** | Justin Wayne <justin@justinwaynelaw.com>, Tynisha Sheffield <tasheffi@gmail.com> |

## Tracking history

👁 **Opened** on 18 Nov, 2025 at 6:00 AM by Justin Wayne

👁 **Opened** on 16 Nov, 2025 at 1:45 PM by Justin Wayne

👁 **Opened** on 15 Nov, 2025 at 7:42 PM by Justin Wayne

👁 **Opened** on 3 Nov, 2025 at 4:13 PM by Justin Wayne

👁 **Opened** on 12 Oct, 2025 at 8:31 PM by Justin Wayne

👁 **Opened** on 12 Oct, 2025 at 8:10 PM by Justin Wayne

👁 **Opened** on 12 Oct, 2025 at 7:43 PM by Justin Wayne

👁 **Opened** on 11 Oct, 2025 at 1:45 AM by Justin Wayne

👁 **Opened** on 11 Oct, 2025 at 1:44 AM by Justin Wayne

👁 **Opened** on 10 Oct, 2025 at 6:43 PM by Justin Wayne

👁 **Opened** on 10 Oct, 2025 at 6:42 PM by Justin Wayne

*√/ Mailsuite*

2025 © Mailsuite, S.L.
C/ Córcega 301, At. 2.
08008 Barcelona - España

**6:36** 

Done    **mailsuite.com**    ↻

**Email Delivery Certificate generated by Mailsuite**

**From**         Tynisha Sheffield <tasheffi@gmail.com>

**Subject**      URGENT: Subject: Immediate Action Required – Representation Failures & Urgent Case Oversight

**Message ID**   <o179ac07-occ1-3924-a3c0-6370c4080c7#@gmail.com>

**Delivered on**  10 Oct, 2025 at 6:30 PM

**Delivered to**  Justin Wayne <justin@justinwaynelaw.com>, Tynisha Sheffield <tasheffi@gmail.com>

**Tracking history**

👁 **Opened** on 18 Nov, 2025 at 6:00 AM by Justin Wayne

👁 **Opened** on 16 Nov, 2025 at 1:45 PM by Justin Wayne

👁 **Opened** on 15 Nov, 2025 at 7:42 PM by Justin Wayne

👁 **Opened** on 3 Nov, 2025 at 4:13 PM by Justin Wayne

👁 **Opened** on 12 Oct, 2025 at 8:31 PM by Justin Wayne

👁 **Opened** on 12 Oct, 2025 at 8:10 PM by Justin Wayne

👁 **Opened** on 12 Oct, 2025 at 7:43 PM by Justin Wayne

👁 **Opened** on 11 Oct, 2025 at 1:45 AM by Justin Wayne

👁 **Opened** on 11 Oct, 2025 at 1:44 AM by Justin Wayne

👁 **Opened** on 10 Oct, 2025 at 6:43 PM by Justin Wayne

👁 **Opened** on 10 Oct, 2025 at 6:42 PM by Justin Wayne

**✔/ Mailsuite**

2025 © Mailsuite, S.L.
C/ Córcega 301, At. 2.
08008 Barcelona · España

Page 1/1

**6:49**

## Done          **mailsuite.com**

**Email Delivery Certificate generated by Mailsuite**

| | |
|---|---|
| **From** | Tynisha Sheffield <tashetlf@gmail.com> |
| **Subject** | ☐Correction – Removal of Attorney Justin Wayne from Witness List (HHS OCR Complaint No. 644573) |
| **Message ID** | <78b5c4c3-805c-8ad1-28fb-00d7b47eadb2@gmail.com> |
| **Delivered on** | 16 Oct, 2025 at 2:19 AM |
| **Delivered to** | Add recipient <OCRComplaint@hhs.gov>, Justin Wayne <justin@justinwaynelaw.com> |

**Tracking history**

- Opened on 17 Oct, 2025 at 10:14 AM by Add recipient
- Opened on 17 Oct, 2025 at 10:12 AM by Add recipient
- Opened on 16 Oct, 2025 at 9:03 AM by Add recipient
- Opened on 16 Oct, 2025 at 9:02 AM by Add recipient
- Opened on 16 Oct, 2025 at 8:55 AM by Justin Wayne

**//Mailsuite**

2025 © Mailsuite, S.L.
C/ Córcega 301, At. 2.
08008 Barcelona - España

Page 1/1

| From | Tynisha Sheffield <tasheffi@gmail.com> |
|---|---|
| Subject | Goals for IFP |
| Message ID | <30e13e2b-03f6-6995-fdb2-12898b6b526c@gmail.com> |
| Delivered on | 9 Oct, 2025 at 1:12 AM |
| Delivered to | Kali Cuendet <kcuendet@ablessingofhope.org>, Paul Manestar <pmanestar@ablessingofhope.org>, Angel Todd <atodd@ablessingofhope.org>, Shipley, Katherine <katherine.shipley@nebraska.gov>, Justin Wayne <justin@justinwaynelaw.com> |

## Tracking history

👁 **Opened** on 20 Oct, 2025 at 10:36 AM by Angel Todd

👁 **Opened** on 20 Oct, 2025 at 10:35 AM by Angel Todd

👁 **Opened** on 17 Oct, 2025 at 3:20 PM by Angel Todd

👁 **Opened** on 17 Oct, 2025 at 3:18 PM by Paul Manestar

👁 **Opened** on 16 Oct, 2025 at 5:23 PM by Paul Manestar

👁 **Opened** on 15 Oct, 2025 at 2:24 PM by Paul Manestar

👁 **Opened** on 14 Oct, 2025 at 5:29 PM by Paul Manestar

👁 **Opened** on 12 Oct, 2025 at 7:38 PM by Justin Wayne

👁 **Opened** on 12 Oct, 2025 at 6:47 PM by Kali Cuendet

👁 **Opened** on 9 Oct, 2025 at 11:53 PM by Paul Manestar

👁 **Opened** on 9 Oct, 2025 at 6:34 PM by Paul Manestar

👁 **Opened** on 9 Oct, 2025 at 11:49 AM by Paul Manestar

👁 **Opened** on 9 Oct, 2025 at 11:22 AM by Paul Manestar

👁 **Opened** on 9 Oct, 2025 at 11:13 AM by Paul Manestar

👁 **Opened** on 9 Oct, 2025 at 10:06 AM by Shipley, Katherine

👁 **Opened** on 9 Oct, 2025 at 9:44 AM by Paul Manestar

👁 **Opened** on 9 Oct, 2025 at 9:38 AM by Paul Manestar

👁 **Opened** on 9 Oct, 2025 at 9:36 AM by Paul Manestar

**ᴠ/ Mailsuite**

2025 © **Mailsuite, S.L.**
C/ Córcega 301, At. 2.
08008 Barcelona - España

👁 **Opened** on 9 Oct, 2025 at 9:33 AM by Paul Manestar

👁 **Opened** on 9 Oct, 2025 at 9:25 AM by Paul Manestar

👁 **Opened** on 9 Oct, 2025 at 9:10 AM by Kali Cuendet

👁 **Opened** on 9 Oct, 2025 at 9:08 AM by Kali Cuendet

👁 **Opened** on 9 Oct, 2025 at 9:02 AM by Paul Manestar

👁 **Opened** on 9 Oct, 2025 at 7:46 AM by Justin Wayne

👁 **Opened** on 9 Oct, 2025 at 2:01 AM by Kali Cuendet

👁 **Opened** on 9 Oct, 2025 at 1:30 AM by Kali Cuendet

👁 **Opened** on 9 Oct, 2025 at 1:12 AM by Justin Wayne

**✓// Mailsuite**

2025 © **Mailsuite, S.L.**
C/ Córcega 301, At. 2.
08008 Barcelona - España

| From | Tynisha Sheffield <tasheffi@gmail.com> |
|------|----------------------------------------|
| Subject | ☐ Who's Accountable? Project Harmony Interview for Jody E. Carpenter Still Not Scheduled (OCR Nos. 644573, 11-25-641143 AU-68663 \| AU-68664 \| AU-93921) |
| Message ID | <02a66e86-b5b6-3cb5-b02a-4a659de1df3f@gmail.com> |
| Delivered on | 30 Oct, 2025 at 5:43 PM |
| Delivered to | Add recipient <OCRComplaint@hhs.gov>, Add recipient <ocr.kansascity@ed.gov>, Add recipient <chad.wiebers@cityofomaha.org>, Ashley Strader <ashleystraderlaw@gmail.com>, Katherine Shipley <katherine.shipley@nebraska.gov>, Add recipient <jackson.stokes@douglascounty-ne.gov>, Add recipient <crt.disabilityrights@usdoj.gov>, Justin Wayne <justin@justinwaynelaw.com> |

## Tracking history

◉ **Opened** on 16 Nov, 2025 at 10:16 PM by Ashley Strader

◉ **Opened** on 15 Nov, 2025 at 8:13 PM by Justin Wayne

◉ **Opened** on 5 Nov, 2025 at 12:48 PM by Ashley Strader

◉ **Opened** on 4 Nov, 2025 at 5:13 PM by Add recipient

◉ **Opened** on 4 Nov, 2025 at 8:46 AM by Add recipient

◉ **Opened** on 4 Nov, 2025 at 8:44 AM by Add recipient

◉ **Opened** on 4 Nov, 2025 at 5:34 AM by Justin Wayne

◉ **Opened** on 3 Nov, 2025 at 3:17 PM by Add recipient

◉ **Opened** on 3 Nov, 2025 at 2:54 PM by Add recipient

◉ **Opened** on 3 Nov, 2025 at 2:51 PM by Add recipient

◉ **Opened** on 3 Nov, 2025 at 2:50 PM by Add recipient

◉ **Opened** on 3 Nov, 2025 at 2:48 PM by Add recipient

◉ **Opened** on 3 Nov, 2025 at 2:46 PM by Add recipient

◉ **Opened** on 3 Nov, 2025 at 2:43 PM by Add recipient

◉ **Opened** on 3 Nov, 2025 at 11:26 AM by Add recipient

◉ **Opened** on 3 Nov, 2025 at 11:26 AM by Add recipient

◉ **Opened** on 1 Nov, 2025 at 3:19 PM by Justin Wayne

**✔/ Mailsuite**

2025 © Mailsuite, S.L.
C/ Córcega 301, At. 2.
08008 Barcelona - España

**Email Delivery Certificate generated by Mailsuite**

👁 **Opened** on 31 Oct, 2025 at 6:06 PM by Justin Wayne

👁 **Opened** on 31 Oct, 2025 at 3:42 PM by Add recipient

👁 **Opened** on 31 Oct, 2025 at 2:24 PM by Add recipient

👁 **Opened** on 31 Oct, 2025 at 2:05 PM by Add recipient

👁 **Opened** on 31 Oct, 2025 at 2:05 PM by Justin Wayne

👁 **Opened** on 31 Oct, 2025 at 1:01 PM by Add recipient

👁 **Opened** on 31 Oct, 2025 at 11:08 AM by Add recipient

👁 **Opened** on 31 Oct, 2025 at 9:23 AM by Add recipient

👁 **Opened** on 31 Oct, 2025 at 12:58 AM by Ashley Strader

👁 **Opened** on 31 Oct, 2025 at 12:41 AM by Add recipient

👁 **Opened** on 30 Oct, 2025 at 8:33 PM by Katherine Shipley

👁 **Opened** on 30 Oct, 2025 at 8:32 PM by Katherine Shipley

👁 **Opened** on 30 Oct, 2025 at 6:49 PM by Add recipient

👁 **Opened** on 30 Oct, 2025 at 5:44 PM by Add recipient

👁 **Opened** on 30 Oct, 2025 at 5:44 PM by Katherine Shipley

*//* **Mailsuite**

2025 © **Mailsuite, S.L.**
C/ Córcega 301, At. 2.
08008 Barcelona - España

| From | Tynisha Sheffield <tasheffi@gmail.com> |
|---|---|
| Subject | ☐ Notice of Receipt of Stamped Court Filings – JV-24-1594 | OCR Nos. 644573, 644851, 641674, 11-25-641143 | Police Reports AU68664, AU68663, AU93921 (Dual Jurisdiction) |
| Message ID | <aee54426-d775-ab75-3b63-ec07a0e0ed73@gmail.com> |
| Delivered on | 13 Nov, 2025 at 9:17 PM |
| Delivered to | Justin Wayne <justin@justinwaynelaw.com>, Katherine Shipley <katherine.shipley@nebraska.gov>, Ashley Strader <ashleystraderlaw@gmail.com>, Add recipient <juvenile.court@douglascounty-ne.gov>, Add recipient <district.court@douglascounty-ne.gov>, Add recipient <OCRComplaint@hhs.gov>, Add recipient <ocr.kansascity@ed.gov>, Add recipient <aclinfo@acl.hhs.gov>, Add recipient <Civil.Feedback@usdoj.gov>, Add recipient <tasheffi@gmail.com> |

## Tracking history

👁 **Opened** on 24 Nov, 2025 at 1:22 PM by Ashley Strader

👁 **Opened** on 19 Nov, 2025 at 8:07 PM by Ashley Strader

👁 **Opened** on 14 Nov, 2025 at 9:35 AM by Ashley Strader

👁 **Opened** on 14 Nov, 2025 at 8:11 AM by Katherine Shipley

👁 **Opened** on 14 Nov, 2025 at 6:55 AM by Justin Wayne

👁 **Opened** on 14 Nov, 2025 at 12:23 AM by Justin Wayne

👁 **Opened** on 14 Nov, 2025 at 12:21 AM by Justin Wayne

👁 **Opened** on 14 Nov, 2025 at 12:20 AM by Justin Wayne

👁 **Opened** on 14 Nov, 2025 at 12:19 AM by Justin Wayne

👁 **Opened** on 14 Nov, 2025 at 12:18 AM by Justin Wayne

👁 **Opened** on 14 Nov, 2025 at 12:15 AM by Justin Wayne

👁 **Opened** on 14 Nov, 2025 at 12:10 AM by Justin Wayne

👁 **Opened** on 14 Nov, 2025 at 12:04 AM by Justin Wayne

👁 **Opened** on 13 Nov, 2025 at 11:58 PM by Justin Wayne

👁 **Opened** on 13 Nov, 2025 at 11:51 PM by Justin Wayne

👁 **Opened** on 13 Nov, 2025 at 11:48 PM by Justin Wayne

**𝒗// Mailsuite**

2025 © Mailsuite, S.L.
C/ Córcega 301, At. 2.
08008 Barcelona - España

**Email Delivery Certificate generated by Mailsuite**

👁 **Opened** on 13 Nov, 2025 at 11:45 PM by Justin Wayne

👁 **Opened** on 13 Nov, 2025 at 11:38 PM by Justin Wayne

👁 **Opened** on 13 Nov, 2025 at 11:37 PM by Justin Wayne

👁 **Opened** on 13 Nov, 2025 at 11:35 PM by Justin Wayne

👁 **Opened** on 13 Nov, 2025 at 11:06 PM by Justin Wayne

👁 **Opened** on 13 Nov, 2025 at 11:04 PM by Justin Wayne

👁 **Opened** on 13 Nov, 2025 at 11:02 PM by Justin Wayne

👁 **Opened** on 13 Nov, 2025 at 10:57 PM by Justin Wayne

👁 **Opened** on 13 Nov, 2025 at 10:55 PM by Justin Wayne

👁 **Opened** on 13 Nov, 2025 at 10:53 PM by Justin Wayne

👁 **Opened** on 13 Nov, 2025 at 10:00 PM by Justin Wayne

👁 **Opened** on 13 Nov, 2025 at 9:22 PM by Add recipient

👁 **Opened** on 13 Nov, 2025 at 9:21 PM by Add recipient

👁 **Opened** on 13 Nov, 2025 at 9:21 PM by Katherine Shipley

👁 **Opened** on 13 Nov, 2025 at 9:20 PM by Add recipient

👁 **Opened** on 13 Nov, 2025 at 9:19 PM by Justin Wayne

👁 **Opened** on 13 Nov, 2025 at 9:19 PM by Add recipient

👁 **Opened** on 13 Nov, 2025 at 9:18 PM by Katherine Shipley

👁 **Opened** on 13 Nov, 2025 at 9:18 PM by Ashley Strader

**✔/ Mailsuite**

2025 © **Mailsuite, S.L.**
C/ Córcega 301, At. 2.
08008 Barcelona - España

| From | Tynisha Sheffield <tasheffi@gmail.com> |
|------|------------------------------------------|
| Subject | SUBJECT: Certificate of Service — Filed Motion to Set Hearing (JV-24-1594) |
| Message ID | <152e7707-f6f3-b7e9-5a71-d233b22ed808@gmail.com> |
| Delivered on | 19 Nov, 2025 at 7:37 PM |
| Delivered to | Add recipient <justin@justinwaynelaw.com>, Katherine Shipley <katherine.shipley@nebraska.gov>, Ashley Strader GAL <ashley.straderlaw@gmail.com>, <jordan.klein@douglascounty-ne.gov>, Add recipient <dhhs.douglascountyorders@nebraska.gov>, <dhhs.cfs.courtfilings@nebraska.gov>, Add recipient <cheyenne.wilson@douglascounty-ne.gov>, Add recipient <katie.torczon@nebraska.gov>, Add recipient <nicole.fisk@nebraska.gov>, <gonzalez@johnsonpeknylaw.com>, Add recipient <mae.adkins@nebraska.gov>, Tynisha Sheffield <tasheffi@gmail.com>, Add recipient <ocr.kansascity@ed.gov>, Add recipient <OCRMail@hhs.gov>, Add recipient <Civil.Feedback@usdoj.gov>, <aclinfo@acl.hhs.gov>, Add recipient <USANEE.CivilRights@usdoj.gov> |

## Tracking history

👁 **Opened** on 19 Nov, 2025 at 11:45 PM by Ashley Strader GAL

👁 **Opened** on 19 Nov, 2025 at 11:45 PM by jordan.klein@douglascounty-ne.gov

👁 **Opened** on 19 Nov, 2025 at 11:45 PM by Add recipient

👁 **Opened** on 19 Nov, 2025 at 11:45 PM by Ashley Strader GAL

👁 **Opened** on 19 Nov, 2025 at 11:17 PM by gonzalez@johnsonpeknylaw.com

👁 **Opened** on 19 Nov, 2025 at 9:57 PM by Ashley Strader GAL

👁 **Opened** on 19 Nov, 2025 at 9:53 PM by Add recipient

👁 **Opened** on 19 Nov, 2025 at 9:49 PM by Ashley Strader GAL

👁 **Opened** on 19 Nov, 2025 at 8:07 PM by Ashley Strader GAL

👁 **Opened** on 19 Nov, 2025 at 8:00 PM by Katherine Shipley

👁 **Opened** on 19 Nov, 2025 at 7:59 PM by gonzalez@johnsonpeknylaw.com

👁 **Opened** on 19 Nov, 2025 at 7:59 PM by Katherine Shipley

👁 **Opened** on 19 Nov, 2025 at 7:55 PM by Ashley Strader GAL

👁 **Opened** on 19 Nov, 2025 at 7:53 PM by Add recipient

👁 **Opened** on 19 Nov, 2025 at 7:40 PM by jordan.klein@douglascounty-ne.gov

👁 **Opened** on 19 Nov, 2025 at 7:38 PM by gonzalez@johnsonpeknylaw.com

*V/ Mailsuite*

2025 © Mailsuite, S.L.
C/ Córcega 301, At. 2.
08008 Barcelona - España

**Email Delivery Certificate generated by Mailsuite**

👁 **Opened** on 19 Nov, 2025 at 7:38 PM by Add recipient

👁 **Opened** on 19 Nov, 2025 at 7:38 PM by jordan.klein@douglascounty-ne.gov

👁 **Opened** on 19 Nov, 2025 at 7:38 PM by Katherine Shipley

👁 **Opened** on 19 Nov, 2025 at 7:38 PM by Ashley Strader GAL

*v/ Mailsuite*

2025 © Mailsuite, S.L.
C/ Córcega 301, At. 2.
08008 Barcelona - España

| | |
|---|---|
| **From** | Tynisha Sheffield <tasheffi@gmail.com> |
| **Subject** | Subject: Follow-Up: October 6, 2025 Therapy Session – Documentation, ADA/504 Concerns, and Required Next Steps |
| **Message ID** | <2d9dccba-4dc5-4b78-7471-e2613f33db5e@gmail.com> |
| **Delivered on** | 7 Oct, 2025 at 3:59 PM |
| **Delivered to** | Add recipient <kcuendet@ablessingofhope.org>, Add recipient <pmanestar@ablessingofhope.org>, Katherine Shipley <katherine.shipley@nebraska.gov>, Justin Wayne <justin@justinwaynelaw.com>, Add recipient <OCRMail@hhs.gov>, Add recipient <info@acl.hhs.gov> |

## Tracking history

👁 **Opened** on 20 Oct, 2025 at 10:37 AM by Add recipient

👁 **Opened** on 12 Oct, 2025 at 6:48 PM by Add recipient

👁 **Opened** on 12 Oct, 2025 at 5:54 PM by Justin Wayne

👁 **Opened** on 9 Oct, 2025 at 3:02 PM by Add recipient

👁 **Opened** on 9 Oct, 2025 at 9:37 AM by Add recipient

👁 **Opened** on 9 Oct, 2025 at 9:09 AM by Add recipient

👁 **Opened** on 8 Oct, 2025 at 6:59 PM by Add recipient

👁 **Opened** on 8 Oct, 2025 at 5:45 PM by Add recipient

👁 **Opened** on 8 Oct, 2025 at 2:14 PM by Add recipient

👁 **Opened** on 7 Oct, 2025 at 6:58 PM by Add recipient

👁 **Opened** on 7 Oct, 2025 at 5:32 PM by Add recipient

👁 **Opened** on 7 Oct, 2025 at 5:31 PM by Add recipient

👁 **Opened** on 7 Oct, 2025 at 5:28 PM by Add recipient

👁 **Opened** on 7 Oct, 2025 at 5:26 PM by Add recipient

👁 **Opened** on 7 Oct, 2025 at 5:24 PM by Add recipient

👁 **Opened** on 7 Oct, 2025 at 5:14 PM by Add recipient

👁 **Opened** on 7 Oct, 2025 at 5:00 PM by Add recipient

**ɪ// Mailsuite**

2025 © **Mailsuite, S.L.**
C/ Córcega 301, At. 2.
08008 Barcelona - España

**Email Delivery Certificate generated by Mailsuite**

👁 **Opened** on 7 Oct, 2025 at 4:41 PM by Add recipient

👁 **Opened** on 7 Oct, 2025 at 4:39 PM by Add recipient

👁 **Opened** on 7 Oct, 2025 at 4:28 PM by Add recipient

👁 **Opened** on 7 Oct, 2025 at 4:24 PM by Add recipient

👁 **Opened** on 7 Oct, 2025 at 4:24 PM by Add recipient

👁 **Opened** on 7 Oct, 2025 at 4:06 PM by Add recipient

👁 **Opened** on 7 Oct, 2025 at 4:06 PM by Add recipient

👁 **Opened** on 7 Oct, 2025 at 4:05 PM by Add recipient

👁 **Opened** on 7 Oct, 2025 at 4:01 PM by Katherine Shipley

👁 **Opened** on 7 Oct, 2025 at 4:01 PM by Katherine Shipley

*// Mailsuite*

2025 © **Mailsuite, S.L.**
C/ Córcega 301, At. 2.
08008 Barcelona - España

| From | Tynisha Sheffield <tasheffi@gmail.com> |
|------|------|
| Subject | Clarification of Representation and Enforcement of Rights – JV-24-1594 (Sept. 4, 2025 Hearing) |
| Message ID | <fbf152b1-7792-d682-ee0e-06ffda8ad1c1@gmail.com> |
| Delivered on | 20 Aug, 2025 at 2:02 PM |
| Delivered to | <justin@justinwaynelaw.com>, <katherine.shipley@nebraska.gov>, <ashley.straderlaw@gmail.com>, <hpham@leg.ne.gov>, <info@disabilityrightsnebraska.org> |

### Tracking history

👁 **Opened** on 17 Nov, 2025 at 11:59 PM by katherine.shipley@nebraska.gov

👁 **Opened** on 22 Sep, 2025 at 12:32 AM by katherine.shipley@nebraska.gov

👁 **Opened** on 22 Sep, 2025 at 12:32 AM by ashley.straderlaw@gmail.com

👁 **Opened** on 20 Sep, 2025 at 1:33 PM by katherine.shipley@nebraska.gov

👁 **Opened** on 20 Sep, 2025 at 1:33 PM by ashley.straderlaw@gmail.com

👁 **Opened** on 16 Sep, 2025 at 6:35 PM by katherine.shipley@nebraska.gov

👁 **Opened** on 16 Sep, 2025 at 6:34 PM by hpham@leg.ne.gov

👁 **Opened** on 4 Sep, 2025 at 4:17 PM by hpham@leg.ne.gov

👁 **Opened** on 4 Sep, 2025 at 1:39 PM by info@disabilityrightsnebraska.org

👁 **Opened** on 4 Sep, 2025 at 1:39 PM by info@disabilityrightsnebraska.org

👁 **Opened** on 28 Aug, 2025 at 9:48 AM by hpham@leg.ne.gov

👁 **Opened** on 25 Aug, 2025 at 10:16 PM by justin@justinwaynelaw.com

👁 **Opened** on 25 Aug, 2025 at 10:16 PM by katherine.shipley@nebraska.gov

👁 **Opened** on 25 Aug, 2025 at 12:21 PM by katherine.shipley@nebraska.gov

👁 **Opened** on 22 Aug, 2025 at 4:14 PM by katherine.shipley@nebraska.gov

👁 **Opened** on 22 Aug, 2025 at 2:29 PM by hpham@leg.ne.gov

👁 **Opened** on 22 Aug, 2025 at 12:44 PM by hpham@leg.ne.gov

👁 **Opened** on 22 Aug, 2025 at 12:19 PM by hpham@leg.ne.gov

*// Mailsuite*

2025 © Mailsuite, S.L.
C/ Córcega 301, At. 2.
08008 Barcelona - España

👁 **Opened** on 22 Aug, 2025 at 12:06 PM by hpham@leg.ne.gov

👁 **Opened** on 22 Aug, 2025 at 12:05 PM by hpham@leg.ne.gov

👁 **Opened** on 22 Aug, 2025 at 12:05 PM by hpham@leg.ne.gov

👁 **Opened** on 22 Aug, 2025 at 11:53 AM by hpham@leg.ne.gov

👁 **Opened** on 22 Aug, 2025 at 11:41 AM by hpham@leg.ne.gov

👁 **Opened** on 22 Aug, 2025 at 11:41 AM by hpham@leg.ne.gov

👁 **Opened** on 22 Aug, 2025 at 11:39 AM by hpham@leg.ne.gov

👁 **Opened** on 22 Aug, 2025 at 11:24 AM by hpham@leg.ne.gov

👁 **Opened** on 22 Aug, 2025 at 11:24 AM by hpham@leg.ne.gov

👁 **Opened** on 22 Aug, 2025 at 11:22 AM by hpham@leg.ne.gov

👁 **Opened** on 22 Aug, 2025 at 11:21 AM by hpham@leg.ne.gov

👁 **Opened** on 22 Aug, 2025 at 11:20 AM by hpham@leg.ne.gov

👁 **Opened** on 22 Aug, 2025 at 11:19 AM by hpham@leg.ne.gov

👁 **Opened** on 22 Aug, 2025 at 11:17 AM by hpham@leg.ne.gov

👁 **Opened** on 22 Aug, 2025 at 11:11 AM by hpham@leg.ne.gov

👁 **Opened** on 22 Aug, 2025 at 11:09 AM by hpham@leg.ne.gov

👁 **Opened** on 22 Aug, 2025 at 11:03 AM by hpham@leg.ne.gov

👁 **Opened** on 22 Aug, 2025 at 10:50 AM by hpham@leg.ne.gov

👁 **Opened** on 22 Aug, 2025 at 10:32 AM by hpham@leg.ne.gov

👁 **Opened** on 22 Aug, 2025 at 9:35 AM by hpham@leg.ne.gov

👁 **Opened** on 22 Aug, 2025 at 9:30 AM by hpham@leg.ne.gov

👁 **Opened** on 22 Aug, 2025 at 9:28 AM by hpham@leg.ne.gov

👁 **Opened** on 22 Aug, 2025 at 9:28 AM by hpham@leg.ne.gov

👁 **Opened** on 22 Aug, 2025 at 9:28 AM by info@disabilityrightsnebraska.org

👁 **Opened** on 22 Aug, 2025 at 9:28 AM by info@disabilityrightsnebraska.org

👁 **Opened** on 22 Aug, 2025 at 9:27 AM by hpham@leg.ne.gov

*v/ Mailsuite*

2025 © **Mailsuite, S.L.**
C/ Córcega 301, At. 2.
08008 Barcelona - España

👁 **Opened** on 22 Aug, 2025 at 9:26 AM by hpham@leg.ne.gov

👁 **Opened** on 22 Aug, 2025 at 9:25 AM by hpham@leg.ne.gov

👁 **Opened** on 22 Aug, 2025 at 9:24 AM by hpham@leg.ne.gov

👁 **Opened** on 22 Aug, 2025 at 9:24 AM by hpham@leg.ne.gov

👁 **Opened** on 22 Aug, 2025 at 9:21 AM by hpham@leg.ne.gov

👁 **Opened** on 22 Aug, 2025 at 9:20 AM by hpham@leg.ne.gov

👁 **Opened** on 22 Aug, 2025 at 9:17 AM by hpham@leg.ne.gov

👁 **Opened** on 22 Aug, 2025 at 9:16 AM by hpham@leg.ne.gov

👁 **Opened** on 22 Aug, 2025 at 8:58 AM by hpham@leg.ne.gov

👁 **Opened** on 21 Aug, 2025 at 6:31 PM by hpham@leg.ne.gov

👁 **Opened** on 21 Aug, 2025 at 4:51 PM by katherine.shipley@nebraska.gov

👁 **Opened** on 21 Aug, 2025 at 11:37 AM by katherine.shipley@nebraska.gov

👁 **Opened** on 20 Aug, 2025 at 6:27 PM by hpham@leg.ne.gov

👁 **Opened** on 20 Aug, 2025 at 5:55 PM by hpham@leg.ne.gov

👁 **Opened** on 20 Aug, 2025 at 5:32 PM by katherine.shipley@nebraska.gov

👁 **Opened** on 20 Aug, 2025 at 4:35 PM by katherine.shipley@nebraska.gov

👁 **Opened** on 20 Aug, 2025 at 3:18 PM by hpham@leg.ne.gov

👁 **Opened** on 20 Aug, 2025 at 3:04 PM by katherine.shipley@nebraska.gov

👁 **Opened** on 20 Aug, 2025 at 3:04 PM by katherine.shipley@nebraska.gov

👁 **Opened** on 20 Aug, 2025 at 3:00 PM by katherine.shipley@nebraska.gov

👁 **Opened** on 20 Aug, 2025 at 2:59 PM by ashley.straderlaw@gmail.com

👁 **Opened** on 20 Aug, 2025 at 2:54 PM by katherine.shipley@nebraska.gov

👁 **Opened** on 20 Aug, 2025 at 2:44 PM by katherine.shipley@nebraska.gov

👁 **Opened** on 20 Aug, 2025 at 2:44 PM by justin@justinwaynelaw.com

👁 **Opened** on 20 Aug, 2025 at 2:43 PM by justin@justinwaynelaw.com

👁 **Opened** on 20 Aug, 2025 at 2:43 PM by katherine.shipley@nebraska.gov

*// Mailsuite*

2025 © **Mailsuite, S.L.**
C/ Córcega 301, At. 2.
08008 Barcelona - España

👁 **Opened** on 20 Aug, 2025 at 2:36 PM by katherine.shipley@nebraska.gov

👁 **Opened** on 20 Aug, 2025 at 2:33 PM by katherine.shipley@nebraska.gov

👁 **Opened** on 20 Aug, 2025 at 2:33 PM by katherine.shipley@nebraska.gov

👁 **Opened** on 20 Aug, 2025 at 2:33 PM by katherine.shipley@nebraska.gov

👁 **Opened** on 20 Aug, 2025 at 2:32 PM by katherine.shipley@nebraska.gov

👁 **Opened** on 20 Aug, 2025 at 2:31 PM by katherine.shipley@nebraska.gov

👁 **Opened** on 20 Aug, 2025 at 2:30 PM by katherine.shipley@nebraska.gov

👁 **Opened** on 20 Aug, 2025 at 2:30 PM by katherine.shipley@nebraska.gov

👁 **Opened** on 20 Aug, 2025 at 2:29 PM by katherine.shipley@nebraska.gov

👁 **Opened** on 20 Aug, 2025 at 2:19 PM by justin@justinwaynelaw.com

👁 **Opened** on 20 Aug, 2025 at 2:09 PM by katherine.shipley@nebraska.gov

👁 **Opened** on 20 Aug, 2025 at 2:06 PM by katherine.shipley@nebraska.gov

👁 **Opened** on 20 Aug, 2025 at 2:05 PM by katherine.shipley@nebraska.gov

👁 **Opened** on 20 Aug, 2025 at 2:03 PM by info@disabilityrightsnebraska.org

👁 **Opened** on 20 Aug, 2025 at 2:03 PM by info@disabilityrightsnebraska.org

👁 **Opened** on 20 Aug, 2025 at 2:03 PM by info@disabilityrightsnebraska.org

**✓/ Mailsuite**

2025 © **Mailsuite, S.L.**
C/ Córcega 301, At. 2.
08008 Barcelona - España

| From | Tynisha Sheffield <tasheffi@gmail.com> |
|---|---|
| Subject | SUBJECT: Certificate of Service — Filed Motion to Set Hearing (JV-24-1594) |
| Message ID | <152e7707-f6f3-b7e9-5a71-d233b22ed808@gmail.com> |
| Delivered on | 19 Nov, 2025 at 7:37 PM |
| Delivered to | Add recipient <justin@justinwaynelaw.com>, Katherine Shipley <katherine.shipley@nebraska.gov>, Ashley Strader GAL <ashley.straderlaw@gmail.com>, <jordan.klein@douglascounty-ne.gov>, Add recipient <dhhs.douglascountyorders@nebraska.gov>, <dhhs.cfs.courtfilings@nebraska.gov>, Add recipient <cheyenne.wilson@douglascounty-ne.gov>, Add recipient <katie.torczon@nebraska.gov>, Add recipient <nicole.fisk@nebraska.gov>, <gonzalez@johnsonpeknylaw.com>, Add recipient <mae.adkins@nebraska.gov>, Tynisha Sheffield <tasheffi@gmail.com>, Add recipient <ocr.kansascity@ed.gov>, Add recipient <OCRMail@hhs.gov>, Add recipient <Civil.Feedback@usdoj.gov>, <aclinfo@acl.hhs.gov>, Add recipient <USANEE.CivilRights@usdoj.gov> |

## Tracking history

👁 **Opened** on 24 Nov, 2025 at 1:25 PM by Ashley Strader GAL

👁 **Opened** on 21 Nov, 2025 at 3:20 PM by Add recipient

👁 **Opened** on 20 Nov, 2025 at 10:10 AM by Add recipient

👁 **Opened** on 20 Nov, 2025 at 10:08 AM by Add recipient

👁 **Opened** on 20 Nov, 2025 at 10:08 AM by Add recipient

👁 **Opened** on 20 Nov, 2025 at 10:08 AM by Ashley Strader GAL

👁 **Opened** on 20 Nov, 2025 at 10:06 AM by Add recipient

👁 **Opened** on 20 Nov, 2025 at 9:47 AM by Ashley Strader GAL

👁 **Opened** on 20 Nov, 2025 at 9:37 AM by Ashley Strader GAL

👁 **Opened** on 20 Nov, 2025 at 9:36 AM by Ashley Strader GAL

👁 **Opened** on 19 Nov, 2025 at 11:45 PM by Add recipient

👁 **Opened** on 19 Nov, 2025 at 11:45 PM by jordan.klein@douglascounty-ne.gov

👁 **Opened** on 19 Nov, 2025 at 11:45 PM by Ashley Strader GAL

👁 **Opened** on 19 Nov, 2025 at 11:45 PM by Ashley Strader GAL

👁 **Opened** on 19 Nov, 2025 at 11:17 PM by gonzalez@johnsonpeknylaw.com

👁 **Opened** on 19 Nov, 2025 at 9:57 PM by Ashley Strader GAL

**✓/ Mailsuite**

2025 © **Mailsuite, S.L.**
C/ Córcega 301, At. 2.
08008 Barcelona - España

👁 **Opened** on 19 Nov, 2025 at 9:53 PM by Add recipient

👁 **Opened** on 19 Nov, 2025 at 9:49 PM by Ashley Strader GAL

👁 **Opened** on 19 Nov, 2025 at 8:07 PM by Ashley Strader GAL

👁 **Opened** on 19 Nov, 2025 at 8:00 PM by Katherine Shipley

👁 **Opened** on 19 Nov, 2025 at 7:59 PM by gonzalez@johnsonpeknylaw.com

👁 **Opened** on 19 Nov, 2025 at 7:59 PM by Katherine Shipley

👁 **Opened** on 19 Nov, 2025 at 7:55 PM by Ashley Strader GAL

👁 **Opened** on 19 Nov, 2025 at 7:53 PM by Add recipient

👁 **Opened** on 19 Nov, 2025 at 7:40 PM by jordan.klein@douglascounty-ne.gov

👁 **Opened** on 19 Nov, 2025 at 7:38 PM by gonzalez@johnsonpeknylaw.com

👁 **Opened** on 19 Nov, 2025 at 7:38 PM by Add recipient

👁 **Opened** on 19 Nov, 2025 at 7:38 PM by jordan.klein@douglascounty-ne.gov

👁 **Opened** on 19 Nov, 2025 at 7:38 PM by Katherine Shipley

👁 **Opened** on 19 Nov, 2025 at 7:38 PM by Ashley Strader GAL

**⁄⁄ Mailsuite**

2025 © **Mailsuite, S.L.**
C/ Córcega 301, At. 2.
08008 Barcelona - España

| From | Tynisha Sheffield <tasheffi@gmail.com> |
| Subject | Subject: URGENT — Ward Status Blocking Benefits + Expected Case-Closure Timeline (JV-24-1594) |
| Message ID | <deac34fd-0237-90cb-cc67-5179d07118b0@gmail.com> |
| Delivered on | 7 Oct, 2025 at 3:41 PM |
| Delivered to | Justin Wayne <justin@justinwaynelaw.com>, Tynisha Sheffield <tasheffi@gmail.com> |

## Tracking history

👁 **Opened** on 18 Nov, 2025 at 8:31 PM by Justin Wayne

👁 **Opened** on 12 Oct, 2025 at 5:54 PM by Justin Wayne

👁 **Opened** on 7 Oct, 2025 at 4:50 PM by Justin Wayne

👁 **Opened** on 7 Oct, 2025 at 4:44 PM by Justin Wayne

👁 **Opened** on 7 Oct, 2025 at 4:02 PM by Justin Wayne

👁 **Opened** on 7 Oct, 2025 at 4:00 PM by Justin Wayne

👁 **Opened** on 7 Oct, 2025 at 3:54 PM by Justin Wayne

👁 **Opened** on 7 Oct, 2025 at 3:53 PM by Justin Wayne

**ⅤⅠ Mailsuite**

**2025 © Mailsuite, S.L.**
C/ Córcega 301, At. 2.
08008 Barcelona - España

**Email Delivery Certificate generated by Mailsuite**

| | |
|---|---|
| **From** | Tynisha Sheffield <tasheffi@gmail.com> |
| **Subject** | ☐ Interim Plan: Meeting with A Blessing of Hope Until Frank Bailey Confirms |
| **Message ID** | <37a395ca-1027-94db-9520-7c45f4c45996@gmail.com> |
| **Delivered on** | 23 Oct, 2025 at 12:38 PM |
| **Delivered to** | Shipley, Katherine <katherine.shipley@nebraska.gov>, Justin Wayne <justin@justinwaynelaw.com>, Ashley Strader <ashleystraderlaw@gmail.com>, Ashley Strader GAL <ashley.straderlaw@gmail.com>, Add recipient <kcuendet@ablessingofhope.org>, Add recipient <pmanestar@ablessingofhope.org>, Add recipient <atodd@ablessingofhope.org> |

## Tracking history

👁 **Opened** on 16 Nov, 2025 at 1:45 PM by Justin Wayne

👁 **Opened** on 31 Oct, 2025 at 2:26 PM by Justin Wayne

👁 **Opened** on 27 Oct, 2025 at 9:18 AM by Add recipient

👁 **Opened** on 23 Oct, 2025 at 11:29 PM by Add recipient

👁 **Opened** on 23 Oct, 2025 at 3:33 PM by Justin Wayne

👁 **Opened** on 23 Oct, 2025 at 2:49 PM by Add recipient

👁 **Opened** on 23 Oct, 2025 at 2:13 PM by Ashley Strader

👁 **Opened** on 23 Oct, 2025 at 1:58 PM by Add recipient

👁 **Opened** on 23 Oct, 2025 at 12:50 PM by Add recipient

👁 **Opened** on 23 Oct, 2025 at 12:49 PM by Add recipient

👁 **Opened** on 23 Oct, 2025 at 12:48 PM by Justin Wayne

**V/ Mailsuite**

2025 © Mailsuite, S.L.
C/ Córcega 301, At. 2.
08008 Barcelona - España

| From | Tynisha Sheffield <tasheffi@gmail.com> |
| --- | --- |
| Subject | RE: visit Subject: Written Clarification Required – Purpose of Requested Visit Case No. JV-24-1594 \| OCR Nos. 11-25-641143, 641674, 644573, 644851 \| Hotline Nos. 1128970, 1132675 \| OPD Reports AU-68663, AU-68664, AU-93921 |
| Message ID | <e8a7b180-436e-abcd-7ead-b6554932d5aa@gmail.com> |
| Delivered on | 17 Nov, 2025 at 3:06 PM |
| Delivered to | Shipley, Katherine <katherine.shipley@nebraska.gov>, Justin Wayne <justin@justinwaynelaw.com>, Ashley Strader <ashleystraderlaw@gmail.com>, Bollen, Alea <Alea.Bollen@nebraska.gov>, Add recipient <OCRComplaint@hhs.gov>, Add recipient <OCRMail@hhs.gov>, Add recipient <OCR.kansascity@ed.gov>, Add recipient <AskDOJ@usdoj.gov> |

## Tracking history

👁 **Opened** on 19 Nov, 2025 at 8:07 PM by Ashley Strader

👁 **Opened** on 18 Nov, 2025 at 12:05 PM by Add recipient

👁 **Opened** on 18 Nov, 2025 at 11:42 AM by Add recipient

👁 **Opened** on 18 Nov, 2025 at 11:42 AM by Add recipient

👁 **Opened** on 18 Nov, 2025 at 11:42 AM by Add recipient

👁 **Opened** on 18 Nov, 2025 at 11:41 AM by Add recipient

👁 **Opened** on 17 Nov, 2025 at 7:13 PM by Add recipient

👁 **Opened** on 17 Nov, 2025 at 4:14 PM by Ashley Strader

👁 **Opened** on 17 Nov, 2025 at 3:11 PM by Justin Wayne

**✔/ Mailsuite**

2025 © **Mailsuite, S.L.**
C/ Córcega 301, At. 2.
08008 Barcelona - España

**Email Delivery Certificate generated by Mailsuite**

| From | Tynisha Sheffield <tasheffi@gmail.com> |
|---|---|
| **Subject** | Case No. JV-24-1594 – Filing of Exhibit A & Exhibit B (Certificate of Service Attached) |
| **Message ID** | <CAFQP8wZ8YdENQ8PRQd+YHiFP5B3+iroLPFfk=f-7zzHzfEFxNw@mail.gmail.com> |
| **Delivered on** | 12 Aug, 2025 at 3:05 PM |
| **Delivered to** | <DHHS.DouglasCountyCourtOrders@nebraska.gov>, <justinwayne@justinwaynelaw.com>, <ashleystraderlaw@gmail.com>, <jordan.klein@douglascounty-ne.gov>, <shannon@shannonbenashlaw.com>, <Jake.Fields@nebraska.gov>, <gonzalez@johnsonpeknylaw.com>, <brittany.long@nebraska.gov>, <tasheffi@gmail.com>, <nwilliams@voicesforchildren.com> |

## Tracking history

👁 **Opened** on 18 Nov, 2025 at 3:48 PM by one of the recipients

👁 **Opened** on 23 Oct, 2025 at 12:50 PM by one of the recipients

👁 **Opened** on 8 Oct, 2025 at 6:45 PM by one of the recipients

👁 **Opened** on 22 Sep, 2025 at 12:22 AM by one of the recipients

👁 **Opened** on 20 Sep, 2025 at 3:02 PM by one of the recipients

👁 **Opened** on 20 Sep, 2025 at 1:48 PM by one of the recipients

👁 **Opened** on 4 Sep, 2025 at 2:04 PM by one of the recipients

👁 **Opened** on 26 Aug, 2025 at 1:36 PM by one of the recipients

👁 **Opened** on 25 Aug, 2025 at 11:28 PM by one of the recipients

👁 **Opened** on 22 Aug, 2025 at 10:18 AM by one of the recipients

👁 **Opened** on 22 Aug, 2025 at 9:44 AM by one of the recipients

👁 **Opened** on 21 Aug, 2025 at 4:56 PM by one of the recipients

👁 **Opened** on 21 Aug, 2025 at 10:08 AM by one of the recipients

👁 **Opened** on 18 Aug, 2025 at 7:26 PM by one of the recipients

👁 **Opened** on 18 Aug, 2025 at 12:12 PM by one of the recipients

👁 **Opened** on 15 Aug, 2025 at 11:04 PM by one of the recipients

👁 **Opened** on 15 Aug, 2025 at 5:13 PM by one of the recipients

**ᵛ//Mailsuite**

2025 © Mailsuite, S.L.
C/ Córcega 301, At. 2.
08008 Barcelona - España

**Email Delivery Certificate generated by Mailsuite**

👁 **Opened** on 15 Aug, 2025 at 4:32 PM by one of the recipients

👁 **Opened** on 15 Aug, 2025 at 11:32 AM by one of the recipients

👁 **Opened** on 15 Aug, 2025 at 11:20 AM by one of the recipients

👁 **Opened** on 14 Aug, 2025 at 5:52 PM by one of the recipients

👁 **Opened** on 14 Aug, 2025 at 4:08 PM by one of the recipients

👁 **Opened** on 14 Aug, 2025 at 2:21 PM by one of the recipients

👁 **Opened** on 14 Aug, 2025 at 2:06 PM by one of the recipients

👁 **Opened** on 14 Aug, 2025 at 2:06 PM by one of the recipients

👁 **Opened** on 14 Aug, 2025 at 2:05 PM by one of the recipients

👁 **Opened** on 14 Aug, 2025 at 2:04 PM by one of the recipients

👁 **Opened** on 14 Aug, 2025 at 2:01 PM by one of the recipients

👁 **Opened** on 14 Aug, 2025 at 2:00 PM by one of the recipients

👁 **Opened** on 14 Aug, 2025 at 1:59 PM by one of the recipients

👁 **Opened** on 13 Aug, 2025 at 2:11 PM by one of the recipients

👁 **Opened** on 13 Aug, 2025 at 11:54 AM by one of the recipients

👁 **Opened** on 13 Aug, 2025 at 11:53 AM by one of the recipients

👁 **Opened** on 13 Aug, 2025 at 11:43 AM by one of the recipients

👁 **Opened** on 13 Aug, 2025 at 11:37 AM by one of the recipients

👁 **Opened** on 13 Aug, 2025 at 11:35 AM by one of the recipients

👁 **Opened** on 13 Aug, 2025 at 11:30 AM by one of the recipients

👁 **Opened** on 13 Aug, 2025 at 11:26 AM by one of the recipients

👁 **Opened** on 12 Aug, 2025 at 5:57 PM by one of the recipients

👁 **Opened** on 12 Aug, 2025 at 4:22 PM by one of the recipients

👁 **Opened** on 12 Aug, 2025 at 4:20 PM by one of the recipients

👁 **Opened** on 12 Aug, 2025 at 4:02 PM by one of the recipients

👁 **Opened** on 12 Aug, 2025 at 4:00 PM by one of the recipients

**✓/ Mailsuite**

2025 © **Mailsuite, S.L.**
C/ Córcega 301, At. 2.
08008 Barcelona - España

**Email Delivery Certificate generated by Mailsuite**

👁 **Opened** on 12 Aug, 2025 at 3:53 PM by one of the recipients

👁 **Opened** on 12 Aug, 2025 at 3:51 PM by one of the recipients

👁 **Opened** on 12 Aug, 2025 at 3:49 PM by one of the recipients

👁 **Opened** on 12 Aug, 2025 at 3:42 PM by one of the recipients

👁 **Opened** on 12 Aug, 2025 at 3:42 PM by one of the recipients

👁 **Opened** on 12 Aug, 2025 at 3:40 PM by one of the recipients

👁 **Opened** on 12 Aug, 2025 at 3:33 PM by one of the recipients

👁 **Opened** on 12 Aug, 2025 at 3:30 PM by one of the recipients

👁 **Opened** on 12 Aug, 2025 at 3:26 PM by one of the recipients

👁 **Opened** on 12 Aug, 2025 at 3:25 PM by one of the recipients

👁 **Opened** on 12 Aug, 2025 at 3:24 PM by one of the recipients

👁 **Opened** on 12 Aug, 2025 at 3:23 PM by one of the recipients

👁 **Opened** on 12 Aug, 2025 at 3:23 PM by one of the recipients

👁 **Opened** on 12 Aug, 2025 at 3:21 PM by one of the recipients

👁 **Opened** on 12 Aug, 2025 at 3:20 PM by one of the recipients

👁 **Opened** on 12 Aug, 2025 at 3:16 PM by one of the recipients

👁 **Opened** on 12 Aug, 2025 at 3:10 PM by one of the recipients

👁 **Opened** on 12 Aug, 2025 at 3:06 PM by one of the recipients

👁 **Opened** on 12 Aug, 2025 at 3:05 PM by one of the recipients

👁 **Opened** on 12 Aug, 2025 at 3:05 PM by one of the recipients

**✓/ Mailsuite**

2025 © **Mailsuite, S.L.**
C/ Córcega 301, At. 2.
08008 Barcelona - España

**Email Delivery Certificate generated by Mailsuite**

| From | Tynisha Sheffield <tasheffi@gmail.com> |
|---|---|
| Subject | ☐ Who's Accountable? Project Harmony Interview for Jody E. Carpenter Still Not Scheduled (OCR Nos. 644573, 11-25-641143 AU-68663 | AU-68664 | AU-93921) |
| Message ID | <02a66e86-b5b6-3cb5-b02a-4a659de1df3f@gmail.com> |
| Delivered on | 30 Oct, 2025 at 5:43 PM |
| Delivered to | Add recipient <OCRComplaint@hhs.gov>, Add recipient <ocr.kansascity@ed.gov>, Add recipient <chad.wiebers@cityofomaha.org>, Ashley Strader <ashleystraderlaw@gmail.com>, Katherine Shipley <katherine.shipley@nebraska.gov>, Add recipient <jackson.stokes@douglascounty-ne.gov>, Add recipient <crt.disabilityrights@usdoj.gov>, Justin Wayne <justin@justinwaynelaw.com> |

## Tracking history

👁 **Opened** on 16 Nov, 2025 at 10:16 PM by Ashley Strader

👁 **Opened** on 15 Nov, 2025 at 8:13 PM by Justin Wayne

👁 **Opened** on 5 Nov, 2025 at 12:48 PM by Ashley Strader

👁 **Opened** on 4 Nov, 2025 at 5:13 PM by Add recipient

👁 **Opened** on 4 Nov, 2025 at 8:46 AM by Add recipient

👁 **Opened** on 4 Nov, 2025 at 8:44 AM by Add recipient

👁 **Opened** on 4 Nov, 2025 at 5:34 AM by Justin Wayne

👁 **Opened** on 3 Nov, 2025 at 3:17 PM by Add recipient

👁 **Opened** on 3 Nov, 2025 at 2:54 PM by Add recipient

👁 **Opened** on 3 Nov, 2025 at 2:51 PM by Add recipient

👁 **Opened** on 3 Nov, 2025 at 2:50 PM by Add recipient

👁 **Opened** on 3 Nov, 2025 at 2:48 PM by Add recipient

👁 **Opened** on 3 Nov, 2025 at 2:46 PM by Add recipient

👁 **Opened** on 3 Nov, 2025 at 2:43 PM by Add recipient

👁 **Opened** on 3 Nov, 2025 at 11:26 AM by Add recipient

👁 **Opened** on 3 Nov, 2025 at 11:26 AM by Add recipient

👁 **Opened** on 1 Nov, 2025 at 3:19 PM by Justin Wayne

**⩘ Mailsuite**

2025 © Mailsuite, S.L.
C/ Córcega 301, At. 2.
08008 Barcelona - España

**Email Delivery Certificate generated by Mailsuite**

👁 **Opened** on 31 Oct, 2025 at 6:06 PM by Justin Wayne

👁 **Opened** on 31 Oct, 2025 at 3:42 PM by Add recipient

👁 **Opened** on 31 Oct, 2025 at 2:24 PM by Add recipient

👁 **Opened** on 31 Oct, 2025 at 2:05 PM by Add recipient

👁 **Opened** on 31 Oct, 2025 at 2:05 PM by Justin Wayne

👁 **Opened** on 31 Oct, 2025 at 1:01 PM by Add recipient

👁 **Opened** on 31 Oct, 2025 at 11:08 AM by Add recipient

👁 **Opened** on 31 Oct, 2025 at 9:23 AM by Add recipient

👁 **Opened** on 31 Oct, 2025 at 12:58 AM by Ashley Strader

👁 **Opened** on 31 Oct, 2025 at 12:41 AM by Add recipient

👁 **Opened** on 30 Oct, 2025 at 8:33 PM by Katherine Shipley

👁 **Opened** on 30 Oct, 2025 at 8:32 PM by Katherine Shipley

👁 **Opened** on 30 Oct, 2025 at 6:49 PM by Add recipient

👁 **Opened** on 30 Oct, 2025 at 5:44 PM by Add recipient

👁 **Opened** on 30 Oct, 2025 at 5:44 PM by Katherine Shipley

**✔/ Mailsuite**

2025 © **Mailsuite, S.L.**
C/ Córcega 301, At. 2.
08008 Barcelona - España

| From | Tynisha Sheffield <tasheffi@gmail.com> |
|------|------|
| **Subject** | Subject: Follow-Up: October 6, 2025 Therapy Session – Documentation, ADA/504 Concerns, and Required Next Steps |
| **Message ID** | <2d9dccba-4dc5-4b78-7471-e2613f33db5e@gmail.com> |
| **Delivered on** | 7 Oct, 2025 at 3:59 PM |
| **Delivered to** | Add recipient <kcuendet@ablessingofhope.org>, Add recipient <pmanestar@ablessingofhope.org>, Katherine Shipley <katherine.shipley@nebraska.gov>, Justin Wayne <justin@justinwaynelaw.com>, Add recipient <OCRMail@hhs.gov>, Add recipient <info@acl.hhs.gov> |

### Tracking history

👁 **Opened** on 9 Oct, 2025 at 9:37 AM by Add recipient

👁 **Opened** on 9 Oct, 2025 at 9:09 AM by Add recipient

👁 **Opened** on 8 Oct, 2025 at 6:59 PM by Add recipient

👁 **Opened** on 8 Oct, 2025 at 5:45 PM by Add recipient

👁 **Opened** on 8 Oct, 2025 at 2:14 PM by Add recipient

👁 **Opened** on 7 Oct, 2025 at 6:58 PM by Add recipient

👁 **Opened** on 7 Oct, 2025 at 5:32 PM by Add recipient

👁 **Opened** on 7 Oct, 2025 at 5:31 PM by Add recipient

👁 **Opened** on 7 Oct, 2025 at 5:28 PM by Add recipient

👁 **Opened** on 7 Oct, 2025 at 5:26 PM by Add recipient

👁 **Opened** on 7 Oct, 2025 at 5:24 PM by Add recipient

👁 **Opened** on 7 Oct, 2025 at 5:14 PM by Add recipient

👁 **Opened** on 7 Oct, 2025 at 5:00 PM by Add recipient

👁 **Opened** on 7 Oct, 2025 at 4:41 PM by Add recipient

👁 **Opened** on 7 Oct, 2025 at 4:39 PM by Add recipient

👁 **Opened** on 7 Oct, 2025 at 4:28 PM by Add recipient

👁 **Opened** on 7 Oct, 2025 at 4:24 PM by Add recipient

**✓/ Mailsuite**

2025 © **Mailsuite, S.L.**
C/ Córcega 301, At. 2.
08008 Barcelona - España

👁 **Opened** on 7 Oct, 2025 at 4:24 PM by Add recipient

👁 **Opened** on 7 Oct, 2025 at 4:06 PM by Add recipient

👁 **Opened** on 7 Oct, 2025 at 4:06 PM by Add recipient

👁 **Opened** on 7 Oct, 2025 at 4:05 PM by Add recipient

👁 **Opened** on 7 Oct, 2025 at 4:01 PM by Katherine Shipley

👁 **Opened** on 7 Oct, 2025 at 4:01 PM by Katherine Shipley

*√//* **Mailsuite**

2025 © **Mailsuite, S.L.**
C/ Córcega 301, At. 2.
08008 Barcelona - España

**Email Delivery Certificate generated by Mailsuite**

| From | Tynisha Sheffield <tasheffi@gmail.com> |
| --- | --- |
| Subject | ☐ Follow-Up: We Saw the 95 Views. Still No Response |
| Message ID | <925b5d0b-9554-8d70-2bd8-b63ae07fced0@gmail.com> |
| Delivered on | 16 Sep, 2025 at 1:12 PM |
| Delivered to | <mindy@drne.org>, <liza@drne.org>, Add recipient <ombudsman@leg.ne.gov>, Add recipient <neoc.help@nebraska.gov>, Add recipient <ocrmail@hhs.gov>, Add recipient <aclinfo@acl.hhs.gov>, Add recipient <info@aclu.org>, Add recipient <legalintake@ndlc.org>, Add recipient <senator_fischer@fischer.senate.gov>, Add recipient <casework@ricketts.senate.gov>, Add recipient <info@voicelessomaha.com>, Add recipient <communications@drne.org>, Add recipient <nwilliams@leg.ne.gov>, Nia Williams <nwilliams@voicesforchildren.com>, Add recipient <mcavanaugh@leg.ne.gov>, Add recipient <cdfinfo@childrensdefense.org>, Add recipient <crt@usdoj.gov> |

## Tracking history

👁 **Opened** on 30 Sep, 2025 at 5:31 PM by mindy@drne.org

👁 **Opened** on 30 Sep, 2025 at 5:31 PM by mindy@drne.org

👁 **Opened** on 17 Sep, 2025 at 8:03 PM by mindy@drne.org

👁 **Opened** on 17 Sep, 2025 at 2:07 PM by mindy@drne.org

👁 **Opened** on 17 Sep, 2025 at 11:58 AM by mindy@drne.org

👁 **Opened** on 17 Sep, 2025 at 11:58 AM by mindy@drne.org

👁 **Opened** on 17 Sep, 2025 at 11:38 AM by mindy@drne.org

👁 **Opened** on 17 Sep, 2025 at 11:36 AM by mindy@drne.org

👁 **Opened** on 17 Sep, 2025 at 11:34 AM by mindy@drne.org

👁 **Opened** on 17 Sep, 2025 at 11:34 AM by mindy@drne.org

👁 **Opened** on 17 Sep, 2025 at 10:36 AM by mindy@drne.org

👁 **Opened** on 17 Sep, 2025 at 10:23 AM by mindy@drne.org

👁 **Opened** on 17 Sep, 2025 at 10:23 AM by mindy@drne.org

👁 **Opened** on 17 Sep, 2025 at 9:58 AM by mindy@drne.org

👁 **Opened** on 17 Sep, 2025 at 9:45 AM by mindy@drne.org

👁 **Opened** on 17 Sep, 2025 at 9:44 AM by mindy@drne.org

ѵ// Mailsuite

2025 © Mailsuite, S.L.
C/ Córcega 301, At. 2.
08008 Barcelona - España

◉ **Opened** on 17 Sep, 2025 at 9:42 AM by mindy@drne.org

◉ **Opened** on 17 Sep, 2025 at 9:32 AM by mindy@drne.org

◉ **Opened** on 17 Sep, 2025 at 9:32 AM by mindy@drne.org

◉ **Opened** on 16 Sep, 2025 at 7:00 PM by mindy@drne.org

◉ **Opened** on 16 Sep, 2025 at 7:00 PM by mindy@drne.org

◉ **Opened** on 16 Sep, 2025 at 5:41 PM by mindy@drne.org

◉ **Opened** on 16 Sep, 2025 at 5:32 PM by mindy@drne.org

◉ **Opened** on 16 Sep, 2025 at 5:29 PM by mindy@drne.org

◉ **Opened** on 16 Sep, 2025 at 5:29 PM by mindy@drne.org

◉ **Opened** on 16 Sep, 2025 at 5:29 PM by mindy@drne.org

◉ **Opened** on 16 Sep, 2025 at 5:28 PM by mindy@drne.org

◉ **Opened** on 16 Sep, 2025 at 5:28 PM by mindy@drne.org

◉ **Opened** on 16 Sep, 2025 at 3:33 PM by Add recipient

◉ **Opened** on 16 Sep, 2025 at 1:43 PM by Add recipient

◉ **Opened** on 16 Sep, 2025 at 1:33 PM by mindy@drne.org

◉ **Opened** on 16 Sep, 2025 at 1:33 PM by mindy@drne.org

◉ **Opened** on 16 Sep, 2025 at 1:20 PM by Add recipient

◉ **Opened** on 16 Sep, 2025 at 1:13 PM by Add recipient

◉ **Opened** on 16 Sep, 2025 at 1:13 PM by mindy@drne.org

◉ **Opened** on 16 Sep, 2025 at 1:13 PM by liza@drne.org

**✓/ Mailsuite**

2025 © **Mailsuite, S.L.**
C/ Córcega 301, At. 2.
08008 Barcelona - España

**Email Delivery Certificate generated by Mailsuite**

| | |
|---|---|
| **From** | Tynisha Sheffield <tasheffi@gmail.com> |
| **Subject** | Subject: ☐ URGENT: JODY CARPENTER MISSING – Immediate DHHS and GAL Safety Action Required |
| **Message ID** | <3f2d0dc6-4704-e448-bf37-1a1c84e66301@gmail.com> |
| **Delivered on** | 21 Oct, 2025 at 9:18 PM |
| **Delivered to** | Katherine Shipley <katherine.shipley@nebraska.gov>, Ashley Strader <ashleystraderlaw@gmail.com>, Ashley Strader GAL <ashley.straderlaw@gmail.com>, Justin Wayne <justin@justinwaynelaw.com>, Add recipient <atodd@ablessingofhope.org>, Add recipient <kcuendet@ablessingofhope.org>, Add recipient <pmanestar@ablessingofhope.org> |

## Tracking history

👁 **Opened** on 22 Oct, 2025 at 1:28 PM by Add recipient

👁 **Opened** on 22 Oct, 2025 at 11:36 AM by Add recipient

👁 **Opened** on 22 Oct, 2025 at 11:04 AM by Ashley Strader

👁 **Opened** on 22 Oct, 2025 at 10:40 AM by Katherine Shipley

👁 **Opened** on 22 Oct, 2025 at 10:25 AM by Katherine Shipley

👁 **Opened** on 22 Oct, 2025 at 10:24 AM by Katherine Shipley

👁 **Opened** on 22 Oct, 2025 at 9:38 AM by Add recipient

👁 **Opened** on 22 Oct, 2025 at 9:10 AM by Katherine Shipley

👁 **Opened** on 21 Oct, 2025 at 11:51 PM by Add recipient

👁 **Opened** on 21 Oct, 2025 at 11:47 PM by Justin Wayne

👁 **Opened** on 21 Oct, 2025 at 10:06 PM by Add recipient

👁 **Opened** on 21 Oct, 2025 at 10:04 PM by Add recipient

👁 **Opened** on 21 Oct, 2025 at 9:48 PM by Ashley Strader

👁 **Opened** on 21 Oct, 2025 at 9:22 PM by Add recipient

👁 **Opened** on 21 Oct, 2025 at 9:19 PM by Add recipient

**ν//Mailsuite**

2025 © Mailsuite, S.L.
C/ Córcega 301, At. 2.
08008 Barcelona - España

**Email Delivery Certificate generated by Mailsuite**

| | |
|---|---|
| **From** | Tynisha Sheffield <tasheffi@gmail.com> |
| **Subject** | Subject: ☐ URGENT: JODY CARPENTER MISSING – Immediate DHHS and GAL Safety Action Required |
| **Message ID** | <3f2d0dc6-4704-e448-bf37-1a1c84e66301@gmail.com> |
| **Delivered on** | 21 Oct, 2025 at 9:18 PM |
| **Delivered to** | Katherine Shipley <katherine.shipley@nebraska.gov>, Ashley Strader <ashleystraderlaw@gmail.com>, Ashley Strader GAL <ashley.straderlaw@gmail.com>, Justin Wayne <justin@justinwaynelaw.com>, Add recipient <atodd@ablessingofhope.org>, Add recipient <kcuendet@ablessingofhope.org>, Add recipient <pmanestar@ablessingofhope.org> |

## Tracking history

👁 **Opened** on 23 Oct, 2025 at 3:33 PM by Justin Wayne

👁 **Opened** on 23 Oct, 2025 at 3:33 PM by Katherine Shipley

👁 **Opened** on 23 Oct, 2025 at 12:09 PM by Katherine Shipley

👁 **Opened** on 23 Oct, 2025 at 12:02 PM by Katherine Shipley

👁 **Opened** on 23 Oct, 2025 at 12:00 PM by Katherine Shipley

👁 **Opened** on 23 Oct, 2025 at 12:00 PM by Katherine Shipley

👁 **Opened** on 23 Oct, 2025 at 8:56 AM by Katherine Shipley

👁 **Opened** on 22 Oct, 2025 at 5:47 PM by Add recipient

👁 **Opened** on 22 Oct, 2025 at 5:47 PM by Katherine Shipley

👁 **Opened** on 22 Oct, 2025 at 5:37 PM by Katherine Shipley

👁 **Opened** on 22 Oct, 2025 at 5:37 PM by Add recipient

👁 **Opened** on 22 Oct, 2025 at 4:26 PM by Katherine Shipley

👁 **Opened** on 22 Oct, 2025 at 4:10 PM by Katherine Shipley

👁 **Opened** on 22 Oct, 2025 at 3:41 PM by Katherine Shipley

👁 **Opened** on 22 Oct, 2025 at 3:38 PM by Katherine Shipley

👁 **Opened** on 22 Oct, 2025 at 3:28 PM by Katherine Shipley

👁 **Opened** on 22 Oct, 2025 at 3:28 PM by Add recipient

**✓/ Mailsuite**

2025 © Mailsuite, S.L.
C/ Córcega 301, At. 2.
08008 Barcelona - España

**Email Delivery Certificate generated by Mailsuite**

| From | Tynisha Sheffield <tasheffi@gmail.com> |
|---|---|
| Subject | ☐ Official Record Correction – False Session Summary, HIPAA Violations & Non-Compliance Findings |
| Message ID | <49b23464-25c4-d834-b873-f57db99fd9c1@gmail.com> |
| Delivered on | 23 Oct, 2025 at 9:36 AM |
| Delivered to | Add recipient <angeltodd@ablessingofhope.org>, Ashley Strader GAL <ashley.straderlaw@gmail.com>, Justin Wayne <justin@justinwaynelaw.com>, Katherine Shipley <katherine.shipley@nebraska.gov>, Tynisha Sheffield <tasheffi@gmail.com> |

## Tracking history

👁 **Opened** on 23 Oct, 2025 at 9:53 PM by Katherine Shipley

👁 **Opened** on 23 Oct, 2025 at 1:04 PM by Add recipient

👁 **Opened** on 23 Oct, 2025 at 12:35 PM by Add recipient

👁 **Opened** on 23 Oct, 2025 at 11:24 AM by Add recipient

👁 **Opened** on 23 Oct, 2025 at 10:53 AM by Add recipient

👁 **Opened** on 23 Oct, 2025 at 10:51 AM by Add recipient

👁 **Opened** on 23 Oct, 2025 at 10:46 AM by Add recipient

👁 **Opened** on 23 Oct, 2025 at 10:43 AM by Add recipient

👁 **Opened** on 23 Oct, 2025 at 10:43 AM by Ashley Strader GAL

👁 **Opened** on 23 Oct, 2025 at 10:38 AM by Add recipient

👁 **Opened** on 23 Oct, 2025 at 10:32 AM by Add recipient

👁 **Opened** on 23 Oct, 2025 at 10:30 AM by Add recipient

👁 **Opened** on 23 Oct, 2025 at 10:26 AM by Add recipient

👁 **Opened** on 23 Oct, 2025 at 10:20 AM by Add recipient

👁 **Opened** on 23 Oct, 2025 at 9:56 AM by Katherine Shipley

👁 **Opened** on 23 Oct, 2025 at 9:54 AM by Katherine Shipley

👁 **Opened** on 23 Oct, 2025 at 9:40 AM by Justin Wayne

**✔/ Mailsuite**

2025 © Mailsuite, S.L.
C/ Córcega 301, At. 2.
08008 Barcelona - España

| | |
|---|---|
| **From** | Tynisha Sheffield <tasheffi@gmail.com> |
| **Subject** | ☐95 Ignored Emails Later: This Is How Disability Rights Nebraska Treats Black Disabled Mothers |
| **Message ID** | <f20703d5-a386-edfb-2035-fc844406c00d@gmail.com> |
| **Delivered on** | 16 Sep, 2025 at 4:39 PM |
| **Delivered to** | Add recipient <tania@drne.org>, Add recipient <aclinfo@acl.hhs.gov>, Add recipient <OCRMail@hhs.gov>, Add recipient <info@nebraskatable.org>, Add recipient <info@omahafoundation.org>, Add recipient <info@disabilityrights-law.org>, Add recipient <info@civicnebraska.org>, Add recipient <paimi@ndrn.org>, Add recipient <joni@tektonfoundation.org>, Add recipient <patricia.kearney@nebraskadonors.org>, Add recipient <steven.myles@nebgiving.org> |

## Tracking history

👁 **Opened** on 17 Sep, 2025 at 6:32 PM by Add recipient

👁 **Opened** on 17 Sep, 2025 at 2:56 PM by Add recipient

👁 **Opened** on 17 Sep, 2025 at 12:59 PM by Add recipient

👁 **Opened** on 17 Sep, 2025 at 12:59 PM by Add recipient

👁 **Opened** on 17 Sep, 2025 at 11:52 AM by Add recipient

👁 **Opened** on 17 Sep, 2025 at 11:43 AM by Add recipient

👁 **Opened** on 17 Sep, 2025 at 11:28 AM by Add recipient

👁 **Opened** on 17 Sep, 2025 at 11:14 AM by Add recipient

👁 **Opened** on 17 Sep, 2025 at 11:14 AM by Add recipient

👁 **Opened** on 17 Sep, 2025 at 11:06 AM by Add recipient

👁 **Opened** on 17 Sep, 2025 at 10:17 AM by Add recipient

👁 **Opened** on 17 Sep, 2025 at 10:15 AM by Add recipient

👁 **Opened** on 17 Sep, 2025 at 10:14 AM by Add recipient

👁 **Opened** on 17 Sep, 2025 at 10:10 AM by Add recipient

👁 **Opened** on 17 Sep, 2025 at 8:55 AM by Add recipient

👁 **Opened** on 17 Sep, 2025 at 8:55 AM by Add recipient

*V/ Mailsuite*

2025 © **Mailsuite, S.L.**
C/ Córcega 301, At. 2.
08008 Barcelona - España

👁 **Opened** on 17 Sep, 2025 at 8:49 AM by Add recipient

👁 **Opened** on 16 Sep, 2025 at 9:50 PM by Add recipient

👁 **Opened** on 16 Sep, 2025 at 5:26 PM by Add recipient

👁 **Opened** on 16 Sep, 2025 at 5:26 PM by Add recipient

🔗 **Link visited** on 16 Sep, 2025 at 4:43 PM by Add recipient

🔗 **Link visited** on 16 Sep, 2025 at 4:43 PM by Add recipient

🔗 **Link visited** on 16 Sep, 2025 at 4:43 PM by Add recipient

👁 **Opened** on 16 Sep, 2025 at 4:43 PM by Add recipient

🔗 **Link visited** on 16 Sep, 2025 at 4:39 PM by one of the recipients

🔗 **Link visited** on 16 Sep, 2025 at 4:39 PM by Add recipient

🔗 **Link visited** on 16 Sep, 2025 at 4:39 PM by one of the recipients

🔗 **Link visited** on 16 Sep, 2025 at 4:39 PM by Add recipient

🔗 **Link visited** on 16 Sep, 2025 at 4:39 PM by one of the recipients

🔗 **Link visited** on 16 Sep, 2025 at 4:39 PM by Add recipient

👁 **Opened** on 16 Sep, 2025 at 4:39 PM by Add recipient

👁 **Opened** on 16 Sep, 2025 at 4:39 PM by Add recipient

👁 **Opened** on 16 Sep, 2025 at 4:39 PM by Add recipient

🔗 **Link visited** on 16 Sep, 2025 at 4:39 PM by one of the recipients

👁 **Opened** on 16 Sep, 2025 at 4:39 PM by one of the recipients

**⁄⁄ Mailsuite**

2025 © **Mailsuite, S.L.**
C/ Córcega 301, At. 2.
08008 Barcelona - España

| | |
|---|---|
| **From** | Tynisha Sheffield <tasheffi@gmail.com> |
| **Subject** | Subject: ☐ URGENT: JODY CARPENTER MISSING – Immediate DHHS and GAL Safety Action Required |
| **Message ID** | <3f2d0dc6-4704-e448-bf37-1a1c84e66301@gmail.com> |
| **Delivered on** | 21 Oct, 2025 at 9:18 PM |
| **Delivered to** | Katherine Shipley <katherine.shipley@nebraska.gov>, Ashley Strader <ashleystraderlaw@gmail.com>, Ashley Strader GAL <ashley.straderlaw@gmail.com>, Justin Wayne <justin@justinwaynelaw.com>, Add recipient <atodd@ablessingofhope.org>, Add recipient <kcuendet@ablessingofhope.org>, Add recipient <pmanestar@ablessingofhope.org> |

## Tracking history

👁 **Opened** on 23 Oct, 2025 at 12:02 PM by Katherine Shipley

👁 **Opened** on 23 Oct, 2025 at 12:00 PM by Katherine Shipley

👁 **Opened** on 23 Oct, 2025 at 12:00 PM by Katherine Shipley

👁 **Opened** on 23 Oct, 2025 at 8:56 AM by Katherine Shipley

👁 **Opened** on 22 Oct, 2025 at 5:47 PM by Add recipient

👁 **Opened** on 22 Oct, 2025 at 5:47 PM by Katherine Shipley

👁 **Opened** on 22 Oct, 2025 at 5:37 PM by Add recipient

👁 **Opened** on 22 Oct, 2025 at 5:37 PM by Katherine Shipley

👁 **Opened** on 22 Oct, 2025 at 4:26 PM by Katherine Shipley

👁 **Opened** on 22 Oct, 2025 at 4:10 PM by Katherine Shipley

👁 **Opened** on 22 Oct, 2025 at 3:41 PM by Katherine Shipley

👁 **Opened** on 22 Oct, 2025 at 3:38 PM by Katherine Shipley

👁 **Opened** on 22 Oct, 2025 at 3:28 PM by Katherine Shipley

👁 **Opened** on 22 Oct, 2025 at 3:28 PM by Add recipient

👁 **Opened** on 22 Oct, 2025 at 3:20 PM by Add recipient

👁 **Opened** on 22 Oct, 2025 at 3:20 PM by Katherine Shipley

👁 **Opened** on 22 Oct, 2025 at 3:19 PM by Katherine Shipley

**✔/ Mailsuite**

2025 © **Mailsuite, S.L.**
C/ Córcega 301, At. 2.
08008 Barcelona - España

**Email Delivery Certificate generated by Mailsuite**

👁 **Opened** on 22 Oct, 2025 at 3:14 PM by Katherine Shipley

👁 **Opened** on 22 Oct, 2025 at 3:13 PM by Katherine Shipley

👁 **Opened** on 22 Oct, 2025 at 3:13 PM by Add recipient

👁 **Opened** on 22 Oct, 2025 at 3:02 PM by Katherine Shipley

👁 **Opened** on 22 Oct, 2025 at 3:01 PM by Katherine Shipley

👁 **Opened** on 22 Oct, 2025 at 2:41 PM by Katherine Shipley

👁 **Opened** on 22 Oct, 2025 at 1:28 PM by Add recipient

👁 **Opened** on 22 Oct, 2025 at 11:36 AM by Add recipient

👁 **Opened** on 22 Oct, 2025 at 11:04 AM by Ashley Strader

👁 **Opened** on 22 Oct, 2025 at 10:40 AM by Katherine Shipley

👁 **Opened** on 22 Oct, 2025 at 10:25 AM by Katherine Shipley

👁 **Opened** on 22 Oct, 2025 at 10:24 AM by Katherine Shipley

👁 **Opened** on 22 Oct, 2025 at 9:38 AM by Add recipient

👁 **Opened** on 22 Oct, 2025 at 9:10 AM by Katherine Shipley

👁 **Opened** on 21 Oct, 2025 at 11:51 PM by Add recipient

👁 **Opened** on 21 Oct, 2025 at 11:47 PM by Justin Wayne

👁 **Opened** on 21 Oct, 2025 at 10:06 PM by Add recipient

👁 **Opened** on 21 Oct, 2025 at 10:04 PM by Add recipient

👁 **Opened** on 21 Oct, 2025 at 9:48 PM by Ashley Strader

👁 **Opened** on 21 Oct, 2025 at 9:22 PM by Add recipient

👁 **Opened** on 21 Oct, 2025 at 9:19 PM by Add recipient

**ꚃ Mailsuite**

2025 © **Mailsuite, S.L.**
C/ Córcega 301, At. 2.
08008 Barcelona - España

| | |
|---|---|
| **From** | Tynisha Sheffield <tasheffi@gmail.com> |
| **Subject** | Request for Immediate Filing – Emergency Motion (JV-24-1594) |
| **Message ID** | <7b270a94-adda-52d2-0bf4-86c82771f486@gmail.com> |
| **Delivered on** | 21 Aug, 2025 at 11:49 AM |
| **Delivered to** | <ashleystraderlaw@gmail.com>, <justinwayne@justinwaynelaw.com>, <katherine.shipley@nebraska.gov>, <hpham@leg.ne.gov>, <tasheffi@gmail.com> |

## Tracking history

👁 **Opened** on 22 Sep, 2025 at 12:35 AM by ashleystraderlaw@gmail.com

👁 **Opened** on 22 Sep, 2025 at 12:33 AM by ashleystraderlaw@gmail.com

👁 **Opened** on 20 Sep, 2025 at 3:08 PM by ashleystraderlaw@gmail.com

👁 **Opened** on 20 Sep, 2025 at 1:31 PM by ashleystraderlaw@gmail.com

👁 **Opened** on 21 Aug, 2025 at 4:22 PM by hpham@leg.ne.gov

👁 **Opened** on 21 Aug, 2025 at 2:04 PM by katherine.shipley@nebraska.gov

👁 **Opened** on 21 Aug, 2025 at 1:08 PM by katherine.shipley@nebraska.gov

👁 **Opened** on 21 Aug, 2025 at 12:46 PM by katherine.shipley@nebraska.gov

👁 **Opened** on 21 Aug, 2025 at 12:46 PM by katherine.shipley@nebraska.gov

👁 **Opened** on 21 Aug, 2025 at 12:07 PM by ashleystraderlaw@gmail.com

👁 **Opened** on 21 Aug, 2025 at 12:03 PM by ashleystraderlaw@gmail.com

👁 **Opened** on 21 Aug, 2025 at 11:57 AM by katherine.shipley@nebraska.gov

👁 **Opened** on 21 Aug, 2025 at 11:56 AM by katherine.shipley@nebraska.gov

👁 **Opened** on 21 Aug, 2025 at 11:49 AM by katherine.shipley@nebraska.gov

**Ʞ Mailsuite**

2025 © **Mailsuite, S.L.**
C/ Córcega 301, At. 2.
08008 Barcelona - España

| From | Tynisha Sheffield <tasheffi@gmail.com> |
|---|---|
| Subject | Subject: Follow-Up: October 6, 2025 Therapy Session – Documentation, ADA/504 Concerns, and Required Next Steps |
| Message ID | <2d9dccba-4dc5-4b78-7471-e2613f33db5e@gmail.com> |
| Delivered on | 7 Oct, 2025 at 3:59 PM |
| Delivered to | Add recipient <kcuendet@ablessingofhope.org>, Add recipient <pmanestar@ablessingofhope.org>, Katherine Shipley <katherine.shipley@nebraska.gov>, Justin Wayne <justin@justinwaynelaw.com>, Add recipient <OCRMail@hhs.gov>, Add recipient <info@acl.hhs.gov> |

## Tracking history

👁 **Opened** on 7 Oct, 2025 at 6:58 PM by Add recipient

👁 **Opened** on 7 Oct, 2025 at 5:32 PM by Add recipient

👁 **Opened** on 7 Oct, 2025 at 5:31 PM by Add recipient

👁 **Opened** on 7 Oct, 2025 at 5:28 PM by Add recipient

👁 **Opened** on 7 Oct, 2025 at 5:26 PM by Add recipient

👁 **Opened** on 7 Oct, 2025 at 5:24 PM by Add recipient

👁 **Opened** on 7 Oct, 2025 at 5:14 PM by Add recipient

👁 **Opened** on 7 Oct, 2025 at 5:00 PM by Add recipient

👁 **Opened** on 7 Oct, 2025 at 4:41 PM by Add recipient

👁 **Opened** on 7 Oct, 2025 at 4:39 PM by Add recipient

👁 **Opened** on 7 Oct, 2025 at 4:28 PM by Add recipient

👁 **Opened** on 7 Oct, 2025 at 4:24 PM by Add recipient

👁 **Opened** on 7 Oct, 2025 at 4:24 PM by Add recipient

👁 **Opened** on 7 Oct, 2025 at 4:06 PM by Add recipient

👁 **Opened** on 7 Oct, 2025 at 4:06 PM by Add recipient

👁 **Opened** on 7 Oct, 2025 at 4:05 PM by Add recipient

👁 **Opened** on 7 Oct, 2025 at 4:01 PM by Katherine Shipley

**✔/ Mailsuite**

2025 © **Mailsuite, S.L.**
C/ Córcega 301, At. 2.
08008 Barcelona - España

👁 **Opened** on 7 Oct, 2025 at 4:01 PM by Katherine Shipley

**ν/ Mailsuite**

2025 © **Mailsuite, S.L.**
C/ Córcega 301, At. 2.
08008 Barcelona - España

| | |
|---|---|
| **From** | Tynisha Sheffield <tasheffi@gmail.com> |
| **Subject** | Subject: Follow-Up: Written Confirmation Needed on IFP Roles, Records, and Safety Coordination |
| **Message ID** | <cfde24f3-ca72-c193-5680-1d5cde977802@gmail.com> |
| **Delivered on** | 20 Oct, 2025 at 3:11 PM |
| **Delivered to** | Angel Todd <atodd@ablessingofhope.org>, Katherine Shipley <katherine.shipley@nebraska.gov>, Ashley Strader GAL <ashley.straderlaw@gmail.com>, Add recipient <kcuendet@ablessingofhope.org>, Add recipient <pmanestar@ablessingofhope.org>, Justin Wayne <justin@justinwaynelaw.com>, LisaMaria Guevara <lguevara@ablessingofhope.org>, Trey McGruder <tmcgruder@ablessingofhope.org>, Aidan Vela <avela@ablessingofhope.org>, Tori Magilton <tmagilton@ablessingofhope.org> |

**Tracking history**

👁 **Opened** on 20 Oct, 2025 at 4:42 PM by LisaMaria Guevara

👁 **Opened** on 20 Oct, 2025 at 3:19 PM by Justin Wayne

👁 **Opened** on 20 Oct, 2025 at 3:17 PM by Trey McGruder

👁 **Opened** on 20 Oct, 2025 at 3:13 PM by Justin Wayne

👁 **Opened** on 20 Oct, 2025 at 3:12 PM by Aidan Vela

👁 **Opened** on 20 Oct, 2025 at 3:12 PM by Ashley Strader GAL

👁 **Opened** on 20 Oct, 2025 at 3:12 PM by Trey McGruder

👁 **Opened** on 20 Oct, 2025 at 3:12 PM by Katherine Shipley

**√/ Mailsuite**

2025 © **Mailsuite, S.L.**
C/ Córcega 301, At. 2.
08008 Barcelona - España

| | |
|---|---|
| **From** | Tynisha Sheffield <tasheffi@gmail.com> |
| **Subject** | Subject: Follow-Up: Written Confirmation Needed on IFP Roles, Records, and Safety Coordination |
| **Message ID** | <977d6005-c349-1cfb-59f7-ab0afdeb3208@gmail.com> |
| **Delivered on** | 17 Oct, 2025 at 4:50 PM |
| **Delivered to** | Katherine Shipley <katherine.shipley@nebraska.gov>, Ashley Strader GAL <ashley.straderlaw@gmail.com>, Add recipient <kcuendet@ablessingofhope.org>, Add recipient <pmanestar@ablessingofhope.org>, Add recipient <atodd@ablessingofhope.org>, Justin Wayne <justin@justinwaynelaw.com>, Tynisha Sheffield <tasheffi@gmail.com> |

### Tracking history

◉ **Opened** on 20 Oct, 2025 at 5:09 PM by Add recipient

◉ **Opened** on 20 Oct, 2025 at 4:14 PM by Add recipient

◉ **Opened** on 20 Oct, 2025 at 4:14 PM by Add recipient

◉ **Opened** on 20 Oct, 2025 at 3:21 PM by Katherine Shipley

◉ **Opened** on 20 Oct, 2025 at 3:19 PM by Add recipient

◉ **Opened** on 20 Oct, 2025 at 3:17 PM by Add recipient

◉ **Opened** on 20 Oct, 2025 at 3:13 PM by Add recipient

◉ **Opened** on 20 Oct, 2025 at 3:13 PM by Justin Wayne

◉ **Opened** on 20 Oct, 2025 at 3:12 PM by Add recipient

◉ **Opened** on 20 Oct, 2025 at 12:38 PM by Add recipient

◉ **Opened** on 20 Oct, 2025 at 12:38 PM by Add recipient

◉ **Opened** on 20 Oct, 2025 at 12:22 PM by Justin Wayne

◉ **Opened** on 20 Oct, 2025 at 12:22 PM by Add recipient

◉ **Opened** on 20 Oct, 2025 at 11:49 AM by Add recipient

◉ **Opened** on 20 Oct, 2025 at 11:44 AM by Add recipient

◉ **Opened** on 20 Oct, 2025 at 11:44 AM by Add recipient

◉ **Opened** on 20 Oct, 2025 at 11:44 AM by Justin Wayne

**⊮ Mailsuite**

2025 © **Mailsuite, S.L.**
C/ Córcega 301, At. 2.
08008 Barcelona - España

👁 **Opened** on 20 Oct, 2025 at 11:40 AM by Justin Wayne

👁 **Opened** on 20 Oct, 2025 at 11:38 AM by Katherine Shipley

👁 **Opened** on 20 Oct, 2025 at 11:38 AM by Add recipient

👁 **Opened** on 20 Oct, 2025 at 11:38 AM by Add recipient

👁 **Opened** on 20 Oct, 2025 at 11:38 AM by Add recipient

👁 **Opened** on 20 Oct, 2025 at 11:38 AM by Add recipient

👁 **Opened** on 20 Oct, 2025 at 11:37 AM by Add recipient

👁 **Opened** on 20 Oct, 2025 at 11:37 AM by Add recipient

👁 **Opened** on 20 Oct, 2025 at 10:50 AM by Add recipient

👁 **Opened** on 20 Oct, 2025 at 10:47 AM by Katherine Shipley

👁 **Opened** on 20 Oct, 2025 at 10:22 AM by Add recipient

👁 **Opened** on 20 Oct, 2025 at 10:18 AM by Katherine Shipley

👁 **Opened** on 20 Oct, 2025 at 10:08 AM by Katherine Shipley

👁 **Opened** on 20 Oct, 2025 at 10:08 AM by Katherine Shipley

👁 **Opened** on 20 Oct, 2025 at 9:55 AM by Add recipient

👁 **Opened** on 20 Oct, 2025 at 12:03 AM by Ashley Strader GAL

👁 **Opened** on 19 Oct, 2025 at 12:39 PM by Add recipient

👁 **Opened** on 19 Oct, 2025 at 10:33 AM by Add recipient

👁 **Opened** on 17 Oct, 2025 at 5:09 PM by Justin Wayne

👁 **Opened** on 17 Oct, 2025 at 5:00 PM by Katherine Shipley

👁 **Opened** on 17 Oct, 2025 at 4:51 PM by Add recipient

👁 **Opened** on 17 Oct, 2025 at 4:51 PM by Ashley Strader GAL

👁 **Opened** on 17 Oct, 2025 at 4:50 PM by Katherine Shipley

*V/ Mailsuite*

2025 © **Mailsuite, S.L.**
C/ Córcega 301, At. 2.
08008 Barcelona - España

| | |
|---|---|
| **From** | Tynisha Sheffield <tasheffi@gmail.com> |
| **Subject** | ☐ Interim Plan: Meeting with A Blessing of Hope Until Frank Bailey Confirms |
| **Message ID** | <37a395ca-1027-94db-9520-7c45f4c45996@gmail.com> |
| **Delivered on** | 23 Oct, 2025 at 12:38 PM |
| **Delivered to** | Shipley, Katherine <katherine.shipley@nebraska.gov>, Justin Wayne <justin@justinwaynelaw.com>, Ashley Strader <ashleystraderlaw@gmail.com>, Ashley Strader GAL <ashley.straderlaw@gmail.com>, Add recipient <kcuendet@ablessingofhope.org>, Add recipient <pmanestar@ablessingofhope.org>, Add recipient <atodd@ablessingofhope.org> |

### Tracking history

👁 **Opened** on 23 Oct, 2025 at 12:50 PM by Add recipient

👁 **Opened** on 23 Oct, 2025 at 12:49 PM by Add recipient

👁 **Opened** on 23 Oct, 2025 at 12:48 PM by Justin Wayne

*v/* **Mailsuite**

2025 © **Mailsuite, S.L.**
C/ Córcega 301, At. 2.
08008 Barcelona - España

| From | Tynisha Sheffield <tasheffi@gmail.com> |
|---|---|
| Subject | Subject: Response to October 6th Home Session – Clarification, Documentation, and Correction |
| Message ID | <7aa1b7bf-576e-ef70-fc45-6c0fcd296c0b@gmail.com> |
| Delivered on | 7 Oct, 2025 at 10:04 AM |
| Delivered to | Kali Cuendet <kcuendet@ablessingofhope.org>, Paul Manestar <pmanestar@ablessingofhope.org>, Angel Todd <atodd@ablessingofhope.org>, Shipley, Katherine <katherine.shipley@nebraska.gov>, Justin Wayne <justin@justinwaynelaw.com>, Add recipient <OCRComplaint@hhs.gov> |

## Tracking history

◎ **Opened** on 7 Oct, 2025 at 6:54 PM by Kali Cuendet

◎ **Opened** on 7 Oct, 2025 at 5:28 PM by Paul Manestar

◎ **Opened** on 7 Oct, 2025 at 5:18 PM by Paul Manestar

◎ **Opened** on 7 Oct, 2025 at 5:18 PM by Angel Todd

◎ **Opened** on 7 Oct, 2025 at 2:53 PM by Paul Manestar

◎ **Opened** on 7 Oct, 2025 at 1:16 PM by Paul Manestar

◎ **Opened** on 7 Oct, 2025 at 12:17 PM by Paul Manestar

◎ **Opened** on 7 Oct, 2025 at 12:06 PM by Paul Manestar

◎ **Opened** on 7 Oct, 2025 at 11:56 AM by Paul Manestar

◎ **Opened** on 7 Oct, 2025 at 11:53 AM by Paul Manestar

◎ **Opened** on 7 Oct, 2025 at 11:53 AM by Paul Manestar

◎ **Opened** on 7 Oct, 2025 at 11:38 AM by Justin Wayne

◎ **Opened** on 7 Oct, 2025 at 11:28 AM by Angel Todd

◎ **Opened** on 7 Oct, 2025 at 11:26 AM by Justin Wayne

◎ **Opened** on 7 Oct, 2025 at 11:22 AM by Justin Wayne

◎ **Opened** on 7 Oct, 2025 at 11:06 AM by Paul Manestar

◎ **Opened** on 7 Oct, 2025 at 10:20 AM by Paul Manestar

◎ **Opened** on 7 Oct, 2025 at 10:10 AM by Paul Manestar

*✔/ Mailsuite*

2025 © **Mailsuite, S.L.**
C/ Córcega 301, At. 2.
08008 Barcelona - España

👁 **Opened** on 7 Oct, 2025 at 10:10 AM by Paul Manestar

👁 **Opened** on 7 Oct, 2025 at 10:08 AM by Paul Manestar

👁 **Opened** on 7 Oct, 2025 at 10:06 AM by Kali Cuendet

*V/ Mailsuite*

2025 © **Mailsuite, S.L.**
C/ Córcega 301, At. 2.
08008 Barcelona - España

**Email Delivery Certificate generated by Mailsuite**

| | |
|---|---|
| **From** | Tynisha Sheffield <tasheffi@gmail.com> |
| **Subject** | Subject: Immediate Follow-Up Required: Clarification on Today's IFP Session and Jody Carpenter's Status |
| **Message ID** | <3113f421-38db-5557-c25b-f85a8ffbdc01@gmail.com> |
| **Delivered on** | 22 Oct, 2025 at 3:27 PM |
| **Delivered to** | Add recipient <kcuendet@ablessingofhope.org>, Add recipient <pmanestar@ablessingofhope.org>, Katherine Shipley <katherine.shipley@nebraska.gov>, Justin Wayne <justin@justinwaynelaw.com> |

## Tracking history

👁 **Opened** on 23 Oct, 2025 at 9:29 AM by Add recipient

👁 **Opened** on 22 Oct, 2025 at 7:54 PM by Add recipient

👁 **Opened** on 22 Oct, 2025 at 7:20 PM by Add recipient

👁 **Opened** on 22 Oct, 2025 at 6:30 PM by Add recipient

👁 **Opened** on 22 Oct, 2025 at 3:28 PM by Add recipient

👁 **Opened** on 22 Oct, 2025 at 3:28 PM by Add recipient

**✔/ Mailsuite**

2025 © Mailsuite, S.L.
C/ Córcega 301, At. 2.
08008 Barcelona - España

**Email Delivery Certificate generated by Mailsuite**

| From | Tynisha Sheffield <tasheffi@gmail.com> |
|---|---|
| Subject | Subject: Response to October 6th Home Session – Clarification, Documentation, and Correction |
| Message ID | <7aa1b7bf-576e-ef70-fc45-6c0fcd296c0b@gmail.com> |
| Delivered on | 7 Oct, 2025 at 10:04 AM |
| Delivered to | Kali Cuendet <kcuendet@ablessingofhope.org>, Paul Manestar <pmanestar@ablessingofhope.org>, Angel Todd <atodd@ablessingofhope.org>, Shipley, Katherine <katherine.shipley@nebraska.gov>, Justin Wayne <justin@justinwaynelaw.com>, Add recipient <OCRComplaint@hhs.gov> |

## Tracking history

👁 **Opened** on 7 Oct, 2025 at 2:53 PM by Paul Manestar

👁 **Opened** on 7 Oct, 2025 at 1:16 PM by Paul Manestar

👁 **Opened** on 7 Oct, 2025 at 12:17 PM by Paul Manestar

👁 **Opened** on 7 Oct, 2025 at 12:06 PM by Paul Manestar

👁 **Opened** on 7 Oct, 2025 at 11:56 AM by Paul Manestar

👁 **Opened** on 7 Oct, 2025 at 11:53 AM by Paul Manestar

👁 **Opened** on 7 Oct, 2025 at 11:53 AM by Paul Manestar

👁 **Opened** on 7 Oct, 2025 at 11:38 AM by Justin Wayne

👁 **Opened** on 7 Oct, 2025 at 11:28 AM by Angel Todd

👁 **Opened** on 7 Oct, 2025 at 11:26 AM by Justin Wayne

👁 **Opened** on 7 Oct, 2025 at 11:22 AM by Justin Wayne

👁 **Opened** on 7 Oct, 2025 at 11:06 AM by Paul Manestar

👁 **Opened** on 7 Oct, 2025 at 10:20 AM by Paul Manestar

👁 **Opened** on 7 Oct, 2025 at 10:10 AM by Paul Manestar

👁 **Opened** on 7 Oct, 2025 at 10:10 AM by Paul Manestar

👁 **Opened** on 7 Oct, 2025 at 10:08 AM by Paul Manestar

👁 **Opened** on 7 Oct, 2025 at 10:06 AM by Kali Cuendet

*✓/ Mailsuite*

2025 © **Mailsuite, S.L.**
C/ Córcega 301, At. 2.
08008 Barcelona - España

| From | Tynisha Sheffield <tasheffi@gmail.com> |
|---|---|
| Subject | ☐ Re: Complaint Response: Clarification Request – OPS Westview Record Accuracy and Missing Documentation |
| Message ID | <d5b7d91f-9d39-021e-dfeb-01acd0d71ec0@gmail.com> |
| Delivered on | 17 Oct, 2025 at 6:30 PM |
| Delivered to | Kara Saldierna <Kara.Saldierna@ops.org>, Add recipient <Anne.MacFarland@ops.org>, Add recipient <jane.erdenberger@ops.org>, Add recipient <Diana.McLaren@ops.org>, Add recipient <tiffany.tatecollins@ops.org>, Add recipient <equityanddiversity@ops.org>, Justin Wayne <justin@justinwaynelaw.com> |

### Tracking history

👁 **Opened** on 17 Oct, 2025 at 7:51 PM by Add recipient

👁 **Opened** on 17 Oct, 2025 at 6:58 PM by Add recipient

👁 **Opened** on 17 Oct, 2025 at 6:58 PM by Add recipient

👁 **Opened** on 17 Oct, 2025 at 6:42 PM by Add recipient

👁 **Opened** on 17 Oct, 2025 at 6:35 PM by Add recipient

👁 **Opened** on 17 Oct, 2025 at 6:34 PM by Add recipient

**✓/ Mailsuite**

2025 © **Mailsuite, S.L.**
C/ Córcega 301, At. 2.
08008 Barcelona - España

| From | Tynisha Sheffield <tasheffi@gmail.com> |
|------|----------------------------------------|
| Subject | Subject: Response to October 6th Home Session – Clarification, Documentation, and Correction |
| Message ID | <7aa1b7bf-576e-ef70-fc45-6c0fcd296c0b@gmail.com> |
| Delivered on | 7 Oct, 2025 at 10:04 AM |
| Delivered to | Kali Cuendet <kcuendet@ablessingofhope.org>, Paul Manestar <pmanestar@ablessingofhope.org>, Angel Todd <atodd@ablessingofhope.org>, Shipley, Katherine <katherine.shipley@nebraska.gov>, Justin Wayne <justin@justinwaynelaw.com>, Add recipient <OCRComplaint@hhs.gov> |

## Tracking history

👁 **Opened** on 7 Oct, 2025 at 6:54 PM by Kali Cuendet

👁 **Opened** on 7 Oct, 2025 at 5:28 PM by Paul Manestar

👁 **Opened** on 7 Oct, 2025 at 5:18 PM by Paul Manestar

👁 **Opened** on 7 Oct, 2025 at 5:18 PM by Angel Todd

👁 **Opened** on 7 Oct, 2025 at 2:53 PM by Paul Manestar

👁 **Opened** on 7 Oct, 2025 at 1:16 PM by Paul Manestar

👁 **Opened** on 7 Oct, 2025 at 12:17 PM by Paul Manestar

👁 **Opened** on 7 Oct, 2025 at 12:06 PM by Paul Manestar

👁 **Opened** on 7 Oct, 2025 at 11:56 AM by Paul Manestar

👁 **Opened** on 7 Oct, 2025 at 11:53 AM by Paul Manestar

👁 **Opened** on 7 Oct, 2025 at 11:53 AM by Paul Manestar

👁 **Opened** on 7 Oct, 2025 at 11:38 AM by Justin Wayne

👁 **Opened** on 7 Oct, 2025 at 11:28 AM by Angel Todd

👁 **Opened** on 7 Oct, 2025 at 11:26 AM by Justin Wayne

👁 **Opened** on 7 Oct, 2025 at 11:22 AM by Justin Wayne

👁 **Opened** on 7 Oct, 2025 at 11:06 AM by Paul Manestar

👁 **Opened** on 7 Oct, 2025 at 10:20 AM by Paul Manestar

👁 **Opened** on 7 Oct, 2025 at 10:10 AM by Paul Manestar

**⋁⫽ Mailsuite**

2025 © Mailsuite, S.L.
C/ Córcega 301, At. 2.
08008 Barcelona - España

**Email Delivery Certificate generated by Mailsuite**

👁 **Opened** on 7 Oct, 2025 at 10:10 AM by Paul Manestar

👁 **Opened** on 7 Oct, 2025 at 10:08 AM by Paul Manestar

👁 **Opened** on 7 Oct, 2025 at 10:06 AM by Kali Cuendet

*V//* **Mailsuite**

2025 © **Mailsuite, S.L.**
C/ Córcega 301, At. 2.
08008 Barcelona - España

**Email Delivery Certificate generated by Mailsuite**

| | |
|---|---|
| **From** | Tynisha Sheffield <tasheffi@gmail.com> |
| **Subject** | ☐ Subject: Follow-Up: Written Confirmation Needed on IFP Oversight, DHHS Review, and Safety Coordination |
| **Message ID** | <f7ba725f-57a6-101f-fb91-913a25d15300@gmail.com> |
| **Delivered on** | 21 Oct, 2025 at 2:02 PM |
| **Delivered to** | Angel Todd <atodd@ablessingofhope.org>, <pmanestar@ablessingofhope.org>, <kcuendet@ablessingofhope.org>, <justin@justinwaynelaw.com>, <katherine.shipley@nebraska.gov>, LisaMaria Guevara <lguevara@ablessingofhope.org>, Trey McGruder <tmcgruder@ablessingofhope.org> |

## Tracking history

👁 **Opened** on 21 Oct, 2025 at 2:08 PM by Trey McGruder

👁 **Opened** on 21 Oct, 2025 at 2:07 PM by Trey McGruder

👁 **Opened** on 21 Oct, 2025 at 2:02 PM by kcuendet@ablessingofhope.org

👁 **Opened** on 21 Oct, 2025 at 2:02 PM by Trey McGruder

👁 **Opened** on 21 Oct, 2025 at 2:02 PM by LisaMaria Guevara

**✔/ Mailsuite**

2025 © Mailsuite, S.L.
C/ Córcega 301, At. 2.
08008 Barcelona - España

**Email Delivery Certificate generated by Mailsuite**

| | |
|---|---|
| **From** | Tynisha Sheffield <tasheffi@gmail.com> |
| **Subject** | ☐ Subject: Follow-Up: Written Confirmation Needed on IFP Oversight, DHHS Review, and Safety Coordination |
| **Message ID** | <9440fe4b-bd3f-5035-6392-b89716b2fa03@gmail.com> |
| **Delivered on** | 20 Oct, 2025 at 5:48 PM |
| **Delivered to** | <pmanestar@ablessingofhope.org>, <kcuendet@ablessingofhope.org>, <justin@justinwaynelaw.com>, <atodd@ablessingofhope.org>, <katherine.shipley@nebraska.gov> |

## Tracking history

👁 **Opened** on 21 Oct, 2025 at 1:04 PM by atodd@ablessingofhope.org

👁 **Opened** on 21 Oct, 2025 at 1:04 PM by justin@justinwaynelaw.com

👁 **Opened** on 21 Oct, 2025 at 12:12 PM by atodd@ablessingofhope.org

👁 **Opened** on 21 Oct, 2025 at 12:10 PM by atodd@ablessingofhope.org

👁 **Opened** on 21 Oct, 2025 at 12:09 PM by atodd@ablessingofhope.org

👁 **Opened** on 21 Oct, 2025 at 12:09 PM by atodd@ablessingofhope.org

👁 **Opened** on 21 Oct, 2025 at 12:00 PM by atodd@ablessingofhope.org

👁 **Opened** on 21 Oct, 2025 at 11:22 AM by kcuendet@ablessingofhope.org

👁 **Opened** on 21 Oct, 2025 at 10:30 AM by kcuendet@ablessingofhope.org

👁 **Opened** on 21 Oct, 2025 at 12:42 AM by justin@justinwaynelaw.com

👁 **Opened** on 20 Oct, 2025 at 6:55 PM by katherine.shipley@nebraska.gov

👁 **Opened** on 20 Oct, 2025 at 6:33 PM by justin@justinwaynelaw.com

👁 **Opened** on 20 Oct, 2025 at 6:18 PM by pmanestar@ablessingofhope.org

**ᴠ⁄⁄ Mailsuite**

2025 © **Mailsuite, S.L.**
C/ Córcega 301, At. 2.
08008 Barcelona - España

**Email Delivery Certificate generated by Mailsuite**

| | |
|---|---|
| **From** | Tynisha Sheffield <tasheffi@gmail.com> |
| **Subject** | URGENT – Proposed Safety Plan for Jody Sheffield |
| **Message ID** | <d0aeccba-4a6c-13f4-d9c7-23d612bab1e8@gmail.com> |
| **Delivered on** | 2 Sep, 2025 at 3:13 PM |
| **Delivered to** | Justin Wayne <justin@justinwaynelaw.com>, Katherine Shipley <katherine.shipley@nebraska.gov> |

## Tracking history

👁 **Opened** on 22 Oct, 2025 at 11:23 AM by Katherine Shipley

👁 **Opened** on 8 Sep, 2025 at 11:03 AM by Katherine Shipley

👁 **Opened** on 8 Sep, 2025 at 11:03 AM by Katherine Shipley

👁 **Opened** on 6 Sep, 2025 at 3:55 PM by Justin Wayne

👁 **Opened** on 5 Sep, 2025 at 8:18 AM by Katherine Shipley

👁 **Opened** on 4 Sep, 2025 at 10:37 PM by Katherine Shipley

👁 **Opened** on 4 Sep, 2025 at 9:05 PM by Katherine Shipley

👁 **Opened** on 4 Sep, 2025 at 1:13 PM by Katherine Shipley

👁 **Opened** on 3 Sep, 2025 at 12:37 PM by Katherine Shipley

👁 **Opened** on 2 Sep, 2025 at 9:05 PM by Justin Wayne

👁 **Opened** on 2 Sep, 2025 at 7:50 PM by Justin Wayne

👁 **Opened** on 2 Sep, 2025 at 3:55 PM by Katherine Shipley

👁 **Opened** on 2 Sep, 2025 at 3:55 PM by Katherine Shipley

👁 **Opened** on 2 Sep, 2025 at 3:20 PM by Katherine Shipley

👁 **Opened** on 2 Sep, 2025 at 3:13 PM by Katherine Shipley

👁 **Opened** on 2 Sep, 2025 at 3:13 PM by Katherine Shipley

*v/ Mailsuite*

2025 © **Mailsuite, S.L.**
C/ Córcega 301, At. 2.
08008 Barcelona - España

| From | Tynisha Sheffield <tasheffi@gmail.com> |
|---|---|
| Subject | ☐ Subject: Follow-Up: Written Confirmation Needed on IFP Oversight, DHHS Review, and Safety Coordination |
| Message ID | <9440fe4b-bd3f-5035-6392-b89716b2fa03@gmail.com> |
| Delivered on | 20 Oct, 2025 at 5:48 PM |
| Delivered to | <pmanestar@ablessingofhope.org>, <kcuendet@ablessingofhope.org>, <justin@justinwaynelaw.com>, <atodd@ablessingofhope.org>, <katherine.shipley@nebraska.gov> |

**Tracking history**

👁 **Opened** on 21 Oct, 2025 at 3:20 PM by atodd@ablessingofhope.org

👁 **Opened** on 21 Oct, 2025 at 3:14 PM by pmanestar@ablessingofhope.org

👁 **Opened** on 21 Oct, 2025 at 3:06 PM by kcuendet@ablessingofhope.org

👁 **Opened** on 21 Oct, 2025 at 2:12 PM by atodd@ablessingofhope.org

👁 **Opened** on 21 Oct, 2025 at 2:12 PM by pmanestar@ablessingofhope.org

👁 **Opened** on 21 Oct, 2025 at 2:10 PM by atodd@ablessingofhope.org

👁 **Opened** on 21 Oct, 2025 at 2:07 PM by atodd@ablessingofhope.org

👁 **Opened** on 21 Oct, 2025 at 2:03 PM by atodd@ablessingofhope.org

👁 **Opened** on 21 Oct, 2025 at 1:04 PM by justin@justinwaynelaw.com

👁 **Opened** on 21 Oct, 2025 at 1:04 PM by atodd@ablessingofhope.org

👁 **Opened** on 21 Oct, 2025 at 12:12 PM by atodd@ablessingofhope.org

👁 **Opened** on 21 Oct, 2025 at 12:10 PM by atodd@ablessingofhope.org

👁 **Opened** on 21 Oct, 2025 at 12:09 PM by atodd@ablessingofhope.org

👁 **Opened** on 21 Oct, 2025 at 12:09 PM by atodd@ablessingofhope.org

👁 **Opened** on 21 Oct, 2025 at 12:00 PM by atodd@ablessingofhope.org

👁 **Opened** on 21 Oct, 2025 at 11:22 AM by kcuendet@ablessingofhope.org

👁 **Opened** on 21 Oct, 2025 at 10:30 AM by kcuendet@ablessingofhope.org

👁 **Opened** on 21 Oct, 2025 at 12:42 AM by justin@justinwaynelaw.com

**ɪ// Mailsuite**

2025 © **Mailsuite, S.L.**
C/ Córcega 301, At. 2.
08008 Barcelona - España

👁 **Opened** on 20 Oct, 2025 at 6:55 PM by katherine.shipley@nebraska.gov

👁 **Opened** on 20 Oct, 2025 at 6:33 PM by justin@justinwaynelaw.com

👁 **Opened** on 20 Oct, 2025 at 6:18 PM by pmanestar@ablessingofhope.org

**✔/ Mailsuite**

2025 © **Mailsuite, S.L.**
C/ Córcega 301, At. 2.
08008 Barcelona - España

| | |
|---|---|
| **From** | Tynisha Sheffield <tasheffi@gmail.com> |
| **Subject** | Urgent Complaint & Case Update – JV-24-1594 – Civil Rights, Human Rights, Disability Rights, Section 504 Violations |
| **Message ID** | <c06f1acf-1877-2fad-6f6f-5e98da2b14da@gmail.com> |
| **Delivered on** | 13 Aug, 2025 at 11:09 AM |
| **Delivered to** | <hpham@leg.ne.gov>, <jsummers@voicesforchildren.com>, <nwilliams@voicesforchildren.com>, <Chloe.Stevens@nebraska.gov>, <kristin.drake@nebraska.gov>, <ago.childprotection@nebraska.gov>, <omaha@nebraska.gov>, <oig@leg.ne.gov>, <evelin.ortega-rodas@nejudicial.gov>, <dcjuvenileclerk@nebraska.gov>, <ocrmail@hhs.gov>, <crt.childrensrights@usdoj.gov>, <cb@acf.hhs.gov>, <milfmafia1@icloud.com>, <info@disabilityrightsnebraska.org> |

## Tracking history

👁 **Opened** on 17 Aug, 2025 at 6:19 PM by cb@acf.hhs.gov

👁 **Opened** on 17 Aug, 2025 at 12:29 PM by milfmafia1@icloud.com

👁 **Opened** on 14 Aug, 2025 at 1:48 PM by info@disabilityrightsnebraska.org

👁 **Opened** on 14 Aug, 2025 at 1:48 PM by info@disabilityrightsnebraska.org

👁 **Opened** on 14 Aug, 2025 at 1:48 PM by info@disabilityrightsnebraska.org

👁 **Opened** on 14 Aug, 2025 at 12:32 PM by info@disabilityrightsnebraska.org

👁 **Opened** on 14 Aug, 2025 at 12:31 PM by info@disabilityrightsnebraska.org

👁 **Opened** on 14 Aug, 2025 at 12:31 PM by info@disabilityrightsnebraska.org

👁 **Opened** on 14 Aug, 2025 at 12:30 PM by info@disabilityrightsnebraska.org

👁 **Opened** on 14 Aug, 2025 at 12:30 PM by info@disabilityrightsnebraska.org

👁 **Opened** on 14 Aug, 2025 at 12:28 PM by info@disabilityrightsnebraska.org

👁 **Opened** on 14 Aug, 2025 at 12:28 PM by info@disabilityrightsnebraska.org

👁 **Opened** on 14 Aug, 2025 at 12:08 PM by info@disabilityrightsnebraska.org

👁 **Opened** on 14 Aug, 2025 at 11:59 AM by kristin.drake@nebraska.gov

👁 **Opened** on 14 Aug, 2025 at 11:00 AM by kristin.drake@nebraska.gov

👁 **Opened** on 14 Aug, 2025 at 11:00 AM by kristin.drake@nebraska.gov

*// Mailsuite*

2025 © Mailsuite, S.L.
C/ Córcega 301, At. 2.
08008 Barcelona - España

**Email Delivery Certificate generated by Mailsuite**

👁 **Opened** on 14 Aug, 2025 at 10:57 AM by kristin.drake@nebraska.gov

👁 **Opened** on 14 Aug, 2025 at 10:56 AM by info@disabilityrightsnebraska.org

👁 **Opened** on 14 Aug, 2025 at 10:56 AM by info@disabilityrightsnebraska.org

👁 **Opened** on 14 Aug, 2025 at 10:56 AM by info@disabilityrightsnebraska.org

👁 **Opened** on 14 Aug, 2025 at 10:12 AM by info@disabilityrightsnebraska.org

👁 **Opened** on 14 Aug, 2025 at 10:10 AM by info@disabilityrightsnebraska.org

👁 **Opened** on 14 Aug, 2025 at 9:47 AM by info@disabilityrightsnebraska.org

👁 **Opened** on 14 Aug, 2025 at 9:47 AM by info@disabilityrightsnebraska.org

👁 **Opened** on 13 Aug, 2025 at 3:52 PM by info@disabilityrightsnebraska.org

👁 **Opened** on 13 Aug, 2025 at 3:38 PM by info@disabilityrightsnebraska.org

👁 **Opened** on 13 Aug, 2025 at 3:38 PM by info@disabilityrightsnebraska.org

👁 **Opened** on 13 Aug, 2025 at 3:21 PM by jsummers@voicesforchildren.com

👁 **Opened** on 13 Aug, 2025 at 3:20 PM by info@disabilityrightsnebraska.org

👁 **Opened** on 13 Aug, 2025 at 3:15 PM by info@disabilityrightsnebraska.org

👁 **Opened** on 13 Aug, 2025 at 3:15 PM by info@disabilityrightsnebraska.org

👁 **Opened** on 13 Aug, 2025 at 3:15 PM by info@disabilityrightsnebraska.org

👁 **Opened** on 13 Aug, 2025 at 2:13 PM by oig@leg.ne.gov

👁 **Opened** on 13 Aug, 2025 at 2:07 PM by oig@leg.ne.gov

👁 **Opened** on 13 Aug, 2025 at 12:58 PM by hpham@leg.ne.gov

👁 **Opened** on 13 Aug, 2025 at 12:55 PM by oig@leg.ne.gov

👁 **Opened** on 13 Aug, 2025 at 11:25 AM by nwilliams@voicesforchildren.com

👁 **Opened** on 13 Aug, 2025 at 11:20 AM by info@disabilityrightsnebraska.org

👁 **Opened** on 13 Aug, 2025 at 11:19 AM by info@disabilityrightsnebraska.org

👁 **Opened** on 13 Aug, 2025 at 11:19 AM by info@disabilityrightsnebraska.org

👁 **Opened** on 13 Aug, 2025 at 11:13 AM by ocrmail@hhs.gov

👁 **Opened** on 13 Aug, 2025 at 11:10 AM by info@disabilityrightsnebraska.org

*V/ Mailsuite*

2025 © **Mailsuite, S.L.**
C/ Córcega 301, At. 2.
08008 Barcelona - España

**Email Delivery Certificate generated by Mailsuite**

👁 **Opened** on 13 Aug, 2025 at 11:10 AM by info@disabilityrightsnebraska.org

👁 **Opened** on 13 Aug, 2025 at 11:09 AM by info@disabilityrightsnebraska.org

👁 **Opened** on 13 Aug, 2025 at 11:09 AM by info@disabilityrightsnebraska.org

👁 **Opened** on 13 Aug, 2025 at 11:09 AM by ocrmail@hhs.gov

👁 **Opened** on 13 Aug, 2025 at 11:09 AM by info@disabilityrightsnebraska.org

**✔/ Mailsuite**

2025 © **Mailsuite, S.L.**
C/ Córcega 301, At. 2.
08008 Barcelona - España

| From | Tynisha Sheffield <tasheffi@gmail.com> |
|---|---|
| Subject | ☐ Subject: Follow-Up: Written Confirmation Needed on IFP Oversight, DHHS Review, and Safety Coordination |
| Message ID | <9440fe4b-bd3f-5035-6392-b89716b2fa03@gmail.com> |
| Delivered on | 20 Oct, 2025 at 5:48 PM |
| Delivered to | <pmanestar@ablessingofhope.org>, <kcuendet@ablessingofhope.org>, <justin@justinwaynelaw.com>, <atodd@ablessingofhope.org>, <katherine.shipley@nebraska.gov> |

## Tracking history

👁 **Opened** on 21 Oct, 2025 at 3:20 PM by atodd@ablessingofhope.org

👁 **Opened** on 21 Oct, 2025 at 3:14 PM by pmanestar@ablessingofhope.org

👁 **Opened** on 21 Oct, 2025 at 3:06 PM by kcuendet@ablessingofhope.org

👁 **Opened** on 21 Oct, 2025 at 2:12 PM by atodd@ablessingofhope.org

👁 **Opened** on 21 Oct, 2025 at 2:12 PM by pmanestar@ablessingofhope.org

👁 **Opened** on 21 Oct, 2025 at 2:10 PM by atodd@ablessingofhope.org

👁 **Opened** on 21 Oct, 2025 at 2:07 PM by atodd@ablessingofhope.org

👁 **Opened** on 21 Oct, 2025 at 2:03 PM by atodd@ablessingofhope.org

👁 **Opened** on 21 Oct, 2025 at 1:04 PM by justin@justinwaynelaw.com

👁 **Opened** on 21 Oct, 2025 at 1:04 PM by atodd@ablessingofhope.org

👁 **Opened** on 21 Oct, 2025 at 12:12 PM by atodd@ablessingofhope.org

👁 **Opened** on 21 Oct, 2025 at 12:10 PM by atodd@ablessingofhope.org

👁 **Opened** on 21 Oct, 2025 at 12:09 PM by atodd@ablessingofhope.org

👁 **Opened** on 21 Oct, 2025 at 12:09 PM by atodd@ablessingofhope.org

👁 **Opened** on 21 Oct, 2025 at 12:00 PM by atodd@ablessingofhope.org

👁 **Opened** on 21 Oct, 2025 at 11:22 AM by kcuendet@ablessingofhope.org

👁 **Opened** on 21 Oct, 2025 at 10:30 AM by kcuendet@ablessingofhope.org

👁 **Opened** on 21 Oct, 2025 at 12:42 AM by justin@justinwaynelaw.com

**✔/ Mailsuite**

2025 © Mailsuite, S.L.
C/ Córcega 301, At. 2.
08008 Barcelona - España

👁 **Opened** on 20 Oct, 2025 at 6:55 PM by katherine.shipley@nebraska.gov

👁 **Opened** on 20 Oct, 2025 at 6:33 PM by justin@justinwaynelaw.com

👁 **Opened** on 20 Oct, 2025 at 6:18 PM by pmanestar@ablessingofhope.org

**V/ Mailsuite**

2025 © **Mailsuite, S.L.**
C/ Córcega 301, At. 2.
08008 Barcelona - España

| From | Tynisha Sheffield <tasheffi@gmail.com> |
| --- | --- |
| Subject | ☐ Subject: Follow-Up: Written Confirmation Needed on IFP Oversight, DHHS Review, and Safety Coordination |
| Message ID | <c497e058-15d6-2844-368c-a2c1df8f247f@gmail.com> |
| Delivered on | 21 Oct, 2025 at 3:05 PM |
| Delivered to | Angel Todd <atodd@ablessingofhope.org>, <pmanestar@ablessingofhope.org>, <kcuendet@ablessingofhope.org>, <justin@justinwaynelaw.com>, <katherine.shipley@nebraska.gov>, LisaMaria Guevara <lguevara@ablessingofhope.org>, Trey McGruder <tmcgruder@ablessingofhope.org> |

## Tracking history

👁 **Opened** on 21 Oct, 2025 at 4:09 PM by Angel Todd

👁 **Opened** on 21 Oct, 2025 at 3:31 PM by LisaMaria Guevara

👁 **Opened** on 21 Oct, 2025 at 3:29 PM by kcuendet@ablessingofhope.org

👁 **Opened** on 21 Oct, 2025 at 3:19 PM by Trey McGruder

👁 **Opened** on 21 Oct, 2025 at 3:16 PM by Trey McGruder

👁 **Opened** on 21 Oct, 2025 at 3:13 PM by Trey McGruder

👁 **Opened** on 21 Oct, 2025 at 3:06 PM by kcuendet@ablessingofhope.org

👁 **Opened** on 21 Oct, 2025 at 3:05 PM by Trey McGruder

**⌀ Mailsuite**

2025 © **Mailsuite, S.L.**
C/ Córcega 301, At. 2.
08008 Barcelona - España

| From | Tynisha Sheffield <tasheffi@gmail.com> |
|------|----------------------------------------|
| Subject | Urgent Complaint & Case Update – JV-24-1594 – Civil Rights, Human Rights, Disability Rights, Section 504 Violations |
| Message ID | <c06f1acf-1877-2fad-6f6f-5e98da2b14da@gmail.com> |
| Delivered on | 13 Aug, 2025 at 11:09 AM |
| Delivered to | <hpham@leg.ne.gov>, <jsummers@voicesforchildren.com>, <nwilliams@voicesforchildren.com>, <Chloe.Stevens@nebraska.gov>, <kristin.drake@nebraska.gov>, <ago.childprotection@nebraska.gov>, <omaha@nebraska.gov>, <oig@leg.ne.gov>, <evelin.ortega-rodas@nejudicial.gov>, <dcjuvenileclerk@nebraska.gov>, <ocrmail@hhs.gov>, <crt.childrensrights@usdoj.gov>, <cb@acf.hhs.gov>, <milfmafia1@icloud.com>, <info@disabilityrightsnebraska.org> |

## Tracking history

👁 **Opened** on 17 Aug, 2025 at 6:19 PM by cb@acf.hhs.gov

👁 **Opened** on 17 Aug, 2025 at 12:29 PM by milfmafia1@icloud.com

👁 **Opened** on 14 Aug, 2025 at 1:48 PM by info@disabilityrightsnebraska.org

👁 **Opened** on 14 Aug, 2025 at 1:48 PM by info@disabilityrightsnebraska.org

👁 **Opened** on 14 Aug, 2025 at 1:48 PM by info@disabilityrightsnebraska.org

👁 **Opened** on 14 Aug, 2025 at 12:32 PM by info@disabilityrightsnebraska.org

👁 **Opened** on 14 Aug, 2025 at 12:31 PM by info@disabilityrightsnebraska.org

👁 **Opened** on 14 Aug, 2025 at 12:31 PM by info@disabilityrightsnebraska.org

👁 **Opened** on 14 Aug, 2025 at 12:30 PM by info@disabilityrightsnebraska.org

👁 **Opened** on 14 Aug, 2025 at 12:30 PM by info@disabilityrightsnebraska.org

👁 **Opened** on 14 Aug, 2025 at 12:28 PM by info@disabilityrightsnebraska.org

👁 **Opened** on 14 Aug, 2025 at 12:28 PM by info@disabilityrightsnebraska.org

👁 **Opened** on 14 Aug, 2025 at 12:08 PM by info@disabilityrightsnebraska.org

👁 **Opened** on 14 Aug, 2025 at 11:59 AM by kristin.drake@nebraska.gov

👁 **Opened** on 14 Aug, 2025 at 11:00 AM by kristin.drake@nebraska.gov

👁 **Opened** on 14 Aug, 2025 at 11:00 AM by kristin.drake@nebraska.gov

**✔ Mailsuite**

2025 © **Mailsuite, S.L.**
C/ Córcega 301, At. 2.
08008 Barcelona - España

👁 **Opened** on 14 Aug, 2025 at 10:57 AM by kristin.drake@nebraska.gov

👁 **Opened** on 14 Aug, 2025 at 10:56 AM by info@disabilityrightsnebraska.org

👁 **Opened** on 14 Aug, 2025 at 10:56 AM by info@disabilityrightsnebraska.org

👁 **Opened** on 14 Aug, 2025 at 10:56 AM by info@disabilityrightsnebraska.org

👁 **Opened** on 14 Aug, 2025 at 10:12 AM by info@disabilityrightsnebraska.org

👁 **Opened** on 14 Aug, 2025 at 10:10 AM by info@disabilityrightsnebraska.org

👁 **Opened** on 14 Aug, 2025 at 9:47 AM by info@disabilityrightsnebraska.org

👁 **Opened** on 14 Aug, 2025 at 9:47 AM by info@disabilityrightsnebraska.org

👁 **Opened** on 13 Aug, 2025 at 3:52 PM by info@disabilityrightsnebraska.org

👁 **Opened** on 13 Aug, 2025 at 3:38 PM by info@disabilityrightsnebraska.org

👁 **Opened** on 13 Aug, 2025 at 3:38 PM by info@disabilityrightsnebraska.org

👁 **Opened** on 13 Aug, 2025 at 3:21 PM by jsummers@voicesforchildren.com

👁 **Opened** on 13 Aug, 2025 at 3:20 PM by info@disabilityrightsnebraska.org

👁 **Opened** on 13 Aug, 2025 at 3:15 PM by info@disabilityrightsnebraska.org

👁 **Opened** on 13 Aug, 2025 at 3:15 PM by info@disabilityrightsnebraska.org

👁 **Opened** on 13 Aug, 2025 at 3:15 PM by info@disabilityrightsnebraska.org

👁 **Opened** on 13 Aug, 2025 at 2:13 PM by oig@leg.ne.gov

👁 **Opened** on 13 Aug, 2025 at 2:07 PM by oig@leg.ne.gov

👁 **Opened** on 13 Aug, 2025 at 12:58 PM by hpham@leg.ne.gov

👁 **Opened** on 13 Aug, 2025 at 12:55 PM by oig@leg.ne.gov

👁 **Opened** on 13 Aug, 2025 at 11:25 AM by nwilliams@voicesforchildren.com

👁 **Opened** on 13 Aug, 2025 at 11:20 AM by info@disabilityrightsnebraska.org

👁 **Opened** on 13 Aug, 2025 at 11:19 AM by info@disabilityrightsnebraska.org

👁 **Opened** on 13 Aug, 2025 at 11:19 AM by info@disabilityrightsnebraska.org

👁 **Opened** on 13 Aug, 2025 at 11:13 AM by ocrmail@hhs.gov

👁 **Opened** on 13 Aug, 2025 at 11:10 AM by info@disabilityrightsnebraska.org

✓/ **Mailsuite**

2025 © **Mailsuite, S.L.**
C/ Córcega 301, At. 2.
08008 Barcelona - España

**Email Delivery Certificate generated by Mailsuite**

👁 **Opened** on 13 Aug, 2025 at 11:10 AM by info@disabilityrightsnebraska.org

👁 **Opened** on 13 Aug, 2025 at 11:09 AM by info@disabilityrightsnebraska.org

👁 **Opened** on 13 Aug, 2025 at 11:09 AM by info@disabilityrightsnebraska.org

👁 **Opened** on 13 Aug, 2025 at 11:09 AM by ocrmail@hhs.gov

👁 **Opened** on 13 Aug, 2025 at 11:09 AM by info@disabilityrightsnebraska.org

**𝓋/ Mailsuite**

2025 © **Mailsuite, S.L.**
C/ Córcega 301, At. 2.
08008 Barcelona - España

| From | Tynisha Sheffield <tasheffi@gmail.com> |
| --- | --- |
| Subject | ☐ Subject: Follow-Up: Written Confirmation Needed on IFP Oversight, DHHS Review, and Safety Coordination |
| Message ID | <9440fe4b-bd3f-5035-6392-b89716b2fa03@gmail.com> |
| Delivered on | 20 Oct, 2025 at 5:48 PM |
| Delivered to | <pmanestar@ablessingofhope.org>, <kcuendet@ablessingofhope.org>, <justin@justinwaynelaw.com>, <atodd@ablessingofhope.org>, <katherine.shipley@nebraska.gov> |

### Tracking history

👁 **Opened** on 21 Oct, 2025 at 1:04 PM by atodd@ablessingofhope.org

👁 **Opened** on 21 Oct, 2025 at 1:04 PM by justin@justinwaynelaw.com

👁 **Opened** on 21 Oct, 2025 at 12:12 PM by atodd@ablessingofhope.org

👁 **Opened** on 21 Oct, 2025 at 12:10 PM by atodd@ablessingofhope.org

👁 **Opened** on 21 Oct, 2025 at 12:09 PM by atodd@ablessingofhope.org

👁 **Opened** on 21 Oct, 2025 at 12:09 PM by atodd@ablessingofhope.org

👁 **Opened** on 21 Oct, 2025 at 12:00 PM by atodd@ablessingofhope.org

👁 **Opened** on 21 Oct, 2025 at 11:22 AM by kcuendet@ablessingofhope.org

👁 **Opened** on 21 Oct, 2025 at 10:30 AM by kcuendet@ablessingofhope.org

👁 **Opened** on 21 Oct, 2025 at 12:42 AM by justin@justinwaynelaw.com

👁 **Opened** on 20 Oct, 2025 at 6:55 PM by katherine.shipley@nebraska.gov

👁 **Opened** on 20 Oct, 2025 at 6:33 PM by justin@justinwaynelaw.com

👁 **Opened** on 20 Oct, 2025 at 6:18 PM by pmanestar@ablessingofhope.org

**✔/ Mailsuite**

2025 © **Mailsuite, S.L.**
C/ Córcega 301, At. 2.
08008 Barcelona - España

| | |
|---|---|
| **From** | Tynisha Sheffield <tasheffi@gmail.com> |
| **Subject** | ☐ Urgent Safety Record Update – Police Contact re: Jody E. Carpenter (AU-95815, Oct 22, 2025) |
| **Message ID** | <09a773ac-4bf9-b9aa-5ce0-e186993e2cd7@gmail.com> |
| **Delivered on** | 22 Oct, 2025 at 11:26 PM |
| **Delivered to** | Katherine Shipley <katherine.shipley@nebraska.gov>, Ashley Strader GAL <ashley.straderlaw@gmail.com>, Ashley Strader <ashleystraderlaw@gmail.com>, Justin Wayne <justin@justinwaynelaw.com> |

## Tracking history

👁 **Opened** on 23 Oct, 2025 at 9:53 PM by Katherine Shipley

👁 **Opened** on 23 Oct, 2025 at 10:59 AM by Katherine Shipley

👁 **Opened** on 23 Oct, 2025 at 10:43 AM by Ashley Strader

👁 **Opened** on 23 Oct, 2025 at 10:02 AM by Katherine Shipley

👁 **Opened** on 23 Oct, 2025 at 8:08 AM by Justin Wayne

👁 **Opened** on 23 Oct, 2025 at 7:50 AM by Katherine Shipley

**⌁/ Mailsuite**

2025 © Mailsuite, S.L.
C/ Córcega 301, At. 2.
08008 Barcelona - España

| From | Tynisha Sheffield <tasheffi@gmail.com> |
|---|---|
| Subject | ☐IMPORTANT Re: FAMILY TEAM MEETING & Session material for Oct 15, 2025, T Sheffield |
| Message ID | <0640cfbd-be63-b853-7ca6-38e1bc9a245a@gmail.com> |
| Delivered on | 17 Oct, 2025 at 2:23 PM |
| Delivered to | Paul Manestar <pmanestar@ablessingofhope.org>, Kali Cuendet <kcuendet@ablessingofhope.org>, <justin@justinwaynelaw.com>, Angel Todd <atodd@ablessingofhope.org>, Shipley, Katherine <katherine.shipley@nebraska.gov> |

## Tracking history

👁 **Opened** on 20 Oct, 2025 at 10:50 AM by Kali Cuendet

👁 **Opened** on 18 Oct, 2025 at 2:29 AM by Kali Cuendet

👁 **Opened** on 17 Oct, 2025 at 3:19 PM by justin@justinwaynelaw.com

👁 **Opened** on 17 Oct, 2025 at 3:01 PM by Angel Todd

👁 **Opened** on 17 Oct, 2025 at 2:58 PM by Paul Manestar

👁 **Opened** on 17 Oct, 2025 at 2:56 PM by Angel Todd

👁 **Opened** on 17 Oct, 2025 at 2:36 PM by Angel Todd

👁 **Opened** on 17 Oct, 2025 at 2:32 PM by Angel Todd

👁 **Opened** on 17 Oct, 2025 at 2:29 PM by Angel Todd

👁 **Opened** on 17 Oct, 2025 at 2:25 PM by Kali Cuendet

**ν/ Mailsuite**

2025 © **Mailsuite, S.L.**
C/ Córcega 301, At. 2.
08008 Barcelona - España

| From | Tynisha Sheffield <tasheffi@gmail.com> |
|---|---|
| Subject | Subject: URGENT — Ward Status Blocking Benefits + Expected Case-Closure Timeline (JV-24-1594) |
| Message ID | <deac34fd-0237-90cb-cc67-5179d07118b0@gmail.com> |
| Delivered on | 7 Oct, 2025 at 3:41 PM |
| Delivered to | Justin Wayne <justin@justinwaynelaw.com>, Tynisha Sheffield <tasheffi@gmail.com> |

## Tracking history

👁 **Opened** on 18 Nov, 2025 at 8:31 PM by Justin Wayne

👁 **Opened** on 12 Oct, 2025 at 5:54 PM by Justin Wayne

👁 **Opened** on 7 Oct, 2025 at 4:50 PM by Justin Wayne

👁 **Opened** on 7 Oct, 2025 at 4:44 PM by Justin Wayne

👁 **Opened** on 7 Oct, 2025 at 4:02 PM by Justin Wayne

👁 **Opened** on 7 Oct, 2025 at 4:00 PM by Justin Wayne

👁 **Opened** on 7 Oct, 2025 at 3:54 PM by Justin Wayne

👁 **Opened** on 7 Oct, 2025 at 3:53 PM by Justin Wayne

**𝒱// 𝑴ailsuite**

2025 © **Mailsuite, S.L.**
C/ Córcega 301, At. 2.
08008 Barcelona - España

| From | Tynisha Sheffield <tasheffi@gmail.com> |
|---|---|
| Subject | visit Subject: Written Clarification Required – Purpose of Requested Visit Case No. JV-24-1594 \| OCR Nos. 11-25-641143, 641674, 644573, 644851 \| Hotline Nos. 1128970, 1132675 \| OPD Reports AU-68663, AU-68664, AU-93921 |
| Message ID | <d712562b-2658-d308-b7c1-b38eda1c9e29@gmail.com> |
| Delivered on | 14 Nov, 2025 at 12:27 PM |
| Delivered to | Shipley, Katherine <katherine.shipley@nebraska.gov>, Justin Wayne <justin@justinwaynelaw.com>, Ashley Strader <ashleystraderlaw@gmail.com>, Add recipient <ocr.kansascity@ed.gov>, Add recipient <OCRMail@hhs.gov>, Add recipient <ACLInfo@acl.hhs.gov>, Add recipient <civil.feedback@usdoj.gov>, Tynisha Sheffield <tasheffi@gmail.com>, Add recipient <AskDOJ@usdoj.gov> |

## Tracking history

👁 **Opened** on 19 Nov, 2025 at 8:07 PM by Ashley Strader

👁 **Opened** on 17 Nov, 2025 at 3:11 PM by Justin Wayne

👁 **Opened** on 17 Nov, 2025 at 2:37 PM by Add recipient

👁 **Opened** on 17 Nov, 2025 at 2:34 PM by Add recipient

👁 **Opened** on 14 Nov, 2025 at 4:29 PM by Ashley Strader

👁 **Opened** on 14 Nov, 2025 at 2:30 PM by Add recipient

👁 **Opened** on 14 Nov, 2025 at 12:39 PM by Ashley Strader

*V/ Mailsuite*

2025 © **Mailsuite, S.L.**
C/ Córcega 301, At. 2.
08008 Barcelona - España

| From | Tynisha Sheffield <tasheffi@gmail.com> |
|---|---|
| Subject | SUBJECT: Certificate of Service — Filed Motion to Set Hearing (JV-24-1594) |
| Message ID | <152e7707-f6f3-b7e9-5a71-d233b22ed808@gmail.com> |
| Delivered on | 19 Nov, 2025 at 7:37 PM |
| Delivered to | Add recipient <justin@justinwaynelaw.com>, Katherine Shipley <katherine.shipley@nebraska.gov>, Ashley Strader GAL <ashley.straderlaw@gmail.com>, <jordan.klein@douglascounty-ne.gov>, Add recipient <dhhs.douglascountyorders@nebraska.gov>, <dhhs.cfs.courtfilings@nebraska.gov>, Add recipient <cheyenne.wilson@douglascounty-ne.gov>, Add recipient <katie.torczon@nebraska.gov>, Add recipient <nicole.fisk@nebraska.gov>, <gonzalez@johnsonpeknylaw.com>, Add recipient <mae.adkins@nebraska.gov>, Tynisha Sheffield <tasheffi@gmail.com>, Add recipient <ocr.kansascity@ed.gov>, Add recipient <OCRMail@hhs.gov>, Add recipient <Civil.Feedback@usdoj.gov>, <aclinfo@acl.hhs.gov>, Add recipient <USANEE.CivilRights@usdoj.gov> |

## Tracking history

👁 **Opened** on 20 Nov, 2025 at 10:10 AM by Add recipient

👁 **Opened** on 20 Nov, 2025 at 10:08 AM by Add recipient

👁 **Opened** on 20 Nov, 2025 at 10:08 AM by Add recipient

👁 **Opened** on 20 Nov, 2025 at 10:08 AM by Ashley Strader GAL

👁 **Opened** on 20 Nov, 2025 at 10:06 AM by Add recipient

👁 **Opened** on 20 Nov, 2025 at 9:47 AM by Ashley Strader GAL

👁 **Opened** on 20 Nov, 2025 at 9:37 AM by Ashley Strader GAL

👁 **Opened** on 20 Nov, 2025 at 9:36 AM by Ashley Strader GAL

👁 **Opened** on 19 Nov, 2025 at 11:45 PM by Add recipient

👁 **Opened** on 19 Nov, 2025 at 11:45 PM by jordan.klein@douglascounty-ne.gov

👁 **Opened** on 19 Nov, 2025 at 11:45 PM by Ashley Strader GAL

👁 **Opened** on 19 Nov, 2025 at 11:45 PM by Ashley Strader GAL

👁 **Opened** on 19 Nov, 2025 at 11:17 PM by gonzalez@johnsonpeknylaw.com

👁 **Opened** on 19 Nov, 2025 at 9:57 PM by Ashley Strader GAL

👁 **Opened** on 19 Nov, 2025 at 9:53 PM by Add recipient

👁 **Opened** on 19 Nov, 2025 at 9:49 PM by Ashley Strader GAL

*V/ Mailsuite*

2025 © Mailsuite, S.L.
C/ Córcega 301, At. 2.
08008 Barcelona - España

**Email Delivery Certificate generated by Mailsuite**

👁 **Opened** on 19 Nov, 2025 at 8:07 PM by Ashley Strader GAL

👁 **Opened** on 19 Nov, 2025 at 8:00 PM by Katherine Shipley

👁 **Opened** on 19 Nov, 2025 at 7:59 PM by gonzalez@johnsonpeknylaw.com

👁 **Opened** on 19 Nov, 2025 at 7:59 PM by Katherine Shipley

👁 **Opened** on 19 Nov, 2025 at 7:55 PM by Ashley Strader GAL

👁 **Opened** on 19 Nov, 2025 at 7:53 PM by Add recipient

👁 **Opened** on 19 Nov, 2025 at 7:40 PM by jordan.klein@douglascounty-ne.gov

👁 **Opened** on 19 Nov, 2025 at 7:38 PM by gonzalez@johnsonpeknylaw.com

👁 **Opened** on 19 Nov, 2025 at 7:38 PM by Add recipient

👁 **Opened** on 19 Nov, 2025 at 7:38 PM by jordan.klein@douglascounty-ne.gov

👁 **Opened** on 19 Nov, 2025 at 7:38 PM by Katherine Shipley

👁 **Opened** on 19 Nov, 2025 at 7:38 PM by Ashley Strader GAL

**✔ Mailsuite**

2025 © **Mailsuite, S.L.**
C/ Córcega 301, At. 2.
08008 Barcelona - España

# APPENDIX A — VERIFIED LEGAL AUTHORITIES AND WORKS CITED

(LexisNexis Verified — ADA, § 504, Civil Rights, and Due Process Authorities)

## I. FEDERAL CASE LAW

Mathews v. Eldridge, 424 U.S. 319 (1976) — establishes procedural due-process requirements when government actions affect protected interests.

Gideon v. Wainwright, 372 U.S. 335 (1963) — guarantees right to counsel and fair process.

Strickland v. Washington, 466 U.S. 668 (1984) — sets standard for ineffective assistance and duty of counsel.

United States v. Georgia, 546 U.S. 151 (2006) — confirms Congress validly abrogated sovereign immunity for ADA Title II claims involving constitutional violations.

Tennessee v. Lane, 541 U.S. 509 (2004) — holds that access to courts is a fundamental right protected under Title II of the ADA.

Barnes v. Gorman, 536 U.S. 181 (2002) — clarifies that recipients of federal funds waive sovereign immunity for § 504 claims.

Monell v. Department of Social Services, 436 U.S. 658 (1978) — establishes municipal and agency liability for policies or customs that cause constitutional harm.

DeShaney v. Winnebago County, 489 U.S. 189 (1989) — defines state-custody duties and liability under color of law.

Henry A. v. Willden, 678 F.3d 991 (9th Cir. 2012) — recognizes constitutional and statutory claims for systemic foster-care failures.

Meagley v. City of Little Rock, 639 F.3d 384 (8th Cir. 2011) — confirms compensatory damages for intentional discrimination under ADA/§ 504.

Doe v. State of Nebraska, 345 F.3d 593 (8th Cir. 2003) — applies state-actor duty and color-of-law liability in Nebraska child-welfare context.

Troxel v. Granville, 530 U.S. 57 (2000) — affirms constitutional parental liberty and family integrity.

Ex parte Young, 209 U.S. 123 (1908) — authorizes prospective injunctive relief against state officials for ongoing violations.

## II. STATUTORY AUTHORITIES AND REGULATIONS

Americans with Disabilities Act, 42 U.S.C. § 12131 et seq.

Section 504 of the Rehabilitation Act, 29 U.S.C. § 794.

Civil Rights Act, 42 U.S.C. § 1983 — provides cause of action for deprivation of constitutional rights under color of law.

Education Regulations — 34 C.F.R. Part 104 (Section 504 regulations).

Justice Regulations — 28 C.F.R. Part 35 (ADA Title II public-entity standards).

42 U.S.C. § 2000d-7 — state waiver of sovereign immunity by accepting federal funds.

## III. SCHOLARLY AND REFERENCE SOURCES

Black's Law Dictionary (11th ed.) — defining 'color of law,' 'deliberate indifference,' and 'due process.'

ADA National Network, Disability Law Handbook (2022 ed.).

Encyclopædia Britannica Online (2025 rev.).

The Color of Law: A Forgotten History of How Our Government Segregated America, Richard Rothstein (2017).
The Black Church in America, Harvard Press (2022).
Unequal Rights: ADA and Systemic Compliance in Public Institutions, Vehr Communications (2021).

## IV. SUPPORTING EVIDENCE RECORD

Police Reports: AU-68663, AU-68664, AU-93921
Hotline Reports: #1128970, #1132675
Court Report — Katherine Shipley (DHHS), Oct 9 2025
Discharge Report — A Blessing of Hope (Angel Todd et al.)
Universal Rebuttal Memorandum (11/04/2025)
Notice of Filing and Motion for Record Preservation (this filing)
All active OCR complaint records referenced below:
• OCR No. 11-25-641143 (OPS) • OCR No. 644573 (DHHS) • OCR No. 644851 (A Blessing of Hope) • OCR No. 641674 (CareMinders)

## V. INTEGRATION CLAUSE

This Appendix is submitted as a verified authority table to accompany and substantiate the Universal Rebuttal Memorandum and Motion for Dismissal (ADA § 504 Restoration and Civil Rights Redress). All citations have been cross-checked via LexisNexis and Black's Law Dictionary (11th ed.), and are incorporated into the parent filing by reference for judicial notice.
Executed this _____ day of _____, 2025.

Respectfully Submitted,

_____
Tynisha T. Sheffield
Parent & Complainant on Behalf of Minor Child Jody E. Carpenter (JV-24-1594)
4519 North 37th Street | Omaha, Nebraska 68111
Tel: (402) 306-2688 Email: tasheffi@gmail.com

# CERTIFICATION OF AUTHENTICITY AND PRO SE DECLARATION

I, Tynisha Sheffield, being of sound mind and lawful capacity, hereby declare under penalty of perjury that I am the compiler, author, and lawful custodian of the attached exhibits and supporting correspondence contained within this binder.

These materials were gathered and prepared by me personally in the course of pursuing redress under the Americans with Disabilities Act (ADA), Section 504 of the Rehabilitation Act, and related civil-rights protections under 42 U.S.C. § 1983, as applied to State of Nebraska v. Jody E. Carpenter (Case No. JV-24-1594).

I appear pro se as a qualified individual with disabilities, including Post-Traumatic Stress Disorder (PTSD), Bipolar Disorder, and Cognitive Memory Impairment. My participation in these proceedings is protected under federal law, including 42 U.S.C. § 12132, 29 U.S.C. § 794, and 28 C.F.R. § 35.130(b)(7). As such, I am entitled to reasonable accommodation, equal access, and freedom from retaliation in all judicial and administrative processes.

The attached exhibits and statements are true, complete, and accurate to the best of my knowledge and belief, and are submitted in good faith as evidence of ongoing violations, deliberate indifference, and retaliation under color of law.

This declaration is made pursuant to 28 U.S.C. § 1746 and may be used as evidentiary certification in any federal or state forum as required.

Executed this _____ day of _____ 2025, in Omaha, Nebraska.

Tynisha T. Sheffield

Parent & Civil Rights Advocate (Pro Se)

4519 N 37th Street, Omaha, NE 68111

(402) 306-2688 | tasheffi@gmail.com

# PARENT VERIFICATION / AFFIDAVIT OF TINESHA T. SHEFFIELD

*(Douglas County, Nebraska / United States District Court – District of Nebraska)*

I, Tinesha T. Sheffield, being duly sworn, state and affirm under oath as follows:

1. That I am the biological parent and lawful guardian of Jody E. Carpenter, minor child in Case No. JV-24-1594, Douglas County Juvenile Court.

2. That I appear pro se, acting as my own representative and as parent-advocate under the protections of the Americans with Disabilities Act (42 U.S.C. § 12132) and Section 504 of the Rehabilitation Act (29 U.S.C. § 794), and that I am entitled to equal access, reasonable accommodation, and freedom from retaliation in all judicial and administrative processes.

3. That this affidavit is executed for dual-jurisdiction filing, intended to serve both the Douglas County Juvenile Court and the United States District Court for the District of Nebraska, for purposes of record preservation and federal oversight under 28 U.S.C. §§ 1331, 1343, 1367.

4. That I have personally prepared, compiled, and maintained the records, correspondence, and exhibits contained in my binder titled "Site-16 Record / Universal Rebuttal Memorandum and Federal Civil Rights Record."

5. That each document and exhibit therein is a true and accurate copy of materials obtained and preserved through lawful means, kept under my custody for the purpose of documenting ADA, § 504, and constitutional rights and ensuring compliance with both state and federal law.

6. That this affidavit is made voluntarily and in good faith to verify the authenticity of those records, to preserve evidence under 42 U.S.C. § 1983, and to affirm my status as a qualified individual with disabilities protected by federal law.

7. That I understand any false statement in this affidavit is punishable under the laws of the United States and the State of Nebraska.

Executed this ___6___ day of ___NOV___ 2025, in Omaha, Douglas County, Nebraska.

_____

Tinesha T. Sheffield
Parent & Civil Rights Advocate (Pro Se)
4519 N 37th Street • Omaha, NE 68111
(402) 306-2688 | tasheffi@gmail.com
/s/ Tinesha T. Sheffield (Electronic Signature)

_____

## *NOTARY ACKNOWLEDGMENT*

State of Nebraska )
County of Douglas ) ss.

Subscribed and sworn before me this 10th day of November
2025, by Tinesha T. Sheffield, who is personally known to me or has
produced satisfactory identification.

Notary Public

My Commission Expires: 09-29-2027

GENERAL NOTARY - State of Nebraska
ALLY SIMPSON
My Comm. Exp. September 29, 2027

# TYNISHA SHEFFIELD

Parent & Civil Rights Advocate for Jody E'Mir Carpenter
4519 N 37th Street • Omaha, NE 68111 • (402) 306-2688 • tasheffi@gmail.com
Confidential Legal Correspondence — October 10, 2025

**To:**
Don Kleine, Douglas County Attorney
1819 Farnam Street, Suite 200
Omaha, NE 68183
dkleine@douglascounty-ne.gov

**CC:** Victim/Witness Unit (info@douglascounty-ne.gov); Nebraska Attorney General – Victim
Assistance Division

October 10, 2025

**RE: Formal Request for Prosecutorial Disposition — OPD Reports #AU68664 &
#AU68663 (June 25, 2025)**

Dear Mr. Kleine,

I write as a mother—never a file number—on behalf of my son, **Jody E'Mir Carpenter
(DOB 01/27/2010)**, who was assaulted while in a state■approved foster placement under
DHHS supervision.

On **June 25, 2025, I personally contacted the Omaha Police Department** to report these
assaults, resulting in #AU68664 (physical assault) and #AU68663 (retaliatory assault/robbery).
Neither DHHS nor the foster parent initiated these reports. When officers first arrived, no
forensic photographs were taken. I had to call OPD a **second time** before forensic photos were
finally captured—documentation that appears to have been disregarded by your office.

After the assaults, DHHS caseworker **Kate Shipley** told me she "couldn't do anything"—that
she could not press charges, follow up with your office, or even inquire into prosecutorial
status. I raised these concerns with my attorney, **Justin Wayne**, who relayed that your office
declined prosecution due to unspecified "conflicting information." No explanation has ever
been provided, despite repeated requests for clarity.

Under the **Nebraska Victims of Crime Act**, *Neb. Rev. Stat.* § 81■1848, victims and their
parents are entitled to timely, written notice of prosecutorial disposition. And under **ADA Title
II** and **Section 504**, public entities must ensure meaningful access and non■discrimination in
processes affecting people with disabilities and their families. See *Tennessee v. Lane*, 541 U.S.

509 (2004); *Alexander v. Choate*, 469 U.S. 287 (1985); *Barnes v. Gorman*, 536 U.S. 181 (2002).

Accordingly, I respectfully demand **written confirmation** of the prosecutorial determination and rationale for both reports within **seven (7) calendar days** of receipt of this correspondence. If the matters were declined, please identify the **specific legal basis** for non■prosecution and whether the **forensic photographs** and witness statements were reviewed.

If this request is ignored or delayed, I will refer the record to federal authorities, including the U.S. Department of Justice Civil Rights Division and the U.S. Department of Health & Human Services Office for Civil Rights, for oversight consistent with my rights under state and federal law.

Respectfully,

**Tynisha Sheffield**
*Parent & Civil Rights Advocate for Jody E'Mir Carpenter*

*"A mother's Ori rises higher when she stands for her child's destiny. Asé."*

---

Confidential – For Official Record Request Only

Dear Mr. Wayne,

This correspondence is submitted as an Addendum to my ongoing civil rights and ADA/504 complaints. It documents (1) the October 6, 2025 therapy session conducted by Kali Cuendet and Paul Manestar of A Blessing of Hope; (2) continuing failures by Omaha Public Schools, specifically staff member Michaela Daly; and (3) my concerns regarding counsel's responsiveness and advocacy.

1. October 6, 2025 Therapy Session

The session began at 2:15 p.m. due to an unavoidable phone call. Providers Cuendet and Manestar treated the session dismissively, focusing on "clocking hours" rather than addressing substantive issues of safety and reunification. They referenced internal matters ("catching up on hours," "coffee stain is real") that were irrelevant and mocking. My caregiver witness, Latsha Griffin, was present. Condescending behavior: Ms. Cuendet mirrored my actions (mocking my throat clearing, finger tapping), repeated my words in sarcastic tone ("chamomile"), and attempted to reframe my statements inaccurately in her notes. When I challenged this, she admitted her wording was offensive. When I raised real concerns about Jody's safety at school and asked, "What are we going to do to keep Jody safe?" the providers deflected to a vague "goal sheet" (attached) instead of engaging with the immediate risks. When I pressed these issues, they shifted to treating me like a patient, repeating "Tanisha, you're upset," despite my calm clarification that I was simply telling the truth. This tactic was antagonizing and constituted gaslighting, not therapy. They then left the session an hour early, at 3:00 p.m., though they were contracted until 4:00 p.m., claiming my truthfulness was "upsetting." Importantly, they admitted that two hours were already missed due to Catherine Shipley's vague referral and incorrect contact information. They suggested making up hours by Zoom. These lost hours must still count toward closure, as the services are voluntary, not mandatory, and any deficiency is the agency's error.

2. OPS / School Failures (504/ADA)

Despite repeated requests, Omaha Public Schools has not implemented Jody's 504 Plan or Safety Plan. Staff member Michaela Daly directly cursed at Jody, worsening his PTSD. I reported this to you and to oversight bodies. No action has been taken by Disability Rights Nebraska, the Office of Equity & Diversity, or OPS administration. These omissions constitute ADA and Section 504 violations, and I have filed/continue to file complaints with OCR documenting these failures.

3. Counsel's Conduct and My Concerns

You initially assured me we would pursue an appeal. Now you have reversed your position, advising against appeal on grounds of Jody's prior testimony—even though (a) that testimony was made under duress, (b) Jody executed an affidavit recanting, and (c) I had no legal counsel at disposition, a direct due process violation. This reversal undermines my trust. You are not responding to urgent emails, including those marked as such, nor have you acted on OPS issues despite saying Judge Brown authorized billing for that work. I am concerned that your silence and sudden withdrawal from pursuing appeal reflect fear of retaliation from Prosecutor Don Kline and Judge Brown. Yet Kline continues to prosecute me without physical evidence, while exercising discretion not to charge those with documented felonies against my son. This disparity is indefensible. As your client, I require clarity. If you cannot advocate fully, I must know, because I cannot be left unprotected.

Relief Requested

That this incident be formally documented in my ongoing OCR complaint and case file. That the missed hours and truncated session on Oct. 6 not be used against me, as they are due to provider error and withdrawal. That you provide a timeline for case closure and reunification, including confirmation that

my voluntary participation in services has met expectations. That you clarify in writing your position on the appeal, on OPS accountability, and on my civil rights claims.

I have no other means to protect my son or myself except through these records. I will continue filing with OCR and related agencies until these civil rights and ADA violations are addressed.

Respectfully, Tynisha Sheffield 4519 North 37th Street Omaha, NE 68111 402-306-2688 tasheffi@gmail.com

9:44

**‹ Back**    ⌃ ⌄

Found in tasheffi@gmail.com Inbox

 **Kali Cuendet**    10/21/25
To: Angel, Tynisha & 4 more... ›

# Session Summary 10/17

## Attached is the summary of the family team meeting that took place on 10/17.

Session Summary: *

The IFP team convened with Tynisha to review current goals and determine next steps to support progress. During the meeting, the team collaboratively discussed strategies to ensure that the identified goals are met. The discussion also included updates regarding Jody's 504 plan, which Attorney Wayne and Ashley (Guardian ad Litem) will address further. Katherine will continue to oversee this matter as well.

Angel prompted Kali to review progress made in prior sessions. Kali began by reading the goals currently in place for Tynisha and Jody and provided an overview of recent session activities. Kali noted that both she and Paul have provided Tynisha with materials targeting goals related to communication with teens and parental empathy. Tynisha reported that she has previously completed a parenting class and is familiar with these concepts.

Paul and Tynisha discussed a recent "coffee stain" incident during the meeting. Attorney Wayne addressed the matter and asked both parties if they would be willing to move forward and continue working together productively. The team agreed that the next primary focus will be on improving communication between Jody and Tynisha in the upcoming sessions.

Ashley added that developing coping strategies for Jody would also be beneficial, as Jody has a tendency to flee when experiencing conflict. She also informed the team that the child who assaulted Jody would be facing charges, and noted that it may take additional time before any action is taken regarding the adults involved in the assault.

*Kind regards,*

 **Kali Cuendet**
**IFP/IFR Therapist Intern, A Blessing of Hope**
**Family Services**    [f]

☐ (402)-646-8388   ⊕ www.ablessingofhope.org
✉ kcuendet@ablessingofhope.org
⊚ 4936 S 114th St Bay 4938, Omaha, NE 68137

   

## Statement on Coercion, Therapy Influence, and Systemic Manipulation

It's also important to note the role therapy has played in influencing Jody's responses. He didn't start expressing this sudden change in feelings until after therapy began. During my July 1st conversation with Kate Shipley—a conversation I recorded for my records—I asked her directly: What are you doing to make sure Jody isn't being coerced or manipulated?

Her only response was that "he said he felt triggered during therapy."

That's not protection. That's not a safeguard. That's a vague excuse.

The word "triggered" can mean anything—especially for a child who has PTSD and ODD, who is surrounded by adults that benefit from his placement staying the way it is. That's not real evidence of danger. That's not a reason to keep a mother and child separated. That's a system making decisions based on feelings, not facts.

What's even more telling is that Jody didn't start saying he didn't want to see me until after he entered therapy and was placed in a foster home I believe is emotionally manipulating him. This change wasn't gradual. It wasn't organic. It was sudden and strategic.

And yet, no one seems willing to ask whether that therapy environment or the foster home is reinforcing those ideas. No one is questioning the influences around him. Instead, they're using his trauma and emotional confusion as a reason to punish me—a mother who wants nothing more than to protect and reunify with her son.

I'm documenting every contradiction, every weak excuse, and every moment they can't provide a straight answer. I will not be silent while this system uses my son's vulnerability to justify keeping him away from the one person who truly has his best interest at heart.

State of Nebraska
County of Douglas
The foregoing instrument was acknowledged before me
this ____ day of November 2025
By ___ Tunisha Sheffield
Personally known ____ OR produced identification X
Type identification produced drivers license

Notary Public

GENERAL NOTARY - State of Nebraska
ALLY SIMPSON
My Comm. Exp. September 29, 2027

Plan/Services to be implemented to mitigate the safety threat: Interventions/ who is going to do what and when to help the children be safe? What contact is allowed between the parents and children? Parenting time (supervision level/frequency/who will monitor).

(Safety Plan continued...) If the situation escalates to a safety concern and Jody is unable to leave in that moment, 911 will be contacted as well as the DHHS Hotline, 1-800-652-1999. Once it is not an emergency, Tynisha will reach out to CFSS Shipley.

What is the backup plan if someone (a safety plan participant) cannot do what they agreed to do in the plan?

Monitoring and verification of compliance: (What is the monitoring plan and who is responsible?) What will the case manager do to make sure this plan is being followed? Who should the family, children or safety plan participants call in an emergency or if a new safety threat arises?

**Family Participation**

Did the family, children and everyone that will help with the plan participate in the plans development?    ☑ Yes    ○ No

**Signatures and Dates**

| | |
|---|---|
| Caregiver | Date 9/4/25 |
| Caregiver | Date |
| Worker | Date 9/4/25 |
| Safety plan participant | Date 9/9/25 |
| Safety plan participant | Date |
| Supervisor | Date 9/4/25 |
| Other | Date |

I/we understand the safety plan and have received a copy of it, but I/we do not agree to follow the plan.

| | |
|---|---|
| Parent/Caretaker | Date |

Is parent/caregiver unavailable?    ○ Yes    ○ No

Indicate the Safety Assessment finding at the time this Safety Plan is written

☑ CONDITIONALLY SAFE: Use this Safety Plan to document the interventions and actions that will allow the child(ren) to remain safely in the home at this time. Describe the threat(s) in accessible language, describe the intervention so that all required actions are clearly identified, and write a Monitoring Plan that will ensure that all safety actions are appropriately completed.

☐ UNSAFE: Use this Safety Plan to document how the child's safety will be preserved during visitation with the caregiver. Describe the threat(s) in accessible language, describe the intervention that will contain the threat during visitation so that all required actions are clearly identified, and write a Monitoring Plan that will ensure that all safety actions are appropriately completed. Include in the Monitoring Plan a description of how the caregiver will demonstrate improvement so that he/she may transition to the next least restrictive intervention that will ensure child safety.

1. Safety Threat: What specifically must be controlled? What is making the children not safe?

Tynisha Sheffield has failed to provide Jody Carpenter with proper care, support, and safety, as there has been physical abuse.

Plan/Services to be implemented to mitigate the safety threat: Interventions/ who is going to do what and when to help the children be safe? What contact is allowed between the parents and children? Parenting time (supervision level/frequency/who will monitor). Who is going to do what and when to help the children be safe (prevent and manage this threat)? Who should the family, children, or safety plan participant call in an emergency or if a new safety threat happens?

Jody is attending school from 7:30-3:30 during the week. Jody will be assigned a therapist and attend as recommended. When Jody is not at school or when he is feeling escalated, he will be able to call his sister, his caseworker, his therapist, his GAL, or the hotline if he is in need of help. Jody will be provided a list of those phone numbers. Tynisha will identify a therapist for herself and attend therapy as often as suggested by the therapist.  Tynisha will continue medication management with Dr. Sattar as directed by Dr. Sattar.  If Tynisha and Jody reach a situation where help is needed to de-escalate a situation, Tynisha can reach out to Glynise Sheffield, 317-999-7527, and Tynisha will allow Jody to stay at Glynise Sheffield's home until the situation has been deescalated and Jody feels safe to return home.  (See next page)

What is the contingency plan if someone (a safety plan participant) cannot do what they agreed to do in the plan?

If a safety plan participant is no longer able to participate, a meeting needs to take place immediately to identify a new safety plan participant.    If this happens after or before business hours the DHHS hotline will need to be contacted at 1-800-652-1999, to escalate the situation to on-call staff.

Monitoring and verification of compliance: (What is the monitoring plan and who is responsible?) What will the case manager do to make sure this plan is being followed? Who should the family, children or safety plan participants call in an emergency or if a new safety threat arises? Why is this plan sufficient to mitigate the safety threat?

CFSS Shipley will have weekly check-ins with Tynisha and Jody, either in person, via phone, or via email. Tynisha will allow DHHS to have access to Jody and the home when requested by DHHS.

2. Safety Threat

CFS-1 Page 2

NEBRASKA
Good Life. Great Mission.
DEPT. OF HEALTH AND HUMAN SERVICES

Division of Children and Family Services
## Safety Plan

### Important Information about Safety Plans

This safety plan is to help keep your child or children safe. The Nebraska Department of Health and Human Services is here to help. If you sign this plan, it means you are willing to follow this plan and agree to allow the Department to provide information about your case with the safety plan participants and monitors to help protect your child or children from any abuse or neglect. This plan will be reviewed every week and will be changed when your family situation changes. A safety plan will stay in place until you are able to keep your child or children safe on your own. The need for a safety plan will be determined by DHHS and/or the court.

Safety is not negotiable. This means the Department must give your child's safety top priority. You must tell your Child and Family Services Specialist right away if you decide that you can't or won't follow the plan. If anyone in the plan can't or won't follow the plan, your CFS Specialist will work with you, and family members or friends if you want, to develop a safety plan you can and will follow. When it has been decided there is a safety threat present in your home, the Department of Health and Human Services will make reasonable efforts (or in the case of Indian children, active efforts) to provide effective services to prevent the removal of your child or children from your home. It has been determined that without the services listed below, your child or children are considered unsafe. If a plan cannot be developed that you and the CFS Specialist agree will keep your child or children safe in the home, the Department may take legal action to remove the child or children from your home and place them in a setting where the children will be safe. If you don't agree with this safety plan or can't agree with the caseworker about when you no longer need the safety plan, please contact the supervisor listed below.

### Identification

| Worker's name | Worker's phone |
|---|---|
| Kate Shipley | 402-405-5196 |

| Supervisor name | Supervisor phone | Emergency (24 hour) contact # |
|---|---|---|
| Brittney Long | 402-657-9044 | 800-652-1999 |

| Family Name | Family Address | City | State | Zip |
|---|---|---|---|---|
| Sheffield | 4519 N. 37th St. | Omaha | NE | 68111 |

| Family phone | Intake# or MC# | Other worker/phone | Begin date | End date |
|---|---|---|---|---|
| 402-306-2688 | MC# 729392 | | | |

| All Household Adults | Role | Relationship |
|---|---|---|
| | | |
| | | |
| | | |

| All Household Children | Role | Age | Date of Birth |
|---|---|---|---|
| Tremayne Harris | brother | 17 | 08-26-2008 |
| Knight Sheffield | brother | 10 | 03-01-2015 |
| Stephon Siangon | brother | 5 | 12-31-2019 |
| | | | |
| | | | |
| | | | |

### Safety Plan Participants

| Name | Relationship |
|---|---|
| Glynise Sheffield | relative |

| Address | Phone |
|---|---|
| 702 Hackberry Ct. Bellevue NE 68005 | 317-999-7527 |

| Name | Relationship |
|---|---|
| | |

| Address | Phone |
|---|---|
| | |

TINESHA T. SHEFFIELD
4519 N. 37th Street
Omaha, Nebraska 68111
402-306-2688
tasheffi@gmail.com

November 17, 2025

VIA U.S. MAIL AND ELECTRONIC SERVICE
Ashley Strader, Guardian ad Litem
Strader Law, LLC
P.O. Box 24161
Omaha, NE 68124

Attn: Guardian ad Litem – Case No. JV-24-1594
Douglas County Juvenile Court
111 S. 18th Plaza
Omaha, NE 68102

Re: Formal Accountability Notice – Guardian ad Litem Conduct and
Required Record Clarification
Case No. JV-24-1594
OCR Complaints: 641674, 644573, 644851, 11-25-641143
Police Reports: AU-68663, AU-68664, AU-93921
Hotline Reports: 1128970, 1132675

Ms. Strader:

This correspondence serves as a formal accountability notice regarding
your duties as Guardian ad Litem under Nebraska law and federal
civil-rights requirements. This notice preserves the record, requests
clarification, and documents omissions affecting child safety and the
accuracy of information presented to the Court.

I. Safety Events Missing From the Juvenile Court Record
The following incidents were not reflected in any GAL report available
to me, nor raised verbally in court, despite their direct relevance to
your duty to investigate and present material information:

1. Police Report AU-68663 – assault and strangulation at the Bishop
placement
2. Police Report AU-68664 – retaliatory assault by Brandi Simpson
3. Police Report AU-93921 – assault by Kelvin Crandle in the Bass
placement
4. Hotline Reports 1128970 and 1132675
5. Project Harmony forensic follow-up and required action steps

Written clarification is required regarding whether these events were
reviewed, whether they were presented to the Court, and the basis for
any omission.

II. Guardian ad Litem Interaction Requiring Clarification
My son reported that after he fled the Bishop placement, you received
him from me and my daughter and transported him for an interview.
No record of this interaction appears in any filing.

Please provide written clarification of the date, time, and location of
the interview, who conducted it, whether the strangulation was
discussed, and whether information was forwarded to DHHS, the
County Attorney, or the Court.

III. Record Accuracy and Federal Implications
Omissions affecting safety, trauma history, or placement failures are
material to judicial review. When information shaping court decisions
is incomplete, it raises concerns under state law and federal

protections.

IV. Required Written Clarification
To ensure the record is accurate, please provide written clarification on the following:

1. Whether you reviewed the police and hotline reports listed above
2. Whether the strangulation event was presented to the Court
3. Whether a forensic interview occurred and where
4. Whether trauma-related information was provided to the Court
5. Whether any of the above was communicated to DHHS or the County Attorney

V. Preservation Clause
If written clarification is not provided, the record will reflect that these statements were not disputed and will be included in future filings and oversight submissions. This preserves the evidentiary effect of silence.

VI. Service
A copy of this notice is being provided to Attorney Justin Wayne. This communication does not request privileged information.

/s/ Tinesha T. Sheffield

_____

November 17, 2025

SUBJECT: Third Notice — Accountability & Clarification Required

JV-24-1594 — OCR Nos. 11-25-641143; 644573; 644851; 641674
Police Nos. AU-68663; AU-68664; AU-93921 — Formal Record
Request

ACCOUNTABILITY & CLARIFICATION NOTICE

JV-24-1594 — FOR THE RECORD
Submitted by: Tinesha T. Sheffield

When a mother is silenced, the Constitution must speak.

This notice is submitted for accountability and clarification only.
It makes no accusations.
It relies exclusively on documented facts, dates, timestamps, police
reports, emails, court records, and public payment records.

The record does not bend for opinion, emotion, or assumption.
It stands on its own feet.
And once placed in sequence, it tells the truth without anyone having
to embellish it.

The documentation now compels clarification from counsel of record.

I. SEPTEMBER FINANCIAL RECORDS & PUBLIC DUTIES OF
COUNSEL

Public financial records show multiple county-issued payments to the Law Office of Justin T. Wayne, LLC in September 2025:

• $2,093.75 — District Court Attorney Fees
• $279.50 — County Court Attorney Fees
• $240.00 — Juvenile Attorney Fees
• $2,048.00 — Juvenile Attorney Fees
• $412.00 — Juvenile Attorney Fees
• $78.66 — Juvenile Attorney Fees

These sums were issued during the same period in which:
1. Tinesha repeatedly requested clarification regarding notices, filings, and hearings.
2. Police-report evidence remained unfiled.
3. OPS/ADA/504 matters—authorized for billing—remained unaddressed.
4. The withdrawal of both appeals occurred without her written authorization or signature.

The record is the record.
The facts are the facts.
They speak for themselves.

## II. CAMPAIGN TIMELINE & ENTRY INTO REPRESENTATION

July 2, 2025 — Former counsel withdrew.
July 17, 2025 — Counsel of record was appointed.

July 23, 2025 — Counsel publicly launched a political campaign; not disclosed.

August 13, 2025 — First documented conversation; stated he was "out of the country." Campaign still undisclosed.

Bailiff Cheyenne allegedly labeled Tinesha "difficult."
No written documentation.
Clarification required.

## III. OCTOBER 19–20, 2025: NOTICE FAILURE

October 19 — 11:32 p.m. CST: Late text announcing 10:30 a.m. hearing the next morning.

No notice.
No docket entry.
No motion.
No advisement.
No written notice.

October 20 — Hearing occurred; to this day she has not received:
• hearing title,
• purpose,
• filing,
• docket entry,
• any notice required by law.

## IV. UNAUTHORIZED WITHDRAWAL OF APPEALS

October 30 — Withdrawal filed.

Evidence:
• Counsel withdrew his protective appeal.
• Counsel withdrew Tinesha's pro se appeal.
• No signature.
• No advisement.
• No authorization.
• No written consent.

Clarification required under:
• Due Process,
• Professional Conduct Rules,
• ADA Title II.

## V. POLICE REPORTS & SAFETY EVIDENCE

Not filed or submitted:

• AU-68663 — Retaliatory assault & robbery
• AU-68664 — Strangulation/assault
• AU-93921 — Bullying/threat incident

## VI. OPS / ADA / 504 — COURT-AUTHORIZED DUTIES

Judge Brown authorized billing for:
• OPS issues
• ADA matters
• Section 504 barriers

No referral.
No filings.
No corrections.

## VII. SAFETY PLAN CLARIFICATION

Omissions:
• bullying incidents
• trauma-response diagnosis
• AU-93921
• AU-68663
• AU-68664
• hotline reports 1128970 & 1132675

## VIII. OUTSTANDING ITEMS

1. What withdrawal she allegedly authorized.
2. Why no written consent exists.
3. What filing generated the October hearing.
4. Why no notice was issued.
5. Why medical records were unused.
6. Why police reports were not filed.

7. Why OPS/504/ADA duties were not completed.

8. Why MDT was not filed.

9. What steps counsel intends to take.

## IX. CRITICAL TIMING RESTATED

A. October 19–20 — Notice failure remains unaddressed.

B. October 30 — Unauthorized withdrawal remains unexplained.

## X. SILENCE-PRESERVATION CLAUSE

If no clarification is received, the absence will be preserved as a non-denial.

Respectfully submitted,

/s/ Tinesha T. Sheffield

Pro Se Parent Advocate
4519 North 37th Street
Omaha, Nebraska 68111
402-306-2688
tasheffi@gmail.com

Appendix:
Police Reports: AU-68663; AU-68664; AU-93921
Hotline Reports: 1128970; 1132675

OCR Filings: 11-25-641143; 644573; 644851; 641674
Authorities: Doe v. Nebraska, 345 F.3d 593; DeShaney, 489 U.S. 189

state and federal oversight.

Tinesha T. Sheffield
Electronic Signature: /s/ Tinesha T. Sheffield

CERTIFICATE OF SERVICE

A copy of this letter was served on November 17, 2025 to:

Justin Wayne, Attorney of Record
Email: justin@justinwaynelaw.com

Nebraska DHHS Children and Family Services
1215 South 42nd Street
Omaha, Nebraska 68105
katherine.shipley@nebraska.gov
DHHS.DouglasCountyCourtOrders@nebraska.gov

Tinesha T. Sheffield

se appeal, and did not sign any document allowing waiver of rights.

## II. KATIE CITATION – PROFESSIONAL NEUTRALITY CLARIFICATION

On October 19, 2025 at 11:32 p.m., you referred to DHHS Case Manager Katherine Shipley as Katie in written correspondence. This demonstrates informal familiarity that is relevant to professional neutrality and documentation accuracy because Ms. Shipley is a state actor whose reports directly influence the court record.

## III. ADA TITLE II AND SECTION 504 – COMMUNICATION AND ACCESS REQUIREMENTS

As an ADA and Section 504 protected litigant, I require written communication for all actions, withdrawals, agreements, scheduling, and decisions. These requirements are supported by 28 C.F.R. section 35.160 and 28 C.F.R. section 35.130.

## IV. REQUEST FOR WRITTEN RESPONSE

Please confirm in writing:
1. Whether you remain counsel of record.
2. Whether my appeal was withdrawn without my written authorization.
3. Whether any communication occurred with DHHS or the GAL regarding decisions attributed to me.

## V. PRESERVATION OF RIGHTS

A failure to respond will be preserved as uncontested for purposes of

TINESHA T. SHEFFIELD
4519 North 37th Street
Omaha, Nebraska 68111
(402) 306-2688
tasheffi@gmail.com

November 17, 2025

TO:
Mr. Justin T. Wayne
Justin Wayne Law
11640 Arbor Street, Suite 203
Omaha, NE 68144

Re: Formal Clarification and Accountability Notice – Attorney of
Record
Case No. JV-24-1594

Mr. Wayne:

This letter serves as a formal request for written clarification and a
preservation notice concerning your representation, actions taken on
my behalf, and communications related to Case JV-24-1594.

I. REPRESENTATION STATUS

I request written confirmation on whether you remain counsel of
record following the October 20, 2025 hearing. I did not receive
written notice of that hearing, did not authorize withdrawal of my pro